```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

    JUL 1 4 2016

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

1  Ivaylo Dodev,
2  Nikolina T. Dodev by Special Appearance

3  c/o 6312 South 161st Way
4     Gilbert, Arizona
      (480) 457-8888 Phone
5     (480) 457-8887 Facsimile
6     dodev@hotmail.com                    **TRIAL BY JURY REQUESTED**

7  *Pro Se*

8

9              **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF ARIZONA**
10

11  BANK OF NEW YORK MELLON          **Case No.** ___CV-16-02336-PHX-GMS
12  F/K/A BANK OF NEW YORK, AS
    TRUSTEE, ON BEHALF OF THE
13  REGISTERED HOLDERS OF
14  ALTERNATIVE LOAN TRUST 2007-     **NOTICE OF REMOVAL**
    OA7, MORTGAGE PASS-THROUGH
15  CERTIFICATES, SERIES 2007-OA7,
16  its successors and/or assigns.

17                  Plaintiff,

18  v.

19
20  Ivaylo Dodev and
    Nikolina T. Dodev,
21
22                  Defendants.

23      **COMES NOW,** Ivaylo Dodev and Nikolina Dodev, Citizens of Arizona[1], (the

24  "Removing Defendants") and hereby give notice of removal of the above captioned

25

26  _____

27      [1] "Citizenship of the United States does not entitle citizens to privileges and
    immunities of Citizens of the State, since privileges of one are not the same as the
28  other" Tashiro v. Jordan, 255 P. 545 California; "...the privileges and immunities of

civil action, CV2016-004500, from the Superior Court of the State of Arizona in and for the County of Maricopa (the "State Court Action"), to the United States District Court for the District of Arizona. Removing Defendant Nikolina Dodev, as stated herein below (¶2) undersigns this Notice of Removal under special appearance.

The Removing Defendants file this notice pursuant to 28 U.S.C. § 1446(a) and L.R. Civ. 3.6. The United States District Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1332. Undersigned Removing Defendant, Ivaylo Dodev, verifies that a complete copy of the filings in the State Court Action, are attached hereto as Exhibit "A", along with a copy of such verification is attached hereto as Exhibit "B", both filed hereto and incorporated herein.

As grounds for removal of this action, the Removing Defendants state as follows:

1. Removing Defendant, Ivaylo Dodev, received a copy of the Summons and Complaint on June 17, 2016.

2. Removing Defendant, Nikolin T. Dodev, never received a copy of the Summons and the Complaint under Rule 5(f) of RPEA, incorporating Rules 4(a) and 4.1(d) of ARCP, therefore said Defendant undersigns this Notice by special appearance, not to be construed as a general appearance, without waiving any rights, remedies or defenses

citizens of the United States do not necessarily include all the rights protected by the first eight amendments to the Federal constitution against the powers of the Federal government." Maxwell v Dow, 20 S.C.R. 448, at pg 455

3.    This Notice of Removal is filed within thirty (30) days of the service of Removing Defendant, Ivaylo Dodev. Therefore, pursuant to 28 U.S.C. §1446(b), and <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), this Notice is being filed within thirty (30) days of receipt and service of copy of the initial pleading setting forth the Plaintiffs' claims.

4.    The Removing Defendants have not pled or answered in the State Court Action. The Removing Defendants hereby reserve all defenses, including defenses based on lack of personal jurisdiction.

5.    The United States District Court has original jurisdiction over this action under 28 U.S.C. § 1332 because each plaintiff is diverse from the citizenship of each defendant, and the amount in controversy exceeds the sum or value of $75,000.00. Therefore, this suit may be removed to this Court by these Defendants pursuant to the provisions of 28 U.S.C. §1441.

7.    Removing Defendants are Citizens of Arizona. <u>See</u> Affidavits of Status Exhibit "C", filed hereto and incorporated herein.

8.    The Bank of New York Mellon is a Delaware Corporation with registered address: One Wall Street, New York, NY 10286, therefore a citizen of Delaware, not Arizona, for purposes of diversity jurisdiction.

10. Moreover, the Bank of New York allegedly moved the State Court "on Behalf of the Registered Holders of Alternative Loan Trust 2007-Oa7, Mortgage Pass-Through Certificates, Series 2007-OA7". It is unclear if the registered holders are even

citizens of any of the 50 states of the Union, or other nationals, as the majority of the

Bank of New York Mellon business is derived by foreign investments (accruing to their

annual report). The salient point is that if the RMBS Trust [Bank of New York] filed

this action as a party of interest, then the diversity of citizenship of the

certificateholders has to be considered as the RMBS Trust cannot show injury in fact as

they are neither investors in their own trust nor source of funding.

11. As plaintiff is diverse from each defendant, the parties meet the diversity of

citizenship requirement set forth in 28 U.S.C. § 1332.

12.    The amount in controversy also exceeds the sum or value of $75,000.00.

See, e.g., Duma v. JPMorgan Chase, 828 F. Supp. 2d 83, 86 (D.D.C. 2011). Upon

information and belief, Removing Defendants allege that the estate in possession

exceeds $75,000.00. Additionally, Defendants have initiated settlement with Plaintiff

and offered an amount exceeding $75,000.00 and their good faith offer was rejected. In

a forcible detainer, the amount of controversy is the value of the right of possession.

This can be measured as the "difference between the plaintiff's current economic

position and its position if successful in the litigation — that is, if it obtained

possession of the premises and then re-leased it to another tenant" MCC Mortg. LP v.

Office Depot, Inc., 685 F.Supp.2d 939, 943 (D.Minn.2010); YA Landholdings, LLC v.

Sunshine Energy, Ky I, LLC, 871 F. Supp. 2d 650 (E.D. Ky. 2012). Plaintiff's current

economic position is valued as zero as it is receiving no rent. As Plaintiff is not in a

landlord-tenant relationship with Defendants, its position upon successful litigation will be the resale value of the home.

13.    Furthermore, Removing Defendants have no tenant-landlord relationship with Plaintiff and the action with the State Court is predominantly based only on a Deed of Trustee Sale, derived from a Trustee Sale on a void Deed of Trust as Defendants have used their right of rescission under the Truth in Lending Act ("TILA"). The Supreme Court of the United States ("SCOTUS") unanimously held that: "A borrower exercising his right to rescind under the Act need only provide written notice to his lender within the 3-year period, not file suit within that period. Section 1635(a)'s unequivocal terms—a borrower "shall have the right to rescind . . . *by notifying the creditor . . . of his intention to do so*" (emphasis added)—leave no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind." See Jesinoski v. Countrywide Home Loans, Inc 574 U.S. 729 F. 3d 1092 (2015).

14.    The TILA rescission gives rise to a Federal Question under 28 U.S.C. § 1331, and is a pending matter in the Ninth Circuit Court of Appeals. See Petition for Hearing En Banc attached hereto and incorporated herein, Exhibit "D".

14.    The Removing Defendants consent to the removal of this action to the United States District Court, District of Arizona.

15.    Written notice of the filing of this Notice of Removal has been delivered to the Plaintiff of this State Court Action, through their counsel of record. A copy of

this Notice of Removal has been filed with the Clerk of the Maricopa County Superior Court. A copy of the Notice of Removal filed in the Maricopa County Superior Court is attached hereto and incorporated herein as Exhibit "E".

Accordingly, the Removing Defendants respectfully request that this Notice of Removal be filed, the State Court Action be removed to, and proceed hereinafter, in this Court, and that no further proceedings in this matter take place in the Maricopa County Superior Court.

Respectfully submitted on this 14st day of July, 2016.


_____
**Ivaylo Dodev**, Defendant in *Pro Se*


_____
**Nikolina T. Dodev**, Defendant in *Pro Se*
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY,** are hand-delivered to The United States District Court for the District of Arizona this 14th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Kim Lepore Jamin S. Neil, as previously stipulated in the State Court.

**Ivaylo Tsvetanov Dodev, Defendant**
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax