# EXHIBIT A

1 | PHILIP J. GILES, SBN 030340
2 | CASPER J. RANKIN, SBN 030007
ALDRIDGE PITE, LLP
3 | 2 North Central Avenue, Suite 1135
Phoenix, AZ 85004
4 | Telephone: (858) 750-7600
Facsimile: (858) 412-2680
5 | Email: azevictions@aldridgepite.com

6 | Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
7 | ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

8 |

9 | **SUPERIOR COURT OF ARIZONA**

**COUNTY OF MARICOPA**
10 |

11 | BANK OF NEW YORK MELLON,          CIVIL CASE NO.:
F/K/A BANK OF NEW YORK, AS
12 | TRUSTEE, ON BEHALF OF THE          **SUMMONS**
REGISTERED HOLDERS OF
ALTERNATIVE LOAN TRUST 2007-        **FORCIBLE ENTRY AND**
13 | 0A7, MORTGAGE PASS-THROUGH          **DETAINER**
CERTIFICATES, SERIES 2007-OA7, its
14 | successors and/or assigns                    CV2016-004500

15 |              Plaintiff,

16 |       vs.                                 IF YOU WANT THE ADVICE OF A
LAWYER, YOU MAY WISH TO CONTACT
17 | IVAYLO DODEV, NIKOLINA T.          THE LAWYER REFERRAL SERVICE AT
DODEV and DOES I through X, inclusive, 602-257-4434 OR ON-LINE AT
18 |                                       WWW.LAWYERFINDERS.ORG. LRS IS
SPONSORED BY THE MARICOPA
19 |              Defendants.               COUNTY BAR ASSOCIATION

20 | **THE STATE OF ARIZONA TO:**  IVAYLO DODEV, NIKOLINA T. DODEV, and
21 | DOES I through X, inclusive,

**YOU ARE HEREBY SUMMONED** and required to appear and defend in this action in
22 | this Court as follows:  ARS§ 12-1175

23 |          JUDICIAL OFFICER:       Commissioner Michael Barth
24 |          DATE AND TIME:          125 W. Washington
                                   (OCH) Ground Floor-Court Room 005
          COURT NAME:             Phoenix, AZ 85003
25 |          COURT TELEPHONE:
26 |          STREET ADDRESS:        4-13-16 @ 9:00 AM
          CITY, STATE, ZIP:
27 |

28 | You are further advised that Plaintiff seeks to recover possession of the following
property:

˅ 2 ˅

6312 S. 161st Way, Gilbert AZ 85298-8455.

1

2  **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

3

4  REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST 3 WORKING DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

5

6  The name and address of Plaintiff's attorney is:

7      PHILIP J. GILES, SBN 030340
       ALDRIDGE PITE, LLP
8      2 North Central Avenue Suite 1135
       Phoenix, AZ 85004

9

10            SIGNED AND SEALED this date: _____

11                                     
                                      Clerk _____
12                                    By _____
                                         Deputy Clerk
13                                    MAR 2 9 2016

14                                    MICHAEL K. JEANES, CLERK
                                      M. GUNKUART
15                                    DEPUTY CLERK

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**RULES OF PROCEDURE FOR EVICTION ACTIONS**

**APPENDIX A**
**RESIDENTIAL EVICTION INFORMATION SHEET**

**(PUBLICATION AND DISTRIBUTION**
**REQUIRED BY THE ARIZONA**
**SUPREME COURT)**

**Notice.** A landlord must provide a tenant with written notice saying why the eviction process has started. The tenant should have received this notice before this lawsuit was filed or with the summons.

**Rent cases.** If this lawsuit has been filed for not paying rent, the tenant can stop it and continue living in the residence by paying all rent now due, late fees, attorney's fees and court costs. After a judgment has been granted, reinstatement of the lease is solely in the landlord's discretion. Inability to pay rent is not a legal defense and the judge cannot give more time to pay, even if the tenant is having financial problems.

**Before Court.** Eviction cases move through the court system very quickly. If the tenant disagrees with the landlord's allegations, the tenant is encouraged to file a written answer. The answer form available from the justice court allows the tenant to admit or deny the allegations and explain his or her position. If the tenant cannot afford to pay the answer fee, he or she may apply for a waiver or deferral of that fee. If a tenant believes that the landlord owes him or her money, the tenant may under some circumstances file a counterclaim. The summons states that a trial will occur on the date listed, but due to the high volume of cases, a trial may not occur then. If the tenant fails to appear, and the landlord or his attorney is present, a judgment will probably be entered against the tenant. Tenants can represent themselves or arrange for lawyers to represent them. The court will not provide a lawyer.

**At Court.** At the time and date listed on the summons, the judge will start calling cases. If both parties are present, the judge will ask the tenant whether the complaint is true. If the tenant says "no", he or she will need to briefly tell the judge why. If the reason is a legal defense, the judge will need to hear testimony from both sides and make a decision after a trial. After talking to the landlord or its attorney, a tenant may wish to agree to what the landlord is requesting by signing a "stipulation". A stipulation is an agreement under which the parties resolve the dispute on the basis of what the agreement says. Only matters contained in the written agreement can be enforced. These agreements should be clear and understandable by both parties. Most stipulations include judgments against tenants.

**Continuances.** Either party may ask that the court date be delayed. The court will agree only if there is a very good reason. A delay will be no more than three business days.

1   There is no assurance a delay will be granted and parties should come to court prepared
for trial and bring necessary witnesses and documents.

2

3   **After a Judgment.** If a landlord receives a judgment, it may apply for a writ of
restitution to remove the tenant(s) and all occupants. Writs of Restitution are served by

4   constables, who will direct the residents to leave. A tenant may avoid the difficulties
associated with a writ of restitution by vacating the property and returning the keys to the

5   landlord. This ends the tenants' possession of the residence. A tenant will have five (5)
days to vacate the premises unless the court has found a material and irreparable breach

6   of the lease by the tenant, in which case the tenant has only twelve (12) to twenty-four

7   (24) hours to vacate. A judgment will probably appear on a tenant's credit report for
several years. Parties wishing to appeal from a judgment have five days to do so after the

8   judgment is entered and can obtain forms and information from the court filing counter.

9   If a tenant wants to remain in the rental home during the appeal, the tenant must also pay
an appropriate bond and continue to pay rent into court as it becomes due. If the tenant

10  prevails the court will dismiss the case. Absent an appeal, the tenant will need to obtain
the landlord's approval and enter a new lease to continue living in the residence.

11

12  **Sources of Additional Information.** You can get copies of the Arizona Residential
Landlord Tenant Act, the Arizona Mobile Home Parks Residential Landlord and Tenant

13  Act and the Long Term Recreational Vehicle Rental Space Act from a library or from

14  links on the Arizona Judicial Branch Evictions and Small Claims web page,
www.azcourts.gov/PublicServices/CivilLaw/EvictionsSmallClaims.aspx. If you wish to

15  consult an attorney, you may want to contact the Arizona State Bar Attorney Referrals
Line or, in Maricopa County, Community Legal Services at. Contact the court in other

16  counties for similar referrals.

17

18

19

20

21

22

23

24

25

26

27  **Please be advised that this Residential Eviction Information Sheet, Appendix A (the
"Appendix"), is being provided to you in compliance with Rule 5(a)(5) of the Rules of

28  Procedure for Eviction Actions. However, the information contained in the Appendix
may or may not be applicable to the instant case.

**COPY**

In the Superior Court of the State of Arizona
in and For the County of Maricopa

Case Number: ___CV2016-004500___

**CIVIL COVER SHEET – NEW FILING ONLY**
(Please type or Print)

| Do not type in ALL CAPS |
| --- |

MAR 2 9 2016

MICHAEL K. JEANES, CLERK
M. GUINOUARD
DEPUTY CLERK

Is Interpreter Needed? ☐ Yes ☐ No
If yes, what language: _____

To the best of my knowledge, all information is true and correct.

_Mind__

Attorney/Pro Per Signature (If no attorney, YOUR signature)

Plaintiff's Attorney:
**Philip J. Giles**
Attorney's Bar Number: **030340**

Plaintiff's Address:
ALDRIDGE PITE, LLP
2 North Central Avenue, Suite 1135
Phoenix, AZ 85004

Plaintiff's Name(s): (List All)
**BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK,**
**AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS**
**OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE**
(List Additional Plaintiffs on page two and/or attach a separate sheet.

Defendant's Name(s): (List All)

**IVAYLO DODEV, NIKOLINA T. DODEV and DOES I through X, inclusive,**
(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:        ☐ Temporary Restraining Order        ☐ Provisional Remedy
(if applicable)                ☐ OSC – Order to Show Cause          ☐ Election Challenge
                               ☐ Employer Sanction                  ☐Other

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action).**
☐ RULE 8(i) COMPLEX LITIGATION APPLIES  Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as
civil actions that require continuous judicial management.  A typical case involves a large number of witnesses, a
substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, in addition to the Nature of Action case category).

<u>NATURE OF ACTION</u>
(Place an "X" next to the 2.III case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.        ☐ 123 Hospital
☐ 121 Physician D.O         ☐ 124 Other

**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability - Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice - Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (specify) _____

**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
　　☐ 136 Six to Nineteen Structures
　　☐ 137 Twenty or More Structures

**150-199  OTHER CIVIL CASE TYPES**

Case Number: _____

- [ ] 156 Eminent Domain/Condemnation
- [x] 151 Eviction Actions (Forcible and Special Detainers)
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment
- [ ] 158 Quiet Title
- [ ] 160 Forfeiture
- [ ] 175 Election Challenge
- [ ] 179 Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)
- [ ] 187 Real Property
- [ ] Sexually Violent Persons (A.R.S. §36-3704)
  (Except Maricopa County)
- [ ] Minor Abortion  (Se Juvenile in Maricopa County)
- [ ] Special Action Against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge

**150-199  UNCLASSIFIED CIVIL CASE TYPES**

- [ ] Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal  (All other tax matters must be filed in the AZ Tax Court)

- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute - Other
- [ ] 159 Restoration of Civil Rights (Federal)
- [ ] 159 Clearance of Records (A.R.S. §13-4051)
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain-Light Rail Only
- [ ] 177 Interpleader- Automobile Only
- [ ] 178 Delayed Birth Certificate (ARS. §36-333.03)
- [ ] 183 Employment Dispute - Discrimination
- [ ] 185 Employment Dispute - Other
- [ ] 195(a) Amend Marriage License
- [ ] 195(b) Amend Birth Certificate
- [ ] 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- [ ] Antitrust|Trade Regulation
- [ ] Construction Defect with many parties or structures
- [ ] Mass Tort
- [ ] Securities Litigation with many parties
- [ ] Environmental Toxic Tort with many parties
- [ ] Class Action Claims
- [ ] Insurance Coverage Claims arising from the above-listed case types
- [ ] A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____    _____    _____

Additional Defendant(s)

_____    _____    _____

1  PHILIP J. GILES, SBN 030340
   CASPER J. RANKIN, SBN 030007
2  ALDRIDGE PITE, LLP
   2 North Central Avenue, Suite 1135
3  Phoenix, AZ 85004
   Telephone: (858) 750-7600
4  Facsimile: (858) 412-2680
   Email: azevictions@aldridgepite.com
5
   Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
6  YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
   ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH
7  CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

8              SUPERIOR COURT OF ARIZONA

9               COUNTY OF MARICOPA

10 BANK OF NEW YORK MELLON,            CIVIL CASE NO.:
   F/K/A BANK OF NEW YORK, AS
11 TRUSTEE, ON BEHALF OF THE           **CERTIFICATE OF ARBITRATION**
   REGISTERED HOLDERS OF
12 ALTERNATIVE LOAN TRUST 2007-        CV2016-004500
   0A7, MORTGAGE PASS-THROUGH
13 CERTIFICATES, SERIES 2007-OA7, its
   successors and/or assigns
14
                  Plaintiff,
15          vs.

16 IVAYLO DODEV, NIKOLINA T.
   DODEV and DOES I through X, inclusive,
17
                  Defendants.
18
        Plaintiff, BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS
19
   TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE
20
   LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
21
   2007-OA7 through undersigned counsel hereby certifies that this case is NOT subject to
22
   compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil
23
   Procedure, in that plaintiff seeks affirmative relief in addition to, or instead of, a money
24
   judgment.
25
        RESPECTFULLY SUBMITTED this 24 day of March, 2016.
26
27                                    _____
                                      PHILIP J. GILES
28                                    Attorney for Plaintiff



COPY

MAR 2 9 2016

MICHAEL K. JEANES, CLERK
M. GUINOUARD
DEPUTY CLERK

1



1  PHILIP J. GILES, SBN 030340
2  CASPER J. RANKIN, SBN 030007
   ALDRIDGE PITE, LLP
3  2 North Central Avenue, Suite 1135
   Phoenix, AZ 85004
4  Telephone: (858) 750-7600
   Facsimile: (858) 412-2680
   Email: azevictions@aldridgepite.com
5
6  Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
   YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
7  ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH
   CERTIFICATES, SERIES 2007-0A7, its successors and/or assigns
8

9              SUPERIOR COURT OF ARIZONA
10                COUNTY OF MARICOPA

11 BANK OF NEW YORK MELLON,          CIVIL CASE NO.:
12 F/K/A BANK OF NEW YORK, AS
   TRUSTEE, ON BEHALF OF THE         COMPLAINT IN FORCIBLE
13 REGISTERED HOLDERS OF             DETAINER AND MONEY
   ALTERNATIVE LOAN TRUST 2007-      DAMAGES
14 0A7, MORTGAGE PASS-THROUGH
   CERTIFICATES, SERIES 2007-0A7, its
15 successors and/or assigns         CV2016-004500

16              Plaintiff,
17        vs.
18 IVAYLO DODEV, NIKOLINA T.
   DODEV and DOES I through X, inclusive,
19
              Defendants.
20

21 **YOU ARE BEING SUED TO BE EVICTED FROM THE REAL PROPERTY**
22 **DESCRIBED MORE FULLY HEREIN. PLEASE READ CAREFULLY.**
23 Plaintiff alleges:

24              **PARTIES AND JURISDICTION**
25     1)    Plaintiff is a corporation which is entitled to possession of and is the record
26 owner of a parcel of real property and the dwelling thereon located at: 6312 S. 161st
27 Way, Gilbert AZ 85298-8455, which is located within the above-captioned Judicial
28 District and County and is more particularly described in the attached Trustee's Deed
Upon Sale.

                              3

2)    The true names or capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES I through X in occupancy are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

3)    Defendants, and each of them, are currently in possession of and occupying the above-described real property.

## CAUSE OF ACTION FOR FORCIBLE DETAINER
## AND MONEY DAMAGES

4)    Plaintiff purchased the above-described real property ("Premises") at a Trustee's Sale held on February 8, 2016, in accordance with Arizona Revised Statutes § 33-801 *et seq.* and Plaintiff's title has been duly perfected.

5)    Plaintiff has a duly executed Trustee's Deed Upon Sale, a copy of which is attached hereto as Exhibit "A" and is incorporated by reference as though set forth fully herein.

6)    Plaintiff's title has been duly perfected.

7)    On March 9, 2016, by written notice, and in compliance with Arizona Revised Statutes § 12-1173.01, Plaintiff made demand on said Defendants for and required the delivery of possession of the Premises within seven (7) days from service of the notice, a true copy of which is attached hereto as Exhibit "B" and is incorporated by reference as though set forth fully herein.

8)    The Notice Requiring Delivery of Possession of Premises ("Notice") served upon the Defendants has been neglected and refused for seven (7) days following its service upon them, and remains neglected and refused now.  A true copy of the Affidavit of Service of the Notice is attached hereto as Exhibit "C" and is incorporated by reference as though set forth fully herein.

9)    Defendants are unlawfully continuing in possession of the Premises despite the Notice, without permission of the Plaintiff and under no claim of right.

4

1    10)    Plaintiff seeks damages in the form of the reasonable value for the use and
2    occupancy of the Premises from February 8, 2016, the date of the Trustee's Sale, and for
3    each day thereafter, until the date Defendants are removed from the Premises.

4    11)    Plaintiff has performed all the necessary conditions and given all the
5    required notices to bring this Forcible Detainer action.  Additionally, a military-status
6    check of the Defendant(s) was conducted on Plaintiff's behalf through the U.S.
7    Department of Defense.

8    12)    WHEREFORE, Plaintiff prays for judgment as follows:

9    1)    Defendants be ordered to vacate the Premises and Plaintiff be placed in
10    possession thereof;

11    2)    For an order to the Clerk of the Court to issue a Writ of Restitution in this
12    action to the Maricopa County Sheriff, commanding him to immediately restore
13    possession of the Premises to Plaintiff from Defendants and all persons holding
14    possession under Defendants or otherwise;

15    3)    Defendants be ordered to pay a fair rental on the premises from February 8,
16    2016, through the date of judgment;

17    4)    For court costs and attorneys' fees incurred in this matter; and,

18    5)    For such other and further relief as this Court may deem just and proper.

19
20    RESPECTFULLY SUBMITTED this _24_ day of March, 2016.
21
22
23    PHILIP J. GILES
24    Attorney for Plaintiff
25
26
27
28

5

<u>VERIFICATION</u>

State of Arizona      )

County of Phoenix)


I, PHILIP J. GILES, am the attorney for Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-0A7, Mortgage Pass-Through Certificates, Series 2007-0A7, its successors and/or assigns, the Plaintiff in this action. I have read the foregoing Complaint in Forcible Detainer and Money Damages and know its contents. I am informed and believe and on that ground allege the matters stated therein are true.

Executed March  24 , 2016, at Phoenix, Arizona.

I declare and verify under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.


PHILIP J. GILES
Attorney for Plaintiff

-1-

# EXHIBIT A

**Great American Title Agency**

WHEN RECORDED MAIL TO :
Tiffany & Bosco, P.A.
2525 E. Camelback Rd.
Ste. 700
Phoenix, AZ 85016

Forward Tax Statements to :
Select Portfolio Servicing, Inc.
3217 S Decker Lake Drive
Salt Lake City, UT 84119

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20160104356   02/19/2016   08:48
ELECTRONIC RECORDING

21401150TD-3-1-1--
Garciac

T&B File # 14-01441 Dodev Conv - No PMI

Title Co. # 21401150

EXEMPT TRANSACTION – NO AFFIDAVIT
ARS 11-1134 (B)(1)

## TRUSTEE'S DEED UPON SALE

**David W. Cowles**, as the duly appointed Trustee (or successor Trustee or Substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without any covenant or warranty to :

**Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7**

herein called Grantee, the following described real property situated in **Maricopa** County, described as:

A Portion Of Land In The Southwest Quarter Of Section 22, Township 2 South, Range 6 East, Gila And Salt River Base And Meridian, Maricopa County, Arizona, Described As Follows;

Commencing At The Southwest Corner Of Section 22;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 1284.85 Feet;

Thence North 00 Degrees 00 Minutes 00 Seconds East, A Distance Of 415.04 Feet;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 193.02 Feet To The Point Of Beginning;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 367.57 Feet;

Thence North 00 Degrees 03 Minutes 42 Seconds East, A Distance Of 9.56 Feet;

Thence North 18 Degrees 49 Minutes 40 Seconds East, A Distance Of 266.94 Feet;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 279.44 Feet;

EXHIBIT A

20160104356

Page 2 of Trustee's Deed
14-01441

      **Thence South 00 Degrees 25 Minutes 50 Seconds East, A Distance Of 262.23 Feet To The Point Of Beginning.**

This conveyance is made pursuant to the powers including the power of sale conferred upon Trustee by said Deed of Trust executed **Ivaylo T. Dodev, a married man, as his sole and separate property** , as Trustor, recorded on **12/18/2006** as Instrument No. **2006-1646998** (or Book, Page) of the Official Records of **Maricopa** County, **AZ** and  in compliance with the laws of the State of Arizona authorizing this conveyance and is effective upon the payment by the purchaser of the price bid in accordance with ARS §§ 33-810 and 33-811.

20160104356

**Page 3 of Trustee's Deed**
14-01441

Said property was sold by Trustee at Public auction on February 8, 2016, at the place named in the Notice of Trustee's Sale. "Grantee", being the highest bidder at such sale, became the purchaser of said property and made payment thereof to said Trustee for the amount bid, namely $369,750.00, which payment was made either entirely in cash or by the satisfaction, protanto, of the obligation then secured by said Deed of Trust, together with the foreclosure and expenses relative thereto.

IN WITNESS WHEREOF, David W. Cowles, as Trustee, has this day caused his name to be hereunto affixed.

_____
David W. Cowles

State of Arizona        )
                        )ss.
County of Maricopa      )

On this 9 day of February, 2016 before me, Mary P. Dobos, a Notary Public for said State, personally appeared David W. Cowles personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MARY P. DOBOS
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
October 22, 2018

# EXHIBIT B

# ALDRIDGE | PITE
### LLP

Alaska Arizona California Florida Georgia Hawaii Idaho Nevada New Mexico Oregon Texas Utah Washington

March 7, 2016

## NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES

TO: Ivaylo Dodev, Nikolina T. Dodev
and All Occupants, Tenants, or Subtenants
6312 S. 161st Way
Gilbert, AZ 85298

NOTICE IS HEREBY GIVEN that the above referenced property has been purchased at a trustee's sale under a Deed of Trust and that its title has been duly perfected and transferred the above referenced property to the following entity (the "Purchaser"):

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7

NOTICE IS FURTHER GIVEN that (i) within seven (7) days after service of this Notice upon you, in the event your are the original owner or a successor owner of the property or (ii) within ninety (90) days after service of this Notice in the event you are a tenant or subtenant of the property and not one of the owners of the property, you are required to deliver up possession of the above described premises to the undersigned authorized agent, or legal proceedings will be commenced against you to recover possession of said premises.

YOU ARE A BONA FIDE TENANT under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") if:

a) You are not the former owner or the child, spouse or parent of the former owner; and
b) You entered into the lease as a result of an arms-length transaction; and
c) The rent due under your lease or rental agreement is not substantially less than fair market rent for the property or your rent is reduced due to a Federal, State or local subsidy.

EXHIBIT B

4375 Jutland Drive
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
www.aldridgepite.com

ALDRIDGE | PITE
LLP

If you believe you are a "bona fide tenant" pursuant to the criteria above, please contact our office immediately at (858) 750-7600 so we can discuss the terms of your lease and any potential workouts, if applicable. However, please note that the PTFA expired December 31, 2014. As a result, any protections once provided under the PTFA are subject to Purchaser's consent.

If you are an active-duty member of the United States Armed Forces, or a dependent of an active-duty servicemember, you may be entitled to rights as provided in the Servicemembers Civil Relief Act ("SCRA"). In such case, you or your attorney should contact Aldridge Pite, LLP immediately and provide proof of military service so that the firm can determine if you fall under the protection of the SCRA.

This notice is given to you pursuant to Arizona Revised Statutes, Sections 12-1171 through 12-1174. For further information, or to provide proof of military service, please contact our office at (858) 750-7600.


PHILIP J. GILES
ALDRIDGE PITE, LLP

# EXHIBIT C

**ALDRIDGE PITE**
2 North Central Avenue, Suite 1135
Phoenix, Arizona 85004
Reference No: 001577-002158

_____MARICOPA_____ COUNTY, STATE OF ARIZONA

Defendant/Tenant(s) Name(s)                    )
IVAYLO DODEV                                    )          **CERTIFICATE OF SERVICE**
NIKOLINA T. DODEV                               )
_____                        )
_____                        )
_____                        )

The Undersigned Certified Registered Private Process Server, upon oath, deposes and says:
On 3-9 , 2016 at 10:00 o'clock ☒A.M ☐P.M, I received
NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES in the above entitled and numbered action.

I served said documents on Defendant(s) by delivering a copy of
NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES as follows to:
IVAYLO DODEV, NIKOLINA T. DODEV
AND ALL OCCUPANTS, TENANTS OR SUBTENANTS

Date Served: _____ Time Served: _____

Person(s) Documents Delivered to: _____

Date Posted: 3-9-16  Time Posted: 8:00pm

Address where served/posted: 6312 S. 161ST WAY GILBERT, AZ 85298-8455

Thereafter copies of the documents were mailed by prepaid, first class mail on 3-10-16
From  MESA  AZ  85210       DATE
       CITY    STATE  ZIP

Yes ☒ No☐  Does the property address listed on the notice match the address on the physical property? If not, list the address as it appears on the physical property: _____

Yes ☐ No☒  Are there multiple units at this address? If yes, list how each unit is addressed: _____

Yes ☒ No☐  Does the property appear occupied?: _____

Yes ☐ No☐  If the property appears to be vacant, is there any personal property remaining in/on the property that you can see? If yes, describe the items.: _____

Yes ☐ No☒  Is there any other relevant information that the owner of this property or their attorney should be aware of?: _____

County: Maricopa

Registration No.: 8602

Name & Address: **Direct Access Legal**
165 E Southern, Ste 103
Mesa, AZ 85210
480-464-8484

Certified Private Process Server Signature

EXHIBIT C

# EXHIBIT B

**COPY**

APR 1 3 2016

(COURT SEAL)

MICHAEL K. JEANES, CLERK
A. AYCOCK
DEPUTY CLERK

1 | PHILIP J. GILES, SBN 030340
2 | CASPER J. RANKIN, SBN 030007
ALDRIDGE PITE, LLP
3 | 2 North Central Avenue, Suite 1135
Phoenix, AZ 85004
4 | Telephone: (858) 750-7600
Facsimile: (858) 412-2680
5 | Email: azevictions@aldridgepite.com

6 | Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
7 | ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

8

9 | **SUPERIOR COURT OF ARIZONA**

10 | **COUNTY OF MARICOPA**

11 | BANK OF NEW YORK MELLON,          Case No. CV2016-004500
F/K/A BANK OF NEW YORK, AS
12 | TRUSTEE, ON BEHALF OF THE        **ORDER PERMITTING**
REGISTERED HOLDERS OF            **ALTERNATIVE SERVICE**
13 | ALTERNATIVE LOAN TRUST 2007-
0A7, MORTGAGE PASS-THROUGH
14 | CERTIFICATES, SERIES 2007-OA7, its
successors and/or assigns

15 |              Plaintiff,
                vs.
16 |
IVAYLO DODEV, NIKOLINA T.
17 | DODEV, DOES I through X, inclusive,

18 |              Defendants.

19 |        Upon Plaintiff's Motion for Alternative Service, and good cause appearing

20 | therefore;

21 |        IT IS HEREBY ORDERED, that Plaintiff may serve Defendant(s): (1) by posting

22 | the Summons, pleadings to be served, and the Order of the Court authorizing alternative

23 | service (collectively referred to as "Pleadings") on the main front entrance of the subject

24 | property, or as close to the main front entrance as is practicable; and (2) mailing the

25 | Pleadings to the Defendant(s) via the United States Postal Service certified mail return

26 | receipt requested.

27 | Dated: _4-13-16_

28 |                                        _____
                                         JUDGE OF THE SUPERIOR COURT
                                         **COMMISSIONER MICHAEL L. BARTH**

1   PHILIP J. GILES, SBN 030340
    CASPER J. RANKIN, SBN 030007
2   ALDRIDGE PITE, LLP
    2 North Central Avenue Suite 1135
3   Phoenix, AZ 85004
    Telephone: (602) 910-5261
4   Facsimile: (866) 827-4640
    Email: azevictions@aldridgepite.com
5
    Attorneys for Plaintiff Bank of New York Mellon, f/k/a Bank of New York, as Trustee,
6   on behalf of the registered holders of Alternative Loan Trust 2007-0A7, Mortgage Pass
    Through Certificates, Series 2007-OA7, its successors and/or assigns
7

8

9                       SUPERIOR COURT OF ARIZONA

10                          COUNTY OF MARICOPA

11  BANK OF NEW YORK MELLON, F/K/A    Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE,
12  ON BEHALF OF THE REGISTERED       **NOTICE OF CONTINUED**
    HOLDERS OF ALTERNATIVE LOAN       **HEARING**
13  TRUST 2007-0A7, MORTGAGE PASS-
    THROUGH CERTIFICATES, SERIES      DATE:    May 4, 2016
14  2007-OA7, its successors and/or assigns    TIME:    9:00 am

15              Plaintiff,
            vs.
16
    IVAYLO DODEV, NIKOLINA T.
17  DODEV and DOE OCCUPANTS I
    through X, inclusive,
18
                Defendants.
19  TO: IVAYLO DODEV, NIKOLINA T. DODEV, and DOE OCCUPANTS I through X,

20  inclusive, Defendants:

21      **PLEASE TAKE NOTICE** that the Hearing previously set for April 13, 2016, has

22  been continued to May 4, 2016, at 9:00 am, in the Maricopa County Superior Court located at

23  125 W. Washington, Phoenix, AZ 85003.

24  Dated:  April 18 , 2016

25                                      ALDRIDGE PITE, LLP

26

27                                      PHILIP J. GILES

28

                                - 1 -

1  PHILIP J. GILES, SBN 030340
   CASPER J. RANKIN, SBN 030007
2  ALDRIDGE PITE, LLP
   2 North Central Avenue, Suite 1135
3  Phoenix, AZ 85004
   Telephone: (858) 750-7600
4  Facsimile: (858) 412-2680
   Email: azevictions@aldridgepite.com

5
   Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
6  YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
   ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH
7  CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

8
9                    SUPERIOR COURT OF ARIZONA

10                      COUNTY OF MARICOPA

11 BANK OF NEW YORK MELLON,            CIVIL CASE NO.:
   F/K/A BANK OF NEW YORK, AS
12 TRUSTEE, ON BEHALF OF THE           SUMMONS
   REGISTERED HOLDERS OF
13 ALTERNATIVE LOAN TRUST 2007-        FORCIBLE ENTRY AND
   OA7, MORTGAGE PASS-THROUGH          DETAINER
14 CERTIFICATES, SERIES 2007-OA7, its
   successors and/or assigns              CV2016-004500
15              Plaintiff,
                                       IF YOU WANT THE ADVICE OF A
16      vs.                            LAWYER, YOU MAY WISH TO CONTACT
                                       THE LAWYER REFERRAL SERVICE AT
17 IVAYLO DODEV, NIKOLINA T.           602-257-4434 OR ON-LINE AT
   DODEV and DOES I through X, inclusive, WWW.LAWYERFINDERS.ORG. LRS IS
18                                     SPONSORED BY THE MARICOPA
              Defendants.             COUNTY BAR ASSOCIATION
19

20 THE STATE OF ARIZONA TO:  IVAYLO DODEV, NIKOLINA T. DODEV, and
   DOES I through X, inclusive,
21
   YOU ARE HEREBY SUMMONED and required to appear and defend in this action in
22 this Court as follows:  ARS§ 12-1175

23
       JUDICIAL OFFICER:        Commissioner Michael Barth
24     DATE AND TIME:           125 W. Washington
       COURT NAME:              (OCH) Ground Floor-Court Room 005
25     COURT TELEPHONE:         Phoenix, AZ 85003
       STREET ADDRESS:          4-13-16 @ 9:00 AM
26     CITY, STATE, ZIP:

27
28 You are further advised that Plaintiff seeks to recover possession of the following
   property:

                                ˜ 2 ˜

6312 S. 161st Way, Gilbert AZ 85298-8455.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST 3 WORKING DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

The name and address of Plaintiff's attorney is:

        PHILIP J. GILES, SBN 030340
        ALDRIDGE PITE, LLP
        2 North Central Avenue Suite 1135
        Phoenix, AZ 85004

             SIGNED AND SEALED this date: _____

                    Clerk _____
                    By _____
                    Deputy Clerk

MAR 2 9 2016

MICHAEL K. JEANES, CLERK
M. GHINKIARY
DEPUTY CLERK

3

# RULES OF PROCEDURE FOR EVICTION ACTIONS

## APPENDIX A
## RESIDENTIAL EVICTION INFORMATION SHEET

### (PUBLICATION AND DISTRIBUTION
### REQUIRED BY THE ARIZONA
### SUPREME COURT)

**Notice.** A landlord must provide a tenant with written notice saying why the eviction process has started. The tenant should have received this notice before this lawsuit was filed or with the summons.

**Rent cases.** If this lawsuit has been filed for not paying rent, the tenant can stop it and continue living in the residence by paying all rent now due, late fees, attorney's fees and court costs. After a judgment has been granted, reinstatement of the lease is solely in the landlord's discretion. Inability to pay rent is not a legal defense and the judge cannot give more time to pay, even if the tenant is having financial problems.

**Before Court.** Eviction cases move through the court system very quickly. If the tenant disagrees with the landlord's allegations, the tenant is encouraged to file a written answer. The answer form available from the justice court allows the tenant to admit or deny the allegations and explain his or her position. If the tenant cannot afford to pay the answer fee, he or she may apply for a waiver or deferral of that fee. If a tenant believes that the landlord owes him or her money, the tenant may under some circumstances file a counterclaim. The summons states that a trial will occur on the date listed, but due to the high volume of cases, a trial may not occur then. If the tenant fails to appear, and the landlord or his attorney is present, a judgment will probably be entered against the tenant. Tenants can represent themselves or arrange for lawyers to represent them. The court will not provide a lawyer.

**At Court.** At the time and date listed on the summons, the judge will start calling cases. If both parties are present, the judge will ask the tenant whether the complaint is true. If the tenant says "no", he or she will need to briefly tell the judge why. If the reason is a legal defense, the judge will need to hear testimony from both sides and make a decision after a trial. After talking to the landlord or its attorney, a tenant may wish to agree to what the landlord is requesting by signing a "stipulation". A stipulation is an agreement under which the parties resolve the dispute on the basis of what the agreement says. Only matters contained in the written agreement can be enforced. These agreements should be clear and understandable by both parties. Most stipulations include judgments against tenants.

**Continuances.** Either party may ask that the court date be delayed. The court will agree only if there is a very good reason. A delay will be no more than three business days.

1

1    There is no assurance a delay will be granted and parties should come to court prepared
2    for trial and bring necessary witnesses and documents.

3    **After a Judgment.** If a landlord receives a judgment, it may apply for a writ of
     restitution to remove the tenant(s) and all occupants. Writs of Restitution are served by
4    constables, who will direct the residents to leave. A tenant may avoid the difficulties
     associated with a writ of restitution by vacating the property and returning the keys to the
5    landlord. This ends the tenants' possession of the residence. A tenant will have five (5)
6    days to vacate the premises unless the court has found a material and irreparable breach
     of the lease by the tenant, in which case the tenant has only twelve (12) to twenty-four
7    (24) hours to vacate. A judgment will probably appear on a tenant's credit report for
     several years. Parties wishing to appeal from a judgment have five days to do so after the
8    judgment is entered and can obtain forms and information from the court filing counter.
9    If a tenant wants to remain in the rental home during the appeal, the tenant must also pay
     an appropriate bond and continue to pay rent into court as it becomes due. If the tenant
10   prevails the court will dismiss the case. Absent an appeal, the tenant will need to obtain
11   the landlord's approval and enter a new lease to continue living in the residence.

12   **Sources of Additional Information.** You can get copies of the Arizona Residential
     Landlord Tenant Act, the Arizona Mobile Home Parks Residential Landlord and Tenant
13   Act and the Long Term Recreational Vehicle Rental Space Act from a library or from
14   links on the Arizona Judicial Branch Evictions and Small Claims web page,
     www.azcourts.gov/PublicServices/CivilLaw/EvictionsSmallClaims.aspx. If you wish to
15   consult an attorney, you may want to contact the Arizona State Bar Attorney Referrals
     Line or, in Maricopa County, Community Legal Services at. Contact the court in other
16   counties for similar referrals.

17

18

19

20

21

22

23

24

25

26

27   **Please be advised that this Residential Eviction Information Sheet, Appendix A (the
     "Appendix"), is being provided to you in compliance with Rule 5(a)(5) of the Rules of
28   Procedure for Eviction Actions. However, the information contained in the Appendix
     may or may not be applicable to the instant case.

**COPY**

In the Superior Court of the State of Arizona
In and For the County of Maricopa

Case Number: **CV2016-004500**

**CIVIL COVER SHEET – NEW FILING ONLY**
(Please type or Print)

| Do not type in ALL CAPS |
MAR 2 9 2016
MICHAEL K. JEANES, CLERK
M. GUINOUARD
DEPUTY CLERK

Is Interpreter Needed? ☐ Yes ☐ No
If yes, what language: _____

To the best of my knowledge, all information is true and correct.
_____
Attorney/Pro Per Signature (If no attorney, YOUR signature)

Plaintiff's Attorney:
**Philip J. Giles**
Attorney's Bar Number: **030340**

Plaintiff's Name(s): (List All)
**BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK,
AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS
OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE**
(List Additional Plaintiffs on page two and/or attach a separate sheet.

Plaintiff's Address:
**ALDRIDGE PITE, LLP**
**2 North Central Avenue, Suite 1135**
**Phoenix, AZ 85004**

Defendant's Name(s): (List All)

**IVAYLO DODEV, NIKOLINA T. DODEV and DOES I through X, inclusive,**
(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:
(if applicable)
☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction

☐ Provisional Remedy
☐ Election Challenge
☐ Other

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).
☐ RULE 8(i) COMPLEX LITIGATION APPLIES  Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management.  A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, in addition to the Nature of Action case category).

### NATURE OF ACTION
(Place an "X" next to the 2.!!! case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability - Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice - Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.      ☐ 123 Hospital
☐ 121 Physician D.O       ☐ 124 Other

**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 2

CV10f-cpdf-090611

**150-199  OTHER CIVIL CASE TYPES**

Case Number: _____

- [ ] 156 Eminent Domain/Condemnation
- [x] 151 Eviction Actions (Forcible and Special Detainers)
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment
- [ ] 158 Quiet Title
- [ ] 160 Forfeiture
- [ ] 175 Election Challenge
- [ ] 179 Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)
- [ ] 187 Real Property
- [ ] Sexually Violent Persons (A.R.S. §36-3704) (Except Maricopa County)
- [ ] Minor Abortion  (Se Juvenile in Maricopa County)
- [ ] Special Action Against Lower Courts (See lower court appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge (§§ 1-501, 1-502, 11-1051)

**150-199  UNCLASSIFIED CIVIL CASE TYPES**

- [ ] Administrative Review (See lower court appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal  (All other tax matters must be filed in the AZ Tax Court)

- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute - Other
- [ ] 159 Restoration of Civil Rights (Federal)
- [ ] 159 Clearance of Records (A.R.S. §13-4051)
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain-Light Rail Only
- [ ] 177 Interpleader- Automobile Only
- [ ] 178 Delayed Birth Certificate (ARS §36-333.03)
- [ ] 183 Employment Dispute - Discrimination
- [ ] 185 Employment Dispute - Other
- [ ] 195(a) Amend Marriage License
- [ ] 195(b) Amend Birth Certificate
- [ ] 163 Other _____
(Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- [ ] Antitrust/Trade Regulation
- [ ] Construction Defect with many parties or structures
- [ ] Mass Tort
- [ ] Securities Litigation with many parties
- [ ] Environmental Toxic Tort with many parties
- [ ] Class Action Claims
- [ ] Insurance Coverage Claims arising from the above-listed case types
- [ ] A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____    _____    _____

Additional Defendant(s)

_____    _____    _____

1 | PHILIP J. GILES, SBN 030340
CASPER J. RANKIN, SBN 030007
2 | ALDRIDGE PITE, LLP
2 North Central Avenue, Suite 1135
3 | Phoenix, AZ 85004
Telephone: (858) 750-7600
4 | Facsimile: (858) 412-2680
Email: azevictions@aldridgepite.com

**COPY**

MAR 2 9 2016

MICHAEL K. JEANES, CLERK
M. GUINOUARD
DEPUTY CLERK

5

6 | Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
7 | ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

8 | **SUPERIOR COURT OF ARIZONA**

9 | **COUNTY OF MARICOPA**

10 | BANK OF NEW YORK MELLON,        CIVIL CASE NO.:
F/K/A BANK OF NEW YORK, AS
11 | TRUSTEE, ON BEHALF OF THE        **CERTIFICATE OF ARBITRATION**
REGISTERED HOLDERS OF
12 | ALTERNATIVE LOAN TRUST 2007-     CV2016-004500
0A7, MORTGAGE PASS-THROUGH
13 | CERTIFICATES, SERIES 2007-OA7, its
successors and/or assigns
14 |
                    Plaintiff,
15 |          vs.
16 | IVAYLO DODEV, NIKOLINA T.
DODEV and DOES I through X, inclusive,
17 |
                    Defendants.
18 |

19 |          Plaintiff, BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS

20 | TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE

21 | LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES

22 | 2007-OA7 through undersigned counsel hereby certifies that this case is NOT subject to

23 | compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil

24 | Procedure, in that plaintiff seeks affirmative relief in addition to, or instead of, a money

25 | judgment.

26 |          RESPECTFULLY SUBMITTED this 24 day of March, 2016.

27 |
                    _____
28 |                    PHILIP J. GILES
                    Attorney for Plaintiff

- 1 -

**COPY**

1 | PHILIP J. GILES, SBN 030340
CASPER J. RANKIN, SBN 030007
2 | ALDRIDGE PITE, LLP
2 North Central Avenue, Suite 1135
3 | Phoenix, AZ 85004
Telephone: (858) 750-7600
4 | Facsimile: (858) 412-2680
Email: azevictions@aldridgepite.com

MAR 29 2016

MICHAEL K. JEANES, CLERK
M. GUINOUARD
DEPUTY CLERK

5

6 | Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
7 | ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

8

9 | **SUPERIOR COURT OF ARIZONA**

10 | **COUNTY OF MARICOPA**

11 | BANK OF NEW YORK MELLON, | CIVIL CASE NO.:
F/K/A BANK OF NEW YORK, AS |
12 | TRUSTEE, ON BEHALF OF THE | **COMPLAINT IN FORCIBLE**
REGISTERED HOLDERS OF | **DETAINER AND MONEY**
13 | ALTERNATIVE LOAN TRUST 2007- | **DAMAGES**
0A7, MORTGAGE PASS-THROUGH |
14 | CERTIFICATES, SERIES 2007-OA7, its |
successors and/or assigns | CV2016-004500
15 |
16 | Plaintiff, |
17 | vs. |
18 | IVAYLO DODEV, NIKOLINA T. |
DODEV and DOES I through X, inclusive, |
19 | Defendants. |

20

21 | <u>**YOU ARE BEING SUED TO BE EVICTED FROM THE REAL PROPERTY**</u>

22 | <u>**DESCRIBED MORE FULLY HEREIN. PLEASE READ CAREFULLY.**</u>

23 | Plaintiff alleges:

24 | **PARTIES AND JURISDICTION**

25 | 1)    Plaintiff is a corporation which is entitled to possession of and is the record

26 | owner of a parcel of real property and the dwelling thereon located at: 6312 S. 161st

27 | Way, Gilbert AZ 85298-8455, which is located within the above-captioned Judicial

28 | District and County and is more particularly described in the attached Trustee's Deed

Upon Sale.

3

2)      The true names or capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES I through X in occupancy are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

3)      Defendants, and each of them, are currently in possession of and occupying the above-described real property.

<u>CAUSE OF ACTION FOR FORCIBLE DETAINER</u>

<u>AND MONEY DAMAGES</u>

4)      Plaintiff purchased the above-described real property ("Premises") at a Trustee's Sale held on February 8, 2016, in accordance with Arizona Revised Statutes § 33-801 *et seq.* and Plaintiff's title has been duly perfected.

5)      Plaintiff has a duly executed Trustee's Deed Upon Sale, a copy of which is attached hereto as Exhibit "A" and is incorporated by reference as though set forth fully herein.

6)      Plaintiff's title has been duly perfected.

7)      On March 9, 2016, by written notice, and in compliance with Arizona Revised Statutes § 12-1173.01, Plaintiff made demand on said Defendants for and required the delivery of possession of the Premises within seven (7) days from service of the notice, a true copy of which is attached hereto as Exhibit "B" and is incorporated by reference as though set forth fully herein.

8)      The Notice Requiring Delivery of Possession of Premises ("Notice") served upon the Defendants has been neglected and refused for seven (7) days following its service upon them, and remains neglected and refused now.  A true copy of the Affidavit of Service of the Notice is attached hereto as Exhibit "C" and is incorporated by reference as though set forth fully herein.

9)      Defendants are unlawfully continuing in possession of the Premises despite the Notice, without permission of the Plaintiff and under no claim of right.

1    10)    Plaintiff seeks damages in the form of the reasonable value for the use and

2    occupancy of the Premises from February 8, 2016, the date of the Trustee's Sale, and for

3    each day thereafter, until the date Defendants are removed from the Premises.

4    11)    Plaintiff has performed all the necessary conditions and given all the

5    required notices to bring this Forcible Detainer action.  Additionally, a military-status

6    check of the Defendant(s) was conducted on Plaintiff's behalf, through the U.S.

7    Department of Defense.

8    12)    WHEREFORE, Plaintiff prays for judgment as follows:

9    1)    Defendants be ordered to vacate the Premises and Plaintiff be placed in

10   possession thereof;

11   2)    For an order to the Clerk of the Court to issue a Writ of Restitution in this

12   action to the Maricopa County Sheriff, commanding him to immediately restore

13   possession of the Premises to Plaintiff from Defendants and all persons holding

14   possession under Defendants or otherwise;

15   3)    Defendants be ordered to pay a fair rental on the premises from February 8,

16   2016, through the date of judgment;

17   4)    For court costs and attorneys' fees incurred in this matter; and,

18   5)    For such other and further relief as this Court may deem just and proper.

19

20   RESPECTFULLY SUBMITED this _24_ day of March, 2016.

21

22

23   PHILIP J. GILES

24   Attorney for Plaintiff

25

26

27

28

5

<u>VERIFICATION</u>

State of Arizona   )

County of Phoenix)

    I, PHILIP J. GILES, am the attorney for Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, its successors and/or assigns, the Plaintiff in this action.  I have read the foregoing Complaint in Forcible Detainer and Money Damages and know its contents.  I am informed and believe and on that ground allege the matters stated therein are true.

    Executed March 24 , 2016, at Phoenix, Arizona.

    I declare and verify under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

PHILIP J. GILES
Attorney for Plaintiff

-1-