# EXHIBIT A

**Great American Title Agency**

WHEN RECORDED MAIL TO :
Tiffany & Bosco, P.A.
2525 E. Camelback Rd.
Ste. 700
Phoenix, AZ 85016

Forward Tax Statements to :
Select Portfolio Servicing, Inc.
3217 S Decker Lake Drive
Salt Lake City, UT 84119

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20160104356  02/19/2016  08:48
ELECTRONIC RECORDING

21401150TD-3-1-1--
Garciac

---

T&B File # 14-01441 Dodev Conv - No PMI

Title Co. # 21401150

EXEMPT TRANSACTION – NO AFFIDAVIT
ARS 11-1134 (B)(1)

---

### TRUSTEE'S DEED UPON SALE

**David W. Cowles**, as the duly appointed Trustee (or successor Trustee or Substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without any covenant or warranty to :

**Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7**

herein called Grantee, the following described real property situated in **Maricopa County**, described as:

> **A Portion Of Land In The Southwest Quarter Of Section 22, Township 2 South, Range 6 East, Gila And Salt River Base And Meridian, Maricopa County, Arizona, Described As Follows;**
>
> **Commencing At The Southwest Corner Of Section 22;**
>
> **Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 1284.85 Feet;**
>
> **Thence North 00 Degrees 00 Minutes 00 Seconds East, A Distance Of 415.04 Feet;**
>
> **Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 193.02 Feet To The Point Of Beginning;**
>
> **Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 367.57 Feet;**
>
> **Thence North 00 Degrees 03 Minutes 42 Seconds East, A Distance Of 9.56 Feet;**
>
> **Thence North 18 Degrees 49 Minutes 40 Seconds East, A Distance Of 266.94 Feet;**
>
> **Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 279.44 Feet;**

EXHIBIT A

20160104356

Page 2 of Trustee's Deed
14-01441

**Thence South 00 Degrees 25 Minutes 50 Seconds East, A Distance Of 262.23 Feet To The Point Of Beginning.**

This conveyance is made pursuant to the powers including the power of sale conferred upon Trustee by said Deed of Trust executed **Ivaylo T. Dodev, a married man, as his sole and separate property** , as Trustor, recorded on **12/18/2006** as Instrument No. **2006-1646998** (or Book, Page) of the Official Records of **Maricopa** County, **AZ** and in compliance with the laws of the State of Arizona authorizing this conveyance and is effective upon the payment by the purchaser of the price bid in accordance with ARS §§ 33-810 and 33-811.

20160104356

Page 3 of Trustee's Deed
14-01441

Said property was sold by Trustee at Public auction on February 8, 2016, at the place named in the Notice of Trustee's Sale. "Grantee", being the highest bidder at such sale, became the purchaser of said property and made payment thereof to said Trustee for the amount bid, namely $369,750.00, which payment was made either entirely in cash or by the satisfaction, protanto, of the obligation then secured by said Deed of Trust, together with the foreclosure and expenses relative thereto.

IN WITNESS WHEREOF, David W. Cowles, as Trustee, has this day caused his name to be hereunto affixed.

_____
David W. Cowles

State of Arizona      )
                      )ss.
County of Maricopa    )

On this 9 day of February, 20 16 before me, Mary P. Dobos, a Notary Public for said State, personally appeared David W. Cowles personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MARY P. DOBOS
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
October 22, 2018

# ALDRIDGE | PITE
### LLP

Alaska Arizona California Florida Georgia Hawaii Idaho Nevada New Mexico Oregon Texas Utah Washington

March 7, 2016

## NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES

TO: Ivaylo Dodev, Nikolina T. Dodev
and All Occupants, Tenants, or Subtenants
6312 S. 161st Way
Gilbert, AZ 85298

NOTICE IS HEREBY GIVEN that the above referenced property has been purchased at a trustee's sale under a Deed of Trust and that its title has been duly perfected and transferred the above referenced property to the following entity (the "Purchaser"):

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7

NOTICE IS FURTHER GIVEN that (i) within seven (7) days after service of this Notice upon you, in the event your are the original owner or a successor owner of the property or (ii) within ninety (90) days after service of this Notice in the event you are a tenant or subtenant of the property and not one of the owners of the property, you are required to deliver up possession of the above described premises to the undersigned authorized agent, or legal proceedings will be commenced against you to recover possession of said premises.

YOU ARE A BONA FIDE TENANT under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") if:

a) You are not the former owner or the child, spouse or parent of the former owner; and
b) You entered into the lease as a result of an arms-length transaction; and
c) The rent due under your lease or rental agreement is not substantially less than fair market rent for the property or your rent is reduced due to a Federal, State or local subsidy.

EXHIBIT B

4375 Jutland Drive
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
www.aldridgepite.com

2 | Page

ALDRIDGE | PITE

If you believe you are a "bona fide tenant" pursuant to the criteria above, please contact our office immediately at (858) 750-7600 so we can discuss the terms of your lease and any potential workouts, if applicable. However, please note that the PTFA expired December 31, 2014. As a result, any protections once provided under the PTFA are subject to Purchaser's consent.

If you are an active-duty member of the United States Armed Forces, or a dependent of an active-duty servicemember, you may be entitled to rights as provided in the Servicemembers Civil Relief Act ("SCRA"). In such case, you or your attorney should contact Aldridge Pite, LLP immediately and provide proof of military service so that the firm can determine if you fall under the protection of the SCRA.

This notice is given to you pursuant to Arizona Revised Statutes, Sections 12-1171 through 12-1174. For further information, or to provide proof of military service, please contact our office at (858) 750-7600.

PHILIP J. GILES
ALDRIDGE PITE, LLP

# EXHIBIT C

**ALDRIDGE PITE**
2 North Central Avenue, Suite 1135
Phoenix, Arizona 85004
Reference No: 001577-002158

<u>MARICOPA</u>    COUNTY, STATE OF ARIZONA

Defendant/Tenant(s) Name(s)                )
  IVAYLO DODEV                          )
  NIKOLINA T. DODEV                      )
  _____                )
  _____                )
  _____                )

**CERTIFICATE OF SERVICE**

The Undersigned Certified Registered Private Process Server, upon oath, deposes and says:
On  3-9 , 20 1 8 at  10:00  o'clock ☒ A.M ☐ P.M, I received
NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES in the above entitled and numbered action.

I served said documents on Defendant(s) by delivering a copy of
NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES as follows to:
IVAYLO DODEV, NIKOLINA T. DODEV
AND ALL OCCUPANTS, TENANTS OR SUBTENANTS

Date Served: _____    Time Served: _____

Person(s) Documents Delivered to: _____

Date Posted: 3-9-16    Time Posted: 8:00pm

Address where served/posted: 6312 S. 161ST WAY GILBERT, AZ 85298-8455

Thereafter copies of the documents were mailed by prepaid, first class mail on  3-10-16
                                                                   DATE
From  MESA    AZ    85210
      CITY    STATE    ZIP

Yes ☒ No ☐    Does the property address listed on the notice match the address on the physical property? If not, list the address as it appears on the physical property: _____

Yes ☐ No ☒    Are there multiple units at this address? If yes, list how each unit is addressed: _____

Yes ☒ No ☐    Does the property appear occupied?: _____

Yes ☐ No ☐    If the property appears to be vacant, is there any personal property remaining in/on the property that you can see? If yes, describe the items.: _____

Yes ☐ No ☒    Is there any other relevant information that the owner of this property or their attorney should be aware of?: _____

County: Maricopa

Registration No.: 8602

Name & Address: **Direct Access Legal**
165 E Southern, Ste 103
Mesa, AZ 85210
480-464-8484

_____
Certified Private Process Server Signature

EXHIBIT C

PHILIP J. GILES, SBN 030340
CASPER J. RANKIN, SBN 030007
ALDRIDGE PITE, LLP
2 North Central Avenue Suite 1135
Phoenix, AZ 85004
Telephone: (602) 910-5261
Facsimile: (866) 827-4640
Email: azevictions@aldridgepite.com

Attorneys for Plaintiff Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-0A7, Mortgage Pass Through Certificates, Series 2007-OA7, its successors and/or assigns

## SUPERIOR COURT OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns<br><br>Plaintiff,<br><br>vs.<br><br>IVAYLO DODEV, NIKOLINA T. DODEV and DOE OCCUPANTS I through X, inclusive,<br><br>Defendants. | Case No. CV2016-004500<br><br>**NOTICE OF CONTINUED HEARING**<br><br>DATE:   May 4, 2016<br>TIME:   9:00 am |

TO: IVAYLO DODEV, NIKOLINA T. DODEV, and DOE OCCUPANTS I through X, inclusive, Defendants:

   **PLEASE TAKE NOTICE** that the Hearing previously set for April 13, 2016, has been continued to May 4, 2016, at 9:00 am, in the Maricopa County Superior Court located at 125 W. Washington, Phoenix, AZ 85003.

Dated: April _18_ , 2016

ALDRIDGE PITE, LLP

_____
PHILIP J. GILES

- 1 -



1  PHILIP J. GILES, SBN 030340
   CASPER J. RANKIN, SBN 030007
2  ALDRIDGE PITE, LLP
   2 North Central Avenue, Suite 1135
3  Phoenix, AZ 85004
   Telephone: (858) 750-7600
4  Facsimile: (858) 412-2680
   Email: azevictions@aldridgepite.com
5
   Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
6  YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
   ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH
7  CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns



COPY

APR 1 3 2016

MICHAEL K. JEANES, CLERK
A. AYCOCK
DEPUTY CLERK

8
9                **SUPERIOR COURT OF ARIZONA**

10                    **COUNTY OF MARICOPA**

11  BANK OF NEW YORK MELLON,            Case No. CV2016-004500
    F/K/A BANK OF NEW YORK, AS
12  TRUSTEE, ON BEHALF OF THE           **ORDER PERMITTING**
    REGISTERED HOLDERS OF               **ALTERNATIVE SERVICE**
13  ALTERNATIVE LOAN TRUST 2007-
    0A7, MORTGAGE PASS-THROUGH
14  CERTIFICATES, SERIES 2007-OA7, its
    successors and/or assigns
15
                Plaintiff,
16          vs.

17  IVAYLO DODEV, NIKOLINA T.
    DODEV, DOES I through X, inclusive,
18
                Defendants.
19
        Upon Plaintiff's Motion for Alternative Service, and good cause appearing
20  therefore;

21      IT IS HEREBY ORDERED, that Plaintiff may serve Defendant(s): (1) by posting

22  the Summons, pleadings to be served, and the Order of the Court authorizing alternative

23  service (collectively referred to as "Pleadings") on the main front entrance of the subject

24  property, or as close to the main front entrance as is practicable; and (2) mailing the

25  Pleadings to the Defendant(s) via the United States Postal Service certified mail return

26  receipt requested.

27  Dated:  __4-13-16__

28                              _____
                                JUDGE OF THE SUPERIOR COURT
                                **COMMISSIONER MICHAEL L. BARTH**

                                        -1-

*Aldridge Pite LLP*
*Two N Central Ave #1135*
*Phoenix AZ 85004*

MICHAEL K. JEANES, CLERK
RECEIVED SE
DOCUMENT DEPOSITORY

16 APR 22  PM 2: 06

FILED
BY C. KNOTTS, DEP

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

BANK OF NEW YORK, ET AL.,            )      CASE # CV2016-004500
                                     )
                    Plaintiff,       )
vs.                                  )
                                     )      CERTIFICATE OF SERVICE BY
IVAYLO DODEV, ET AL.,                )      A PRIVATE PROCESS SERVER
                                     )
                    Defendant.       )      ORIGINAL
_____     )

    Rick Schattenberg, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS; COMPLAINT/ FORCIBLE DETAINER; CERTIFICATE OF ARBITRATION;
APPENDIX A RESIDENTIAL EVICTION INFORMATION SHEET; NOTICE OF CONTINUED
HEARING ; ORDER FOR AMS

    In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

    Service was made upon Ivaylo Dodev, Nikolina Dodev and Doe Occupants, by posting documents to front door, at 6312 S 161ˢᵗ Way, Gilbert AZ 85298, on April 21, 2016 at 7:56p.m.  Note: Copies were also sent certified/ return receipt (7015-0640-0003-7482-2607) to the above address.

DATED: 4-21-16

_____
RICK SCHATTENBERG # 7469

    I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

MAY − 4 2016    **FILED** QRSAm

MICHAEL K. JEANES, Clerk
By _____ A. Aycock
A. Aycock, Deputy

**Electronically Recorded**

1  PHILIP J. GILES, SBN 030340
   CASPER J. RANKIN, SBN 030007
2  ALDRIDGE PITE, LLP
   2 North Central Avenue Suite 1135
3  Phoenix, AZ 85004
   Telephone: (602) 457-5786
4  Facsimile: (866) 827-4640
   Email:  azevictions@aldridgepite.com
5
   Attorney for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
6          YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS
           OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-
7          THROUGH CERTIFICATES, SERIES 2007-OA7, its successors and/or
           assigns
8
9              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10                 IN AND FOR THE COUNTY OF MARICOPA

11  BANK OF NEW YORK MELLON, F/K/A   | Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE,    |
12  ON BEHALF OF THE REGISTERED      | **JUDGMENT**
    HOLDERS OF ALTERNATIVE LOAN      |
13  TRUST 2007-0A7, MORTGAGE PASS-   |
    THROUGH CERTIFICATES, SERIES     |
14  2007-OA7, its successors and/or assigns |
15            Plaintiff,             |
16      vs.                          |
17  IVAYLO DODEV, NIKOLINA T.        |
    DODEV and DOES I through X, inclusive, |
18                                   |
              Defendants.            |
19
20        This cause came on regularly for hearing before the Court on May 4, 2016, sitting

21  without a jury.  Counsel for Plaintiff appeared; Defendant(s) did ___ did not ✓ appear.

22  The Court proceeded to receive evidence, both oral and documentary, in support of Plaintiff's

23  Forcible Detainer Complaint.

24        The evidence being closed, the case was submitted to the Court for consideration and

25  decision.  The Court having duly considered the evidence, and being fully advised in the

26  premises, find and concludes that Defendant(s) were regularly and properly served, and each

27  and all of the allegations contained in Plaintiff's Complaint, which are hereby incorporated in

28  this Judgment by reference, are true, and that Plaintiff is entitled to the relief requested.

1    THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff is

2  entitled to the immediate possession of the following described real property, County of

3  Maricopa, State of Arizona, to wit:

4      6312 S. 161st Way, Gilbert AZ 85298-8455

5      IT IS FURTHER ORDERED that Defendant(s) are guilty of forcible detainer of said

6  premises and Plaintiff is granted Judgment for restitution of the premises.

7      IT IS FURTHER ORDERED that a Writ of Restitution shall issue on or after

8  5·10·16.

9      Pursuant to Arizona Rules of Civil Procedure, Rule 54(b), this Court hereby directs

10  the entry of final judgment upon the express determination that there exists no just reason for

11  the delay in entry hereof.

12

13

14  DATED:   5·4·16

Judge of the Superior Court

COMMISSIONER MICHAEL L. BARTH

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL K. JEANES, CLERK
BY _____ DEP

N. COTTON. FILED

**16 MAY 20  AM 8: 56**

1    Ivaylo  Dodev,

2    c/o  6312 South 161st Way
3           Gilbert, Arizona
             (480) 457-8888 Phone
4           (480) 457-8887 Facsimile
5           dodev@hotmail.com                    **FILE ON DEMAND**

6    *Pro Se, by Special Appearance*

7

8

9            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10              **IN AND FOR THE COUNTY OF MARICOPA**
11

12

13   **Bank of New York Mellon,**          **Case No.  CV2016-004500**

14                         **Plaintiff,**
                                           **EMERGENCY MOTION TO SET**
15   **v.**                                **ASIDE ENTRY OF DEFAULT AND**
                                           **JUDGMENT**
16                                         **(Rule 15(a)(3), 15(a)(10), RPEA)**
     **Ivaylo Dodev,**
17   **Nikolina Dodev**                    **BY SPECIAL APPEARANCE**

18                         **Defendants.**  *(Contemporaneously filed with*
19                                          *Declaration of facts)*
20
                                           **(Hon. Michael Barth)**
21

22

23          **COMES NOW,** Ivaylo Dodev and Nikolina Dodev, Citizens of Arizona,

24
     defendants in *pro se*, ("Defendants"), under the above captioned case, <u>by special</u>
25
26   <u>appearance, not to be construed as a general appearance,</u> without waiving any

27
     rights, remedies or defenses, and moves this Court pursuant to Rule 15(a)(3) and
28

(10) of the Arizona Rules of Procedures for Eviction Actions (RPEA) to set aside

the entry of default/judgment as Defendants have not been served with the

complaint and did not have an opportunity to respond or otherwise defend

themselves, and any claim by Plaintiff that he has been properly served is fraud.

A Motion to Set Aside[1]  Judgment is allowable under Rule 15 of the

Arizona Rules of Procedure for Eviction Actions (RPEA)

Rule 15 states:

> a. Motions to Set Aside Judgments, Orders, or Proceedings. Either party may file a motion to set aside a judgment, order or proceeding on any of the following grounds:
> (3) A party did not receive proper notice or was not properly served;
> ..........
> (9)  Fraud, misrepresentation, or other misconduct of an adverse party.
> ..........
> c. A post judgment motion affecting possession of the property shall be treated as an emergency matter and decided within three court days.

Defendants cannot address the complaint or the jurisdiction of this Court

over this matter at this time as he has not been served with the complaint and the

pleadings and is not acquainted with their contents. For the good part of May,

2016 they have been out of the state, attending family matters. *See Declaration

of Facts* contemporaneously filed with Motion and incorporated herein by this

---

[1] "the law favors resolution of the litigation on the merits; therefore, when considering a motion to set aside a default, all doubts are to be resolved in favor of the defaulted party." *See Sax v. Superior Court, Pima County,* 147 Ariz. 518, 711 P.2d 657 (App. 1985).

reference.   Defendants are preparing this motion while traveling from North Carolina to Arizona, as they have noticed that docket of the Superior Court showed a judgment as of May 16, 2016.

Defendants were alerted about the above captioned case by a family member, who found it on a public website while researching the family name. Defendants confirmed the case on www.superiorcourt.maricopa.gov but were not able to open any of the documents there as they have not been served and do not have access to electronic records on the site, and are out of state so cannot access the documents in a physical court location. Defendants see in the public record of the docket, and a minute entry on April 14th, 2016, that an oral Motion for Alternative Service was requested during a hearing and granted by court order, with a subsequent Affidavit of Alternative Method of Service filed by Plaintiff on April 22nd, 2016. Seeing as Defendants cannot access either the order or the Affidavit and do not know their contents at this time, Defendants can only speculate as to whether Plaintiff is claiming that service was achieved through mail or through publication.

First and foremost, Defendants contends that Plaintiff did not have the right to seek and were not lawfully granted a Motion for Alternative Service. Plaintiff filed an action for forcible detainer, and as such the service of process requirements follow Rule 5(f) of the Rules of Procedure for Eviction Actions,

which reads, in pertinent part, that "[s]ervice of the summons and complaint shall be accomplished by either personal service or post and mail service for a special detainer action, and for a forcible detainer action, as provided by Rule 4.1 or 4.2 of the Arizona Rules of Civil Procedure."

The Arizona Court of Appeals in Arizona Real Estate Inv., Inc. v. Schrader, 244 P.3d 565, 567, 226 Ariz. 128 (Ct. App. 2010) found that "[s]ervice of a forcible detainer summons and complaint in Arizona is governed by Arizona Rule of Civil Procedure 4.1. Rule 4.1(d) states that service may be accomplished 'by delivering a copy of the summons and of the pleading to that individual personally or by leaving copies thereof at that individual's dwelling house with some person of suitable age and discretion.' Arizona Real Estate neither served Schrader personally nor left copies of the summons and complaint with an individual at the residence," as was the case with Defendants.

Furthermore, the court found that service through alternative methods can only be granted when personal service "proves impracticable," pursuant to Rule 4.1(m), which read that "[i]f service by [Rule 4.1(d) ] proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the

commencement of the action is provided to the person to be served and, in any

event, the summons and the pleading to be served, as well as any order of the

court authorizing an alternative method of service, shall be mailed to the last

known business or residence address of the person to be served." *Arizona Real*

*Estate Inv., Inc. v. Schrader*, 244 P.3d 565, 567.

In the *Arizona Real Estate Inv., Inc. v. Schrader* case, the court argued that

the record did not establish impracticability because the "process server's

affidavit is silent as to whether he made more than one attempt to serve Schrader,

who still resided in the home. The affidavit includes no facts attesting to any

impediments to or evasion of personal service. *See Barlage v. Valentine*, 210

Ariz. 270, 273, ¶¶ 6–8, 110 P.3d 371, 374 (App.2005) (affidavit of due diligence

was inadequate where the affidavit merely asserted that a due diligence effort had

been made without setting forth any facts showing such an effort)" Arizona Real

Estate Inv., Inc. v. Schrader, 244 P.3d 565, 567. Defendants were not present at

the hearing and do not have access to the audio and/or video recording of the

proceeding, as referenced in the Minute Entry, but see that the record is bereft of

any affidavit of any process services, or attempted service, from a process

servicer and thus alleges that Plaintiff have not established the impracticability of

standard process service, especially with any evidence or specificity as required

by case law.

Furthermore, regarding alternative service, as stated before, Defendants do not know whether Plaintiff alleges service through mail or publication but contends that either claim through their Affidavit is fraud on the court, and cause to dismiss the judgement under RPEA 15(a)(10). Regarding service through mail, this should have been done through certified mail with signature confirmation after posting the summons and complaint on Defendant's front door. Defendants have not received any summons through certified mail, nor signed any return receipt, and thus any claims in the Affidavit of having successfully served Defendants through these means are false. Defendants advise that the court check the certified tracking number that he assumes Plaintiff provided in their Affidavit to check the veracity of these claims.

Seeing as Plaintiff has not served Defendants through standard process service or through certified mail, the second method of alternative service that Plaintiff may have claimed, service through publication, would be invalid as the former two remedies where not properly exhausted and service through publication shall be completed thirty days after the first publication, pursuant to ARCP 4.1(n). The order was filed on April 13th, the earliest date thereafter that the publication may have been posted, and the judgement was filed on May 4th, less than thirty days after the order, meaning that service through publication was not lawfully completed.

Based on the facts and circumstances, not granting this motion will be a direct denial of due process. Moreover, this Court may lack subject matter jurisdiction over this matter as this is a <u>contested matter</u> that has been escalated to the Ninth Circuit Court of Appeals. Moreover, there is a pending motion with the aforementioned court to Set Aside the Trustee Sale, a prerequisite for these forcible detainer proceedings.

**WHEREFORE**, Defendants respectfully request the default/judgment to be set aside, and this Court to stay the proceedings while Defendants motion to Set Aside Trustee Sale is pending before the Ninth Circuit Court of Appeals, case No. 15-17040.

Respectfully submitted on this 20th day of May, 2016.

By Ivaylo Dodev, Defendant in *Pro Se*

By Nikolina Dodev, Defendant in *Pro Se*

c/o 6312 S 161st Way
Gilbert, Arizona 85298
(480) 457-8888

7|Motion to set aside entry of default

## CERTIFICATE OF SERVICE

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 20th day of May, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 20th day of May, 2016.

**FURTHER,** a copy of the foregoing is mailed via USPS First Class Mail to Counsel for Plaintiff Philip Giles at 2 North Central Avenue Suite 1135 Phoenix, Arizona 85004 this 20th day of May, 2016

**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

8|Motion to set aside entry of default

MICHAEL K. JEANES, CLERK
BY ........ DEP
N. COTTON, FILED
**16 MAY 20  AM 8: 50**

Ivaylo Dodev,

c/o 6312 South 161ˢᵗ Way
     Gilbert, Arizona
     (480) 457-8888 Phone
     (480) 457-8887 Facsimile
     dodev@hotmail.com

*Pro Se, by Special Appearance*

**FILE ON DEMAND**

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| **Bank of New York Mellon,** | **Case No.  CV2016-004500** |
|          **Plaintiff,** | **DECLARATION OF FACTS** |
| **v.** | **BY SPECIAL APPEARANCE** |
| **Ivaylo Dodev, et all.,** | *(Contemporaneously filed with Motion to set Aside Entry of Default and Judgment)* |
|          **Defendants.** | |
| | **(Hon. Michael Barth)** |

     I, Ivaylo Dodev, being over 21 years of age and of sound mind, declare and state as follow:

1.    I am an alleged defendant in the above-captioned case, along with my

      life-partner Nikolina Dodev.

2.   We have not been served with the alleged complaint, either through standard process service or through mail with signature confirmation or publication, and are not familiar with the nature of this action.

3.   We have been out of our house for the good part of May, 2016, attending family matters out of state.

4.   Any claims by Defendant that we have been properly served are fraud and misrepresentation as we have not received or signed any certified mail with the summons and complaint.

5.   On May 9, 2016 we were informed of this action by a family member.

6.   I, Ivaylo Dodev, have verified the existence of the complaint through the website of the Superior Court of the State of Arizona, www.superiorcourt.maricopa.gov, but was not able to open any of the documents there and do not have access to hearing records.

7.   Prior to the entering of the Entry of Default we were not able to review the complaint or respond to it.

8.   On the morning of May 16th, 2016, I was Washington DC, along with my whole family, finalizing a commencement week at The George Washington University, where we attended our daughter's graduation ceremonies.

9.    On the morning of May 16th, 2016, I checked the docket of the Superior

Court to see if there was any adverse ruling against us and docket did not

reflect any changes; I took a screenshot.

10.   On the evening of May 16th, 2016, I was Durham, NC, relocating our

daughter to Duke Law University.

11.   On the evening of May 16th, 2016, I checked the docket of the Superior

Court to see that a judgment was entered. I am not able to see the contents

of the said judgment.

12.   The said judgment was entered while me and my immediate family were

out of the state of Arizona, while not being served with the complaint, or

otherwise not being able to defend ourselves.

13.   We have been in prolonged litigation, more than 2 years, case No. 2-13-

cv-02155, defending our estate from alleged lenders and the purported

trustee sale on which this forcible detainer action is most likely based.

14.   This is a underlined contested matter, brought to the 9th Circuit Court of Appeals,

case No. 15-17040.

15.   There is a pending motion to set aside the trustee sale before the 9th

Circuit Court of Appeals.

16.   Prior to my family trip out of state, I had alerted counsel for the

defendants (Bank of New York Mellon, et all) under the pending action

with the 9th Circuit Court of Appels, Kim Lepore, that will be out of town, attending family matters.

17. My mail has been on hold for approximately 3 weeks as of the filing date of this Declaration.

18. Moreover, seeing that the Bank of New York Mellon ("BNY Mellon") is a Plaintiff under Forcible Detainer proceedings, I had contacted them and proposed a settlement.

19. BNY Mellon's response was: *"After researching our database, we do not show any records of the address(es) listed in your email."* In other words, BNY Mellon does not have any claims against our estate and did not accept or reject my cash settlement offer.

20. I, and my life-partner, Nikolina Dodev, do not have any landlord-tenant relationship with BNY Mellon – the alleged Plaintiff in this Forcible Detainer proceeding.


I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed this 20th of May, 2016 at Gilbert, Arizona.


By, Ivaylo Dodev

c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

Executed this 20th of May, 2016 at Gilbert, Arizona.


_____
By, Nikolina Dodev

## CERTIFICATE OF SERVICE

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 20th day of May, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 20th day of May, 2016.

**FURTHER,** a copy of the foregoing is mailed via USPS First Class Mail to Counsel for Plaintiff Philip Giles at 2 North Central Avenue Suite 1135 Phoenix, Arizona 85004 this 20th day of May, 2016

**Ivaylo Dodev**
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
05/24/2016 8:00 AM

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2016-004500                                              05/23/2016


                                              CLERK OF THE COURT
COMMISSIONER MICHAEL L. BARTH                      A. Aycock
                                                    Deputy


BANK OF NEW YORK MELLON             PHILIP J GILES

v.

IVAYLO DODEV, et al.                IVAYLO DODEV
                                    C/O 6312 SOUTH 161ST WAY
                                    GILBERT AZ 85298


                                    NIKOLINA T DODEV
                                    C/O 6312 SOUTH 161ST WAY
                                    GILBERT AZ 85298


MINUTE ENTRY


        The Court is in receipt of Defendants' Declaration of Facts and Emergency Motion to Set Aside Entry of Default and Judgment.

        IT IS ORDERED setting this matter for Oral Argument on **May 24, 2016 at 3:30 p.m.** in this Division:

                        Maricopa County Superior Court
                              Old Court House
                            125 W. Washington
                              Courtroom 005
                            Phoenix, AZ 85003

        LET THE RECORD REFLECT that this minute entry shall be emailed to all endorsed parties by the Court's Judicial Assistant on the same day the courtroom clerk releases same for application to the Court's record.

Docket Code 094                    Form V000A                         Page 1

| Name | PHILIP J. GILES |
|---|---|
| Address | 2 North Central Avenue, Suite 1135 |
| City, State, Zip | Phoenix, AZ 85004 |
| Telephone | (702) 991-4638 |
| State Bar Code | 030340 |
| Client | BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-0A7, ITS SUCCESSORS AND/OR ASSIGNS |

FILED 5:00 PM
05/24/16
MICHAEL K. JEANES, Clerk
By _M RIOS_
Deputy

Wrts $27.00
Receipt# 25264246

## ARIZONA SUPERIOR COURT, County of Maricopa

BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-0A7, its successors and/or assigns,

Plaintiff(s),

vs.

IVAYLO DODEV, NIKOLINA T. DODEV, and DOES I through X, inclusive,

Defendant(s).

**CIVIL ACTION NO:** CV2016-004500

**PRAECIPE**

TO THE CLERK OF THE SUPERIOR COURT OF THIS COUNTY: MARICOPA
PLEASE ISSUE IN THIS ACTION THE FOLLOWING:

Number of Originals
or Duplicate Originals

☐ Alias Summons ...................................................... _____

☐ Subpoena ............................................................. _____

☐ Subpoena in Blank ................................................ _____

☐ Subpoena Duces Tecum ......................................... _____

☐ Writ of Possession ................................................ _____

☒ Writ of Restitution ................................................ 1

☐ Writ of Assistance ................................................ _____

☐ Writ of Special Execution ....................................... _____

☐ Writ of General Execution ...................................... _____

☐ Transcript of Judgment .......................................... _____

☐ Exemplified Transcript of Judgment ........................ _____

PLEASE PERFORM THE FOLLOWING SERVICES:

☐ Enter partial Satisfaction of Judgment in this action in the amount of $ _____.
☐ Dismiss the above action ☐ with prejudice ☐ without prejudice.
☐ Show default against the following parties in the above action:

Additional services as follows:

Dated: __May 10, 2016__ ____

_____
Attorney for BANK OF NEW YORK MELLON, F/K/A
BANK OF NEW YORK, AS TRUSTEE, ON BEHALF
OF THE REGISTERED HOLDERS OF
ALTERNATIVE LOAN TRUST 2007-0A7,
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2007-OA7, its successors and/or assigns

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
05/26/2016 8:00 AM

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2016-004500                                                05/24/2016


                                                CLERK OF THE COURT
COMMISSIONER MICHAEL L. BARTH                            A. Aycock
                                                         Deputy


BANK OF NEW YORK MELLON                     PHILIP J GILES

v.

IVAYLO DODEV, et al.                        IVAYLO DODEV
                                            6321 S 161ST WAY
                                            GILBERT AZ  85298-8455


                                            NIKOLINA T DODEV
                                            C/O 6312 SOUTH 161ST WAY
                                            GILBERT AZ  85298


                            MINUTE ENTRY


        Courtroom: OCH 005.

        3:30 p.m.  This is the time set for Oral Argument Re: Defendants' Declaration of Facts
and Emergency Motion to Set Aside Entry of Default and Judgment.  Plaintiff, Bank of New
York Mellon, is represented by counsel, Philip Giles.  Defendants, Ivaylo Dodev and Nikolina
Dodev, are present on their own behalf.

        A record of the proceedings is made digitally in lieu of a court reporter.

        Argument is presented.

        LET THE RECORD REFLECT counsel for Plaintiff provides Defendants with
Certificate of Due Diligence in open court.

Docket Code 004                    Form V000A                                Page 1

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2016-004500                                              05/24/2016

3:45 p.m.  The court stands at recess to allow the parties to confer outside the presence of the Court.

3:53 p.m.  Court reconvenes with the parties and respective counsel present.

A record of the proceedings is made digitally in lieu of a court reporter.

Argument ensues.

On the Court's own motion,

IT IS ORDERED continuing today's Oral Argument to allow Defendants to address the issue of service to **June 15, 2016 at 2:30 p.m.** in this Division:

Maricopa County Superior Court
Old Court House
125 W. Washington
Courtroom 005
Phoenix, AZ 85003

IT IS FURTHER ORDERED Defendants shall file their supplemental brief attaching any supporting documents and affidavits by **close of business, June 3, 2016**.  Counsel for Plaintiff shall file any response by **close of business, June 10, 2016.**

IT IS FURTHER ORDERED directing the Clerk to file Certificate of Due Diligence.

LET THE RECORD FURTHER REFLECT counsel for Plaintiff provides Defendants with copy of Summons and Complaint in open court.

IT IS FURTHER ORDERED staying execution of Writ of Restitution.

FILED: Certificate of Due Diligence.

4:27 p.m.  Matter concludes.

MAY 2 4 2016  **FILED** 4:05pm

MICHAEL K. JEANES, Clerk
By _A. Aycock_
A. Aycock, Deputy

*Aldridge Pite LLP*
*Two N Central Ave #1135*
*Phoenix AZ 85004*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| BANK OF NEW YORK, ET AL., | ) | CASE # CV2016-004500 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CERTIFICATE OF |
| | ) | DUE DILIGENCE |
| IVAYLO DODEV, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COPY

Rick Schattenberg, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS; COMPLAINT/ FORCIBLE DETAINER; CERTIFICATE OF ARBITRATION;
APPENDIX A RESIDENTIAL EVICTION INFORMATION SHEET

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

1st attempt was made upon Ivaylo Dodev, Nikolina Dodev and Doe Occupants, at the given address of 6312 S 161st Way, Gilbert AZ 85298, on March 31, 2016 at 7:25p.m. Dark, no answer at door.

2nd attempt was made on April 2, 2016 at 8:16a.m. No answer.
3rd attempt was made on April 4, 2016 at 6:19p.m. No answer.

Documents suspended and returned.

DATED: 4-4-16                    _____
                                RICK SCHATTENBERG # 7469

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102,#200
MESA, AZ 85210/(480) 464-8484

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
C. Gray, Deputy
6/2/2016 2:28:00 PM
Filing ID 7465464

1
Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
2
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
3
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Road, Suite 300
4
Scottsdale, Arizona 85254
Telephone: (602) 845-8898
5
Facsimile: (949) 608-9142

6

7
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**
8

9
BANK OF NEW YORK MELLON F/K/A      Case No. CV2016-004500
BANK OF NEW YORK, AS TRUSTEE, ON
10
BEHALF OF THE REGISTERED HOLDERS
OF ALTERNATIVE LOAN TRUST 2007-      **STIPULATION FOR SUBSTITUTION**
11
OA7, MORTGAGE PASS-THROUGH      **OF COUNSEL**
CERTIFICATES, SERIES 2007-OA7, its
12
successors and/or assigns,

13
                    Plaintiff,

14
          vs.

15
IVAYLO DODEV, NIKOLINA T. DODEV
16
and DOES I through X, inclusive,

17
                    Defendants.

18
          Pursuant to Rule 5.1 of the Arizona Rules of Civil Procedure, this Stipulation is entered into

19
by and between the law firms of WRIGHT, FINLAY & ZAK, LLP ("WFZ") and ALDRIDGE PITE,

20
LLP ("Aldridge") on behalf of *Defendant* Bank of New York Mellon f/k/a Bank of New York, as

21
Trustee, on behalf of the Registered Holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-

22
Through Certificates, Series 2007-OA7 ("BONYM") in the above-captioned matter. BONYM has

23
retained WFZ to replace Aldridge in all matters related to the above-captioned case and has indicated

24
such intent by signing this Stipulation below.

25
          Pursuant to this Stipulation, WFZ, Aldridge and BONYM **STIPULATE** and **AGREE** as

26
follows:

27
          1.      BONYM has retained WFZ to serve as its counsel in the above-captioned case.

28
          2.      WFZ shall replace Aldridge as counsel of record for BONYM, effective *upon the*

Court's approval of this Stipulation.

-1-
_____
**STIPULATION FOR SUBSTITUTION OF COUNSEL**

1    In addition, **NOTICE IS HEREBY GIVEN** that WFZ requests that it receive notice of all

2  proceedings in this case at the following address:

3                          Kim R. Lepore (SBN 019130)
                            klepore@wrightlegal.net
4                  **WRIGHT, FINLAY & ZAK, LLP**
                   16427 N. Scottsdale Road, Suite 300
5                      Scottsdale, Arizona 85254
                       Telephone: (602) 845-8898
6                      Facsimile: (949) 608-9142

7       **IT IS SO STIPULATED:**

8                                    **WRIGHT, FINLAY & ZAK, LLP**

9
    Dated: 6-2-16                   /s/ Kim Lepore
10                                  KIM R. LEPORE
                                    Attorneys for *Defendant* Bank of New York Mellon
11                                  f/k/a Bank of New York, as Trustee, on behalf of the
                                    Registered Holders of Alternative Loan Trust 2007-
12                                  OA7, Mortgage Pass-Through Certificates, Series
                                    2007-OA7
13

14                                   **ALDRIDGE PITE, LLP**

15   Dated: 5-25-16                 /s/ Philip Giles (w/permission)
16                                  PHILIP J. GILES
                                    2 North Central Ave, Suite 1135
17                                  Phoenix, AZ 85004
                                    Former Counsel for *Defendant* Bank of New York
18                                  Mellon f/k/a Bank of New York, as Trustee, on
                                    behalf of the Registered Holders of Alternative
19                                  Loan Trust 2007-OA7, Mortgage Pass-Through
                                    Certificates, Series 2007-OA7

20

21                                   **BANK OF NEW YORK MELLON F/K/A BANK
                                     OF NEW YORK, AS TRUSTEE, ON BEHALF
22                                   OF   THE   REGISTERED   HOLDERS   OF
                                     ALTERNATIVE   LOAN   TRUST   2007-OA7,
23                                   MORTGAGE           PASS-THROUGH
                                     CERTIFICATES,   SERIES   2007-OA7   BY
24                                   SELECT PORTFOLIO SERVICING, INC., ITS
                                     SERVICING AGENT AND ATTORNEY IN
25                                   FACT**

26   Dated: 5/27/16
                                    By:
27                                  Its:    **Scott Hansen**
                                            Vice President, Head of Litigation
28

                                    -2-
       **STIPULATION FOR SUBSTITUTION OF COUNSEL**

1   ORIGINAL of the foregoing
    electronically filed via AZ Turbo Court
2   this 2nd day of June, 2016.

3   COPY of the foregoing mailed and
    emailed this 2nd day of June, 2016 to:

4   Ivaylo Dodev
    Nikolina T. Dodev
5   6312 S. 161st Way
    Gilbert, AZ 85298-8455
6   dodev@hotmail.com
    Plaintiffs in Pro Se
7
    Philip J. Giles, Esq.
8   Aldridge Pite, LLC
    2 North Central Ave, Suite 1135
9   Phoenix, AZ 85004
    azevictions@aldridgepite.com
10  Former Counsel for Defendant

11

12  /s/ Gretchen Grant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION FOR SUBSTITUTION OF COUNSEL**

MICHAEL K. JEANES, CLERK

BY ___M Rio___ DEP
FILED

**Aldridge Pite LLP**
**Two N Central Ave #1135**
**Phoenix AZ 85004**

16 JUN -2 PM 2: 51

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

BANK OF NEW YORK, ET AL.,          )      CASE # CV2016-004500
                                   )
                Plaintiff,         )
vs.                                )
                                   )      CERTIFICATE OF
IVAYLO DODEV, ET AL.,              )   ·  DUE DILIGENCE
                                   )
                Defendant.         )                  ORIGINAL
_____)

       Rick Schattenberg, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having
been so appointed by Maricopa County Superior Court, did receive the following documents:

       SUMMONS; COMPLAINT/ FORCIBLE DETAINER; CERTIFICATE OF ARBITRATION;
           APPENDIX A RESIDENTIAL EVICTION INFORMATION SHEET

       In each instance I personally served a true copy of each document listed above on those named below in the manner,
and at the time and place shown below.

       1st attempt was made upon Ivaylo Dodev, Nikolina Dodev and Doe Occupants, at the given address
of 6312 S 161st Way, Gilbert AZ 85298, on March 31, 2016 at 7:25p.m.  Dark, no answer at door.

       2nd attempt was made on April 2, 2016 at 8:16a.m. No answer.
       3rd attempt was made on April 4, 2016 at 6:19p.m. No answer.

       Documents suspended and returned.

DATED: **4-4-16**

                                        _____
                                        RICK SCHATTENBERG # 7469

       I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.


                                        DIRECT ACCESS LEGAL SERVICES
                                        550 W. BASELINE RD., SUITE 102, #200
                                        MESA, AZ 85210/(480) 464-8484





**COPY**

1    Ivaylo Dodev,

COMMISSIONER OF THE SUPERIOR COURT
MICHAEL BARTH

JUN - 3 2016

2    c/o 6312 South 161st Way
3        Gilbert, Arizona
        (480) 457-8888 Phone

MICHAEL K. JEANES, CLERK
A. DRIVER
DEPUTY CLERK

4        (480) 457-8887 Facsimile
5        dodev@hotmail.com

**FILE ON DEMAND**

6    *Pro Se, by Special Appearance*

7

8

9        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10       **IN AND FOR THE COUNTY OF MARICOPA**

11

12

13   **Bank of New York Mellon,**        |   **Case No.  CV2016-004500**

14                    **Plaintiff,**     |   **SUPPLEMENTAL BRIEF TO**
15   **v.**                              |   **EMERGENCY MOTION TO SET**
                                         |   **ASIDE ENTRY OF DEFAULT AND**
16                                       |   **JUDGMENT**
17   **Ivaylo Dodev, et. all.,**         |   **(Rule 15(a)(3), 15(a)(10), RPEA)**
18                    **Defendants.**    |   **BY SPECIAL APPEARANCE**
19
20                                       |   *(Contemporaneously filed with*
21                                       |   *Declarations of facts from material*
                                         |   *facts witnesses )*
22
23                                       |   **(Hon. Michael Barth)**

24

25       **COMES NOW,** Ivaylo Dodev and Nikolina Dodev, Citizens of Arizona,

26   defendants in *pro se*, ("Defendants"), under the above captioned case, <u>by special</u>

27   <u>appearance, not to be construed as a general appearance,</u> without waiving any

28

---

1 | Supplemental Brief in Support to Motion to Set Aside an Entry of Default and Judgment

rights, remedies or defenses, and moves this Court pursuant to Rule 15(a)(3) and (a)(10) of the Arizona Rules of Procedures for Eviction Actions ("RPEA") to set aside the entry of default and judgment as Defendants have not been served with the complaint and did not have an opportunity to respond or otherwise defend themselves, and any claim by Plaintiff that they have been properly served is fraud and in support thereof submit their Supplemental Brief[1] hereto. Defendants incorporate hereto the already filed Motion to Set Aside Entry of Default and Judgment and the supporting Declaration of Facts in their entirety by this reference along with the following facts.

## I.    **FACTUAL BACKGROUND**

1.    Plaintiff commenced this action on March 24, 2016.

2.    Until the late afternoon of June 2, 2016, the docket lacked any Affidavit of Service or Affidavit of Due Diligence, showing that serving Defendants is impracticable or alleging that they are evading service or otherwise impeding the course of this action, filed prior to Plaintiff's request for Alternative Method of Service or at a time thereafter.

3.    Defendants found out about this action on or about May 9, 2016 while attending family matters out of town. (*See* Declarations of Facts filed on May 20, 2015.)

---

[1] As directed by this Court, ME from May 24, 2016

4.      As they were not able to return home earlier than they did, Defendants monitored this Court's Docket from out of state and asked an Arizona acquaintance to keep an eye on the docket and alert them of any changes. *See* Declaration of Facts, Exhibit A, filed hereto and incorporated herein.

5.      On May 16, 2016, Defendants rented a U-Haul trailer from Washington, DC in order to move their daughter to Durham, NC. *See* Exhibit B, filed hereto and incorporated herein.

6.      That morning his Court's docket did not show any adverse or requiring imminent attention ruling.

7.      The same day, in the late afternoon, Defendants moved their daughter's belongings to Brassfield Self Storage III in Durham, NC. *See* Exhibit C, filed hereto and incorporated herein.

8.      Later that night they proceeded to their rental cabin in Sevierville, TN with the intention of enjoy a long-coming and well-deserved family vacation. *See* Exhibit D, filed hereto and incorporated herein.

9.      On the way to their vacation destination Defendants received an email that this Court's docket shows a judgment.

10.     After a few hours of "rest," Defendants, with the help of their daughter, started calling local [Arizona] attorneys—explaining the facts of the

case and the lack of personal service—and requesting representation while they are away from town.

11.    None of the attorneys they were able to speak with accepted the case, although the total numbers of law firms contacted was about 18, based on their cell phone outgoing calls records.

12.    Defendants spent the next 24hrs preparing their own defense and drove 2000 for about 25hrs, endangering their own lives and the lives of others, while fighting debilitating exhaustion on the road.

13.    Defendants were not able to receive a refund for the remainder of their vacation from "Outrages Cabins" – the cabin rental service.

14.    In the AM hours of May 20, 2016, Defendants arrived at their house and by 8:30AM they filed the above referenced motion and declaration along with Notice of Appeal and all the applicable court fees.

15.    This Court scheduled a hearing on the aforementioned motion for May 24, 2016.

16.    On the hearing Defendants were made aware that at some point a Certificate of Due Diligence was presented to the Court.

17.    Defendants were shown this certificate and asked to confer among themselves.

18.    At some point the alleged certificate was handed back to Plaintiff's Counsel.

19.    During the said hearing the Judge asked why the alleged Certificate of Due Diligence is not filed on the docket and the Counsel for Plaintiff did not provide a satisfactory answer.

20.    This Court had ordered the alleged certificate to be docketed; however, the docket was bereft of said document, until the afternoon of June 2, 2016.

21.    Defendants unsuccessfully tried to obtain a copy of said document by calling Aldridge Pite, LLP and the Judge's judicial assistant on June 1 and June 2, 2016.

22.    On June 1, 2016, Defendants were able to speak to Bobby Choudhury, who appears to be an attorney at Aldridge Pite, LLP and asked him if they can have a copy of the Certificate of Due Diligence.

23.    Mr. Choudhury, declined the request and alleged that his firm has transferred the case to another firm and does not have the file.

24.    Defendants asked Mr. Choudhury to request the alleged certificate to be sent to them by the other firm and to ask them to file a Notice of Appearance under this case in order to be served with this motion.

25.    Consequently, Defendants have emailed the new, alleged firm which is not handling the case for Plaintiff with their request to file a Notice of Appearance, or otherwise become a part of the case, in order to be served.

26.    Defendants have followed up with phone calls and left a voice mail, on June 1, 2016, but have not heard back from them.

27.    <u>As of the date of filing of this motion, it appears that there is no attorney on file or attorney that is acknowledging representation of Plaintiff.</u> Needless to say, Defendants are dumbfounded at this moment as to which law firm and which attorney to serve.

28.    During said hearing Defendants presented to this Court unequivocal evidence showing that they have not been served *"via United States Postal Service certified mail return receipt requested"* as ordered. *See* order from May 13, 2016. *See* USPS tracking number receipt, Exhibit E, filed hereto and incorporated herein.

29.    Counsel for Plaintiff personally acknowledged that he has verified the tracking number of the alleged mail online and Defendants are not served – along with his assertion that "neither I nor you have any influence over USPS" [paraphrased], consenting to the fact that Defendants were never served as ordered.

30.    In the aforementioned hearing, this Court ordered and stayed the execution of the Writ of Restitution. See ME from May 24, 2016.

31.    Besides the oral discussion and verbal warning that Counsel for Plaintiff received during the hearing, along with the written order staying the execution of the Writ of Restitution, Counsel—once again—disrespected this Court, by disregarding its orders and trying to disposes Defendants from their estate.

32.    On June 2, 2016 at about 11:15AM, Maricopa County Sheriff detective F. K. Overton (# 1217) came to Defendants' house and tried to evict them.

33.    On May 20, 2016, after filing the above referenced motion, Defendants picked up their mail that was on hold during their absence and did not find any certified mail receipt or any legal mail related to the above captioned case.

## II.    SUPPORTING ARGUMENTS

During the hearing on May 24, 2016, Defendants unequivocally established that they were absent for the majority of the month of May, supported by their Motion to Set Aside the Entry of Default and Judgment and the contemporaneously filed Declaration of Facts. There is no argument that the Defendants are not served via USPS mail as this Court has ordered. *See* Exhibit

E. According to the guidelines of the Superior Court of Maricopa, serving of papers through certified mails is accomplished when Affiant certifies to the court that the other party has been served and attaches the receipt to the Affidavit of Service [front and back] showing that the mail was delivered to the intended recipient. *See* below:

STEP 1: GO TO THE POST OFFICE and tell the clerk you would like to mail the other party a letter as follows: • Certified Mail, and • Deliver to Addressee Only, and • Restricted Delivery, and • Return Receipt Requested, and • Pay the postage

STEP 2: <u>WAIT for green receipt to be returned with the other party's signature. When you get the green receipt, note the date the other party received and signed for the papers.</u>

STEP 3: PAPERS FOR THE COURT • COMPLETE: Original of "Affidavit of Service by Certified Mail." Fill in ALL information requested on the form before proceeding. <u>Be sure you fill in the date the other party received the papers.</u> If you are unsure of the date, use the date you received the return receipt card. If you fail to list a date, the court may not process your papers and your case may be delayed. • ATTACH: <u>You must attach a copy of the green receipt to the Affidavit to prove how you served the other party.</u> Make sure you copy both sides of the green receipt. Do not throw the original green receipt away. Keep the original in your files.

STEP 4: FILE PAPERS WITH THE COURT. File the Original "Affidavit of Service by Certified Mail" and <u>attach a copy of the green receipt with the Clerk of the Court.</u>

The purported Affidavit of Service, filed on April 22, 2016 and docketed on May 2, 2016, does not alleged that Defendants are served at all, it simply alleges that *"service was made by posting documents to front door ... Note: copies were also sent by certified/return receipt to the above address"*. (*See* Affidavit Alternative Method of Service incorporate herein by this reference.)

The Affidavit lacks attachment of return receipt or certification that Defendants did indeed received the mail. Officers of the court (process servers) and Counsel for Plaintiff who filed the Affidavit on the docket [both] have the duty to verify the information on the document, which they filed under perjury, prior to filing it. Thus Defendants assert once again—the allegation previously made—that counsel commits fraud on the court through misrepresentation of the fact in order to secure a default judgment and disposes Defendants from their estate without giving them an opportunity to defend themselves.

Moreover, Defendants contend that the alleged legal work was either not posted on their front door or removed as it would be hard not to see it. Defendants cannot even think of any motive as to why they should avoid such posting if it was ever made on their front door, as they are knowledgeable enough to know that not defending themselves in litigation will result in a default judgment. Defendants cannot speak to the fact that a posting was ever made on the door, as the Affidavit alleges. Defendants can only speak to the fact that they have never seen such a posting. As of this motion, Defendants have way over a thousand dollars in expense related to this litigation, in addition to risking their lives and the lives of their children in order to meet filing deadlines to stay and appeal the [void] judgment, which could have been avoided if they were served or simply alerted of the ongoing action.

This brings us, once again, to Defendants' contention that Counsel for Plaintiff worked in concert with attorney Kim Lepore to disposes them from their estate. On May 3rd, 2016, I, Ivaylo Dodev, replied to Kim Lepore's email, discussing a possible settlement that will bind me to dismiss the ongoing appeal in the 9th Circuit Court of Appeals against her client, who appears to be the Plaintiff in this action. *See* Email printout, Exhibit F, filed hereto and incorporated herein. Although duly informed of our absence, Ms. Lepore did not exercise due diligence to inform us of this pending action and the imminent hearing scheduled for May 4th, 2016, the day after I noted her that we are out of town. At the same time, Counsel Philip Giles opened the hearing, held on May 24, 2016, with a statement that he has been communicating with her in regards to this action, entirely ignoring this Court's suggestion to confer with Defendants and see if we can clear this disagreement of whether service occurred.

Defendants instead supported this Court's notion by reading on the docket an excerpt of a letter, of which Counsel Giles acknowledge receipt, asking him for a stipulated dismissal of the default judgment, in particular: "This letter I sent to you with judicial economy in mind, to give you an opportunity to correct the error and/or misrepresentation to the court that we have been served, without crowding the docket with more motions". Needless to say, Counsel not only rejected this Court's and Defendants' offer but disregarded an order staying the

Writ of Restitution and on June 2, 2016 tried to evict Defendants from their estate.

During the hearing on May 24, 2016 the Court asked Defendants if they knew their whereabouts on the alleged dates of attempted service and directed them to file this Supplemental Brief. As stated herein above, Defendants did not have a copy from the Affidavit of Due Diligence and could not cross-reference the dates with their personal schedules until the late afternoon of June 2, 2016 when the said document appeared on this Court's docket.

The first alleged date of attempted service is March 31, 2016 at 7:25 p.m. That afternoon Defendants went to House of Refuge, located on 6935 E. Williams Field Rd., Mesa, AZ 85212 to drop some donations. *See* Receipt of Charitable Donation, Exhibit G, filed hereto and incorporated herein. This place was recommended to us by an immediate neighbor, Yolanda Augustine. Upon dropping our donation we were asked to fill a form with my name [Mr. Dodev] and email address, which should be on record with said organization and Defendants consent to further verification if this Court deems necessary. As additional support, a copy of an Outlook calendar showing this entry is attached hereto and incorporate herein under Exhibit H. The Outlook entry shows that we were there in the late afternoon and we do not have any recollection if stopped at

a grocery store and did any other errands after that, though we suspect this was the case and that that is why the Affidavit references that the house was dark.

The other two alleged dates of attempted service are April 2, 2016 at 8:16 a.m. and April 4 2016 at 6:19 p.m. The Outlook entries, attached hereto and incorporate herein, Exhibit I, do not show any out of ordinary entries. Apparently, as already explained to the Court, we were not inside of the house; otherwise, we would have answered the door. This leads us to believe that we were taking care of our animals, or taking a walk. As represented to the Court, every morning and evening we tend to our animals in the back of our 2 acres property. This chore could take anytime between 30 minutes to the upwards of one hour or more. Please see Declarations of Facts signed by our neighbors who can testify to this daily routine, filed hereto and incorporated herein under Exhibit J.

Along with being occupied every morning and evening, we have been taking evening walks for at least one year, as prescribed by Mr. Dodev's primary physician Dr. Despina Herrera and well documented in is medical record. Due to this evening routine, Mr. Dodev has been able to mediate stress, not rely on alcohol as much as he has been during the ongoing litigations and dispute with the alleged Plaintiff in district courts, and has lost 30lb. *See* Declarations of Facts, Exhibit J.

The Affidavit of Due Diligence, which was not part of the record until June 2, 2016, does not allege facts attesting to any impediments to or evasion of personal service or establish any impracticability of service or good faith attempt to find Defendants. *See Barlage v. Valentine*, 210 Ariz. 270, 273, ¶¶ 6–8, 110 P.3d 371, 374 (App.2005) (affidavit of due diligence was inadequate where the affidavit merely asserted that a due diligence effort had been made without setting forth any facts showing such an effort)" Arizona Real Estate Inv., Inc. v. Schrader, 244 P.3d 565, 567.

Defendants inquired from a few of their neighbors and were assured that no one has inquired about them and they have not seen any unusual traffic. Defendants do not own dogs and there are no obstructions on their property that would discourage a process servicer from approaching them in any way. Moreover, there is no motive or logical reason that Defendants would avoid service as they have nothing to lose and everything to gain if they are served and presented with an opportunity to defend themselves. In contrast, Counsel has everything to gain if he can avoid facing facts in Court that might prevent his client from securing a judgment and instead chose the easy way of securing a default judgment through misrepresentation. Very plausible, as he once disregarded this Court's directive to file the Affidavit of Due Diligence on the docket after a hearing held on April 13, 2016, and willingly and maliciously

attempted to disposes Defendants from their estate with a stayed Writ of Restitution, after an explicit oral and written order by this Court.

## III.    **CONCLUSION**

In light of the established facts, Defendants contend that Counsel moved this Court for alternative service in bad faith, without establishing impracticable service, avoidance of service, or impediment by Defendants.    Furthermore, Defendants were served neither through posting on their door or via USPS certified mail, as the record attests.

**WHEREFORE**, Defendants respectfully request the Default Judgment to be Set Aside, the Writ of Restitution to be Declared Void and any other relief this Court find equitable that will make them whole for the undue stress and financial burden.

Respectfully submitted on this 3rd day of June, 2016.


By Ivaylo Dodev, Defendant in *Pro Se*


By Nikolina Dodev, Defendant in *Pro Se*

c/o 6312 S 161st Way
Gilbert, Arizona 85298
(480) 457-8888