Exhibit A

Ivaylo Dodev,

c/o 6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

**FILE ON DEMAND**

*Pro Se, by Special Appearance*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **Bank of New York Mellon,** | **Case No.  CV2016-004500** |
| **Plaintiff,** | **DECLARATION OF FACTS**<br>**By SHEILA PILAT** |
| **v.** | |
| **Ivaylo Dodev, et all.,** | *(Contemporaneously filed with*<br>*Supplemental Brief to Motion to set Aside*<br>*Entry of Default and Judgment)* |
| **Defendants.** | |
| | **(Hon. Michael Barth)** |

   I, Sheila Pilat, being over 21 years of age and of sound mind, declare and state as follow:

1.   On or about May 9th 2016, I was contacted by Mr. Dodev and asked to check the docket of the Superior Court of the State of Arizona, County of Maricopa, if he is being sued.

2.   Upon finding the above captioned case on the docket of the court, I read to Mr. Dodev the different entries of the ongoing action.

3.   Mr. Dodev represented to me that he is traveling to attend his daughter's graduation in Washington, DC and asked if I can keep an eye on the docket in his absence, as he did not have good internet connection at all times.

4.   During his trip, I had been sending him 1 to 2 emails daily with docket updates.

5.   On the morning of May the 16th I checked the docket for any new entries. There were none and I informed Mr. Dodev of such.

6.   Later that evening, I had to send him another email to inform him that a judgment was entered against him and finally showed on the docket later that day.

7.   Mr. Dodev asked me to send him a copy of the judgment, and I informed him that he would be the only who can view the documents under his case, upon going to the court in person and registering.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed this 1st day of June, 2016 at Mesa, Arizona.

**Sheila Pilat**
Mesa, Arizona

# Exhibit B

1-800-468-4285

**One-Way Rental (OUT)** - Monday, 5/16/2016 8:12 AM Contract No.: 86919904 Equip.: - UV 1178A
**ROADSIDE ASSISTANCE:** visit myuhaul.com
Dispatched From: 818054 - Safe-Protection:(YES)

Customer:
Ivaylo Dodev
6312 s 161st way
CARY, NC 85297

480-209-7722
DL: xxxxxx2883, AZ, 1133

**Renting Location:**
U-Haul of Falls Church - (818054)
1107 W Broad St
FALLS CHURCH, VA 22046 (703)534-2345

**Towing Vehicle:** 2008 Mercedes ML 320 4 Wheel Drive **Plate:** blk VA
• I understand that I must not exceed the recommended allowed cargo weight of 1650 pounds which is considered a FULL load.
• I agree that only the "Towing Vehicle" listed on this contract will be used to tow U-Haul Equipment.

**Destination:** CARY, NC
**DROP OFF EQUIPMENT AT:**

**Due Date/Time:** 5/18/2016 8:08 AM

Cary Moving Trucks & Supplies Inc    524 Old Apex Rd , CARY , NC    (919) 460-3887

Days Allowed: 2       MI Allowed: 326.0
Extra Day Rate for the UV $20.00 Per Day                    Extra Day Rate for Safetow $12.00 Per Day

| Equipment | MI Out | Coverage | Rental Charge | Total Charge |
|---|---|---|---|---|
| UV 1178A 8329ZE VA | | SafeTow: $24.00 Coverage: $5K | $208.00 | $232.00 |

**REGULAR CHECK-IN - EMAIL ON FILE**

| | |
|---|---|
| **SubTotal:** | $232.00 |
| **Rental Tax:** | $23.20 |
| **Rental Deposit Paid:** | $0.00 |
| **Total Rental Charges (including Deposit):** | $255.20 |
| **Cash Payment:** | $250.00 |

Account:
XXXXXXXXXXXXXXX7317

Approved:
0

Debit Card Payment:    $5.20

**Net Paid Today:**    $255.20

Customer may be responsible for any damage to the vehicle even if not at fault. Purchase of collision damage waiver (SafeMove/SafeTow) is not mandatory to the renting of the vehicle. Customer`s motor vehicle insurance purchased and in force in this state may cover the same amounts as covered by the collision damage waiver.

• An automobile liability insurance policy or a qualified self-insurance arrangement provides the authorized driver with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs.
• I understand that this equipment must be returned to one of the U-Haul drop-off locations listed on this contract or I must call the drop-off number.
• I acknowledge that I have received the appropriate User Instructions and acknowledge my responsibility to fully read and understand these User Instructions before operating the equipment.
• I understand that I will receive an email link to review the rental process and the U-Haul Store employees to feedback to U-Haul any compliments, concerns or requests that I have about my rental.
• I understand that I can also contact U-Haul Customer Service at uhaul.com/contact/email.aspx
• I agree to submit all *legal* claims in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from my local U-Haul representative.
• I agree that distracted driving is dangerous and that driving while distracted is likely to lead to an **accident/crash** causing serious injury or death. I agree not to use a hand held mobile phone (other than for an emergency call) and not to text while driving any U-Haul truck or towing any U-Haul Trailer, Tow Dolly or Auto Transport. My agreement not to do so is material to U-Haul's decision to enter into this Agreement. My failure to comply is material breach of this Agreement.
- The following shall be admissible as evidence of negligence and breach of contract in any lawsuit or arbitration: 1) that the driver of the U-Haul truck, or vehicle towing any U-Haul Trailer, Tow Dolly or Auto Transport was texting while driving; 2) that the driver of the U-Haul truck, or vehicle towing any U-Haul Trailer, Tow Dolly or Auto Transport, was using any mobile phone (other than hands free or for an emergency call) while driving.
• I acknowledge that I have received and agree to the terms and conditions of this Rental Contract and the Rental Contract Addendum.

Patricia Birckett

Customer Signature - (Ivaylo Dodev)

U-Haul Signature - (Patricia Birckett)

**For Safe Trailering Video Tips go to Part 1 https://media.uhaul.net/view/1673 and for Part 2 go to https://media.uhaul.net/view/1674**

Discount Savings on Motel and Hotel Rooms. Advanced Reservations Required at Some Locations. 10% OFF at La Quinta Inns and Suites: 1-800-753-3757 Online @ www.lq.com/uhaul 20% OFF at Days Inn, Ramada and Super 8 Motels: 1-877-670-7088 Online @ www.wyndhamrewards.com/uhaul
YOU SHOULD ALWAYS:
# 1. LOAD TRAILER HEAVIER IN THE FRONT
# 2. REDUCE NORMAL DRIVING SPEED
# 3. WEAR YOUR SEATBELT

Questions or need help? Call me.

_____ (703)534-2345

Exhibit C

**Brassfield Self Storage III**
**2717 Western Bypass**
**Durham, NC  27705**

# Payment Receipt

| | | | |
|---|---|---|---|
| **Company** | | **Date Printed** | May 16, 2016 |
| **Tenant** | Victoria Dodev | **Payment Date** | May 16, 2016 4:19 PM |
| **Address** | 6312 S 161 st way | **Available Credit** | 0.00 |
| **City, State, Zip** | Gilbert, az 85298 | **Current Balance** | 0.00 |
| | | **Paid Thru** | July 31, 2016 |
| **By** Jessica Stewart | | **Receipt Number** | 468 |
| | | **Unit** | 305 |

| Date | Unit | Description | Charge | Discount | Tax | Total | Payment | Method |
|---|---|---|---|---|---|---|---|---|
| 05/16/16 | 305 | Rent 5/16-5/31 | 70.00 | 70.00 | 0.00 | 0.00 | 0.00 | Discount |
| 06/01/16 | 305 | Rent 6/1-6/30 | 36.13 | 0.00 | 0.00 | 36.13 | 36.13 | Visa |
| 07/01/16 | 305 | Rent 7/1-7/31 | 70.00 | 0.00 | 0.00 | 70.00 | 70.00 | Visa |

| | |
|---|---|
| Taxes | 0.00 |
| Payment (less tax) | 106.13 |
| Payment Subtotal | 106.13 |
| Credits Applied | 0.00 |
| Refunds Applied | 0.00 |
| Total Applied to Account | 106.13 |
| | |
| Current Account Balance | 0.00 |
| Paid By | Visa ****▬▬ |
| Paid Thru Date | July 31, 2016 |

Transaction Type  Sale
Authorization  835452
Reference  1

I agree to pay the above amount according to the card issuer statement.

x _____

Memo: **WE REQUIRE AT LEAST A 10 DAY WRITTEN NOTICE OF VACATE PRIOR TO THE END OF THE MONTH- NO EXCEPTIONS!**

Exhibit D

## Outrageous Cabins

INVOICE

1426 Upper Middle Creek Road
Sevierville, TN 37876
865-366-7012
outrageouscabins.com
guestservices@outrageouscabins.com

19185231

Thanks for renting with us!

| | | |
|---|---|---|
| Arrival Date: | 05/16/2016 | Ivaylo Dodev |
| Departure Date: | 05/19/2016 | 6312 South 161 Way |
| Check-In Time: | 03:00 PM | Gilbert, AZ 85298 |
| Check-Out Time: | 10:00 AM | United States of America |

### Rental Charges Detail

| Date | Nights | Description | Rate | Tax | Total |
|---|---|---|---|---|---|
| 05/16/2016 | 1 | Almost Heaven (2) - Nightly | | | |
| 05/17/2016 | 1 | Almost Heaven (2) - Nightly | | | |
| 05/18/2016 | 1 | Almost Heaven (2) - Nightly | | | |
| | | Cleaning Fee | | | |
| | 3 | | | | |

### Guest Account Summary

| Date | Description | Debits(+) Credits(-) | Charges Balance |
|---|---|---|---|
| 05/16/2016 | Rental Charges | | |
| 05/16/2016 | Payment Received (Credit Card) | | |

Reservation Status = Paid In Full
**REMAINING BALANCE**

**$0.00**

## Remaining Balance Policy

**DEPOSITS:**
All reservations require a 50% deposit of your total rental charges and applicable sales taxes. The deposit you make is 100% refundable less a $45 cancellation fee if cancelled 14 days or more prior to your scheduled arrival date. However, we will issue you a gift certificate in the amount of this $45.00 which can be used toward a future reservation within 1 calendar year of your cancelled reservation. If you cancel 0 to 14 days before your scheduled arrival date, you will receive a refund for all monies paid minus 1 nights rental rate. This will be issued back to you in the form of a gift certificate to be applied toward a future stay. The gift certificate must be used within 1 calendar year of your cancelled reservation.

If you are making your reservation within 14 days of your arrival date, the full amount is due at the time of booking.

Fourteen days (14) before your arrival date the balance of your stay will be charged to your credit card. You will then be sent (by fax or by email) written directions to our reservations office and a second copy of your reservation confirmation, showing that you have a zero balance due. BEFORE YOU CAN CHECK IN TO YOUR CABIN, we must have the signed rental confirmation page, along with a copy of the front and back of your driver's license; and come by our office to register.

DO NOT send a check for your balance due. We do not accept checks. Sales tax is charged and collected on all payments for any services to the rental company.

**Cancellation Policy**

**CANCELLATIONS:**

If cancelled 14 days or more prior to your scheduled arrival date, you will be charged a $45.00 cancellation fee. However, we will issue you a gift certificate in the amount of this $45.00 which can be used toward a future reservation within 1 calendar year of your cancelled reservation. If you cancel 0 to 14 days before your scheduled arrival date, you will receive a refund for all monies paid minus 1 nights rental rate. This will be issued back to you in the form of a gift certificate to be applied toward a future stay. The gift certificate must be used within 1 calendar year of your cancelled reservation. If your original payment is more that 180 days old or if you make a cash payment, a refund check will be mailed to you in 4-6 weeks.

**"NO-SHOW" POLICY:**

A "no-show" is an automatic forfeiture of charges -- this is a contract between you (the guest) and Outrageous Cabins (the management) as representative of the owner's property. You will be charged for the full stay if the proper cancellation policies are not followed. If we have held a cabin for you, we have pledged that cabin and those dates to you. You will be charged for this reservation.

Exhibit E

5/23/2016

# Home - Dropbox

Home - Dropbox

USPS Tracking®

Tracking Number: **70150640000374822607**

Product & Tracking Information

Postal Product:

Features:
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 24, 2016, 3:32 pm | Departed USPS Facility | PHOENIX, AZ 85043 |
| April 23, 2016, 12:08 am | Arrived at USPS Facility | PHOENIX, AZ 85043 |

In-Transit

Available Actions

Track Another Package

Tracking (or receipt) number

Customer Service ›
Have questions? We're here to help.

Get Easy Tracking Updates ›
Sign up for My USPS.

5/21/2016

USPS.com® - USPS Tracking®

English          Customer Service          USPS Mobile          Register / Sign In


USPS.COM

# USPS Tracking®

Customer Service ›
**Have questions? We're here to help.**

Get Easy Tracking Updates ›
**Sign up for My USPS.**

## Tracking Number: 70150640000374822607

## Product & Tracking Information

**Postal Product:**                    **Features:**
                                       Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 24, 2016 , 3:32 pm | Departed USPS Facility | PHOENIX, AZ 85043 |

Your item departed our USPS facility in PHOENIX, AZ 85043 on April 24, 2016 at 3:32 pm. The item is currently in transit to the destination.

| April 23, 2016 , 12:06 am | Arrived at USPS Facility | PHOENIX, AZ 85043 |

## Available Actions

Text Updates

Email Updates

# Exhibit F

**dodev@hotmail.com**

| | |
|---|---|
| **From:** | <dodev@hotmail.com> |
| **Date:** | Tuesday, May 03, 2016 6:09 PM |
| **To:** | "Kim R. Lepore" <klepore@wrightlegal.net> |
| **Subject:** | Re: Dodev v. ReconTrust, et al. - RULE 408 SETTLEMENT COMMUNICATIONS |

*May 3rd*

Mr. Lepore,

I just found your email in my junk email box:

I□□□m traveling at the moment, attending a family matter, as aforementioned in our last conversation.

I□□□m glad that finally I□□□m able to hear back from your client and we can initiate a settlement discussion.

As previously discussed I have a hard time believing that my house is worth more than $240,000 in its present state. Perhaps we have to order an appraisal upon my return and come to some realistic market value.

I know that my neighbors have tried to sell their house for years for about $475,000 and finally gave up - last month. Their house is double the size of mine, about 4300 sq. feet vs. about 2100 sq. feet.

Hope this communication will reach you in good health.

Regards,

Ivo Dodev

**From:** Kim R. Lepore
**Sent:** Monday, May 02, 2016 3:25 PM
**To:** mailto:dodev@hotmail.com
**Subject:** Dodev v. ReconTrust, et al. - RULE 408 SETTLEMENT COMMUNICATIONS

Hello Mr. Dodev,

My client has reviewed your offer to purchase the property for $105,000 and to dismiss the appeal. Our client is willing to sell back the property to you for the fair market value of $430,000. Payment would be due within 20 days and you would have to immediately dismiss the appeal with prejudice.  If you are agreeable, I will prepare the settlement documents.

**Kim R. Lepore, Esq.**
Managing Attorney, Arizona
*Licensed in Arizona and California*


**WRIGHTFINLAY&ZAK** ʟʟᴾ
**ATTORNEYS AT LAW**

16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
(602) 845-8898 Direct

California Office
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
(949) 608-9142 Fax
(949) 477-5050 Main

**Wright, Finlay & Zak:** Your Western
**Regional Counsel for California, Nevada,**
**Arizona, Washington, Oregon, Utah,**
**New Mexico and Hawaii**

For escalated communications on matters, please contact the associate‾ ‾ ‾s supervising attorney, Robin Wright, at
rwright@wrightlegal.net and (949) 477-5059.

PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

Confidentiality Note: The information contained in this email is privileged and confidential and is intended only for the use of the individual or entity named. If the
reader of this email is not the intended recipient, you are hereby notified that any distribution or copy of this email is strictly prohibited. If you have received this
email in error, please notify the sender by telephone immediately at (949) 477-5050 and arrangements will be made for the return of this material. Thank you.

5/28/2016

Exhibit G



**HOUSE OF REFUGE**

### RECEIPT OF CHARITABLE DONATION
6935 E Williams Field Rd, Mesa, AZ 85212
Phone (480) 988-9242
www.houseofrefuge.org

Name and address of donor(s):

_____

_____

_____

House of Refuge acknowledges and expresses appreciation for the following donations:

_____

_____

_____

Valued at: _____

House of Refuge is a non-profit 501(c)(3) organization which provides transitional housing and supportive services in Arizona to homeless individuals, families, and victims of domestic violence. Our purpose is to empower participants to experience healing and become self-sufficient. Families at House of Refuge are coming out of various homeless situations and have experienced the chaos and crisis that is the result of homelessness and living on the streets. This instability includes not knowing where their next place to sleep, paycheck or meal is coming from. House of Refuge provides not only a place of stability and safety, but also an opportunity to start over and for many of the children who are victims of their parent's situations it gives them the opportunity to just be a child again in a safe/stable environment. Please be aware that at no time does House of Refuge sell any donated items but will pass along our overstocked blessings to other organizations that may in turn sell them.

Neither the goods or services were provided in return for this donation. Please retain this receipt as a record of your donation. House of Refuge does not make representations as to the need and you should consult your tax advisor regarding the tax consequences of your donation.

Received by:

_____        _____
Signature of Representative of House of Refuge          Date:
Rev. 4-25-14

Exhibit H

# March 28, 2016 –
# April 03, 2016

| March 2016 | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

| April 2016 | | | | | | |
|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa |
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

## Monday, March 28

## Tuesday, March 29
☐ Yehuda's Birthday ↻

## Wednesday, March 30

## Thursday, March 31
☐ 12:00am Vicky is going to check out Duke ➜
▦ 8:00am - 10:00am Landscape work
▦ 4:30pm - 5:30pm Going to House of Refuge to drop some donation

## Friday, April 01
☐ ✦ Vicky is going to check out Duke ➜
▦ 9:30am - 10:00am Talk to Lepre - made an offer of 70K to SPS
▦ 11:00am - 2:30pm Working on the door of the solar yellow shelter
▦ 3:00pm - 4:30pm landscape work

## Saturday, April 02
☐ ✦ 12:00am Vicky is going to check out Duke

## Sunday, April 03

# Exhibit I

# April 04, 2016 –
# April 10, 2016

April 2016
SuMo TuWe Th Fr Sa
                 1  2
 3  4  5  6  7  8  9
10 11 12 13 14 15 16
17 18 19 20 21 22 23
24 25 26 27 28 29 30

May 2016
SuMo TuWe Th Fr Sa
 1  2  3  4  5  6  7
 8  9 10 11 12 13 14
15 16 17 18 19 20 21
22 23 24 25 26 27 28
29 30 31

## Monday, April 04

## Tuesday, April 05

## Wednesday, April 06

☐ Nicholas Soubassakis birthday ☼
☐ Stefka and Ratsov Weeding Unerersary
▦ 3:00pm - 4:00pm Appt to work on the wheels of the Benz
▦ 5:30pm - 6:00pm Went out to eat at Brio

## Thursday, April 07

▦ 10:00am - 11:30am Called the Court of Appeal - 9th Circuit to get a status update. My motion to show cause pending.  (415) 355-8000

## Friday, April 08

☐ Frank Valdez birthday ☼

## Saturday, April 09

## Sunday, April 10

# Exhibit J

Ivaylo Dodev,

c/o 6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

**FILE ON DEMAND**

*Pro Se, by Special Appearance*


### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA


| | |
|---|---|
| **Bank of New York Mellon,** | **Case No.  CV2016-004500** |
|     **Plaintiff,** | **DECLARATION OF FACTS** |
| **v.** | **By YOLANDA AUGUSTINE** |
| **Ivaylo Dodev, et all.,** | *(Contemporaneously filed with Supplemental Brief to Motion to set Aside Entry of Default and Judgment)* |
|     **Defendants.** | **(Hon. Michael Barth)** |


    **I, Yolanda Augustine, being over 21 years of age and of sound mind,** declare and state as follow:

1.    I personally know the Dodev family since 2012, as we are neighbors since that time.

2.    I am aware that they have been involved in litigation for more than a few years at the time of this Declaration.

3. I have personal knowledge and believe that Mr. Dodev is resorting to alcohol in order to cope with the stress of litigation as I have seen him drinking about a liter of bourbon during a recent neighborhood party.

4. During the last year I have notice that the Dodevs are taking evening walks, which is hard to miss as my dog is always barking at them.

5. Further I have noticed that Mr. Dodev has lost significant weight.

6. During a neighborhood meeting dealing with neighborhood-security-concerns, held on November 2nd, 2015, Mr. Dodev made a statement in front of all present that during their evening walks the neighborhood is a ghost-town.

7. I can further testify that since my family has moved into the neighborhood [2012], Dodev's family has been raising domestic animals, which required significant care every morning and evening.

8. Influence by them, my family has started a "small family farm" on our own. Mrs. Dodev has fully supported our endeavor by sharing her life-long agricultural experience.

9. The Dodevs asked us to take care of their animals during their long planned May trip to Washington, DC to attend the commencement week of their daughter.

10. During the aforementioned trip I was contacted by Mrs. Dodev and informed that there are some legal complications that will force them to shorten their trip.

11. I was asked by Mrs. Dodev if "any people have been coming to the house". I informed Mrs. Dodev that no one was driving down their street but their neighbor Craig.

12. The Dodevs live on a dead-end private street [properly signed] and have no other neighbors but Craig.

13. I was also asked if there were any posting on their door and after I walked around the premises of their property I found none. In addition I texted them pictures of the property, as I noted in Mrs. Dodev's voice a great level of anxiety and concern.

14.   I can further testify that since my family has moved into the neighborhood,
each time when I or my children rang the Dodev's doorbell they always
answered the door if they were home.

I declare under penalty of perjury under the laws of the State of Arizona that the
foregoing is true and correct.

Executed this 1st day of June, 2016 at Gilbert, Arizona.

_____
**Yolanda Augustine**
Gilbert, Arizona

Ivaylo Dodev,

c/o  6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com            **FILE ON DEMAND**

*Pro Se, by Special Appearance*


# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **Bank of New York Mellon,** | **Case No.  CV2016-004500** |
| **Plaintiff,** | **DECLARATION OF FACTS**<br>**By FRANK VALDEZ** |
| **v.** | |
| **Ivaylo Dodev, et all.,** | *(Contemporaneously filed with*<br>*Supplemental Brief to Motion to set Aside*<br>*Entry of Default and Judgment)* |
| **Defendants.** | |
| | **(Hon. Michael Barth)** |

    I, Frank Valdez, being over 21 years of age and of sound mind, declare and state as follow:

1.   I personally know the Dodev family since 2004, as we are neighbors since that time.

    I am aware that they have been involved in litigation for more than a few years at the time of this Declaration.

  ~~I have personal knowledge and believe that Mr. Dodev has resorted to alcohol in order to cope with the stress caused by the ongoing litigation.~~

1 | Declaration of Facts in Support of Supplemental Brief to Motion to Set Aside an Entry of Default.

4.    ~~I have personally seen him going through deep depression and~~ have advised him to get out of the house, to which he always replied: "I'm buried in paperwork".

5.    During the last several months I have seen the Dodevs taking walks, after dark on several occasions.

6.    On or about the last week of April, I visited Dodev's house to discuss personal business. During my visit they informed about their upcoming trip to Washington, DC in order to attend their daughter's commencement week.

7.    During that visit Mr. Dodev bragged that he has lost 30lb by reducing alcohol consumption and evening walks. My comment was: "you were getting fat".

8.    I can further testify that the Dodevs have been raising domestic animals since 2004, which requires significant care every morning and evening.

9.    During some of their trips out of town my wife and me have personally taken over the chores of their animals and can testify that it takes significant time to feed, water, clean and milk them twice a day; morning and evening.


I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed this 1st day of June, 2016 at Gilbert, Arizona.


**Frank Valdez**
Gilbert, Arizona

## <u>CERTIFICATE OF SERVICE</u>

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 3rd day of June, 2016. Plaintiff is served through the court's docket through Counsel.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 20th day of May, 2016. this 3rd day of June, 2016.

**FURTHER,** a copy of the foregoing is mailed via USPS First Class Mail to Counsel for Plaintiff Philip Giles AND Aldridge Pite, LLP at 2 North Central Avenue Suite 1135 Phoenix, Arizona 85004 this 3rd day of June, 2016.

**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

MICHAEL K. JEANES, CLERK
BY A. Deivee DEP
FILED

16 JUN -3 AM II: 00

Ivaylo Dodev,

c/o  6312 South 161st Way
      Gilbert, Arizona
      (480) 457-8888 Phone
      (480) 457-8887 Facsimile
      dodev@hotmail.com

FILE ON DEMAND

*Pro Se, by Special Appearance*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **Bank of New York Mellon,** | **Case No.  CV2016-004500** |
| **Plaintiff,** | **MOTION TO SANCTION COUNSEL** |
| **v.** | **BY SPECIAL APPEARANCE** |
| **Ivaylo Dodev, et all.,** | |
| **Defendants.** | **(Hon. Michael Barth)** |

   **COMES NOW,** Ivaylo Dodev and Nikolina Dodev ("Defendants"), and moves this Court, by special appearance, pursuant to its inherent power to sanction ALDRIDGE PITE, LLP, *and* PHILIP J. GILES (No. 030340) ("Counsel"), representing the Bank of New York Mellon ("Plaintiff") under the above captioned case.

   /// ///

*In support thereof, Plaintiff alleges: improper conduct; violation of court order; and a wanton act to dispossess Plaintiff from his estate in bad faith – and for the reasons set forth below, respectfully requests this Court to grant his motion.*

## I.      FACTUAL BACKGROUND

1.  On May 20, 2016 Plaintiff filed an Emergency Motion to Set Aside Entry of Default and Judgement and a Notice of Appeal, under special appearance as he has not been properly served under this action.

2.  A hearing on the matter was held on May 24, 2016. During the hearing the court ordered a continuation of the hearing to allow Defendants to address the issue of service, and furthermore ordered that the execution of the Writ of Restitution be stayed.

3.  Counsel nonetheless filed a Praecipe for a Writ on the same day as the hearing, and consequently obtained a Writ.

4.  On June 2, 2016, a Deputy Sheriff came to Defendants' door with the Writ of Restitution and attempted to evict Defendants from their estate. *See* Exhibit A, attached hereto and incorporated herein.

5.  Defendant attempted to explain to the Sheriff that execution of the Writ is stayed, providing him with a copy of the minute entry referencing the order, which he initially refused to take, leading to an undue 15 minute argument.

## II.     ARGUMENTS

The Supreme Court in *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991), has explained that the court has a power to sanction that is "governed not by rule or statute

but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* A judge may exercise the inherent powers of the court to assess attorney's fees against an attorney as a sanction for misconduct where the attorney has "willful[ly] disobe[yed]" a court order or where the attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46.

In the present case, Counsel's actions are in willful disregard of the court's order staying the execution of the Writ and constitute a bad faith attempt to dispossess Defendants from their estate. During the hearing, the Court noted to Counsel its concerns regarding service, specifically that the certified tracking number showed that the summons and complaint had never been delivered to Defendants, and that the execution of a Writ was not advisable given the likelihood that the Default Judgement would be set aside. Counsel was ambiguous as to whether or not Plaintiff would move along with the Writ despite the continued hearing on the matter, not discounting the possibility, and as a result the Court explicitly ordered that the execution of the Writ be stayed.

Counsel nonetheless obtained a Writ on the same day and executed it by bringing it to the Sheriff's department at some point thereafter, with the intention that the eviction will be proceeded with before the court resolves the question regarding proper service. Not only is this an egregious and outright violation of the Court's order, but part of a pattern of behavior which has constituted an attempt to deprive Defendants of due process.

*First and foremost, Counsel did not do his due diligence and misrepresented to* the Court that Defendants had been properly served in order to obtain a Judgement against them. It is still undecided whether Plaintiff established impracticability of service in order to obtain alternative service, but even if impracticability is established in the next hearing, it is an undisputed fact that service was not fully completed through certified mail, a fact that Counsel would have been aware of if he had done a quick search of the tracking number, as he should have, and a fact that he should have represented to the Court before obtaining judgement. Counsel's actions put Defendants' lives in danger as it forced them to drive 2000 miles in approximately 25 hours in order to file an emergency motion to vacate a judgement in an action in which they had not even been served.

Counsel's current attempt to circumvent the judicial system and evict Defendants from their home without due process is synonymous with issuing a death sentence to a man whose innocence or guilt has not yet been determined.

**WHEREFORE**, for the reasons stated herein, Plaintiff respectfully requests that this Court grants his Motion and sanction Counsel by awarding appropriate defense fees, setting aside the judgement and declaring the Writ of Restitution void, and any equitable relief this court deems just for causing undue distress and anxiety.

Executed this 3rd day of June, 2016 at Gilbert, Arizona.

By, Ivaylo Tsvetanov Dodev, in *Pro Se*
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

# Exhibit A

| Name | PHILIP J. GILES |
|---|---|
| Address | 2 North Central Avenue Suite 1135 |
| City, State, Zip | Phoenix, AZ 85004 |
| Telephone | (702) 991-4638 |
| State Bar Code | 030340 |
| Client | BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, ITS SUCCESSORS AND/OR ASSIGNS |

PROPERTY MUST BE VACATED OR THE SHERIFF WILL HAVE YOU REMOVED, AT YOUR EXPENSE

BY _____
(date and time)

_____ (Deputy Sheriff)

**ARIZONA SUPERIOR COURT, County of Maricopa**

BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns,

Plaintiff(s),

vs.

IVAYLO DODEV, NIKOLINA T. DODEV, and DOES I through X, inclusive,

Defendant(s).

**CIVIL ACTION NO: CV2016-004500**

**WRIT OF RESTITUTION, ASSISTANCE OR POSSESSION**

IF YOU NEED THE ADVICE OF A LAWYER, YOU MAY LOCATE ONE THROUGH THE LAWYER REFERRAL SERVICE AT (602) 257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG OPERATED AND SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION

THE STATE OF ARIZONA TO THE SHERIFF OR CONSTABLE OF MARICOPA COUNTY:

WHEREAS: The Person Entitled to Possession is the lawful owner of the Detained Real Property and is entitled to possession thereof according to the Affidavit in Support of Writ of Restitution, Assistance or Possession, and the judgment or other documents attached; the five day period since the entry of judgment or other forfeiture or transfer of interest of the Person Unlawfully in Possession has elapsed without the filing of a motion for new trial, the posting of a bond, or other appropriate and required action by the Person Unlawfully in Possession; the Person Entitled to Possession has, at least five days prior to the issuance of the Writ, mailed or delivered a written Demand for Possession to the Person Unlawfully in Possession of the Detained Real Property and such demand has been refused and is currently being refused.

**PERSON ENTITLED TO POSSESSION (Name, Address and Zip Code):**
BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7
C/o ALDRIDGE PITE, LLP
2 North Central Avenue Suite 1135
Phoenix, AZ 85004

**PERSON UNLAWFULLY IN POSSESSION (Name, Address and Zip Code):**
Ivaylo Dodev, Nikolina T. Dodev and All Occupants
6312 S. 161st Way, Gilbert AZ 85298-8455

WRIT OF RESTITUTION, ASSISTANCE, OR POSSESSION
*(Continued on Reverse Side)*                     1.32 © Law Forms 6-75, 6-89

**DETAINED REAL PROPERTY (Address or Location, and Legal Description):**
6312 S. 161st Way, Gilbert AZ 85298-8455

WRIT OF RESTITUTION, ASSISTANCE, OR POSSESSION
*(Continued on Reverse Side)*          1.32 ● Law Forms 6-75, 6-89

YOU, SHERIFF OR CONSTABLE, are required to give to the Person Entitled to Possession the Detained Real Property, oust the Person Unlawfully in Possession and make return of this Writ not less than ten nor more than ninety days after your receipt thereof, with what you have done endorsed thereon. **ARCP 70; ARS §§ 33-721, 33-727, 33-741, 33-807, 33-1368**

This WRIT has been ordered issued by the Court on: _____.

SIGNED AND SEALED this date: _____

Clerk _____

MAY 24 2016

MICHAEL K. JEANES, CLERK

By _____

Deputy Clerk

DEPUTY CLERK

COPY

PHILIP J. GILES, SBN 030340
CASPER J. RANKIN, SBN 030007
ALDRIDGE PITE, LLP
2 North Central Avenue Suite 1135
Phoenix, AZ 85004
Telephone: (602) 457-5786
Facsimile: (866) 827-4640
Email: azevictions@aldridgepite.com

MAY – 4 2016  **FILED** O35Am

MICHAEL K. JEANES, Clerk
By _____
A. Aysock Deputy

**Electronically Recorded**

COPY FOR CERTIFICATION

Attorney for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS
OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2007-0A7, its successors and/or
assigns

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-0A7, its successors and/or assigns | Case No. CV2016-004500 |
| | **JUDGMENT** |
| Plaintiff, | |
| vs. | |
| IVAYLO DODEV, NIKOLINA T. DODEV and DOES I through X, inclusive, | |
| Defendants. | |

This cause came on regularly for hearing before the Court on May 4, 2016, sitting
without a jury. Counsel for Plaintiff appeared; Defendant(s) did ___ did not ✓ appear.
The Court proceeded to receive evidence, both oral and documentary, in support of Plaintiff's
Forcible Detainer Complaint.

The evidence being closed, the case was submitted to the Court for consideration and
decision. The Court having duly considered the evidence, and being fully advised in the
premises, find and concludes that Defendant(s) were regularly and properly served, and each
and all of the allegations contained in Plaintiff's Complaint, which are hereby incorporated in
this Judgment by reference, are true, and that Plaintiff is entitled to the relief requested.

1    THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff is

2    entitled to the immediate possession of the following described real property, County of

3    Maricopa, State of Arizona, to wit:

4        6312 S. 161st Way, Gilbert AZ 85298-8455

5        IT IS FURTHER ORDERED that Defendant(s) are guilty of forcible detainer of said

6    premises and Plaintiff is granted Judgment for restitution of the premises.

7        IT IS FURTHER ORDERED that a Writ of Restitution shall issue on or after

8    _8-10-16_.

9        Pursuant to Arizona Rules of Civil Procedure, Rule 54(b), this Court hereby directs

10   the entry of final judgment upon the express determination that there exists no just reason for

11   the delay in entry hereof.

12

13

14   DATED: _5·4·16_

                                        _____
15                                       Judge of the Superior Court

16                                       COMMISSIONER MICHAEL L. BARTH

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

    **ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 3rd day of June, 2016. Plaintiff is served through the court's docket through Counsel.

    **FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 20th day of May, 2016. this 3rd day of June, 2016.

    **FURTHER,** a copy of the foregoing is mailed via USPS First Class Mail to Counsel for Plaintiff Philip Giles AND Aldridge Pite, LLP at 2 North Central Avenue Suite 1135 Phoenix, Arizona 85004 this 3rd day of June, 2016.

_____

**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
C. Gray, Deputy
6/10/2016 3:27:00 PM
Filing ID 7487066

1    Kim R. Lepore (SBN 019130)
    klepore@wrightlegal.net
2    Jamin S. Neil (SBN 026655)
    jneil@wrightlegal.net
3    **WRIGHT, FINLAY & ZAK, LLP**
    16427 N. Scottsdale Road, Suite 300
4    Scottsdale, Arizona 85254
    Telephone: (602) 845-8898
5    Facsimile: (949) 608-9142
    Attorneys for Plaintiff
6    Bank of New York Mellon f/k/a Bank of New
    York, as Trustee, on behalf of the Registered
7    Holders of Alternative Loan Trust 2007-OA7,
    Mortgage Pass-Through Certificates, Series
8    2007-OA7

9

10            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11               **IN AND FOR THE COUNTY OF MARICOPA**

12    BANK OF NEW YORK MELLON F/K/A      Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE, ON
13    BEHALF OF THE REGISTERED HOLDERS
    OF ALTERNATIVE LOAN TRUST 2007-      **RESPONSE TO DEFENDANTS'**
14    OA7, MORTGAGE PASS-THROUGH        **EMERGENCY MOTION TO SET**
    CERTIFICATES, SERIES 2007-OA7, its      **ASIDE ENTRY OF DEFAULT AND**
15    successors and/or assigns,               **JUDGMENT**

16             Plaintiff,

17       vs.                          (Hearing Date: 6/15/16)

18    IVAYLO DODEV, NIKOLINA T. DODEV
    and DOES I through X, inclusive,
19
           Defendants.

20        *Plaintiff* Bank of New York Mellon f/k/a Bank of New York, as Trustee, on behalf of the

21   Registered Holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates,

22   Series 2007-OA7 ("<u>BONYM</u>"), by and through undersigned counsel, hereby responds to *Defendants*

23   Ivaylo and Nikolina Dodev's (collectively, "Defendants") Emergency Motion to Set Aside Entry of

24   Default and Judgment and respectfully requests that this Court deny Defendants' Motion and vacate

25   the May 24, 2016 Order staying execution of the Writ of Restitution.

26                    **FACTUAL & PROCEDURAL SUMMARY**

27        The real property that is the subject of this lawsuit was sold at a Trustee's Sale on February

28   8, 2106 to Plaintiff. Subsequently, Plaintiff caused a Notice Requiring Delivery of Possession of

-1-

1  Premises to be posted at the property on March 9, 2016 and mailed by prepaid, first class mail to the

2  Defendants at the property address on March 10, 2016. After receiving no response, Plaintiff filed a

3  Complaint in Forcible Detainer and Money Damages on March 29, 2016. The initial forcible

4  detainer hearing was scheduled for April 13, 2016. At that time, because Plaintiff had been unable to

5  personally serve Defendants despite three attempts on three different days at three different times of

6  day[1], Plaintiff's counsel made an oral motion for an order permitting alternative service. Upon

7  review of the Certificate of Due Diligence presented by Plaintiff's counsel, this Court entered an

8  Order Permitting Alternative Service allowing Plaintiff to serve Defendants by posting the

9  Summons, pleadings to be served, and Order Permitting Alternative Service on the subject property

10  and mailing the pleadings to Defendants via USPS certified mail.

11          On April 21, 2016, Plaintiff caused the Summons, Complaint, Certificate of Compulsory

12  Arbitration, Residential Eviction Information Sheet, Notice of Continued Hearing and Order

13  Permitting Alternative Service to be posted them on the front door of the subject property and

14  mailed to Defendants at the subject property by certified mail, return receipt requested.[2]

15          Plaintiffs failed to appear at the continued forcible detainer hearing on May 4, 2016, and this

16  Court entered a Judgment ordering that Plaintiff is entitled to immediate possession of the subject

17  property; that Defendants are guilty of forcible detainer of said premises and Plaintiff is granted

18  Judgment for restitution of the premises; and that a Writ of Restitution shall issue on or after May

19  10, 2016.

20          On May 20, 2016, Defendants filed an Emergency Motion to Set Aside Entry of Default and

21  Judgment ("Emergency Motion") and Declaration of Facts in support thereof. Oral argument on the

22  Emergency Motion was set for May 24, 2016. At that oral argument, this Court continued the oral

23  argument to June 15, 2016 to allow Defendants to address the issue of service.  Defendants filed a

24  Supplemental Brief on June 3, 2016.

25                              **LAW AND ARGUMENT**

26  **A. Defendants Fails to Present Substantial Evidence to Set Aside Entry of Default.**

27
    ---
    [1] The first attempt was on March 31, 2016 at 7:25 p.m.  The second attempt was on April 2, 2016 at 8:16 a.m. The
28  third attempt was on April 4, 2016 at 6:19 p.m.
    [2] The documents were posted to the front door on April 21, 2016 at 7:56 p.m. and mailed to Defendants via certified
    mail, return receipt, with a tracking number of 7015-0640-0003-7482-2607.

                                    -2-
    **RESPONSE TO EMERGENCY MOTION TO SET ASIDE ENTRY OF DEFAULT AND JUDGMENT**

1   Defendants cite to *Sax v. Superior Court* in their Emergency Motion for the proposition that

2   the law favors resolution of the litigation on the merits; therefore, when considering a motion to set

3   aside a default all doubts are to be resolved in favor of the defaulted party. However, Defendants fail

4   to cite the remainder of the *Sax* case which provides the three prong test for setting aside defaults:

5   It is true that the law favors resolution of litigation on the merits; therefore, when considering a motion to set aside a default, all doubts are to be resolved in favor of

6   the defaulted party. The trial court is given broad discretion, and its ruling is not to be disturbed unless a clear abuse of discretion is shown. However, the trial court's

7   exercise of that discretion is to be based on legal criteria and is to be supported by substantial evidence. **The legal criteria which a court is to consider on a motion**

8   **to set aside a default are: 1) did the defendant act promptly in seeking relief from the entry of default; 2) was the failure to file a timely answer due to**

9   **mistake, inadvertence, surprise or excusable neglect; and 3) did the defendant**

10  **establish a meritorious defense?** Our supreme court stated in *Richas*:

11  Thus, although the trial court has broad discretion to resolve all doubts in

12  favor of setting aside the entry of default or the judgment by default, 'the discretion thus vested in the court is a legal, and not an arbitrary or personal

13  discretion. There must be some legal justification for the exercise of the power, some substantial evidence to support it.' [citations omitted] Thus, a

14  proper showing of facts is 'a prerequisite to the exercise' of the discretion given the trial court. 133 Ariz. at 514, 652 P.2d at 1037.

15

16  [Citations omitted.] *Sax v. Superior Court*, 147 Ariz. 518, 519, 711 P.2d 657, 658, 1985 Ariz. App.

17  LEXIS 745, *3-4 (Ariz. Ct. App. 1985). To set aside a default without substantial evidence as to

18  each of the prongs amounts to an abuse of discretion. *Sax* at 521.

19  Here, Defendants claim they learned of the entry of Judgment on May 16, 2016 and filed the

20  Emergency Motion of May 20, 2016 after driving most of the way across the country. If true,

21

22  Defendants presumably meet the first prong of the test.

23  The second prong is whether Defendants failed to timely file an answer due to mistake,

24  inadvertence, surprise or excusable neglect. First, Defendants also admit that they have been

25  involved in "prolonged litigation, more than 2 years," regarding the property. Second, Defendants

26  had notice of the trustee's sale that occurred on February 8, 2016, and, in fact, admit at paragraph 15

27

28

-3-

**RESPONSE TO EMERGENCY MOTION TO SET ASIDE ENTRY OF DEFAULT AND JUDGMENT**

of their Declaration of Facts that "there is a pending motion to set aside the trustee's sale.[3] Third, Defendants do not dispute that they received the notice to vacate that was posted on the property and mailed to them on March 9, 2016 and March 10, 2016, respectively. Thus, Defendants knew the property had been sold at a trustee's sale and that Plaintiff was moving forward with obtaining possession of the property.

Moreover, Defendants aver they were out of town for "most of May 2016," however, all of the service and service attempts occurred in March and April 2016 while Defendants were still in town. Specifically, the notice to vacate was posted and mailed in March 2016; the Summons and Complaint were filed on March 29, 2016; the three attempts at personal service were on March 31, April 2 and April 4, 2016; and the Summons and Complaint were posted to the front door of the property on April 21, 2016. Based on the foregoing, Defendants should have taken adequate precautions to defend against the eviction action before leaving the state for almost three weeks.

Because of Defendants' admitted knowledge of the legal system, they should have checked the court docket to determine whether an eviction action had been filed well before May 9, 2016. Therefore, Defendants' failure to attend the hearing or respond to the complaint was not excusable neglect.

The third prong is whether Defendants have a meritorious defense. Defendants cannot show they have a meritorious defense to the forcible detainer action. Pursuant to A.R.S. § 12-1177(A), the only issue in a forcible detainer action "shall be the right of actual possession and the merits of title shall not be inquired into." It is undisputed that Plaintiff purchased the subject property at a trustee's sale on February 8, 2016, that Plaintiff posted and mailed a notice to vacate the property at least seven days prior to filing the instant action, and that Defendants are still in possession of the

---

[3] The 9th Circuit denied Defendants' motion to aside the trustee's sale on June 9, 2016. Plaintiff requests that this court take judicial notice, pursuant to Arizona Rules of Evidence Rule 201, of the 9th Circuit Court of Appeals' Order filed on June 9, 2016, as Docket Entry 11, a true and correct copy of which is attached as Exhibit 1.

**RESPONSE TO EMERGENCY MOTION TO SET ASIDE ENTRY OF DEFAULT AND JUDGMENT**

1    property. Consequently, Defendants have no defense to the forcible detainer action and the entry of

2    default and resulting Judgment should not be set aside.

3        **B.  Service was Proper.**

4            Defendants allege that Plaintiff did not have the right to seek and were not lawfully granted a

5    Motion for Alternative Service. See Emergency Motion at p. 3, lines 23-24. Defendants also allege

6    that because they have "not received any summons through certified mail, nor signed any return

7    receipt, any claims of having successfully served them is false." *Id.* at p. 6, lines 9-12. However, as

8    Defendants accurately point out, Rule 5(f) of the Rules of Procedure for Eviction Actions provides

9

10   that the summons and complaint shall be served by personal service or as provided by Rule 4.1 or

11   4.2 of the Arizona Rules of Civil Procedure ("ARCP"). Rule 4.2 contains rules for service of process

12   outside the state, and therefore, does not apply in this action.  ARCP Rule 4.1(k) provides that if

13   personal service proves impracticable, "then service may be accomplished in such manner, other

14   than by publication, as the court, upon motion and without notice, may direct."

15

16           Here, personal service under ARCP Rule 4.1(d) proved impracticable so, upon motion by

17   Plaintiff's counsel, this Court entered an Order Permitting Alternative Service. The Court directed

18   Plaintiff to serve Defendants:

19               (1) by posting the Summons, pleadings to be served, and the Order of the Court
20               authorizing alternative service … on the main front entrance of the subject property,
                 or as close to the main front entrance as is practicable; and (2) mailing the Pleadings
21               to the Defendant(s) via the United States Postal Service certified mail return receipt
                 requested.
22

23   See Order Permitting Alternative Service dated April 13, 2016.  Pursuant to the Certificate of

24   Service by a Private Process Server signed under penalty of perjury and filed on April 22, 2016, the

25   proper pleadings were posted to the front door of the residence at the property and mailed to

26   Defendants at the property address. ARCP Rule 4.1(k) does not require proof that Defendants

27   actually receive the posted or mailed documents.

28

**RESPONSE TO EMERGENCY MOTION TO SET ASIDE ENTRY OF DEFAULT AND JUDGMENT**

1       Defendants' reliance on the case of *Arizona Real Estate Inv., Inc. v. Schrader*, 244 P.3d 565,

2   226 Ariz. 128 (Ct. App. 2010) is misplaced as Schrader is distinguishable from the instant case. In

3   *Schrader*, the court found that the record did not establish that service was impracticable because the

4   process server's affidavit was silent as to whether more than <u>one</u> attempt was made to serve

5   Schrader.  In this case, the Certificate of Due Diligence signed under penalty of perjury and filed on

6   May 25, 2016 and June 2, 2016 clearly shows that the process server made <u>three</u> attempts to serve

7   Defendants at the subject property on three different days at three different times of day and that

8   there was no answer at the door.  This Court reviewed that Certificate of Due Diligence before

9

10  entering its Order Permitting Alternative Service. Therefore, it is clear that the three attempts made

11  by the process server were sufficient to establish that service was impracticable and alternative

12  service was warranted.

13      Defendants also cite to *Barlage v. Valentine*, 210 Ariz. 270, 110 P.3d 371 (App. 2005).

14

15  *Barlage* is also distinguishable because that case involved service of process outside the state

16  pursuant to ARCP Rule 4.2. The requirements under ARCP Rule 4.2 are different than the

17  requirements under ARCP Rule 4.1(k). For example, ARCP Rule 4.1(k) does not require that an

18  affidavit setting forth facts showing a due diligence effort to locate the party to be served, as is

19  required by ARCP Rule 4.2(f). ARCP Rule 4.1(k) also does not require that the return receipt be

20  *signed by the individual upon whom service is attempted*, as is required by ARCP Rule 4.2(c).

21  ARCP Rule 4.1(k) merely requires Plaintiff to serve Defendant(s) as directed by the court "and, in

22  any event, to mail the summons and pleadings to be served to the residence." ARCP Rule 4.1(k)

23  *does not even require that the mailing be by certified mail return receipt requested.*

24

25  **C. Defendants' Request for a Stay in Moot.**

26      Finally, Defendants claim that this Court "may lack subject matter jurisdiction over this

27  matter as this is a <u>contested matter</u> that has been escalated to the Ninth Circuit Court of Appeals"

28  and "there is a pending motion with the aforementioned court to Set Aside the Trustee Sale, a

1  prerequisite for these forcible detainer proceedings." See Emergency Motion at p. 7, lines 2-7.

2  Defendants also request that this Court stay these proceedings while their motion to set aside the

3  trustee's sale is pending before the Ninth Circuit Court of Appeals. As stated above, the Ninth

4  Circuit denied Defendants' motion to set aside the trustee's sale as moot when it summarily affirmed

5  the district court's judgment on June 9, 2016.

6
7          WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Emergency

8  Motion to Set Aside Entry of Default and Judgment, vacate its May 24, 2016 Order staying

9  execution of Writ of Restitution, and awarding Plaintiff its reasonable attorneys' fees and costs.

10          RESPECTFULLY SUBMITTED this 10th day of June, 2016.

11                                        **WRIGHT, FINLAY & ZAK, LLP**

12

13                                        /s/ Kim Lepore
                                          KIM R. LEPORE
14                                        Attorneys for *Plaintiff* Bank of New York Mellon
                                          f/k/a Bank of New York, as Trustee, on behalf of
15                                        the Registered Holders of Alternative Loan Trust
                                          2007-OA7, Mortgage Pass-Through Certificates,
16                                        Series 2007-OA7

17
   COPIES of the foregoing mailed this
18 10th day of June, 2016 to:

19 Ivaylo Dodev
   Nikolina T. Dodev
20 6312 S. 161st Way
   Gilbert, AZ 85298-8455
21 Plaintiffs in Pro Se

22 Philip J. Giles, Esq.
   Aldridge Pite, LLC
23 2 North Central Ave, Suite 1135
   Phoenix, AZ 85004
24 Former Counsel for Defendant

25

26 /s/ Gretchen Grant

27

28

**RESPONSE TO EMERGENCY MOTION TO SET ASIDE ENTRY OF DEFAULT AND JUDGMENT**

**EXHIBIT "1"**

# FILED

**UNITED STATES COURT OF APPEALS**

JUN 09 2016

## FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAYLO TSVETANOV DODEV, | No. 15-17040 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-02155-DLR |
| v. | District of Arizona, Phoenix |
| SELECT PORTFOLIO SERVICING INC.; et al., | ORDER |
| Defendants - Appellees. | |

Before: O'SCANNLAIN, CLIFTON, and WATFORD, Circuit Judges.

Upon review of the record and the response to the court's order to show cause, we conclude that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating standard).

Accordingly, we summarily affirm the district court's judgment.

All pending motions are denied as moot.

**AFFIRMED.**

AT/MOATT

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
06/16/2016 8:00 AM

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2016-004500                                              06/15/2016


PRO TEM JODY BROADDUS                    CLERK OF THE COURT
                                            A. Corona/A. Aycock
                                               Deputy


BANK OF NEW YORK MELLON              PHILIP J GILES

v.

IVAYLO DODEV, et al.                 IVAYLO DODEV
                                     6321 S 161ST WAY
                                     GILBERT AZ  85298-8455


                                     NIKOLINA T DODEV
                                     6312 SOUTH 161ST WAY
                                     GILBERT AZ  85298


MINUTE ENTRY


Courtroom: OCH 005.

2:29 p.m.  This is the time set for Oral Argument Re: Defendants' Declaration of Facts and Emergency Motion to Set Aside Entry of Default and Judgment.   Plaintiff, Bank of New York Mellon, is represented by counsel, Jamin Neil.  Defendants, Ivaylo Dodev and Nikolina Dodev, are present on their own behalf.

A record of the proceedings is made digitally in lieu of a court reporter.

Argument is presented.

IT IS ORDERED granting Defendants' Emergency Motion to Set Aside Entry of Default and Judgment.

Docket Code 056                    Form V000A                          Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-004500                                     06/15/2016


IT IS FURTHER ORDERED setting initial Forcible Detainer Hearing and Hearing on Defendants' Motion to Sanction Counsel on **June 27, 2016 at 11:00 a.m.** in this Division:

Maricopa County Superior Court
Old Court House
125 W. Washington
Courtroom 005
Phoenix, AZ 85003

The Parties are permitted to submit supplemental briefs regarding Defendant's Motion to Sanction Counsel.

2:44 p.m.  Matter concludes.

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
6/17/2016 4:05:00 PM
Filing ID 7505966

Ivaylo Dodev,

c/o  6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

**FILE ON DEMAND**

*Pro Se, by Special Appearance*


## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA


| | |
|---|---|
| **Bank of New York Mellon,** | **Case No.  CV2016-004500** |
|           **Plaintiff,** | **MOTION FOR REIMBURSEMENT OF NOTICE OF APPEAL FILING FEES** |
| **v.** | |
| **Ivaylo Dodev, et all.,** | **BY SPECIAL APPEARANCE** |
|           **Defendants.** | |
| | **(Hon. Michael Barth)** |

    **COMES NOW,** Ivaylo Dodev and Nikolina Dodev ("Defendants"), and moves this Court, by special appearance, for an Order permitting reimbursement of Defendants' Notice of Appeal filing fee of $250.00.

### I.    FACTUAL BACKGROUND

    1.  On May 20, 2016, Defendants filed an Emergency Motion to Set Aside Entry of Default and Judgement.

2.  On the same date, May 20, 2016, Defendants filed a Notice of Appeal, and paid the filing fee of $250.00.

3.  On June 15, 2016, this Court GRANTED Defendants' Motion to Set Aside Entry of Default and Judgement, thus eliminating the need for an appeal from the contented Order.

4.  On June 16, 2016, Defendants called the Clerk of the Superior Court to ask for a refund of their Appellate Fee and were informed that a Court Oder is required in order to release the funds.

**WHEREFORE**, Defendants respectfully request this Court to grant this motion.

Submitted on this 17 day of June, 2016 at Gilbert, Arizona.


/s/ Ivaylo Dodev
**By, Ivaylo Tsvetanov Dodev**, in *Pro Se*
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

# **CERTIFICATE OF SERVICE**

**ORIGINAL** of the forgoing, is electronically filed with the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 17th day of June, 2016. Plaintiff is served through the court's docket through Counsel.

/s/ Ivaylo Dodev
**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
6/20/2016 12:43:00 PM
Filing ID 7508853

1    Rochelle L. Stanford (SBN 013171)
     rstanford@aldridgepite.com
2    ALDRIDGE PITE, LLP
     4375 Jutland Drive, Suite 200
3    P.O. Box 17935
     San Diego, CA  92177-0933
4    Telephone: (619) 326-2404
     Facsimile:  (619) 590-1385
5
     Attorneys for ALDRIDGE PITE, LLP and PHILIP J. GILES
6

7

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                   **IN AND FOR THE COUNTY OF MARICOPA**

10   BANK OF NEW YORK MELLON, F/K/A          Case No. CV2016-004500
     BANK OF NEW YORK, AS TRUSTEE,
11   ON BEHALF OF THE REGISTERED            **ALDRIDGE PITE, LLP AND PHILIP J.**
     HOLDERS OF ALTERNATIVE LOAN           **GILES' OPPOSITION TO IVAYLO**
12   TRUST 2007-OA7, MORTGAGE PASS-        **DODEV AND NIKOLINA DODEV'S**
     THROUGH CERTIFICATES, SERIES          **MOTION TO SANCTION COUNSEL**
13   2007-OA7,

14                      Plaintiff,

15              v.

16   IVAYLO DODEV, et. al.,

17                      Defendants.

18

19                      **I.    INTRODUCTION**

20        The Court should deny Defendants Ivaylo Dodev and Nikolina Dodev's ("Defendants")

21   Motion to Sanction Counsel, directed to former counsel Aldridge Pite, LLP and its former

22   associate attorney Philip J. Giles ("Former Counsel").  If the Deputy Sheriff visited Defendants,

23   it was not at Former Counsel's instance as Former Counsel attempted to cancel service of the

24   Writ of Restitution.  Former counsel expressly declined to schedule a lockout.  As a result no

25   lockout was scheduled and no lockout occurred.  The facts simply do not support Defendants'

26   claims of willful disregard of the Order Staying Execution of the Writ of Restitution and bad

27   faith attempt to dispossess Defendants from the property.  Therefore, Defendants' motion should

28

                                          - 1 -

1  be denied.

2  ## II.    RELEVANT FACTS

3       This is an unlawful detainer action.  May 4, 2016, Plaintiff obtained a Judgment for

4  possession of the real property located at 6213 S. 161st Way, Gilbert, AZ 85298-8455. (Dkt.)

5       May 24, 2016, a Writ of Restitution was issued.  (Dkt.)  The same day, Defendants

6  obtained from the Court an Order Staying Execution of the Writ of Restitution.  Former Counsel

7  notified its process server to cancel service of the Writ of Restitution, but was informed it had

8  already been served.  (Declaration of Bobby S. Choudhury in Support of Opposition to Motion to

9  Sanction Counsel ["Choudhury Decl."] ¶ 5.)

10      June 2, 2016, a Deputy Sheriff called Former Counsel to schedule a lockout.  Former

11 Counsel informed the Deputy Sheriff that Plaintiff would not be scheduling a lockout based upon

12 the Order Staying Execution of the Writ of Restitution. (Choudhury Decl. ¶ 6.)  Former Counsel

13 never coordinated a representative or agent for a lockout.  A lockout did not occur, and could not

14 have occurred in the absence of a representative or agent for a lockout, on June 2, 2016.

15 (Choudhury Decl. ¶ 7.)

16 ## III.    ARGUMENT

17 **1.    Former Counsel Complied With The Order Staying Execution Of The Writ Of Restitution As No Lockout Was Scheduled Or Occurred.**

18      Issuance of a writ of restitution on the May 4, 2016, Judgment was in progress when on

19 May 24, 2016, Defendants obtained an Order Staying Execution of the Writ of Restitution.  In

20 compliance with the Order Staying Execution of the Writ of Restitution, Former Counsel notified

21 its process server to cancel service of the Writ of Restitution.  However, it had already been

22 served.

23      June 2, 2016, the day Defendants claim a Deputy Sheriff attempted to evict them, a

24 Deputy Sheriff contacted Former Counsel to schedule a lockout.  However, Former Counsel

- 2 -

ALDRIDGE PITE, LLP AND PHILIP J. GILES' OPPOSITION TO MOTION TO SANCTION COUNSEL

1  expressly declined to schedule a lock.  Former Counsel made no arrangements for a lockout.

2  The never coordinated a Plaintiff's representative or agent for a lock.  Even if a Deputy Sheriff

3  went to Defendants' door, possibly to check the occupancy status, the Deputy Sheriff did not,

4  and could not in the absence of a Plaintiff's representative or agent, attempt to lock out

5  Defendants.  A lockout did not occur, and could not have occurred, on June 2, 2016.

6       The facts do not support Defendants' claims of willful disregard of the Order Staying

7  Execution of the Writ of Restitution and bad faith attempt to dispossess Defendants from the

8

9  property.    Therefore, Former Counsel respectfully requests the Court to deny Defendants'

10  motion.

11                         IV.    CONCLUSION

12       Defendants have failed to establish that Former Counsel willfully disregarded the Order

13  Staying Execution of the Writ of Restitution.  Therefore, Former Counsel requests the Court to

14  deny Defendant's motion.

15

16  Dated: *June 20, 2016*                **ALDRIDGE PITE, LLP**

17

18                                */s/ Rochelle L. Stanford*

19                                Rochelle L. Stanford
                                 Attorneys for ALDRIDGE PITE, LLP and PHILIP
20                                J. GILES

21

22

23

24

25

26

27

28

ALDRIDGE PITE, LLP AND PHILIP J. GILES' OPPOSITION TO MOTION TO SANCTION COUNSEL

1   FILED with the Court via
    AZTURBOCOURT this 20th day
2   of June, 2016.

3   and  a

4   COPY mailed to:

5   Ivaylo Dodev
    6312 South 161st Way
6   Gilbert, AZ  85298
    *Pro Se*
7

8

9
    /s/ Chelsea Miller
10  CHELSEA MILLER
    An Employee of Aldridge Pite, LLP
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALDRIDGE PITE, LLP AND PHILIP J. GILES' OPPOSITION TO MOTION TO SANCTION COUNSEL