Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
6/20/2016 12:45:00 PM
Filing ID 7508869

1  Rochelle L. Stanford (SBN 013171)
   rstanford@aldridgepite.com
2  ALDRIDGE PITE, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17935
   San Diego, CA  92177-0933
4  Telephone:  (619) 326-2404
   Facsimile:  (619) 590-1385
5
   Attorneys for ALDRIDGE PITE,LLP and PHILIP J. GILES
6

7

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9               **IN AND FOR THE COUNTY OF MARICOPA**

10 BANK OF NEW YORK MELLON, F/K/A           Case No. CV2016-004500
   BANK OF NEW YORK, AS TRUSTEE, ON
11 BEHALF OF THE REGISTERED HOLDERS         **DECLARATION OF BOBBY S.**
   OF ALTERNATIVE LOAN TRUST 2007-          **CHOUDHURY IN SUPPORT OF**
12 0A7, MORTGAGE PASS-THROUGH               **ALDRIDGE PITE, LLP AND PHILIP J.**
   CERTIFICATES, SERIES 2007-0A7,           **GILES' OPPOSITION TO IVAYLO**
13                                          **DODEV AND NIKOLINA DODEV'S**
                  Plaintiff,                **MOTION TO SANCTION COUNSEL**
14
              v.
15
16 IVAYLO DODEV, et. al.,

                  Defendants.
17

18        I, Bobby S. Choudhury, declare:

19 1.      I am the Eviction Supervisor – West Coast for Aldridge Pite, LLP, former counsel for

20 Plaintiff Bank of New York Mellon as Trustee ("Plaintiff").  I have personal knowledge of the

21 matters set forth in this declaration and if called upon to testify, I could and would do so.

22 2.      I make this declaration in support of Aldridge Pite, LLP and Philip J. Giles' Opposition

23 to Defendants Ivaylo Dodev and Nikolina Dodev's Motion to Sanction Counsel.  Aldridge Pite,
24
   LLP is counsel for Plaintiff in the instant eviction action.
25
26 3.      May 4, 2016, Plaintiff obtained a Judgment for possession of the real property located at

27 6213 S. 161st Way, Gilbert, AZ  85298-8455.  (Dkt.)

28

                                          - 1 -
   DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO SANCTION COUNSEL

4.      May 24, 2016, a Writ of Restitution was issued. (Dkt.) Also on May 24, 2016, the Court entered an Order Staying Execution of the Writ of Restitution. (Minute Entries.)

5.      Attorney Philip J. Giles returned from Court and informed me of the Order Staying Execution of the Writ of Restitution. In response, I called our process server to cancel service of the Writ of Execution, but the informed me it had already been send to the Maricopa Sheriff's office.

6.      May 25, 2016, our firm was notified of and received a form of Stipulation for Substitution of Counsel. June 2, 2016, the Stipulation for Substitution of Counsel was filed.

7.      June 2, 2016, Deputy Overton of the Sheriff's Office called me to schedule a lockout. I told him we would not be scheduling a lockout based upon the Order Staying Execution of the Writ of Restitution.

8.      Our firm never coordinated a Plaintiff's representative or agent for a lockout. A lockout did not occur, and could not have occurred, on June 2, 2016.

        I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

        Executed this 17th day of June, 2016.


                                        /s/ Bobby Choudhury
                                        BOBBY CHOUDHURY
                                        An Employee of Aldridge Pite, LLP

DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO SANCTION COUNSEL

1   FILED with the Court via
    AZTURBOCOURT this 20th day
2   of June, 2016.

3   and a

4   COPY mailed to:

5   Ivaylo Dodev
    6312 South 161st Way
6   Gilbert, AZ 85298
    *Pro Se*
7

8

9
    /s/ Chelsea Miller
10   CHELSEA MILLER
    An Employee of Aldridge Pite, LLP
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO SANCTION COUNSEL

**MARICOPA COUNTY SHERIFF'S OFFICE**
**CIVIL PROCESS DIVISION**

MICHAEL K. JEANES, CLERK
RECEIVED COB
DOCUMENT DEPOSITORY

2016 JUN 22  PM 2: 41
FILED
BY C. GOBBLE, DEP

BANK OF NEW YORK MELLON,
F/K/A BANK OF NEW YORK, AS
TRUSTEE, ON BEHALF OF THE
REGISTERED HOLDERS OF
ALTERNATIVE LOAN TRUST 2007-
0A7, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-0A7, its
successors and/or assigns
vs.
IVAYLO DODEV, NIKOLINA T.
DODEV, and DOES 1 through X,
inclusive

| STATE OF ARIZONA | ) | | |
|---|---|---|---|
| | ) | ss. | CV2016-004500 |
| County of Maricopa | ) | | C16004537 |

 

     I HEREBY CERTIFY that I received the within WRIT OF RESTITUTION, ASSISTANCE OR POSSESSION on the 24th day of May, 2016. I further certify that having served the Judgment Debtors(s) and upon notification of the Court issuing a Stay, I herewith return said WRIT OF RESTITUTION, ASSISTANCE OR POSSESSION the Clerk of the Maricopa County Superior Court wholly unsatisfied.

     DATED this 2nd day of June, 2016.

 

JOSEPH M. ARPAIO, SHERIFF

*F. Overton* 1217

F. Overton, Deputy Sheriff
Civil Process Division

A4176

**ORIGINAL**

16009537
225

| | |
|---|---|
| Name | PHILIP J. GILES |
| Address | 2 North Central Avenue Suite 1135 |
| City, State, Zip | Phoenix, AZ 85004 |
| Telephone | (702) 991-4638 |
| State Bar Code | 030340 |
| Client | BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, ITS SUCCESSORS AND/OR ASSIGNS |

MICHAEL K. JEANES, Clerk
By C. Gobble, Deputy

**ORIGINAL**

## ARIZONA SUPERIOR COURT, County of Maricopa

BANK OF NEW YORK MELLON, F/K/A
BANK OF NEW YORK, AS TRUSTEE, ON
BEHALF OF THE REGISTERED HOLDERS
OF ALTERNATIVE LOAN TRUST 2007-OA7,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OA7, its
successors and/or assigns,

Plaintiff(s),

vs.

IVAYLO DODEV, NIKOLINA T. DODEV, and
DOES I through X, inclusive,

Defendant(s).

**CIVIL ACTION NO:** CV2016-004500

WRIT OF RESTITUTION, ASSISTANCE
OR POSSESSION

IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY
WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT
602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG
LRS IS SPONSORED BY THE MARICOPA COUNTY
BAR ASSOCIATION.

THE STATE OF ARIZONA TO THE SHERIFF OR CONSTABLE OF MARICOPA
COUNTY:

WHEREAS: The Person Entitled to Possession is the lawful owner of the Detained Real Property and is
entitled to possession thereof according to the Affidavit in Support of Writ of Restitution, Assistance or Possession,
and the judgment or other documents attached; the five day period since the entry of judgment or other forfeiture or
transfer of interest of the Person Unlawfully in Possession has elapsed without the filing of a motion for new trial,
the posting of a bond, or other appropriate and required action by the Person Unlawfully in Possession; the Person
Entitled to Possession has, at least five days prior to the issuance of the Writ, mailed or delivered a written Demand
for Possession to the Person Unlawfully in Possession of the Detained Real Property and such demand has been
refused and is currently being refused.

**PERSON ENTITLED TO POSSESSION (Name, Address and Zip Code):**
BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON
BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7
C/O ALDRIDGE PITE, LLP
2 North Central Avenue Suite 1135
Phoenix, AZ 85004

**PERSON UNLAWFULLY IN POSSESSION (Name, Address and Zip Code):**
Ivaylo Dodev, Nikolina T. Dodev and All Occupants
6312 S. 161st Way, Gilbert AZ 85298-8455

WRIT OF RESTITUTION, ASSISTANCE, OR POSSESSION
*(Continued on Reverse Side)*

1.32 ● Law Forms 6-75, 6-89

**DETAINED REAL PROPERTY (Address or Location, and Legal Description):**
6312 S. 161st Way, Gilbert AZ 85298-8455

WRIT OF RESTITUTION, ASSISTANCE, OR POSSESSION
*(Continued on Reverse Side)*

1.32 © Law Forms 6-75, 6-89

YOU, SHERIFF OR CONSTABLE, are required to give to the Person Entitled to Possession the Detained Real Property, oust the Person Unlawfully in Possession and make return of this Writ not less than ten nor more than ninety days after your receipt thereof, with what you have done endorsed thereon. **ARCP 70; ARS §§ 33-721, 33-727, 33-741, 33-807, 33-1368**

This WRIT has been ordered issued by the Court on: _____ MAY **2 4** 2016 _____.

SIGNED AND SEALED this date: _____ MAY **2 4** 2016 _____

MICHAEL K. JEANES, CLERK

Clerk _____

By _____

Deputy Clerk    DEPUTY CLERK

MAY - 4 2016   **FILED** 935Am

MICHAEL K. JEANES, Clerk
By _____
A. Aycock, Deputy

**Electronically Recorded**

COPY FOR CERTIFICATION

PHILIP J. GILES, SBN 030340
CASPER J. RANKIN, SBN 030007
ALDRIDGE PITE, LLP
2 North Central Avenue Suite 1135
Phoenix, AZ 85004
Telephone: (602) 457-5786
Facsimile: (866) 827-4640
Email: azevictions@aldridgepite.com

Attorney for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns<br><br>Plaintiff,<br><br>vs.<br><br>IVAYLO DODEV, NIKOLINA T. DODEV and DOES I through X, inclusive,<br><br>Defendants. | Case No. CV2016-004500<br><br>**JUDGMENT** |

This cause came on regularly for hearing before the Court on May 4, 2016, sitting without a jury. Counsel for Plaintiff appeared; Defendant(s) did ___ did not ✓ appear. The Court proceeded to receive evidence, both oral and documentary, in support of Plaintiff's Forcible Detainer Complaint.

The evidence being closed, the case was submitted to the Court for consideration and decision. The Court having duly considered the evidence, and being fully advised in the premises, find and concludes that Defendant(s) were regularly and properly served, and each and all of the allegations contained in Plaintiff's Complaint, which are hereby incorporated in this Judgment by reference, are true, and that Plaintiff is entitled to the relief requested.

1    THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff is

2  entitled to the immediate possession of the following described real property, County of

3  Maricopa, State of Arizona, to wit:

4        6312 S. 161st Way, Gilbert AZ 85298-8455

5        IT IS FURTHER ORDERED that Defendant(s) are guilty of forcible detainer of said

6  premises and Plaintiff is granted Judgment for restitution of the premises.

7        IT IS FURTHER ORDERED that a Writ of Restitution shall issue on or after

8  *5-10-16*

9        Pursuant to Arizona Rules of Civil Procedure, Rule 54(b), this Court hereby directs

10  the entry of final judgment upon the express determination that there exists no just reason for

11  the delay in entry hereof.

12

13

14  DATED: *5·4·16*

                                    _____
15                                   Judge of the Superior Court

16                                   **COMMISSIONER MICHAEL L. BARTH**

17

18

19

20

21

22

23

24

25

26

27

28

1 | Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
2 | Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
3 | **WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Rd, Suite 300
4 | Scottsdale, Arizona 85254
Telephone: (602) 842-3368
5 | Facsimile: (949) 608-9142

**FILED**

6-22-2016

MICHAEL K. JEANES, Clerk
By C. Gobble, Deputy

**ORIGINAL**

6 | Attorneys for *Defendant* Bank of New York
Mellon f/k/a Bank of New York, as Trustee,
7 | on behalf of the Registered Holders of
Alternative Loan Trust 2007-OA7, Mortgage
8 | Pass-Through Certificates, Series 2007-OA7

9 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10 | **IN AND FOR THE COUNTY OF MARICOPA**

11 | BANK OF NEW YORK MELLON F/K/A | Case No. CV2016-004500
BANK OF NEW YORK, AS TRUSTEE, ON
12 | BEHALF OF THE REGISTERED
HOLDERS OF ALTERNATIVE LOAN | **AMENDED SUMMONS**
13 | TRUST 2007-OA7, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2007- | If you would like legal advice from a lawyer,
14 | OA7, its successors and/or assigns, | contact the Lawyer Referral Service at
602-257-4434
15 | | or
Plaintiff, | www.maricopalawyers.org
16 | | Sponsored by the
vs. | Maricopa County Bar Association
17 |
IVAYLO DODEV, NIKOLINA T. DODEV
18 | and DOES I through X, inclusive,

19 | Defendants.

20 |       **THE STATE OF ARIZONA TO THE DEFENDANTS:**

21 |       **YOU ARE HEREBY SUMMONED** and required to appear and defend in this Court

22 | located at <u>Maricopa County Superior Court, Old Court House, 125 W. Washington, Phoenix,</u>

23 | <u>AZ 85003, Courtroom 005</u>, on <u>June 27, 2016</u> at <u>11:00 a.m.</u> At this hearing you must answer

24 | the Complaint filed by Plaintiff which seeks to recover possession of the real property

25 | located at 6312 S. 161st Way, Gilbert, AZ 85298.

26 |       **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend at

27 | the above-referenced hearing, judgment by default may be rendered against you for the relief

28 | demanded in the Complaint.

-1-
**SUMMONS**

1    The name and address of Plaintiff's attorney is:
2                    Jamin S. Neil
     **WRIGHT, FINLAY & ZAK, LLP**
3              16427 N. Scottsdale Rd, Suite 300
                  Scottsdale, Arizona 85254
4                  Telephone: (602) 842-3368
                   Facsimile: (949) 608-9142

5    **REQUESTS  FOR  REASONABLE  ACCOMMODATION  FOR  PERSONS**
6    **WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE**
7    **CASE AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED**
8    **COURT PROCEEDING.**

9    **SIGNED AND SEALED** this date _____ JUN 16 2016 _____.

10                                     **CLERK OF THE COURT**
11                                     **MICHAEL K. JEANES, CLERK**
12   By: _____
13       *Deputy Clerk*
14                                          N. Cotton
                                            **Deputy Clerk**

-2-
**SUMMONS**



**RUTH WILLINGHAM**
**CLERK OF THE COURT**

# Court of Appeals

STATE OF ARIZONA
DIVISION ONE
STATE COURTS BUILDING
1501 WEST WASHINGTON STREET
PHOENIX ARIZONA 85007

Phone (602) 542-4821
Fax   (602) 542-4833

```
DIVISION ONE
FILED: 06/23/16
RUTH WILLINGHAM,
CLERK
BY: RL
```

16 JUN 23 PM 4: 02

MICHAEL A. JEANES, CLERK
BY
FILED
DEP

June 23, 2016

THE BANK OF NEW YORK MELLON,     )   Court of Appeals
                                 )   Division One
              Plaintiff/Appellee, )  No. 1 CA-CV 16-0355
                                 )
                   v.            )   Maricopa County
                                 )   Superior Court
IVAYLO DODEV, et al.,            )   No. CV2016-004500
                                 )
              Defendants/Appellants. )
_____)

Ivaylo Dodev
Nikolina Dodev
Defendants/Appellants/Pro-Pers

The index of record from the Superior Court was filed on June 17,
2016.   The case has been assigned the above number in the Court of
Appeals, Division One, Phoenix.

Appellants' filing fee of $280.00 is due on or before July 8, 2016.
If the filing fee is not paid within the time provided, this appeal
will be abandoned in accordance with the provisions of  A.R.S. § 12-
322(A) and Arizona Rules of Civil Appellate Procedure 12(e)(2).

Arizona Rule of Civil Appellate Procedure 12(d) requires appellant to
file a Case Management Statement by July 13, 2016.  This form may be
found at: http://www.azcourts.gov/coa1/CaseManagementStatement.aspx.

Appellants' opening brief is due on August 22, 2016.

                              RUTH WILLINGHAM, CLERK
                              By

                              _____rsl_____
                              Deputy Clerk

Page Two

1 CA-CV 16-0355

A copy of the foregoing notice was sent
June 23, 2016, to:

Kim R Lepore, Wright Finlay & Zak LLP
Jamin S Neil, Wright Finlay & Zak LLP
Attorneys for: Plaintiff/Appellee

Hon Michael K Jeanes, Clerk

**YOU MAY BE ELIGIBLE FOR LEGAL ASSISTANCE**: if you reside in Maricopa County and
cannot afford an attorney, you may qualify for the Appellate Pro Bono Pilot
Program. For general information regarding the Appellate Pro Bono Pilot Program,
please call the Clerk's Office at 602.542.4821 or visit:
http://azcourts.gov/coal/AppellateAssistanceProgram.aspx



1 CA-CV 16-0355
BANK OF NY MELLON VS DODEV

**Electronic Index of Record**
**MAR Case # CV2016-004500**



MICHAEL JEANES. CLERK
BY
_C. Ch___  DEP
FILED

16 JUN 23 PM 1: 06

| No. | Document Name | Filed Date |
|---|---|---|
| 1. | COMPLAINT IN FORCIBLE DETAINER AND MONEY DAMAGES | Mar. 29, 2016 |
| 2. | CERTIFICATE OF ARBITRATION | Mar. 29, 2016 |
| 3. | CIVIL COVERSHEET NEW FILING ONLY | Mar. 29, 2016 |
| 4. | ORDER PERMITTING ALTERNATIVE SERVICE | Apr. 13, 2016 |
| 5. | ME: HEARING CONTINUED [04/13/2016] | Apr. 14, 2016 |
| 6. | CERTIFICATE OF SERVICE BY A PRIVATE PROCESS SERVER | Apr. 22, 2016 |
| 7. | JUDGMENT | May. 4, 2016 |
| 8. | CREDIT MEMO | May. 20, 2016 |
| 9. | NOTICE OF APPEAL | May. 20, 2016 |
| 10. | EMERGENCY MOTION TO SET ASIDE ENTRY OF DEFAULT AND JUDGMENT | May. 20, 2016 |
| 11. | DECLARATION OF FACTS BY SPECIAL APPEARANCE | May. 20, 2016 |
| 12. | ME: ORAL ARGUMENT SET [05/23/2016] | May. 24, 2016 |
| 13. | PRAECIPE | May. 24, 2016 |
| 14. | CERTIFICATE OF DUE DILIGENCE | May. 24, 2016 |
| 15. | ME: HEARING CONTINUED [05/24/2016] | May. 26, 2016 |
| 16. | STIPULATION FOR SUBSTITUTION OF COUNSEL | Jun. 2, 2016 |
| 17. | CERTIFICATE OF DUE DILIGENCE | Jun. 2, 2016 |
| 18. | SUPPLEMENTAL BRIEF TO EMERGENCY MOTION TO SET ASIDE ENTRY OF DEFAULT AND JUDGMENT (RULE 15(A)(3), 15(A)(10), RPEA) BY SPECIAL APPEARANCE | Jun. 3, 2016 |
| 19. | MOTION TO SANCTION COUNSEL | Jun. 3, 2016 |
| 20. | RESPONSE TO DEFENDANT EMERGENCY MOTION TO SET ASIDE ENTRY OF DEFAULT AND JUDGMENT | Jun. 10, 2016 |
| 21. | ME: HEARING SET [06/15/2016] | Jun. 16, 2016 |



1 CA-CV 16-0355
BANK OF NY MELLON VS DODEV

# Electronic Index of Record
## MAR Case # CV2016-004500

APPEAL COUNT: 1

RE: CASE: 1 CA-CV 16-0355

DUE DATE: 06/17/2016

CAPTION: BANK OF NY MELLON VS DODEV

---

EXHIBIT(S): NONE

LOCATION ONLY: NONE

SEALED DOCUMENT: NONE

DEPOSITION(S): NONE

TRANSCRIPT(S): NONE

---

COMPILED BY: chestangc on June 23, 2016; [2.4-12334.47]
\\coscsc2cft\c2cfiles\COSCWM5715\CV2016-004500\Group_01

CERTIFICATION: I, MICHAEL K. JEANES, Clerk of the Superior Court of
Maricopa County, State of Arizona, do hereby certify that the above listed
Index of Record, corresponding electronic documents, and items denoted
to be transmitted manually constitute the record on appeal in the
above-entitled action.

CONTACT INFO: Clerk of the Superior Court, Maricopa County, Appeals
Unit, 175 W Madison Ave, Phoenix, AZ 85003; 602-372-5375

MICHAEL JEANES, CLERK
BY *C. [signature]* DEP
FILED

16 JUN 23 PM 1:06

# C2C Transmission Receipt

Produced on 06/23/2016 @ 11:54 AM

**ACCEPT**

## Transmission Details

Case Number:              CV2016-004500

Case Caption:             BANK OF NY MELLON VS DODEV

Index V 1

Sent To:                  1CAPROD

Transmission Date/Time:   Friday, June 17, 2016 @ 8:18:29 AM

\\coscsc2cft\c2cfiles\COSCWM5715\CV2016-004500\Group_01

## Re: Case

### 1 CA-CV 16-0355

## Transmission Status

Authorization Code:       8C130603D24599B9BC (ok)

## RECEIVED and ACCEPTED as sent

## Transmission Notes

MAR sent record for CV2016-004500. Documents sent to 1 CA using MQ; 23 items (documents, index of record, and meta-data file.). Total Bytes = 3535845

## Additional Comments

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Kim Lepore, Esq.<br>WRIGHT, FINLAY & ZAK, LLP<br>16427 N Scottsdale Road, Suite 300<br>Scottsdale, AZ 85254<br>*TELEPHONE No.:* (602) 845-8898 | MICHAEL K. JEANES, CLERK<br>RECEIVED CCB<br>DOCUMENT DEPOSITORY<br><br>16 JUN 22 PM 4: 26 |
| *Attorney for:*<br><br>*Ref No. or File No.:* 209-20161023 | FILED<br>BY C. GOBBLE, DEP |

*Insert name of Court, and Judicial District and Branch Court:*
In MARICOPA COUNTY SUPERIOR COURT in and for the County of MARICOPA

*Petitioner:* BANK OF NEW YORK MEKKON, et al.

*Respondent:* IVAYLO DODEV, et al.

| CERTIFICATE OF SERVICE | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>CV2016-004500 |
|---|---|---|---|---|

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. At the time of service I was at least 18 years of age and authorized to serve process in this case.

I served copies of the AMENDED SUMMONS; SUMMONS FORCIBLE ENTRY AND DETAINER; COMPLAINT IN FORCIBLE DETAINER AND MONEY DAMAGES; CERTIFICATE OF ARBITRATION; CIVIL COVER SHEET; RESIDENTIAL EVICTION INFORMATION SHEET

a. Party served          IVAYLO DODEV, NILOLINA T. DODEV, and all other occupants

Address where served:  6312 S 161ST WAY
                       GILBERT, AZ 85298

5.  I served the party

b.  On: 6/17/2016  at: 5:09 PM  I left the documents in the presence of:
       Ivaylo Dodev - Co-Defendant
   Age: 40 yrs. Race: Caucasian  Sex: Male Eyes: Brown Height: 6'0"  Weight: 215 lbs. Hair: Brown

   (2)  (home) a competent member of the household at the dwelling house or usual place of abode of the party. I
        informed him or her of the general nature of the papers.

Person who served papers:
NATIONWIDE LEGAL    Name:  Michael Manfredi
                    County of Maricopa,  8645          The fee for service was: $ 125.00
                    3150 N. 24TH STREET, D-104
                    Phoenix, AZ 85016
                    (602) 256.9700
                    www.nationwideasap.com

Date:  June 20, 2016

(Michael Manfredi)

165334

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
06/29/2016 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-004500                                      06/27/2016


COMMISSIONER MICHAEL L. BARTH              CLERK OF THE COURT
                                              A. Corona/A. Aycock
                                                   Deputy


BANK OF NEW YORK MELLON          PHILIP J GILES

v.

IVAYLO DODEV, et al.             IVAYLO DODEV
                                 6321 S 161ST WAY
                                 GILBERT AZ  85298-8455


                                 NIKOLINA T DODEV
                                 6312 SOUTH 161ST WAY
                                 GILBERT AZ  85298
                                 ROCHELLE STANFORD
                                 JAMIN S NEIL
                                 JANET M SPEARS


MINUTE ENTRY


Courtroom: OCH 005.

11:04 a.m.  This is the time set for Forcible Detainer Hearing and Hearing on Defendants' Motion to Sanction Counsel.  Plaintiff, Bank of New York Mellon, is represented by counsel, Jamin Neil.  Counsel, Janet Spears, is present and appearing for counsel, Philip Giles. Defendants, Ivaylo Dodev and Nikolina Dodev, are present on special appearance on their own behalf.

A record of the proceedings is made digitally in lieu of a court reporter.

Discussion is held regarding service.

Docket Code 089              Form V000A                        Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-004500                                    06/27/2016

Defendants orally move to dismiss this matter.

IT IS ORDERED denying Defendants oral motion for reasons stated on the record.

Defendants orally move for issuance of subpoena.  Good cause appearing and there being no objection,

IT IS FURTHER ORDERED granting Defendants' oral motion.

IT IS FURTHER ORDERED Defendants shall issue a subpoena in accordance with Arizona Rules of Civil Procedure and serve same on Plaintiff's counsel by no later than **close of business, July 5, 2016.**

Defendants orally move for trial by jury.

IT IS FURTHER ORDERED denying Defendants oral motion for jury trial for reasons stated on the record.

There being no objection,

Counsel for Plaintiff shall provide a certified copy of Trustee's Deed to Defendants within one week from today's date.

Ivaylo Dodev and Nikolina Dodev are sworn and testify.

Defendants plead not guilty.

IT IS ORDERED setting this matter for trial to the Court on **July 15, 2016 at 11:00 a.m.** in this division, Old Court House, 125 W. Washington, Courtroom 005, Phoenix, AZ.  Estimated length of trial is thirty (30) minutes.  Each party will have a maximum of fifteen (15) minutes to present their case.

IT IS FURTHER ORDERED Defendants shall file an Answer and pay an answer fee or file an Application for Waiver/Deferral of Fees with the Clerk of the Court no later than **close of business July 6, 2016**.  Failure to comply will result in a default of this matter in favor of Plaintiff.  The parties shall file their lists of witnesses and exhibits with the Clerk of the Court no later than **close of business July 8, 2016** with delivery of all physical exhibits for marking to the courtroom clerk of this division by no later than **close of business July 8, 2016**.  Any witnesses or exhibits not listed in the lists of witnesses and exhibits will be inadmissible at trial.  All

Docket Code 089                    Form V000A                    Page 2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-004500                                          06/27/2016

documents filed shall be exchanged between the parties via fax, email, or hand delivery to avoid the mailing delay.

IT IS FURTHER ORDERED any and all dispositive motions shall be filed no later than **close of business July 8, 2016** with any responses filed no later than **close of business July 12, 2016**.

Discussion is held regarding Defendants' Motion to Sanction to Counsel.

Counsel for Plaintiff orally responds to Defendants' Motion to Sanction to Counsel.

Pursuant to the discussion as held on the record, the Parties shall submit supplemental briefs by **close of business July 8, 2016**.

In the event a continued hearing is needed, Bobby Choudhury shall appear in person before the Court.

12:17 p.m.  Matter concludes.


**NOTE:** All court proceedings are recorded by audio and video method and not by a court reporter. Pursuant to Local Rule 2.22, if a party desires a court reporter for any proceeding in which a court reporter is not mandated by Arizona Supreme Court Rule 30, the party must submit a written request to the assigned judicial officer at least ten (10) judicial days in advance of the hearing, and must pay the authorized fee to the Clerk of the Court at least two (2) judicial days before the proceeding. The fee is $140 for a half-day and $280 for a full day.

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
D. Marsh, Deputy
7/1/2016 2:41:17 PM
Filing ID 7540654

```
Person Filing: Laurel I Handley
Address: 4375 Jutland Drive
         Suite 200
         San Diego, CA 92117
Telephone Number: (619) 326-2403
Bar Number:    023250, Issuing State AZ
```

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Bank Of New York Mellon Vs. Dodev, Et.Al.

**CREDIT MEMO**

**Case Number: CV2016-004500**

**Form Set #1838901**

**RECEIVED FROM:** Laurel I Handley

**PAYMENT FOR:** Aldridge Pite, LLP and Philip J. Giles

**PAYMENT IS FOR THE FOLLOWING:**

    [X]   105 First Appearance Filing Fee

**AMOUNT OF DEPOSIT:**     $237.00

**HOW PAID:**

    [X]   EFILED

AZturboCourt.gov Form Set #1838901

Michael K. Jeanes, Clerk of Court
*** Filed ***

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

6/29/16 @ 8:00 A.m.

CV 2016-004500                                          06/27/2016


COMMISSIONER MICHAEL L. BARTH          CLERK OF THE COURT
                                           A. Corona/A. Aycock
                                                 Deputy


BANK OF NEW YORK MELLON                PHILIP J GILES

v.

IVAYLO DODEV, et al.                   IVAYLO DODEV
                                       6321 S 161ST WAY
                                       GILBERT AZ 85298-8455


                                       NIKOLINA T DODEV
                                       6312 SOUTH 161ST WAY
                                       GILBERT AZ 85298
                                       ROCHELLE STANFORD
                                       JAMIN S NEIL
                                       JANET M SPEARS
                                       FINANCIAL SERVICES - REFUNDS



                          MINUTE ENTRY


        The Court is advised that Defendants' Notice of Appeal was unnecessarily filed.
Accordingly,

        IT IS ORDERED directing the Clerk of Court to refund Defendants' filing fee for Notice
of Appeal.

        IT IS FURTHER ORDERED signing this minute entry as a formal order of the Court.



Docket Code 023                Form V000A                        Page 1

## SUPERIOR COURT OF ARIZONA
### MARICOPA COUNTY

CV 2016-004500                                                06/27/2016


_____

JUDICIAL OFFICER OF THE SUPERIOR COURT


Docket Code 023                    Form V000A                    Page 2

MICHAEL K. JEANES. CLERK
BY
*J. Castro*
DEP
J. CASTRO. FILED
16 JUL -6 PM 4: 02

1   Ivaylo Dodev,

2   c/o 6312 South 161st Way
3       Gilbert, Arizona
        (480) 457-8888 Phone
4       (480) 457-8887 Facsimile
5       dodev@hotmail.com

**FILE ON DEMAND**

6
    *Pro Se, by Special Appearance*
7

8
9   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
        IN AND FOR THE COUNTY OF MARICOPA**
10

11

12  **Bank of New York Mellon,**          **Case No.  CV2016-004500**
13
                    **Plaintiff,**         **AFFIDAVIT OF STATUS BY**
14                                          **IVAYLO DODEV**
15  **v.**
                                            **BY SPECIAL APPEARANCE**
16  **Dodev, et. al.**
17                                          *(Contemporaneously filed with*
                    **Defendants.**         *Motion to Dismiss for Lack of Subject*
18                                          *Matter Jurisdiction with Supporting*
19                                          *Brief)*
20
                                            **(Hon. Michael Barth)**
21

22
23      Respectfully submitted on this 6th day of July, 2016.

24
25                          _____
26                          By Ivaylo Dodev, Defendant in *Pro Se*
                            c/o 6312 S 161st Way
27                          Gilbert, Arizona 85298
                            (480) 457-8888
28

Ivaylo Dodev
c/o 6312 South 161ˢᵗ Way
Gilbert near (85298)-9999
Non-domestic state without the USA
Arizona united States of America

## AFFIDAVIT OF STATUS OF IVAYLO DODEV

STATE OF ARIZONA            )
                            ) SS
COUNTY OF MARICOPA          )


Comes now, Ivaylo Dodev, hereinafter known as Affiant; being of sound mind, competent to testify and being over the age of 21 years, after first being duly sworn according to law to tell the truth to the facts related herein, states that he has firsthand knowledge of the facts stated herein. and believes these facts to be true to the best of his knowledge.

1. That your Affiant, a living man made in our Father YHWH Elohim's image and endowed by his Creator with certain unalienable Rights, is one of the People of these united States of America, living on the soil within the borders of The State of Arizona, a member State of the perpetual Union styled "The United States of America."

2. Your Affiant is a living, breathing, sentient being on the land, a Natural Person, and therefore is not and cannot be any ARTIFICIAL PERSON and, therefore, is exempt from any and all identifications, treatments, and requirements as any ARITFICAIL PERSON pursuant to any processes, laws, codes, statutes or ordinances or any color of thereof.

3. Your Affiant notices that, in these united States of America, the authority of any and all governments resides in the People, the Natural Persons of blood and flesh, of the land, for government is a fiction of the mind and can only be created by the People, effected by the People, and overseen by the People for the benefit of only the People.

4. Your Affiant at all times claims all and waves none of his YHWH given, inherent, unlimited, unalienable, secured and guaranteed Rights, pursuant to the Declaration of Independence and the Constitution of the united States of America, as ratified in 1791 with the Articles of the Amendments.

5. Your Affiant notices that pursuant to the Constitution of the united States of America, as ratified in 1791 with the Articles of the Amendments, Article VI paragraph 2, "This Constitution and the Laws of the united States which shall be made in Pursuance thereof: and the Treaties made, under the authority of the United States, shall be the supreme Law of the land; and the Judges in every State shall be bound thereby, any Things in the Constitution or Laws of any State to the Contrary notwithstanding."

6. Your Affiant notices that, as a matter of his lawful compliance to the referenced Constitution, any of the People, while functioning in any Public capacity, in return for the trust of the other People, are granted limited delegated authority of and by the People, with specific duties delineated in accordance thereof, and shall only do so pursuant to a

lawfully designated, sworn and subscribed Oath of Office, and with any and all bonds and other requirements thereof, to ensure their faithful performance to the other People.

7.  Your Affiant notices that the only court lawfully authorized by the People, pursuant to the Constitution to hear matters in controversy of the People, civil or criminal, is a court that conforms to and functions in accordance with Article III Section 2 of said Constitution, in which all officers of the court have and abide by their sworn and subscribed oaths of office, supporting and defending the Rights of the People, and in which all matters are heard in accordance with all aspects of due process of law and only Trial by jury and in keeping with the Amendments V,VI and VII.

8.  Your Affiant notices that pursuant to this supreme Law of the Land and the YAWH given Rights secured and guaranteed therein, said Constitution is established to ensure that the dominion granted by YAWH to all People on this land, shall endure, and ensure forever that the People on this land be free from any and all slavery, indenturement, tyranny, and oppression under color of any law, statute, code, policy, regulation, procedure, or of any other type of adhesion contract, or label, signed without full disclosure of all consequences and ramifications thereof, with lawful offer, acceptance and consideration, that might entice, separate or violate their Rights, secured by the Bill of Rights under this Constitution.

9.  Your Affiant further notices that pursuant to said Constitution, Affiant cannot be compelled, manipulated, extorted, tricked, threatened, placed under duress, coerced, or so effected by any Natural Person, individually, or acting in any capacity as or under any Artificial Person, agency, entity, officer, individual, or party, into the waving of any of Affiant's Rights, or to act in contradiction thereof or to act in opposite of the moral conscience and dominion granted to Affiant by YAWH; nor can Affiant be deprived of any of these Rights and immunities, except by lawful process in accordance with said Constitution, without the Natural and/or Artificial Person in whatever capacity, in so doing, causing injury to your Affiant and thereby committing numerous crimes and irreparable damages, requiring lawful punishment therefrom.

10. Your Affiant has no record or evidence that he is a "Citizen," "Subject," or an "Object" of the District of Columbia in any way, form, or fashion, and therefore, Affiant grants NO LICENSE, or other jurisdiction, to any such foreign entity, government, or corporation, especially the "United States", under any forms of Admiralty or Maritime processes, laws, codes, statures, ordinances or colors of thereof.  He has no record or evidence that Affiant has ever voluntarily surrendered any Rights for "Privileges" through citizenship to the agencies of government, foreign and domestic.

11. Your Affiant has no record or evidence that Affiant is not "un-enfranchised", and is not authorized, under; 1) Statutes At Large, First Congress 1789, Session 1 Chapters, page 52, 2) Articles of Confederation, Article 4-3-1-1781; MC 38, 3) Title 18, Section 241, 4) Title 42 Sections 1983, 1985, 1986 the unhampered use of all navigable waters and all common law highways, roadways, and byways, which are used for transport either private, public, or commercial anywhere in these united States of America.

12. Your Affiant, due to fraud, not generally, but specifically, from the inception or inducement of contracts with fictional or legal entities, who cannot, with first-hand knowledge, by act or deed, by way of a flesh and blood, living, breathing man, whether, implied, assented, assumed, presumed, or otherwise, from lack of understanding, or by being purposely misled (whether intentional or by mistake, in order to get another to give

up their Right or Property), convert his Rights given by his Creator into a Privilege to be monitored, controlled, or retracted by fictional entities, legal entities, or by Corporate Structure, and have the binding of the alleged agreement or contract be executed by the giving of his signature or autograph, does, hereby with this Declaration—made a permanent fixture to Affiant's Affidavit of Status—rescind all signatures made in pursuit of any alleged agreement made with non-living, fictional, and corporate entities from the inception of alleged agreements, whereby all the facts of the agreement were not made known to Affiant, making said agreements of a fraudulent nature, being based upon fraud with the solicitation to defraud, and being brought forward on fraud previously formed. All presumptions with fictional, artificial, and legal entities are hereby dispelled, and all fictional, artificial, and legal entities are hereby NOTICED that they are at arm's length, and shall remain at such distance, with all assumptions and presumptions dispelled. Affiant has no record, evidence, or proof that the above statements are not correct.

Further, your Affiant sayeth naught.

Offered at Arm's Length on this 26th day of June 2013

By: _I. Ivaylo Dodev, ARR, Explicitly Without Prejudice_

Subscribed and sworn to (or affirmed) before me on this 26 day of June, 2013 by Ivaylo Dodev, proved to me on the basis of satisfactory evidence to be the man who appeared before me.

Executed by my own free will

_____ (Seal)

Notary Public

Curtis Fetter
NOTARY PUBLIC
MARICOPA COUNTY, ARIZONA
My Commission Expires
04-28-2015

**Page 3 of 3**

MICHAEL K. JEANES, CLERK
BY _J. Castro_ DEP

J. CASTRO, FILED

16 JUL -6 PM 4: 02

1  Nikolina Dodev

2  c/o 6312 South 161st Way

3      Gilbert, Arizona

4      (480) 457-8888 Phone

    (480) 457-8887 Facsimile

5      dodev@hotmail.com          **FILE ON DEMAND**

6

7  *Pro Se, by Special Appearance*

8

9      **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

    **IN AND FOR THE COUNTY OF MARICOPA**

10

11

12  **Bank of New York Mellon,**      **Case No.  CV2016-004500**

13

                  **Plaintiff,**

14                           **AFFIDAVIT OF STATUS BY**

                         **NIKOLINA DODEV**

15  **v.**

16  **Dodev, et. al.**               **BY SPECIAL APPEARANCE**

17

                    **Defendants.**     *(Contemporaneously filed with*

18                              *Motion to Dismiss for Lack of Subject*

19                              *Matter Jurisdiction with Supporting*

                            *Brief)*

20

21                              **(Hon. Michael Barth)**

22

23

    Executed this 6th of July, 2016 at Gilbert, Arizona.

24

25

26                 _____

27                 **By, Nikolina Dodev**

28

Nikolina Dodev
c/o 6312 South 161st Way
Gilbert near (85298)-9999
Non-domestic state without the USA
Arizona united States of America

# AFFIDAVIT OF STATUS OF NIKOLINA DODEV

STATE OF ARIZONA          )
                                ) SS

COUNTY OF MARICOPA      )

Comes now, Nikolina Dodev, hereinafter known as Affiant; being of sound mind, competent to testify and being over the age of 21 years, after first being duly sworn according to law to tell the truth to the facts related herein, states that she has firsthand knowledge of the facts stated herein, and believes these facts to be true to the best of her knowledge.

1. That your Affiant, a living woman made in our Father YHWH Elohim's image and endowed by his Creator with certain unalienable Rights, is one of the People of these united States of America, living on the soil within the borders of The State of Arizona, a member State of the perpetual Union styled "The United States of America."

2. Your Affiant is a living, breathing, sentient being on the land, a Natural Person, and therefore is not and cannot be any ARTIFICIAL PERSON and, therefore, is exempt from any and all identifications, treatments, and requirements as any ARITFICAIL PERSON pursuant to any processes, laws, codes, statutes or ordinances or any color of thereof.

3. Your Affiant notices that, in these united States of America, the authority of any and all governments resides in the People, the Natural Persons of blood and flesh, of the land, for government is a fiction of the mind and can only be created by the People, effected by the People, and overseen by the People for the benefit of only the People.

4. Your Affiant at all times claims all and waves none of her YHWH given, inherent, unlimited, unalienable, secured and guaranteed Rights, pursuant to the Declaration of Independence and the Constitution of the united States of America, as ratified in 1791 with the Articles of the Amendments.

5. Your Affiant notices that pursuant to the Constitution of the united States of America, as ratified in 1791 with the Articles of the Amendments, Article VI paragraph 2, "This Constitution and the Laws of the united States which shall be made in Pursuance thereof: and the Treaties made, under the authority of the United States, shall be the supreme Law of the land; and the Judges in every State shall be bound thereby, any Things in the Constitution or Laws of any State to the Contrary notwithstanding."

6. Your Affiant notices that, as a matter of his lawful compliance to the referenced Constitution, any of the People, while functioning in any Public capacity, in return for the trust of the other People, are granted limited delegated authority of and by the People, with specific duties delineated in accordance thereof, and shall only do so pursuant to a

lawfully designated, sworn and subscribed Oath of Office, and with any and all bonds and other requirements thereof, to ensure their faithful performance to the other People.

7.  Your Affiant notices that the only court lawfully authorized by the People, pursuant to the Constitution to hear matters in controversy of the People, civil or criminal, is a court that conforms to and functions in accordance with Article III Section 2 of said Constitution, in which all officers of the court have and abide by their sworn and subscribed oaths of office, supporting and defending the Rights of the People, and in which all matters are heard in accordance with all aspects of due process of law and only Trial by jury and in keeping with the Amendments V,VI and VII.

8.  Your Affiant notices that pursuant to this supreme Law of the Land and the YAWH given Rights secured and guaranteed therein, said Constitution is established to ensure that the dominion granted by YAWH to all People on this land, shall endure, and ensure forever that the People on this land be free from any and all slavery, indenturement, tyranny, and oppression under color of any law, statute, code, policy, regulation, procedure, or of any other type of adhesion contract, or label, signed without full disclosure of all consequences and ramifications thereof, with lawful offer, acceptance and consideration, that might entice, separate or violate their Rights, secured by the Bill of Rights under this Constitution.

9.  Your Affiant further notices that pursuant to said Constitution, Affiant cannot be compelled, manipulated, extorted, tricked, threatened, placed under duress, coerced, or so effected by any Natural Person, individually, or acting in any capacity as or under any Artificial Person, agency, entity, officer, individual, or party, into the waving of any of Affiant's Rights, or to act in contradiction thereof, or to act in opposite of the moral conscience and dominion granted to Affiant by YAWH; nor can Affiant be deprived of any of these Rights and immunities, except by lawful process in accordance with said Constitution, without the Natural and/or Artificial Person in whatever capacity, in so doing, causing injury to your Affiant and thereby committing numerous crimes and irreparable damages, requiring lawful punishment therefrom.

10. Your Affiant has no record or evidence that she is a "Citizen," "Subject," or an "Object" of the District of Columbia in any way, form, or fashion, and therefore, Affiant grants NO LICENSE, or other jurisdiction, to any such foreign entity, government, or corporation, especially the "United States", under any forms of Admiralty or Maritime processes, laws, codes, statures, ordinances or colors of thereof. She has no record or evidence that Affiant has ever voluntarily surrendered any Rights for "Privileges" through citizenship to the agencies of government, foreign and domestic.

11. Your Affiant has no record or evidence that Affiant is not "un-enfranchised", and is not authorized, under; 1) Statutes At Large, First Congress 1789, Session 1 Chapters, page 52, 2) Articles of Confederation, Article 4-3-1-1781; MC 38, 3) Title 18, Section 241, 4) Title 42 Sections 1983, 1985, 1986 the unhampered use of all navigable waters and all common law highways, roadways, and byways, which are used for transport either private, public, or commercial anywhere in these united States of America.

12. Your Affiant, due to fraud, not generally, but specifically, from the inception or inducement of contracts with fictional or legal entities, who cannot, with first-hand knowledge, by act or deed, by way of a flesh and blood, living, breathing man, whether, implied, assented, assumed, presumed, or otherwise, from lack of understanding, or by being purposely misled (whether intentional or by mistake, in order to get another to give

up their Right or Property), convert her Rights given by her Creator into a Privilege to be monitored, controlled, or retracted by fictional entities, legal entities, or by Corporate Structure, and have the binding of the alleged agreement or contract be executed by the giving of her signature or autograph, does, hereby with this Declaration—made a permanent fixture to Affiant's Affidavit of Status—rescind all signatures made in pursuit of any alleged agreement made with non-living, fictional, and corporate entities from the inception of alleged agreements, whereby all the facts of the agreement were not made known to Affiant, making said agreements of a fraudulent nature, being based upon fraud with the solicitation to defraud, and being brought forward on fraud previously formed. All presumptions with fictional, artificial, and legal entities are hereby dispelled, and all fictional, artificial, and legal entities are hereby NOTICED that they are at arm's length, and shall remain at such distance, with all assumptions and presumptions dispelled. Affiant has no record, evidence, or proof that the above statements are not correct.

Further, your Affiant sayeth naught.


Offered at Arm's Length on this ___ day of June 2013

By: ___N. Dodev (SEAL)_____

    I, Nikolina Dodev, ARR, Explicitly Without Prejudice

Subscribed and sworn to (or affirmed) before me on this _26_ day of June, 2013 by Nikolina Dodev, proved to me on the basis of satisfactory evidence to be the woman who appeared before me.

Executed by my own free will

_____ (Seal)

Notary Public

Curtis Fetter
NOTARY PUBLIC
MARICOPA COUNTY, ARIZONA
My Commission Expires
04-26-2015

MICHAEL K. JEANES, CLERK
BY                    DEP
*J. Castro*

J. CASTRO, FILED

16 JUL -6 PM 4: 01

1   Nikolina Dodev

2   c/o 6312 South 161ˢᵗ Way
3        Gilbert, Arizona
         (480) 457-8888 Phone
4        (480) 457-8887 Facsimile
5        dodev@hotmail.com                    **FILE ON DEMAND**

6   *Pro Se, by Special Appearance*
7

8

9        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10           **IN AND FOR THE COUNTY OF MARICOPA**

11

12

13  **Bank of New York Mellon,**          **Case No.  CV2016-004500**

14                   **Plaintiff,**        **DECLARATION OF FACTS**
15                                         **BY NIKOLINA DODEV**
    **v.**
16                                         **BY SPECIAL APPEARANCE**
17  **Dodev, et. al.**

18                   **Defendants.**       *(Contemporaneously filed with*
                                           *Motion to Dismiss for Lack of Subject*
19                                         *Matter Jurisdiction with Supporting*
20                                         *Brief)*

21                                         **(Hon. Michael Barth)**
22

23

24

25      I, Nikolina Dodev, being over 21 years of age and of sound mind,

26  declare and state as follow:

27

28

---

1 | Declaration of Facts in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction.

1. I am an alleged defendant in the above-captioned case, along with my life-partner Ivaylo Dodev.

2. My name appears in the above captioned case as a Defendant Nikolina Dodev.

3. I am not an unknown tenant or an unknown occupant as listed under Doe 1 through 10 in the above captioned case.

4. I have not been served personally with a copy of the summons and of the complaint.

5. When the process servicer who executed the Affidavit of Service visited my home and spoke with Ivaylo Dodev, he did not ask if I was present or whether I resided at the premises, and he only furnished him with one copy of the complaint and summons.

6. A copy of the summons and of the complaint has never been served to defendant Ivaylo Dodev or to anyone else, above the age of 18, on my behalf.

7. The record is bereft of any allegations that I have been served with a copy of the summons and of the complaint according to Rule 5(f) of RPEA, incorporating Rule 4.1(d) of ARCP *"delivering a copy of the summons and the complaint to the individual"*.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed this 6th of July, 2016 at Gilbert, Arizona.

By, Nikolina Dodev
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

## CERTIFICATE OF SERVICE

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 6th day of July, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 6th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Kim Lepore Jamin S. Neil.

**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

5|Declaration of No Plea Entered

MICHAEL K. JEANES. CLERK
BY                           DEP
*J. Castro*
J. CASTRO. FILED
16 JUL -6  PM 4: 02

1   Ivaylo  Dodev,
2   Nikolina Dodev

3   c/o  6312 South 161ˢᵗ Way
4       Gilbert, Arizona
        (480) 457-8888 Phone
5       (480) 457-8887 Facsimile          **FILE ON DEMAND**
6       dodev@hotmail.com

7   *Pro Se, by Special Appearance*

8

9           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10             **IN AND FOR THE COUNTY OF MARICOPA**

11

12

13  **Bank of New York Mellon,**          **Case No.  CV2016-004500**

14                      **Plaintiff,**    **DECLARATION OF NO PLEA**
                                          **ENTERED**
15  **v.**
16                                        **BY SPECIAL APPEARANCE**

17  **Dodev, et. al.**
                                          *(Contemporaneously filed with*
18                      **Defendants.**   *Motion to Dismiss for Lack of Subject*
19                                        *Matter Jurisdiction with Supporting*
20                                        *Brief)*

21                                        **(Hon. Michael Barth)**
22

23          **COME NOW,** Ivaylo Dodev and Nikolina Dodev, Citizens of Arizona[1],
24
25  defendants in *pro se*, ("Declarants"), under the above captioned case, <u>by special</u>
26

27      ———————————
        [1] "There are two classes of citizens, citizens of the United States and of the
28  State. And one may be a citizen of the former without being a citizen of the latter"
    <u>Gardina v. Board of Registers</u> 48 So. 788, 169 Ala. 155 (1909);"Citizenship of the

1|Declaration of No Plea Entered

appearance, not to be construed as a general appearance, without waiving any

rights, remedies or defenses, with their Declaration of No Plea Entered.

**Declarants, being over 21 years of age and of sound mind, declare and state as follow:**

1.    We are the alleged defendants in the above-captioned case.

2.    We do not have a landlord-tenant relationship with Plaintiff.

3.    On the Forcible Detainer Hearing, held on 6, 27, 2016, Declarants appeared specially, as Declarant Nikolina Dodev [alleged defendant on the complaint] has not been served with a copy of the summons and the complaint. See Declaration of Facts by Nikolina Dodev, contemporaneously filed and incorporated herein by this reference.

4.    During said hearing, discussion was held on service and Affidavit of Service was shown to Declarants.

5.    The Affidavit of Service wrongfully alleged that both Defendants were served.

---

United States does not entitle citizens to privileges and immunities of Citizens of the State, since privileges of one are not the same as the other" Tashiro v. Jordan, 255 P. 545 California;"The right of trial by jury in civil cases, guaranteed by the 7th Amendment (Walker v. Sauvinet, 92 U. S. 90); "…the privileges and immunities of citizens of the United States do not necessarily include all the rights protected by the first eight amendments to the Federal constitution against the powers of the Federal government." Maxwell v Dow, 20 S.C.R. 448, at pg 455

6.  The Affidavit of Service and discussion held does not by itself change the special appearance into general appearance as appearance is Declarants discretion and right.

7.  No one, including this Court, can enter an appearance on behalf of Declarants, unless they have established fiduciary relationship with Counsel or any other party.

8.  Declarants have not appointed Hon. Michael Barth to act as their fiduciary.

9.  Declarant, Ivaylo Dodev, contended to the jurisdiction of this Court during said hearing, as he explained that he purchased his estate as a man and a woman, not as a resident [as his warranty deed clearly shows that]. See Affidavit of Status by Nikolina Dodev and Ivaylo Dodev, contemporaneously filed and incorporated herein by this reference.

10. Declarant Nikolina Dodev was not asked to enter a plea therefore she did not enter one.

11. Declarant Ivaylo Dodev was asked to enter a plea and he did not enter one, as his response was not "guilty", "not guilty", or "no contest" but he simply answered that he is "in rightful possession".

12. For the reasons stated herein above, the Minute Entry from 6/27/2016 states in error that Defendants entered a plea of not guilty.

3|Declaration of No Plea Entered

We declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed this 6th of July, 2016 at Gilbert, Arizona.

By, Ivaylo Dodev
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

Executed this 6th of July, 2016 at Gilbert, Arizona.

By, Nikolina Dodev

4|Declaration of No Plea Entered

## CERTIFICATE OF SERVICE

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 6th day of July, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 6th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Kim Lepore Jamin S. Neil.

Ivaylo Dodev
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

MICHAEL K. JEANES. CLERK
BY _____ DEP
*J. Castro*

J. CASTRO. FILED

16 JUL -6 PM 4: 01

1   Ivaylo Dodev,
2   Nikolina Dodev

3   c/o 6312 South 161st Way
4       Gilbert, Arizona
        (480) 457-8888 Phone
5       (480) 457-8887 Facsimile          **FILE ON DEMAND**
6       dodev@hotmail.com

7   *Pro Se, by Special Appearance*

8

9

10      **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
11        **IN AND FOR THE COUNTY OF MARICOPA**

12

13

14  **Bank of New York Mellon,**        **Case No.  CV2016-004500**

15                  **Plaintiff,**      **MOTION TO DISMISS FOR LACK**
                                        **OF SUBJECT MATTER**
16  **v.**                             **JURISDICTION WITH**
                                        **SUPPORTING BRIEF**
17
    **Dodev, et. al.**
18                                      **BY SPECIAL APPEARANCE**

19                  **Defendants.**
                                        *(Contemporaneously filed with*
20                                      *Declaration of facts by Nikolina*
                                        *Dodev; Affidavit of Status by Ivaylo*
21                                      *Dodev and Nikolina Dodev;*
22                                      *Declaration of no Plea Entered and*
                                        *Judicial Notice)*
23

24
                                        **(Hon. Michael Barth)**
25

26

27

28

1|Motion to Dismiss for Lack of Subject Matter Jurisdiction

**COME NOW**, Ivaylo Dodev and Nikolina Dodev, Citizens of Arizona[1], defendants in *pro se*, ("Defendants"), under the above captioned case, <u>by special appearance, not to be construed as a general appearance</u>, without waiving any rights, remedies or defenses, and move this Court pursuant to Rule 9(e) of the Arizona Rules of Procedures for Eviction Actions ("RPEA") and Rule 12(b) of the Arizona Rules of Civil Procedure ("ARCP") with their Motion to Dismiss for Lack of Subject Matter Jurisdiction with Supporting Brief, filed in lieu of answering the complaint until jurisdiction is proven on the record.

## I.    **FACTUAL BACKGROUND**

1.    Plaintiff commenced this action on March 24, 2016.

2.    On or about 5/16/2016, Plaintiff recorded a Judgment of Default.

3.    On or about 5/20/2016 Defendants [in error] filed a Motion to Set Aside [said] Judgment contemporaneously with Declarations of Facts, both by special appearance.

---

[1] "There are two classes of citizens, citizens of the United States and of the State. And one may be a citizen of the former without being a citizen of the latter" <u>Gardina v. Board of Registers</u> 48 So. 788, 169 Ala. 155 (1909);"Citizenship of the United States does not entitle citizens to privileges and immunities of Citizens of the State, since privileges of one are not the same as the other" <u>Tashiro v. Jordan</u>, 255 P. 545 California;"The right of trial by jury in civil cases, guaranteed by the 7th Amendment (<u>Walker v. Sauvinet</u>, 92 U. S. 90); "...the privileges and immunities of citizens of the United States do not necessarily include all the rights protected by the first eight amendments to the Federal constitution against the powers of the Federal government." <u>Maxwell v Dow</u>, 20 S.C.R. 448, at pg 455

4.    This Court scheduled a hearing and Oral Arguments on the aforementioned motion for May 24, 2016, where Defendants appeared specially[1].

5.    A follow up hearing was scheduled for 6/15/2016, where Defendants appeared specially.

6.    On the hearing, after considering Defendants' Supplemental Brief, Plaintiff's Response and the oral arguments, this Court granted Defendants' Motion to Set Aside Judgment, and scheduled a hearing for 6/27/2016.

7.    There was no Affidavit of Service on the record, prior to the hearing as required by RPEA 5(f), and Defendant Nikolina Dodev was not served; as such, Defendants appeared specially. See Declaration of Facts contemporaneously filed by Nikolina Dodev and incorporated herein by this reference.

8.    During said hearing, Defendant Nikolina Dodev did not enter a plea; neither did Defendant Ivaylo Dodev enter a plea of "guilty", "no guilty" or "no contest". See Declaration of No Plea Entered contemporaneously filed by Defendants and incorporated herein by this reference.

9.    During said hearing Defendants challenge this Court's jurisdiction[1] of this matter and over them personally, as Ivaylo Dodev explained that they are

---

[1] A special appearance is an appearance solely for the purpose of testing the jurisdiction. Bailey v. Schrada. 34 Ind 261; Huff v. Shepard. 58 Mo 246.

holding a title as a man and a woman, thus they are not subject to administrative proceedings as residents or U.S. citizens.    <u>See Affidavit of Status</u> contemporaneously filed by both Defendants and incorporated herein by this reference.

## I.    <u>SUPPORTING BRIEF</u>

### a. JURISDICTION MUST BE PROPERLY ESTABLISHED BEFORE PROCEEDING

The alleged Defendants herby challenge this Court's subject matter jurisdiction and the Hon. Michael Barth's jurisdiction over this matter. Jurisdiction of parties and subject matter is essential to a valid judgment, and the Court must have jurisdiction to enter the particular judgment. <u>Van Ness v. Superior Court of State in and for Maricopa County</u> (1950) 69 Ariz. 362, 213 P.2d 899. A judgment is void on its face and is subject to collateral attack unless the  court has jurisdiction of the subject matter, of the persons involved in the litigation, and to render the particular judgment given, <u>Hallford v. Industrial Commission</u> (1945) 63 Ariz. 40, 159 P2.d 305. Lack of jurisdiction can be raised at any time, <u>Kelly v. Kelly</u> (1975) 24 Ariz. App. 582, 540 P.2d 201.

When jurisdiction of any tribunal is challenged, the tribunal or the opposing Counsel bears the burden of proof for both In Personam and Subject

---

[1] Subject matter jurisdiction cannot be waived by parties, conferred by consent, or ignored by court. <u>Babcock & Wilson v. Parsons Corp.</u>, 430 F.2d 531 (1970).

Matter Jurisdiction. <u>See Hagans v. Lavine</u>, 415 US 528 - Supreme Court 1974. "Jurisdiction, once challenged, cannot be assumed and must be decided." <u>Maine v Thiboutot</u> 100 S. Ct. 250.

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather should dismiss the action." <u>Melo v. U.S.</u> 505 F 2d 1026. "Where want of jurisdiction appears, it is the duty of the court at any stage, on its own motion, to dismiss." <u>Evans v. Christian.</u> 4 Or. 375; <u>State Ex Rel. v. Mckin-</u>Non, 8 Or 487.

### b. IF THE COURT DOES NOT HAVE JURISDICTION IN PERSONAM IT DOES NOT HAVE SUBJECT MATTER JURISDICTION

Defendants are American Nationals and pledge allegiance to the Arizona state[1] (not to be interpreted as State of Arizona, territory of the District of Columbia). "The term "national" means a person owing permanent allegiance to a state" 8 U.S Code § 1101(a)21. <u>See Affidavit of Status</u> contemporaneously filed by both Defendants and incorporated herein by this reference. "One may be a citizen of a State and yet not a citizen of the United States". <u>McDonel v. The</u>

---

[1] "there is in our Political System, a government of each of the several states and a government of the United States Each is distinct from the other and has citizens of its own." . <u>US vs. Cruikshank</u>, 92 US 542; "One may be a citizen of a State and yet not a citizen of the United States. <u>Thomasson v State</u>, 15 Ind. 449; <u>Cory v Carter</u>, 48 Ind. 327 (17 Am. R. 738); <u>McCarthy v. Froelke</u>, 63 Ind. 507; <u>In Re Wehlitz</u>, 16 Wis. 443."

State, 90 Ind. 320 (1883). Defendants did not consent to be treated as residents, home owners, U.S. citizens[1] or any other fiction of law.

Defendants are citizens of the Arizona state, and as such they are entitled to rights under the Bill of Rights, including a trial by jury. "The term resident and citizen of the United States is distinguished from a Citizen of one of the several states, in that the former is a special class of citizen created by Congress." U.S. v. Anthony 24 Fed. 829 (1873). The courts have settled the arguments about the two classes of citizens as shown herein below: "There are two classes of citizens, citizens of the United States and of the State. And one may be a citizen of the former without being a citizen of the latter" Gardina v. Board of Registers 48 So. 788, 169 Ala. 155 (1909). "Citizenship of the United States does not entitle citizens to privileges and immunities of Citizens of the State, since privileges of one are not the same as the other" Tashiro v. Jordan, 255 P. 545 California Supreme Court. "[T]he term "citizen," in the United States, is analogous to the term "subject" in the common law." State vs Manual 20 NC 122, 14 C.J.S. 4, p 430

A US citizen does not necessarily have rights under the Bill of Rights, which guarantees the rights to all Citizens of the several states, as the Defendants herein. See Judicial Notice contemporaneously filed and incorporated herein by

---

[1] "A citizen of the United States is a citizen of the federal government ..." Kitchens v. Steele, 112 F.Supp 383

6|Motion to Dismiss for Lack of Subject Matter Jurisdiction

this reference. "…the privileges and immunities of citizens of the United States do not necessarily include all the rights protected by the first eight amendments to the Federal constitution against the powers of the Federal government." <u>Maxwell v Dow</u>, 20 S.C.R. 448, at pg 455; "The only absolute and unqualified right of a United States citizen is to residence within the territorial boundaries of the United States," <u>US vs. Valentine</u> 288 F. Supp. 957. "The right of trial by jury in civil cases, guaranteed by the 7th Amendment (Walker v. Sauvinet, 92 U. S. 90); "There is a difference between privileges and immunities belonging to the citizens of the United States as such, and those belonging to the citizens of each state as such". Ruhstrat v. People, 57 N.E. 41 (1900).

Therefore, as the submitted Affidavits of Status show that Defendants are not subjects to the District of Columbia, but Citizens of Arizona state, and the presiding case law widely supports their understanding of state Citizenship, this Court lacks In Personam[1] jurisdiction unless proof on the record is filed that it acts not as an administrative court but an Article III court under the Constitution of the United States of America, in which Defendants are entitled to a trial by jury. "Where Rights secured by the Constitution are involved, there can be no

---

[1] "IN PERSONAM JURISDICTION Power which a court has over the defendant himself in contrast to the courts power over the defendant's interest in property (quasi in rem) or power over property itself (in rem). A court which lacks personal jurisdiction is without power to issue an in personam judgment. <u>Pennoyer v. Neff</u>, 95 U.S. 714, 24 L.Ed. 565." <u>Black's Law Dictionary</u>, 5th Ed. (1979), p. 711, Title "In personam jurisdiction."

rule - making or legislation, which would abrogate them". <u>Miranda v. Arizona</u> 384 US 436, 125.  Jurisdiction is of two kinds, of the subject matter and of the person, and both must concur or the judgment will be void in any case in which a court has assumed to act, the difference being that jurisdiction of the subject-matter given by law cannot be conferred by consent, while jurisdiction of the person may be obtained by consent. <u>Rabbitt v. Frank c. Webber & Co.</u> 130 N.E. 787, 788

Moreover, Defendant Nikolina Dodev has not been served with a copy of the summons and the complaint under Rule 5(f) of RPEA, incorporating Rules 4(a) and 4.1(d) of ARCP, and this action should be dismissed under ARCP 12(b)5, along with 12(b)1, 2. See Declaration of Fact by Nikolina Dodev contemporaneously filed and incorporated herein by this reference. When the process servicer visited Defendant's home, he brought with him only one copy of the summons and complaint, and further he did not inquire as to whether Nikolina Dodev was present or lived on the premises. Rule 4(a) is clear in that a summons must be issued to each defendant and Rule 4.1(d) is clear in that service is effected by delivering a copy of the summons and complaint to that individual personally or with a competent member of their household. It appears that this Court misunderstood Defendant's argument against effective service during hearing. Nowhere in ARCP is there an exemption to the necessity of

having a copy of the summons and complaint for EACH defendant, regardless of whether defendants are in the same household. As such, only one of the named Defendants could have been effectively served in this instant case.

## c.  JUDGMENT WITHOUT JURISDICTION IS VOID

Defendants contend that Hon. Michael Barth does not have jurisdiction to hear this case as Magistrate[1], as action against Defendants—state Citizens—can only be commenced in Article III court. Hon. Michael Barth can dissipate Defendants allegations by proving jurisdiction on the record along with his certified copy of an oath of office as a judge, as required under the Arizona Constitution, Article 6, Section 26; A.R.S. §§ 38-231, 38-232, 38-233 and 28 U.S. Code § 453, clearly showing the he is sworn to preserve, protect and defend the Constitution, and his bond. Along with proof that this is an Article III Court, functioning under the organic Constitution for the united States of America, as adopted by Arizona state.

"CORAM NON JUDICE. "In presence of a person not a judge. When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is said to be coram non judice, and the judgment is void." Black's Law Dictionary, 5tn Ed. (1979), p. 305, Title *"Coram non judice."* "Where there is

---

[1] **"If the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers."** Elliott v. Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

9|Motion to Dismiss for Lack of Subject Matter Jurisdiction

no jurisdiction there is no judge; the proceeding is as nothing. Such has been the law from the days of the Marshalsea, 10 Coke 68; also Bradley v. Fisher, 13 Wall 335,351." <u>Manning v. Ketcham,</u> 58 F.2d 948.

A judgment obtained without jurisdiction over the defendant is void. <u>Overby v. Overby,</u> 457 S.W.2d 851 (Tenn. 1970). "A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." <u>Rook v. Rook,</u> 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). "Therefore, it is necessary that the record present the fact establishing the jurisdiction of the tribunal." <u>Lowe v. Alexander</u> 15C 296; <u>People v. Board ofDelegates of S.F. Fire Dept.,</u> 14 C 479. "If any tribunal (court) finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed." <u>Louisville RR v. Motley,</u> 211 U.S. 149, 29 S.Ct. 42 (1908).

When dealing with any statutes judges abandon their office and act only ministerially as clerks of the court. "When acting to enforce a statute and its subsequent amendments to the present date, the judge of the municipal court is acting as an administrative officer and <u>not in a judicial capacity</u>; courts administrating or enforcing statutes <u>do not act judicially,</u> but merely ministerially....but <u>merely act as an extension as an agent for the involved agency</u> -- but only in a "ministerial" and not a "discretionary capacity..."

Thompson v. Smith, 154 S.E. 579, 583; Keller v. P.E., 261 US 428; F.R.C. v. G.E., 281, U.S. 464. "...judges who become involved in enforcement of mere statutes act as mere clerks of the involved agency..." K.C. Davis, ADMIN. LAW, Ch. 1 (CTP. West's 1965 Ed.) Thus Defendant contend that ministerial capacity of Hon. Michael Barth does not satisfy the requirements of Article III Court, which Citizens of the state [nationals] have unalienable right to, a right that cannot be taken away by coercion or given away and is protected by the Constitution of the united States of America.

### d. Officers of the court who act without authority do not have judicial immunity

Please take notice that continuing these proceedings without proving jurisdiction over nationals, as the Defendant herein this Court will not have qualified and limited judicial immunity: "Officers of the court have no immunity, when violating a constitutional right, for they are deemed to know the law." Owens v Independence 100 S.CT. 1398 (Ezra 7:23-26)' "...where any state proceeds against a private individual in a judicial forum it is well settled that the state, county, municipality, etc. waives any immunity to counters, cross claims and complaints, by direct or collateral means regarding the matters involved." Luckenback v. The Thekla, 295 F 1020, 226 Us 328; Lyders v. Lund, 32 F2d 308; "When enforcing mere statutes, judges of all courts do not act judicially" (and thus are not protected by "qualified" or "limited immunity" Owen v. City,

445 U.S. 662; <u>Bothke v. Terry</u>, 713 F2d 1404); "but merely act as an extension as an agent for the involved agency -- but only in a "ministerial" and not a "discretionary capacity..." <u>Thompson v. Smith</u>, 154 S.E. 579, 583; <u>Keller v. P.E.</u>, 261 US 428; <u>F.R.C. v. G.E.</u>, 281, U.S. 464; Immunity for judges does not extend to acts which are clearly outside of their jurisdiction. <u>See Bauers v. Heisel</u>, C.A. N.J. 1966, 361 F.2d 581, Cert. Den. 87 S.Ct. 1367, 386 U.S. 1021, 18 L.Ed. 2d 457 (see also <u>Muller v. Wachtel</u>, D.C.N.Y. 1972, 345 F.Supp. 160; <u>Rhodes v. Houston</u>, D.C. Nebr. 1962, 202 F.Supp. 624 affirmed 309 F.2d 959, Cert. den 83 St. 724, 372 U.S. 909, 9 L.Ed. 719, Cert. Den 83 S.Ct. 1282, 383 U.S. 971, 16 L.Ed. 2nd 311, Motion denied 285 F.Supp. 546).

And further, "In arriving at our decision in this matter we do not depart in any way from our holding in <u>Huendling v. Jensen</u> [*300] that the doctrine of judicial immunity extends to courts of limited jurisdiction. But, when a minor magistrate acts wholly without jurisdiction, civil liability attaches for his malicious and corrupt abuse of process and his willful and malicious oppression of any person under the pretense of acting in his official capacity. <u>See Huendling v. Jensen</u>, 168 N.W.2d at 749 and authorities cited."188 N.W.2d 294; 1971 Iowa Sup. LEXIS 863; 64 A.L.R.3d 1242.

**WHEREFORE**, Defendants respectfully request that this Court dismiss these administrative proceedings for lack of subject matter jurisdiction.

Assuming, arguendo, that the court does not dismiss this case entirely, defendants are requesting an Article III trial by jury.

Respectfully submitted on this 5th day of July, 2016.

By Ivaylo Dodev, Defendant in *Pro Se*

By Nikolina  Dodev, Defendant in *Pro Se*

c/o 6312 S 161st Way
Gilbert, Arizona 85298
(480) 457-8888

## CERTIFICATE OF SERVICE

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 6th day of July, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 6th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Kim Lepore Jamin S. Neil.

**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**