MICHAEL K. JEANES. CLERK
BY
*J. Castro* DEP

J. CASTRO. FILED

16 JUL -6 PM 4: 03

1  Ivaylo Dodev,
2  Nikolina Dodev

3  c/o 6312 South 161st Way
4      Gilbert, Arizona
       (480) 457-8888 Phone
5      (480) 457-8887 Facsimile        **FILE ON DEMAND**
6      dodev@hotmail.com

7  *Pro Se, by Special Appearance*

8

9          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10              **IN AND FOR THE COUNTY OF MARICOPA**

11

12

13  **Bank of New York Mellon,**          **Case No. CV2016-004500**

14                    **Plaintiff,**      **REQUEST FOR JUDICIAL**
                                          **NOTICE**
15  **v.**
                                          **BY SPECIAL APPEARANCE**
16
17  **Dodev, et. al.**                    *(Contemporaneously filed with*
                                          *Motion to Dismiss for Lack of Subject*
18                    **Defendants.**     *Matter Jurisdiction with Supporting*
                                          *Brief)*
19

20

21                                        **(Hon. Michael Barth)**

22

23
           **COMES NOW,** Ivaylo Dodev and Nikolina Dodev, Citizens of Arizona[1]
24
25  defendants in *pro se*, ("Defendants"), under the above captioned case, <u>by special</u>

26
           _____
27       [1] "There are two classes of citizens, citizens of the United States and of the
    State. And one may be a citizen of the former without being a citizen of the latter"
28  <u>Gardina v. Board of Registers</u> 48 So. 788, 169 Ala. 155 (1909);"Citizenship of the

**1|**Request for Judicial Notice

appearance, not to be construed as a general appearance, without waiving any

rights, remedies or defenses, with their Request for Judicial Notice[1].

To the court and all parties involved in these proceedings. Please take

notice of the Bill of Rights of The United States of America (1791),

particularly amendment VII: "In suits at common law, where the value in

controversy shall exceed twenty dollars, the right of trial by jury shall be

preserved, and no fact tried by a jury, shall be otherwise reexamined in any court

of the United States, than according to the rules of the common law."

And, The Constitution of the United States of America, at Article VI

paragraph 2, to wit: "This Constitution, and the laws of the United States which

shall be made in pursuance thereof; and all treaties made, or which shall be

made, under the authority of the United States, shall be the supreme law of the

land; and the judges in every state shall be bound thereby, anything in the

Constitution or laws of any State to the contrary notwithstanding."

---

United States does not entitle citizens to privileges and immunities of Citizens of the State, since privileges of one are not the same as the other" Tashiro v. Jordan, 255 P. 545 California;"The right of trial by jury in civil cases, guaranteed by the 7th Amendment (Walker v. Sauvinet, 92 U. S. 90); "…the privileges and immunities of citizens of the United States do not necessarily include all the rights protected by the first eight amendments to the Federal constitution against the powers of the Federal government." Maxwell v Dow, 20 S.C.R. 448, at pg 455

[1] "Under the doctrine of *judicial notice* courts take cognizance without proof of facts known generally by well-informed persons, but not of particular facts not of common notoriety...." Dearborn Motors Credit Corporation v. Neel, 337 P. 2d 992 - Kan: Supreme Court 1959.

Respectfully submitted on this 6th day of July, 2016.

By Ivaylo Dodev, Defendant in *Pro Se*

By Nikolina Dodev, Defendant in *Pro Se*
c/o 6312 S 161st Way
Gilbert, Arizona 85298
(480) 457-8888

## CERTIFICATE OF SERVICE

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 6th day of July, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 6th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Kim Lepore Jamin S. Neil.


**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

4|Request for Judicial Notice

Name of Person Filing: *Stacie Lane*
Mailing Address: *7101 W. Beardsley*
City, State, Zip Code: *Glendale AZ 85308*
Telephone: *602-909-5159*

MICHAEL K. JEANES, CLERK
BY *Body-Jay* DEP
FILED
2016 JUL -7 PM 1: 20
FOR CLERK'S USE ONLY

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

In the Matter of

Case No. *CV 2016~004500*

*Bank of New York Mellon*
Petitioner(s) /Plaintiff(s)

*Dodev, et. al.*
Respondent /Defendant(s)

**AFFIDAVIT OF SERVICE OF SUBPOENA**
Arizona Rules of Civil Procedure, Rule 45 (d)
Arizona Rules of Family Law Procedure, Rule 52

I received the Subpoena addressed to: *Wright, Finlay & Zak, LLP*
which was dated: *7-5-2016*    I personally served the subpoena as follows:

On this date: *7-6-16*    At this time: *11:40 am*

At this location: *16 427 North Scottsdale Rd #300 Scottsdale, Az 85254*
To: (Name) *Wright, Finlay & Zak, LLP*
Manner of Service: *Served Jamin Neil attorney for Wright, Finlay & Zak*
(how served)    *LLP*

I was over the age of 18 at the time the subpoena was served. I am not a party to the case.

## UNDER PENALTY OF PERJURY:

By signing below, I state to the Court under penalty of perjury that the contents of this document are true and correct.

Date: *7-6-16*

*Stacie Lane  MC 8496*
Signature

Printed Name: *Stacie Lane*
Street Address: *7101 W. Beardsley Rd #111*
City, State, Zip Code: *Glendale AZ 85308*
Telephone Number(s): *602-909-5159*

| | |
|---|---|
| FEES | $ |
| MILEAGE CHARGES | $ |
| OTHER | $ |
| TOTAL | $ *50.00* |

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 1

GNS28f-051911

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
M. Paigen, Deputy
7/7/2016 12:16:00 PM
Filing ID 7550882

1  Kim R. Lepore (SBN 019130)
   klepore@wrightlegal.net
2  Jamin S. Neil (SBN 026655)
   jneil@wrightlegal.net
3  **WRIGHT, FINLAY & ZAK, LLP**
   16427 N. Scottsdale Road, Suite 300
4  Scottsdale, Arizona 85254
   Telephone: (602) 845-8898
5  Facsimile: (949) 608-9142

6  Attorneys for *Plaintiff*
   Bank of New York Mellon f/k/a Bank of New
7  York, As Trustee, on behalf of the Registered
   Holders of Alternative Loan Trust 2007-OA7,
8  Mortgage Pass-Through Certificates, Series
   2007-OA7
9

10             **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11                **IN AND FOR THE COUNTY OF MARICOPA**

12  BANK OF NEW YORK MELLON F/K/A          Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE,
13  ON BEHALF OF THE REGISTERED
    HOLDERS OF ALTERNATIVE LOAN          **MOTION FOR ENTRY OF**
14  TRUST 2007-OA7, MORTGAGE PASS-       **DEFAULT JUDGMENT**
    THROUGH CERTIFICATES, SERIES
15  2007-OA7, its successors and/or assigns,

16            Plaintiff,

17       vs.

18  IVAYLO DODEV, NIKOLINA T.
    DODEV and DOES I through X, inclusive,
19
              Defendants.
20

21          Pursuant to this Court's June 29, 2016 Order ("Order"), *Plaintiff* Bank of New York

22  Mellon f/k/a Bank of New York, As Trustee, on behalf of the Registered Holders of

23  Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7

24  ("Plaintiff"), by and through counsel undersigned, respectfully requests that this Court enter a

25  judgment by default in favor of Plaintiff as *Defendants* Ivaylo Dodev and Nikolina T. Dodev

26  ("Defendants") failed to respond to the Complaint on or before July 6, 2016 at 5:00 p.m.

27          Specifically, the Order required Defendants to respond to the Complaint "no later than

28  the close of business July 6, 2016. Failure to comply will result in a default of this matter in

                                    -1-

1  favor of Plaintiff." (Order, p. 2). Here, Defendants emailed a copy of their *Motion to Dismiss*

2  *for Lack of Subject Matter Jurisdiction* to counsel undersigned's colleague at 10:28 p.m. on

3  July 6, 2016. Not only was the Motion untimely, but the substance of this Motion requests

4  that the Court reconsider its Order (entered at the July 27, 2016 hearing and memorialized in

5  a June 29, 2016 Minute Entry) denying Defendants' oral Motion to Dismiss for lack of

6  subject matter and personal jurisdiction based on an alleged failure to serve both Defendants.

7  Indeed, Defendants admit that they previously challenged "this Court's jurisdiction of this

8  matter and over them personally…" (Motion, ¶ 9). Defendants further state that "Nikolina

9  Dodev has not been served with a copy of the summons and the complaint under Rule 5(f) of

10  RPEA…" and, therefore, "this action should be dismissed under ARCP 12(b)(5)…" (i.e.

11  insufficiency of service of process). (Motion, 8:10-12). Because Defendants seek

12  reconsideration of the Court's denial of Defendants' oral motion to dismiss instead of filing

13  and serving a responsive pleading within the deadline set by this Court's Order, default

14  judgment should be entered.

15      In sum, as Defendants failed to timely comply with this Court's June 29, 2016 Order,

16  this Court should enter judgment by default in favor of Plaintiff.

17      **RESPECTFULLY SUBMITTED** this 7th day of July 2016.

18          **WRIGHT, FINLAY & ZAK, LLP**

19

20      */s/ Jamin S. Neil*

21      JAMIN S. NEIL
    Attorneys for *Plaintiff* Bank of New York

22      Mellon f/k/a Bank of New York, As Trustee, on
    behalf of the Registered Holders of Alternative

23      Loan Trust 2007-OA7, Mortgage Pass-Through
    Certificates, Series 2007-OA7

24

25

26

27

28

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

ORIGINAL of the foregoing
electronically filed via AZ Turbo Court
this 7th day of July 2016.

COPY of the foregoing hand-delivered
this 7th day of July 2016 to:

Hon. Michael Barth
125 W. Washington
Courtroom 005
Phoenix, Arizona 85003

COPY of the foregoing emailed
this 7th day of July 2016 to:

Ivaylo Dodev
Nikolina T. Dodev
6312 S. 161st Way
Gilbert, Arizona 85298-8455
dodev@hotmail.com
Plaintiffs *In Propria Persona*

/s/ *Gretchen Grant*
GRETCHEN GRANT

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
M. Paigen, Deputy
7/8/2016 4:01:00 PM
Filing ID 7555568

1  Janet M. Spears (SBN 023833)
   jspears@aldridgepite.com
2  ALDRIDGE PITE, LLP
   2 North Central, Suite 1135
3  Phoenix, Arizona 85004
   Telephone: (858) 750-7600
4  Facsimile: (619) 590-1385

5  Attorneys for ALDRIDGE PITE, LLP and PHILIP J. GILES

6

7

8          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9            **IN AND FOR THE COUNTY OF MARICOPA**

10 | BANK OF NEW YORK MELLON, F/K/A | Case No. CV2016-004500
   | BANK OF NEW YORK, AS TRUSTEE, |
11 | ON BEHALF OF THE REGISTERED | **ALDRIDGE PITE, LLP AND PHILIP J.**
   | HOLDERS OF THE ALTERNATIVE LOAN | **GILES' SUPPLEMENTAL**
12 | TRUST 2007-0A7, MORTGAGE PASS- | **OPPOSITION TO IVAYLO DODEV**
   | THROUGH CERTIFICATES, SERIES | **AND NIKOLINA DODEV'S MOTION**
13 | 2007-0A7, | **TO SANCTION COUNSEL**

14                Plaintiff,

15       v.

16 IVAYLO DODEV, et. al.,

17                Defendants.

18

19                    **I.    INTRODUCTION**

20       The Court should deny Defendants Ivaylo Dodev and Nikolina Dodev's ("Defendants")

21 Motion to Sanction Counsel, directed to former counsel Aldridge Pite, LLP and its former

22 associate attorney Philip J. Giles ("Former Counsel") because Former Counsel took every step

23 necessary to halt service of the Writ of Restitution. This supplemental opposition is supported

24 by the following Memorandum of Points and Authorities, the Declarations of Philip J. Giles and

25 Bobby Choudhary and the entire record in this matter.

26

27

28

## II.    STATEMENT OF FACTS

This is an unlawful detainer action.  On May 4, 2016, Plaintiff obtained a Judgment for possession of the real property located at 6213 S. 161st Way, Gilbert, AZ  85298-8455 (the "Property").  (Exhibit 1, Declaration of Philip J. Giles ("**Giles Decl.**"), ¶ 2.)  On May 24, 2016, a Writ of Restitution was issued.  **Giles Decl., ¶ 3.**  In the afternoon of May 24, 2016, a hearing on Defendants' Emergency Motion to Set Aside Judgment was held.  At the conclusion of the hearing the court ordered the stay of the execution of the writ of restitution pending the outcome of the Defendants' Emergency Motion to Set Aside Judgment.  *See* Minute Entry dated May 24, 2016; **Giles Decl., ¶ 4.**

Upon returning from court, Attorney Giles entered notes into the firm's internal docketing system regarding the notice of the stay and the results of the May 24, 2016 hearing.  **Giles Decl., ¶ 6**.  After entering the notes, Attorney Giles telephoned Mr. Bobby Choudhury, Former Counsel's west coast eviction supervisor advising him that a stay of the writ of restitution had been issued and that service of the writ be immediately cancelled. *Id.*

In response to Attorney Giles' instructions Mr. Choudhury contacted ProVest, LLC, the process server charged with delivering the writ of restitution to the Maricopa County Sheriff's Office to advise them to cancel service of the writ.  (Exhibit 2, Supplemental Declaration of Bobby Choudhury, ("**Choudhury Decl.**"), ¶ 6.  According to the process server the documents had already been delivered to the Sheriff's office for service. *Id.*  After learning the writ had been delivered to the Sheriff's office, Mr. Choudhury immediately contacted the Sheriff's Office to cancel service of the writ.  The Sheriff's clerk stated the writ had been delivered to the deputy but that she would try to get word to him to cancel service.  The clerk told Mr. Choudhury she could not guarantee the cancellation. **Choudhury Decl., ¶ 7.**

The instruction sheet that Mr. Choudhury sent to the sheriff's office with the writ of

restitution instructed the sheriff to contact Former Counsel to schedule the lockout. **Choudhury Decl., ¶ 8.** On June 2, 2016, Deputy Overton of the Maricopa County Sheriff's Office contacted Mr. Choudhury about scheduling a lockout at the Property. Mr. Choudhury informed Deputy Overton that no lockout would be scheduled because the court issued an order staying the writ of restitution. *Id.* Neither Mr. Giles, nor Mr. Choudhury nor anyone from Former Counsel's office coordinated with Plaintiff's representative or agent concerning a lockout. **Giles Decl., ¶ 8; Choudhury Decl., ¶ 9.**

## III.    ARGUMENT

**1.      Sanctions are not Warranted Because Former Counsel Took Every Possible Step to Comply With the Order Staying Execution Of The Writ Of Restitution.**

Defendants' Motion to Sanction Counsel is based on Defendants' allegation that Former Counsel failed to comply with a court order because Deputy Overton appeared at their Property allegedly with a writ of restitution. None of the conduct alleged in the Motion for Sanctions rises to the level of contempt that would warrant imposition of sanctions.

Disobeyance of a court order that directs an act for the benefit or advantage of the opposing party is considered civil contempt. *Ong Hing v. Thurston,* 101 Ariz. 92, 98, 416 P.2d 416, 422 (1966).    In order to prove contempt of the court's order, Defendants must prove that Former Counsel failed to obey the order. A.R.S. § 12-864; *Holt v. Hotham ex rel. County of Maricopa,* 197 Ariz. 614, 5 P.3d 948 (App. 2000)(civil contempt arises when a party refuses to do an act he or she is lawfully ordered to do so); *Phoenix Newspapers, Inc. v. Superior Court In and For Maricopa County,* 101 Ariz. 257, 258, 418 P.2d 594, 595 (1966)(same).

Here, the record does not support sanctions because there is no evidence that Former Counsel failed to obey the order. Indeed, Former Counsel took every step possible in order to stop service of the writ and ensure compliance with the court's stay orders. As set forth in the Declarations attached hereto, Former Counsel made every attempt to cancel service of the writ.

- 3 -

Former Counsel reasonably believed that the sheriff's office would follow the instructions to contact Former Counsel before serving the writ of restitution in order to schedule a lockout. No arrangements were made with the sheriff's office for a lockout. **(Choudhury Decl., ¶ 9)** Neither a person from Former Counsel's office nor a representative of the Plaintiff appeared at Defendants' Property. Even if Deputy Overton went to Defendants' door, possibly to check the occupancy status, he did not, and could not in the absence of a Plaintiff's representative or agent, attempt to lock out Defendants. A lockout did not occur, and could not have occurred, on June 2, 2016. **(Choudhury Decl., ¶ 9)** In fact, Defendants admit Deputy Overton did not attempt to evict them. Finally, Defendants have shown no actual loss or damages sustained as a result of Deputy Overton appearing at their Property. Compensatory sanctions must be based upon evidence of the complainant's actual loss. *Trombi v. Donahoe*, 223 Ariz. 261, 267, 222 P.3d 284, 291 (App. 2009), *citing, United States v. United Mine Workers of Am.*, 330 U.S. 258, 304, 67 S.Ct. 677, (1947).

An important consideration here is the fact that Former Counsel went out of their way to ensure compliance with the court's order staying the writ. Former Counsel contacted the process server and the sheriff's office to cancel service of the writ even though Former Counsel reasonably believed the sheriff's office would follow instructions and contact Former Counsel to schedule the lockout. In fact, that is exactly what Deputy Overton did when he contacted Mr. Choudhury to schedule the lockout. Mr. Choudhury told Deputy Overton that the Plaintiff would not be scheduling a lockout based on the court's order staying the writ of restitution. **(Choudhury Decl., ¶ 8)**

Based on the Declarations of Messrs. Giles and Choudhury, there was no disobedience of the court's order staying the writ of restitution by Former Counsel. Furthermore, there is no evidence of a bad faith attempt to dispossess Defendants from their Property. Finally,

- 4 -

1    Defendants have no evidence of damages as a result of Deputy Overton appearing at their

2    Property.  Therefore, sanctions are not warranted.

3                           IV.    **CONCLUSION**

4            Defendants have failed to establish that Former Counsel refused to comply with the

5    court's order staying the writ of restitution.  Therefore, Former Counsel request the court deny

6    Defendants' Motion to Sanction Counsel.

7            RESPECTFULLY SUBMITTED this 8th day of July, 2016.

8

9                                       **ALDRIDGE PITE, LLP**

10

11                                       /s/ Janet M. Spears

12                                       _____
                                         Janet M. Spears
13                                       Attorneys for ALDRIDGE PITE, LLP and PHILIP
                                         J. GILES

14

15

16

17   FILED with the Court via
     AZTURBOCOURT this 8th day
18   of July, 2016.

19   and a

20   COPY mailed this same date to:

21   Ivaylo Dodev
     6312 South 161st Way
22   Gilbert, AZ  85298
     *Pro Se*

23

24

25   /s/ Chelsea Miller
     _____
26   CHELSEA MILLER
     An Employee of Aldridge Pite, LLP

27

28

                                       - 5 -

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
7/8/2016 11:45:00 AM
Filing ID 7554125

1  Kim R. Lepore (SBN 019130)
   klepore@wrightlegal.net
2  Jamin S. Neil (SBN 026655)
   jneil@wrightlegal.net
3  **WRIGHT, FINLAY & ZAK, LLP**
   16427 N. Scottsdale Road, Suite 300
4  Scottsdale, Arizona 85254
   Telephone: (602) 845-8898
5  Facsimile: (949) 608-9142

6  Attorneys for *Plaintiff*
   Bank of New York Mellon f/k/a Bank of New
7  York, As Trustee, on behalf of the Registered
   Holders of Alternative Loan Trust 2007-OA7,
8  Mortgage Pass-Through Certificates, Series
   2007-OA7
9

10            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11              **IN AND FOR THE COUNTY OF MARICOPA**

12  BANK OF NEW YORK MELLON F/K/A      | Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE,
13  ON BEHALF OF THE REGISTERED
    HOLDERS OF ALTERNATIVE LOAN       | **PLAINTIFF'S LIST OF WITNESSES**
14  TRUST 2007-OA7, MORTGAGE PASS-     | **AND EXHIBITS**
    THROUGH CERTIFICATES, SERIES
15  2007-OA7, its successors and/or assigns,

16            Plaintiff,

17       vs.

18  IVAYLO DODEV, NIKOLINA T.
    DODEV and DOES I through X, inclusive,
19
            Defendants.
20

21         Pursuant to this Court's June 29, 2016 Order, *Plaintiff* Bank of New York Mellon

22  f/k/a Bank of New York, As Trustee, on behalf of the Registered Holders of Alternative Loan

23  Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7 ("Plaintiff"), by and

24  through counsel undersigned, submits the following list of witnesses it intends to call and

25  exhibits it intends to offer into evidence at the trial scheduled for July 15, 2016 at 11:00 a.m.:

26  /././

27  /././

28  /././

-1-
**PLAINTIFF'S LIST OF WITNESSES AND EXHIBITS**

## WITNESSES

1.      Chad Van Dyke
Direct Access Legal
165 E. Southern, Suite 103
Mesa, Arizona 85210
Tel: 480.464.8484

2.      Michael Manfredi
Nationwide Legal
3150 N. 24th Street, Suite D-104
Phoenix, Arizona 85016
Tel: 602.256.9700

## EXHIBITS

1.      <u>Exhibit A</u> - Trustee's Deed Upon Sale recorded on February 19, 2016 with the Maricopa County Recorder as Instrument Number 20160104356.

2.      <u>Exhibit B</u> - March 9, 2016 Certificate of Service of March 7, 2016 Notice Requiring Delivery of Possession of Premises.

3.      <u>Exhibit C</u> – June 20, 2016 Certificate of Service of Summons, Amended Summons, Residential Eviction Information Sheet, Civil Coversheet, Certificate of Arbitration and Complaint.

**RESPECTFULLY SUBMITTED** this 8th day of July 2016.

**WRIGHT, FINLAY & ZAK, LLP**

<u>/s/ Jamin S. Neil</u>
JAMIN S. NEIL
Attorneys for *Plaintiff* Bank of New York
Mellon f/k/a Bank of New York, As Trustee, on
behalf of the Registered Holders of Alternative
Loan Trust 2007-OA7, Mortgage Pass-Through
Certificates, Series 2007-OA7

**PLAINTIFF'S LIST OF WITNESSES AND EXHIBITS**

ORIGINAL of the foregoing
electronically filed via AZ Turbo Court
this 8th day of July 2016.

COPY of the foregoing hand-delivered
this 8th day of July 2016 to:

Hon. Michael Barth
125 W. Washington
Courtroom 005
Phoenix, Arizona 85003

COPY of the foregoing emailed
this 8th day of July 2016 to:

Ivaylo Dodev
Nikolina T. Dodev
6312 S. 161st Way
Gilbert, Arizona 85298-8455
dodev@hotmail.com
Plaintiffs *In Propria Persona*

/s/ *Gretchen Grant*
GRETCHEN GRANT

**PLAINTIFF'S LIST OF WITNESSES AND EXHIBITS**

# EXHIBIT A

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20160104356  02/19/2016  08:48
ELECTRONIC RECORDING

21401150TD-3-1-1--
Garciac

**Great American Title Agency**

WHEN RECORDED MAIL TO :
Tiffany & Bosco, P.A.
2525 E. Camelback Rd.
Ste. 700
Phoenix, AZ 85016

Forward Tax Statements to :
Select Portfolio Servicing, Inc.
3217 S Decker Lake Drive
Salt Lake City, UT 84119

T&B File # 14-01441 Dodev Conv - No PMI

Title Co. # 21401150

EXEMPT TRANSACTION – NO AFFIDAVIT
ARS 11-1134 (B)(1)

### TRUSTEE'S DEED UPON SALE

**David W. Cowles**, as the duly appointed Trustee (or successor Trustee or Substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without any covenant or warranty to :

**Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7 Mortgage Pass-Through Certificates, Series 2007-OA7**

herein called Grantee, the following described real property situated in Maricopa County, described as:

A Portion Of Land In The Southwest Quarter Of Section 22, Township 2 South, Range 6 East, Gila And Salt River Base And Meridian, Maricopa County, Arizona, Described As Follows;

Commencing At The Southwest Corner Of Section 22;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 1284.85 Feet;

Thence North 00 Degrees 00 Minutes 00 Seconds East, A Distance Of 415.04 Feet;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 193.02 Feet To The Point Of Beginning;

Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 367.57 Feet;

Thence North 00 Degrees 03 Minutes 42 Seconds East, A Distance Of 9.56 Feet;

Thence North 18 Degrees 49 Minutes 40 Seconds East, A Distance Of 266.94 Feet;

Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 279.44 Feet;

http://recorder.maricopa.gov/recdocdata/verifycert.aspx?id=163884 [20160104356] 4 Pages

**Page 2 of Trustee's Deed**
14-01441

     **Thence South 00 Degrees 25 Minutes 50 Seconds East, A Distance Of 262.23 Feet To The Point Of Beginning.**

This conveyance is made pursuant to the powers including the power of sale conferred upon Trustee by said Deed of Trust executed **Ivaylo T. Dodev, a married man, as his sole and separate property** , as Trustor, recorded on **12/18/2006** as Instrument No. **2006-1646998** (or Book, Page) of the Official Records of **Maricopa** County, **AZ** and  in compliance with the laws of the State of Arizona authorizing this conveyance and is effective upon the payment by the purchaser of the price bid in accordance with ARS §§ 33-810 and 33-811.

http://recorder.maricopa.gov/recdocdata/verifycert.aspx?id=163884 [20160104356] 4 Pages

http://recorder.maricopa.gov/recdocdata/verifycert.aspx?id=163884 [20160104356] 4 Pages

**Page 3 of Trustee's Deed**
14-01441

Said property was sold by Trustee at Public auction on February 8, 2016, at the place named in the Notice of Trustee's Sale. "Grantee", being the highest bidder at such sale, became the purchaser of said property and made payment thereof to said Trustee for the amount bid, namely $369,750.00, which payment was made either entirely in cash or by the satisfaction, protanto, of the obligation then secured by said Deed of Trust, together with the foreclosure and expenses relative thereto.

IN WITNESS WHEREOF, David W. Cowles, as Trustee, has this day caused his name to be hereunto affixed.

_____
David W. Cowles

State of Arizona        )
                        )ss.
County of Maricopa      )

On this __9__ day of _February_, 20_16_ before me, Mary P. Dobos, a Notary Public for said State, personally appeared David W. Cowles personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____



MARY P. DOBOS
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
October 22, 2018

20160104356
OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL



The foregoing instrument is an
**electronically prepared**
full, true and correct copy
of the original record in this
office.
Attest: 06/28/2016  04:13:03 PM

By _____ Recorder

To Verify this purchase visit
http://recorder.maricopa.gov/recdocdata/verifycert.aspx?id=163884

http://recorder.maricopa.gov/recdocdata/verifycert.aspx?id=163884 [20160104356] 4 Pages

# EXHIBIT B

**ALDRIDGE PITE**
2 North Central Avenue, Suite 1135
Phoenix, Arizona 85004
Reference No: 001577-002158

MARICOPA    COUNTY, STATE OF ARIZONA

Defendant/Tenant(s) Name(s)    )
IVAYLO DODEV    )
NIKOLINA T. DODEV    )    **CERTIFICATE OF SERVICE**
    )
    )
    )

The Undersigned Certified Registered Private Process Server, upon oath, deposes and says:

On 3-9 , 20 16 at 10:00 o'clock ☒A.M ☐P.M, I received
NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES in the above entitled and numbered action.

I served said documents on Defendant(s) by delivering a copy of
NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES as follows to:

IVAYLO DODEV, NIKOLINA T. DODEV
AND ALL OCCUPANTS, TENANTS OR SUBTENANTS

Date Served: _____ Time Served: _____

Person(s) Documents Delivered to: _____

Date Posted: 3-9-16 Time Posted: 8:00pm

Address where served/posted: 6312 S. 161ST WAY GILBERT, AZ 85298-8455

Thereafter copies of the documents were mailed by prepaid, first class mail on 3-10-16
                                               DATE

From   Mesa   Az   85210
       CITY     STATE     ZIP

Yes ☒ No ☐ Does the property address listed on the notice match the address on the physical property? If not,
list the address as it appears on the physical property: _____

Yes ☐ No ☒ Are there multiple units at this address? If yes, list how each unit is addressed: _____

Yes ☒ No ☐ Does the property appear occupied?: _____

Yes ☐ No ☐ If the property appears to be vacant, is there any personal property remaining in/on the property that
you can see? If yes, describe the items.: _____

Yes ☐ No ☒ Is there any other relevant information that the owner of this property or their attorney should be
aware of?: _____

County: Maricopa

Registration No.: 8602

Name & Address: **Direct Access Legal**
         **165 E Southern, Ste 103**
         **Mesa, AZ 85210**
         **480-464-8484**

                                    Certified Private Process Server Signature

# ALDRIDGE | PITE
LLP

Alaska Arizona California Florida Georgia Hawaii Idaho Nevada New Mexico Oregon Texas Utah Washington

March 7, 2016

## <u>NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES</u>

TO:  Ivaylo Dodev, Nikolina T. Dodev
and All Occupants, Tenants, or Subtenants
6312 S. 161st Way
Gilbert, AZ 85298

NOTICE IS HEREBY GIVEN that the above referenced property has been purchased at a trustee's sale under a Deed of Trust and that its title has been duly perfected and transferred the above referenced property to the following entity (the "Purchaser"):

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7

NOTICE IS FURTHER GIVEN that (i) within seven (7) days after service of this Notice upon you, in the event your are the original owner or a successor owner of the property or (ii) within ninety (90) days after service of this Notice in the event you are a tenant or subtenant of the property and not one of the owners of the property, you are required to deliver up possession of the above described premises to the undersigned authorized agent, or legal proceedings will be commenced against you to recover possession of said premises.

YOU ARE A BONA FIDE TENANT under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") if:

a)  You are not the former owner or the child, spouse or parent of the former owner; and
b)  You entered into the lease as a result of an arms-length transaction; and
c)  The rent due under your lease or rental agreement is not substantially less than fair market rent for the property or your rent is reduced due to a Federal, State or local subsidy.

4375 Jutland Drive
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
www.aldridgepite.com

ALDRIDGE | PITE

2 | P a g e

If you believe you are a "bona fide tenant" pursuant to the criteria above, please contact our office immediately at (858) 750-7600 so we can discuss the terms of your lease and any potential workouts, if applicable. However, please note that the PTFA expired December 31, 2014. As a result, any protections once provided under the PTFA are subject to Purchaser's consent.

If you are an active-duty member of the United States Armed Forces, or a dependent of an active-duty servicemember, you may be entitled to rights as provided in the Servicemembers Civil Relief Act ("SCRA"). In such case, you or your attorney should contact Aldridge Pite, LLP immediately and provide proof of military service so that the firm can determine if you fall under the protection of the SCRA.

This notice is given to you pursuant to Arizona Revised Statutes, Sections 12-1171 through 12-1174. For further information, or to provide proof of military service, please contact our office at (858) 750-7600.


PHILIP J. GILES
ALDRIDGE PITE, LLP

# EXHIBIT C

Attorney or Party without Attorney:
Kim Lepore, Esq.
WRIGHT, FINLAY & ZAK, LLP
16427 N Scottsdale Road, Suite 300
Scottsdale, AZ 85254
TELEPHONE No.: (602) 845-8898
Attorney for:

MICHAEL K. JEANES, CLERK
BY _____ DEPUTY

16 JUN 22  PM 4: 20

Ref No. or File No.:
209-20161023

Insert name of Court, and Judicial District and Branch Court:
In MARICOPA COUNTY SUPERIOR COURT in and for the County of MARICOPA

Petitioner: BANK OF NEW YORK MEKKON, et al.
Respondent: IVAYLO DODEV, et al.

| CERTIFICATE OF SERVICE | HEARING DATE: | TIME: | DEPT: | CASE NUMBER: CV2016-004500 |
|---|---|---|---|---|

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. At the time of service I was at least 18 years of age and authorized to serve process in this case.

I served copies of the AMENDED SUMMONS; SUMMONS FORCIBLE ENTRY AND DETAINER; COMPLAINT IN FORCIBLE DETAINER AND MONEY DAMAGES; CERTIFICATE OF ARBITRATION; CIVIL COVER SHEET; RESIDENTIAL EVICTION INFORMATION SHEET

a.  Party served        IVAYLO DODEV, NILOLINA T. DODEV, and all other occupants

Address where served: 6312 S 161ST WAY
                      GILBERT, AZ 85298

5.  I served the party
  b.  On: 6/17/2016  at: 5:09 PM  I left the documents in the presence of:
      Ivaylo Dodev - Co-Defendant
    Age: 40 yrs. Race: Caucasian Sex: Male Eyes: Brown Height: 6'0" Weight: 215 lbs. Hair: Brown

    (2)  (home) a competent member of the household at the dwelling house or usual place of abode of the party.  I
         informed him or her of the general nature of the papers.

Person who served papers:
NATIONWIDE   Name:  Michael Manfredi
   LEGAL      County of Maricopa, 8645
             3150 N. 24TH STREET, D-104          The fee for service was: $ 125.00
             Phoenix, AZ 85016
             (602) 256.9700
             www.nationwideasap.com

Date: June 20, 2016

(Michael Manfredi)

165334

1  PHILIP J. GILES, SBN 030340
   CASPER J. RANKIN, SBN 030007
2  ALDRIDGE PITE, LLP
   2 North Central Avenue, Suite 1135
3  Phoenix, AZ 85004
   Telephone: (858) 750-7600
4  Facsimile: (858) 412-2680
   Email: azevictions@aldridgepite.com
5
   Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
6  YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
   ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH
7  CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

8
                        **SUPERIOR COURT OF ARIZONA**
9
                           **COUNTY OF MARICOPA**
10

11 | BANK OF NEW YORK MELLON,            CIVIL CASE NO.:
   | F/K/A BANK OF NEW YORK, AS
12 | TRUSTEE, ON BEHALF OF THE           **SUMMONS**
   | REGISTERED HOLDERS OF
13 | ALTERNATIVE LOAN TRUST 2007-        **FORCIBLE ENTRY AND**
   | OA7, MORTGAGE PASS-THROUGH          **DETAINER**
14 | CERTIFICATES, SERIES 2007-OA7, its
   | successors and/or assigns
15 |                                     CV2016-004500
   |                Plaintiff,
16 |                                     IF YOU WANT THE ADVICE OF A
   |        vs.                          LAWYER, YOU MAY WISH TO CONTACT
17 |                                     THE LAWYER REFERRAL SERVICE AT
   | IVAYLO DODEV, NIKOLINA T.           602-257-4434 OR ON-LINE AT
18 | DODEV and DOES I through X, inclusive,  WWW.LAWYERFINDERS.ORG. LRS IS
   |                                     SPONSORED BY THE MARICOPA
19 |                Defendants.          COUNTY BAR ASSOCIATION

20 **THE STATE OF ARIZONA TO:** IVAYLO DODEV, NIKOLINA T. DODEV, and
21 DOES I through X, inclusive,

22 **YOU ARE HEREBY SUMMONED** and required to appear and defend in this action in
   this Court as follows: **ARS§ 12-1175**
23
          JUDICIAL OFFICER:        Commissioner Michael Barth
24        DATE AND TIME:           125 W. Washington
          COURT NAME:              (OCH) Ground Floor-Court Room 005
25        COURT TELEPHONE:         Phoenix, AZ 85003
          STREET ADDRESS:          4-13-16 @ 9:00 AM
26        CITY, STATE, ZIP:
27
28 You are further advised that Plaintiff seeks to recover possession of the following
   property:

                                    ˜ 2 ˜

6312 S. 161st Way, Gilbert AZ 85298-8455.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST 3 WORKING DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

The name and address of Plaintiff's attorney is:

> PHILIP J. GILES, SBN 030340
> ALDRIDGE PITE, LLP
> 2 North Central Avenue Suite 1135
> Phoenix, AZ 85004

SIGNED AND SEALED this date: _____

Clerk **COPY** _____

By _____
                Deputy Clerk

MAR 28 2016

MICHAEL K. JEANES, CLERK
M. GUMBRART
DEPUTY CLERK

3

1  Kim R. Lepore (SBN 019130)
   klepore@wrightlegal.net
2  Jamin S. Neil (SBN 026655)
   jneil@wrightlegal.net
3  **WRIGHT, FINLAY & ZAK, LLP**
   16427 N. Scottsdale Rd, Suite 300
4  Scottsdale, Arizona 85254
   Telephone: (602) 842-3368
5  Facsimile: (949) 608-9142

6  Attorneys for *Defendant* Bank of New York
   Mellon f/k/a Bank of New York, as Trustee,
7  on behalf of the Registered Holders of
   Alternative Loan Trust 2007-OA7, Mortgage
8  Pass-Through Certificates, Series 2007-OA7

**FILED**
MICHAEL K. JEANES, Clerk
By
C. Gobble, Deputy

**ORIGINAL**

9            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10              **IN AND FOR THE COUNTY OF MARICOPA**

11  BANK OF NEW YORK MELLON F/K/A          Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE, ON
12  BEHALF OF THE REGISTERED
    HOLDERS OF ALTERNATIVE LOAN          **AMENDED SUMMONS** from a lawyer,
13  TRUST 2007-OA7, MORTGAGE PASS-         contact the Lawyer Referral Service at
    THROUGH CERTIFICATES, SERIES 2007-              602-257-4434
14  OA7, its successors and/or assigns,                  or
15                                              www.maricopalawyers.org
               Plaintiff,                        Sponsored by the
16                                           Maricopa County Bar Association
          vs.
17
    IVAYLO DODEV, NIKOLINA T. DODEV
18  and DOES I through X, inclusive,
19
               Defendants.

20      **THE STATE OF ARIZONA TO THE DEFENDANTS:**

21      **YOU ARE HEREBY SUMMONED** and required to appear and defend in this Court

22  located at Maricopa County Superior Court, Old Court House, 125 W. Washington, Phoenix,

23  AZ 85003, Courtroom 005, on June 27, 2016 at 11:00 a.m. At this hearing you must answer

24  the Complaint filed by Plaintiff which seeks to recover possession of the real property

25  located at 6312 S. 161st Way, Gilbert, AZ 85298.

26      **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend at

27  the above-referenced hearing, judgment by default may be rendered against you for the relief

28  demanded in the Complaint.

-1-
**SUMMONS**

The name and address of Plaintiff's attorney is:

Jamin S. Neil
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Rd, Suite 300
Scottsdale, Arizona 85254
Telephone: (602) 842-3368
Facsimile: (949) 608-9142

**REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.**

**SIGNED AND SEALED** this date _____ JUN 16 2016 _____.

CLERK OF THE COURT

MICHAEL K. JEANES, CLERK

By: _____
*Deputy Clerk*

N. Cotton
Deputy Clerk

-2-
**SUMMONS**

# RULES OF PROCEDURE FOR EVICTION ACTIONS

## APPENDIX A
## RESIDENTIAL EVICTION INFORMATION SHEET

### (PUBLICATION AND DISTRIBUTION
### REQUIRED BY THE ARIZONA
### SUPREME COURT)

**Notice.** A landlord must provide a tenant with written notice saying why the eviction process has started. The tenant should have received this notice before this lawsuit was filed or with the summons.

**Rent cases.** If this lawsuit has been filed for not paying rent, the tenant can stop it and continue living in the residence by paying all rent now due, late fees, attorney's fees and court costs. After a judgment has been granted, reinstatement of the lease is solely in the landlord's discretion. Inability to pay rent is not a legal defense and the judge cannot give more time to pay, even if the tenant is having financial problems.

**Before Court.** Eviction cases move through the court system very quickly. If the tenant disagrees with the landlord's allegations, the tenant is encouraged to file a written answer. The answer form available from the justice court allows the tenant to admit or deny the allegations and explain his or her position. If the tenant cannot afford to pay the answer fee, he or she may apply for a waiver or deferral of that fee. If a tenant believes that the landlord owes him or her money, the tenant may under some circumstances file a counterclaim. The summons states that a trial will occur on the date listed, but due to the high volume of cases, a trial may not occur then. If the tenant fails to appear, and the landlord or his attorney is present, a judgment will probably be entered against the tenant. Tenants can represent themselves or arrange for lawyers to represent them. The court will not provide a lawyer.

**At Court.** At the time and date listed on the summons, the judge will start calling cases. If both parties are present, the judge will ask the tenant whether the complaint is true. If the tenant says "no", he or she will need to briefly tell the judge why. If the reason is a legal defense, the judge will need to hear testimony from both sides and make a decision after a trial. After talking to the landlord or its attorney, a tenant may wish to agree to what the landlord is requesting by signing a "stipulation". A stipulation is an agreement under which the parties resolve the dispute on the basis of what the agreement says. Only matters contained in the written agreement can be enforced. These agreements should be clear and understandable by both parties. Most stipulations include judgments against tenants.

**Continuances.** Either party may ask that the court date be delayed. The court will agree only if there is a very good reason. A delay will be no more than three business days.

1

There is no assurance a delay will be granted and parties should come to court prepared for trial and bring necessary witnesses and documents.

**After a Judgment.** If a landlord receives a judgment, it may apply for a writ of restitution to remove the tenant(s) and all occupants. Writs of Restitution are served by constables, who will direct the residents to leave. A tenant may avoid the difficulties associated with a writ of restitution by vacating the property and returning the keys to the landlord. This ends the tenants' possession of the residence. A tenant will have five (5) days to vacate the premises unless the court has found a material and irreparable breach of the lease by the tenant, in which case the tenant has only twelve (12) to twenty-four (24) hours to vacate. A judgment will probably appear on a tenant's credit report for several years. Parties wishing to appeal from a judgment have five days to do so after the judgment is entered and can obtain forms and information from the court filing counter. If a tenant wants to remain in the rental home during the appeal, the tenant must also pay an appropriate bond and continue to pay rent into court as it becomes due. If the tenant prevails the court will dismiss the case. Absent an appeal, the tenant will need to obtain the landlord's approval and enter a new lease to continue living in the residence.

**Sources of Additional Information.** You can get copies of the Arizona Residential Landlord Tenant Act, the Arizona Mobile Home Parks Residential Landlord and Tenant Act and the Long Term Recreational Vehicle Rental Space Act from a library or from links on the Arizona Judicial Branch Evictions and Small Claims web page, www.azcourts.gov/PublicServices/CivilLaw/EvictionsSmallClaims.aspx. If you wish to consult an attorney, you may want to contact the Arizona State Bar Attorney Referrals Line or, in Maricopa County, Community Legal Services at. Contact the court in other counties for similar referrals.

**Please be advised that this Residential Eviction Information Sheet, Appendix A (the "Appendix"), is being provided to you in compliance with Rule 5(a)(5) of the Rules of Procedure for Eviction Actions. However, the information contained in the Appendix may or may not be applicable to the instant case.

**COPY**

In the Superior Court of the State of Arizona
In and For the County of Maricopa

Case Number: **CV2016-004500**

**CIVIL COVER SHEET – NEW FILING ONLY**
(Please type or Print)

Do not type in ALL CAPS

MAR 29 2016

MICHAEL K. JEANES, CLERK
M. QUINOUARD
DEPUTY CLERK

Is interpreter Needed? ☐ Yes ☐ No
If yes, what language: _____

To the best of my knowledge, all information is true and correct.

**Attorney/Pro Per Signature** (If no attorney, YOUR signature)

Plaintiff's Attorney:
**Philip J. Giles**
Attorney's Bar Number: **030340**

Plaintiff's Name(s): (List All)
**BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK,
AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS
OF ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE**
(List Additional Plaintiffs on page two and/or attach a separate sheet.)

Plaintiff's Address:
**ALDRIDGE PITE, LLP**
**2 North Central Avenue, Suite 1135**
**Phoenix, AZ 85004**

Defendant's Name(s): (List All)

**IVAYLO DODEV, NIKOLINA T. DODEV and DOES I through X, inclusive,**
(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:
(if applicable)

☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction

☐ Provisional Remedy
☐ Election Challenge
☐ Other

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).
☐ RULE 8(i) COMPLEX LITIGATION APPLIES  Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as
civil actions that require continuous judicial management.  A typical case involves a large number of witnesses, a
substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, in addition to the Nature of Action case category).

**NATURE OF ACTION**
(Place an "X" next to the 2.III case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability - Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice - Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.        ☐ 123 Hospital
☐ 121 Physician D.O         ☐ 124 Other

**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
　　☐ 136 Six to Nineteen Structures
　　☐ 137 Twenty or More Structures

**150-199  OTHER CIVIL CASE TYPES**

☐ 156 Eminent Domain/Condemnation
☒ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 Employer Sanction Action (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Sexually Violent Persons (A.R.S. §36-3704)
  (Except Maricopa County)
☐ Minor Abortion  (Se Juvenile in Maricopa County)
☐ Special Action Against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
  (§§ 1-501, 1-502, 11-1051)

**150-199  UNCLASSIFIED CIVIL CASE TYPES**

☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
☐ 150 Tax Appeal  (All other tax matters must be
  filed in the AZ Tax Court)

Case Number: _____

☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute - Other
☐ 159 Restoration of Civil Rights (Federal)
☐ 159 Clearance of Records (A.R.S. §13-4051)
☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain-Light Rail Only
☐ 177 Interpleader- Automobile Only
☐ 178 Delayed Birth Certificate (ARS. §36-333.03)
☐ 183 Employment Dispute - Discrimination
☐ 185 Employment Dispute - Other
☐ 195(a) Amend Marriage License
☐ 195(b) Amend Birth Certificate
☐ 163 Other _____
                    (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____     _____     _____

Additional Defendant(s)

_____     _____     _____

1  PHILIP J. GILES, SBN 030340
   CASPER J. RANKIN, SBN 030007
2  ALDRIDGE PITE, LLP
   2 North Central Avenue, Suite 1135
3  Phoenix, AZ 85004
   Telephone: (858) 750-7600
4  Facsimile: (858) 412-2680
   Email:  azevictions@aldridgepite.com
5

**COPY**

MAR 2 9 2016

MICHAEL K. JEANES, CLERK
M. GUINOUARD
DEPUTY CLERK

6  Attorneys for  Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
   YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
7  ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH
   CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

8              **SUPERIOR COURT OF ARIZONA**

9                **COUNTY OF MARICOPA**

10 | BANK OF NEW YORK MELLON, | CIVIL CASE NO.: |
   | F/K/A BANK OF NEW YORK, AS |
11 | TRUSTEE, ON BEHALF OF THE | **CERTIFICATE OF ARBITRATION** |
   | REGISTERED HOLDERS OF |
12 | ALTERNATIVE LOAN TRUST 2007- |
   | 0A7, MORTGAGE PASS-THROUGH | CV2016-004500 |
13 | CERTIFICATES, SERIES 2007-OA7, its |
   | successors and/or assigns |
14 |
15 |            Plaintiff, |
   |       vs. |
16 | IVAYLO DODEV, NIKOLINA T. |
17 | DODEV and DOES I through X, inclusive, |
18 |            Defendants. |

19     Plaintiff, BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS

20 TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE

21 LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES

22 2007-OA7 through  undersigned counsel hereby certifies that this case is NOT subject to

23 compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil

24 Procedure, in that plaintiff seeks affirmative relief in addition to, or instead of, a money

25 judgment.

26     RESPECTFULLY SUBMITTED this 24 day of March, 2016.

27                                   _____
                                     PHILIP J. GILES
28                                   Attorney for Plaintiff

1

**COPY**

1  PHILIP J. GILES, SBN 030340
   CASPER J. RANKIN, SBN 030007
2  ALDRIDGE PITE, LLP
   2 North Central Avenue, Suite 1135
3  Phoenix, AZ 85004
   Telephone: (858) 750-7600
4  Facsimile: (858) 412-2680
   Email: azevictions@aldridgepite.com
5

MAR 2 9 2016

MICHAEL K. JEANES, CLERK
M. GUINOUARD
DEPUTY CLERK

6  Attorneys for Plaintiff BANK OF NEW YORK MELLON, F/K/A BANK OF NEW
   YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF
7  ALTERNATIVE LOAN TRUST 2007-0A7, MORTGAGE PASS-THROUGH
   CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns

8

9                  **SUPERIOR COURT OF ARIZONA**

10                    **COUNTY OF MARICOPA**

11  BANK OF NEW YORK MELLON,           CIVIL CASE NO.:
    F/K/A BANK OF NEW YORK, AS
12  TRUSTEE, ON BEHALF OF THE          **COMPLAINT IN FORCIBLE**
    REGISTERED HOLDERS OF              **DETAINER AND MONEY**
13  ALTERNATIVE LOAN TRUST 2007-       **DAMAGES**
    0A7, MORTGAGE PASS-THROUGH
14  CERTIFICATES, SERIES 2007-OA7, its
    successors and/or assigns          CV2016-004500
15
          Plaintiff,
16
       vs.
17
    IVAYLO DODEV, NIKOLINA T.
18  DODEV and DOES I through X, inclusive,
19
          Defendants.
20

21  <u>**YOU ARE BEING SUED TO BE EVICTED FROM THE REAL PROPERTY**</u>

22  <u>**DESCRIBED MORE FULLY HEREIN. PLEASE READ CAREFULLY.**</u>

23  Plaintiff alleges:

24                  **PARTIES AND JURISDICTION**

25      1)      Plaintiff is a corporation which is entitled to possession of and is the record

26  owner of a parcel of real property and the dwelling thereon located at: 6312 S. 161st

27  Way, Gilbert AZ 85298-8455, which is located within the above-captioned Judicial

28  District and County and is more particularly described in the attached Trustee's Deed

    Upon Sale.

                                    3

2)    The true names or capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES I through X in occupancy are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

3)    Defendants, and each of them, are currently in possession of and occupying the above-described real property.

## CAUSE OF ACTION FOR FORCIBLE DETAINER
## AND MONEY DAMAGES

4)    Plaintiff purchased the above-described real property ("Premises") at a Trustee's Sale held on February 8, 2016, in accordance with Arizona Revised Statutes § 33-801 *et seq.* and Plaintiff's title has been duly perfected.

5)    Plaintiff has a duly executed Trustee's Deed Upon Sale, a copy of which is attached hereto as Exhibit "A" and is incorporated by reference as though set forth fully herein.

6)    Plaintiff's title has been duly perfected.

7)    On March 9, 2016, by written notice, and in compliance with Arizona Revised Statutes § 12-1173.01, Plaintiff made demand on said Defendants for and required the delivery of possession of the Premises within seven (7) days from service of the notice, a true copy of which is attached hereto as Exhibit "B" and is incorporated by reference as though set forth fully herein.

8)    The Notice Requiring Delivery of Possession of Premises ("Notice") served upon the Defendants has been neglected and refused for seven (7) days following its service upon them, and remains neglected and refused now.  A true copy of the Affidavit of Service of the Notice is attached hereto as Exhibit "C" and is incorporated by reference as though set forth fully herein.

9)    Defendants are unlawfully continuing in possession of the Premises despite the Notice, without permission of the Plaintiff and under no claim of right.

10)    Plaintiff seeks damages in the form of the reasonable value for the use and occupancy of the Premises from February 8, 2016, the date of the Trustee's Sale, and for each day thereafter, until the date Defendants are removed from the Premises.

11)    Plaintiff has performed all the necessary conditions and given all the required notices to bring this Forcible Detainer action. Additionally, a military-status check of the Defendant(s) was conducted on Plaintiff's behalf through the U.S. Department of Defense.

12)    WHEREFORE, Plaintiff prays for judgment as follows:

1)    Defendants be ordered to vacate the Premises and Plaintiff be placed in possession thereof;

2)    For an order to the Clerk of the Court to issue a Writ of Restitution in this action to the Maricopa County Sheriff, commanding him to immediately restore possession of the Premises to Plaintiff from Defendants and all persons holding possession under Defendants or otherwise;

3)    Defendants be ordered to pay a fair rental on the premises from February 8, 2016, through the date of judgment;

4)    For court costs and attorneys' fees incurred in this matter; and,

5)    For such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITED this _24_ day of March, 2016.

PHILIP J. GILES
Attorney for Plaintiff

5

## VERIFICATION

State of Arizona    )

County of Phoenix)

    I, PHILIP J. GILES, am the attorney for Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7, its successors and/or assigns, the Plaintiff in this action. I have read the foregoing Complaint in Forcible Detainer and Money Damages and know its contents. I am informed and believe and on that ground allege the matters stated therein are true.

    Executed March  24 , 2016, at Phoenix, Arizona.

    I declare and verify under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

PHILIP J. GILES
Attorney for Plaintiff

# EXHIBIT A

**Great American Title Agency**

WHEN RECORDED MAIL TO :
Tiffany & Bosco, P.A.
2525 E. Camelback Rd.
Ste. 700
Phoenix, AZ 85016

Forward Tax Statements to :
Select Portfolio Servicing, Inc.
3217 S Decker Lake Drive
Salt Lake City, UT  84119

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20160104356  02/19/2016   08:48
ELECTRONIC RECORDING

21401150TD-3-1-1--
Garciac

---

T&B File # 14-01441 Dodev Conv - No PMI

Title Co. # 21401150

EXEMPT TRANSACTION – NO AFFIDAVIT
ARS 11-1134 (B)(1)

---

### TRUSTEE'S DEED UPON SALE

**David W. Cowles**, as the duly appointed Trustee (or successor Trustee or Substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without any covenant or warranty to :

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7

herein called Grantee, the following described real property situated in Maricopa County, described as:

    A Portion Of Land In The Southwest Quarter Of Section 22, Township 2 South, Range 6 East, Gila And Salt River Base And Meridian, Maricopa County, Arizona, Described As Follows;

    Commencing At The Southwest Corner Of Section 22;

    Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 1284.85 Feet;

    Thence North 00 Degrees 00 Minutes 00 Seconds East, A Distance Of 415.04 Feet;

    Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 193.02 Feet To The Point Of Beginning;

    Thence South 90 Degrees 00 Minutes 00 Seconds West, A Distance Of 367.57 Feet;

    Thence North 00 Degrees 03 Minutes 42 Seconds East, A Distance Of 9.56 Feet;

    Thence North 18 Degrees 49 Minutes 40 Seconds East, A Distance Of 266.94 Feet;

    Thence North 90 Degrees 00 Minutes 00 Seconds East, A Distance Of 279.44 Feet;

EXHIBIT A

**Page 2 of Trustee's Deed**
14-01441

Thence South 00 Degrees 25 Minutes 50 Seconds East, A Distance Of 262.23 Feet To The Point Of Beginning.

This conveyance is made pursuant to the powers including the power of sale conferred upon Trustee by said Deed of Trust executed Ivaylo T. Dodev, a married man, as his sole and separate property , as Trustor, recorded on 12/18/2006 as Instrument No. 2006-1646998 (or Book, Page) of the Official Records of Maricopa County, AZ and  in compliance with the laws of the State of Arizona authorizing this conveyance and is effective upon the payment by the purchaser of the price bid in accordance with ARS §§ 33-810 and 33-811.

**Page 3 of Trustee's Deed**
14-01441

Said property was sold by Trustee at Public auction on February 8, 2016, at the place named in the Notice of Trustee's Sale. "Grantee", being the highest bidder at such sale, became the purchaser of said property and made payment thereof to said Trustee for the amount bid, namely $369,750.00, which payment was made either entirely in cash or by the satisfaction, protanto, of the obligation then secured by said Deed of Trust, together with the foreclosure and expenses relative thereto.

IN WITNESS WHEREOF, David W. Cowles, as Trustee, has this day caused his name to be hereunto affixed.

_____
David W. Cowles

State of Arizona        )
                        )ss.
County of Maricopa      )

On this 9 day of February, 20 16 before me, Mary P. Dobos, a Notary Public for said State, personally appeared David W. Cowles personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MARY P. DOBOS
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
October 22, 2018