# EXHIBIT B

# ALDRIDGE | PITE
LLP

Alaska Arizona California Florida Georgia Hawaii Idaho Nevada New Mexico Oregon Texas Utah Washington

March 7, 2016

## NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES

TO: Ivaylo Dodev, Nikolina T. Dodev
and All Occupants, Tenants, or Subtenants
6312 S. 161st Way
Gilbert, AZ 85298

NOTICE IS HEREBY GIVEN that the above referenced property has been purchased at a trustee's sale under a Deed of Trust and that its title has been duly perfected and transferred the above referenced property to the following entity (the "Purchaser"):

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates, Series 2007-OA7

NOTICE IS FURTHER GIVEN that (i) within seven (7) days after service of this Notice upon you, in the event your are the original owner or a successor owner of the property or (ii) within ninety (90) days after service of this Notice in the event you are a tenant or subtenant of the property and not one of the owners of the property, you are required to deliver up possession of the above described premises to the undersigned authorized agent, or legal proceedings will be commenced against you to recover possession of said premises.

YOU ARE A BONA FIDE TENANT under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") if:

a) You are not the former owner or the child, spouse or parent of the former owner; and

b) You entered into the lease as a result of an arms-length transaction; and

c) The rent due under your lease or rental agreement is not substantially less than fair market rent for the property or your rent is reduced due to a Federal, State or local subsidy.

EXHIBIT B

4375 Jutland Drive
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
www.aldridgepite.com

**ALDRIDGE | PITE** LLP

If you believe you are a "bona fide tenant" pursuant to the criteria above, please contact our office immediately at (858) 750-7600 so we can discuss the terms of your lease and any potential workouts, if applicable. However, please note that the PTFA expired December 31, 2014. As a result, any protections once provided under the PTFA are subject to Purchaser's consent.

If you are an active-duty member of the United States Armed Forces, or a dependent of an active-duty servicemember, you may be entitled to rights as provided in the Servicemembers Civil Relief Act ("SCRA"). In such case, you or your attorney should contact Aldridge Pite, LLP immediately and provide proof of military service so that the firm can determine if you fall under the protection of the SCRA.

This notice is given to you pursuant to Arizona Revised Statutes, Sections 12-1171 through 12-1174. For further information, or to provide proof of military service, please contact our office at (858) 750-7600.

PHILIP J. GILES
ALDRIDGE PITE, LLP

# EXHIBIT C

**ALDRIDGE PITE**
2 North Central Avenue, Suite 1135
Phoenix, Arizona 85004
Reference No: 001577-002158

_____ MARICOPA _____ COUNTY, STATE OF ARIZONA

Defendant/Tenant(s) Name(s)                )
IVAYLO DODEV                                )        **CERTIFICATE OF SERVICE**
NIKOLINA T. DODEV                           )
_____                    )
_____                    )
_____                    )

The Undersigned Certified Registered Private Process Server, upon oath, deposes and says:

On _3 - 9_____ , 20 _16_ at _10:00_ o'clock ☒A.M ☐P.M, I received
NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES in the above entitled and numbered action.

I served said documents on Defendant(s) by delivering a copy of
NOTICE REQUIRING DELIVERY OF POSSESSION OF PREMISES as follows to:

IVAYLO DODEV, NIKOLINA T. DODEV
AND ALL OCCUPANTS, TENANTS OR SUBTENANTS

Date Served: _____   Time Served: _____

Person(s) Documents Delivered to: _____

Date Posted: _3 - 9 - 16_   Time Posted: _8:00pm_

Address where served/posted: 6312 S. 161ST WAY GILBERT, AZ 85298-8455

Thereafter copies of the documents were mailed by prepaid, first class mail on _3-10-16_
                                                                              DATE
From _Mesa     AZ     85210_
     CITY      STATE   ZIP

Yes ☒ No☐  Does the property address listed on the notice match the address on the physical property? If not,
           list the address as it appears on the physical property: _____

Yes ☐ No☒  Are there multiple units at this address? If yes, list how each unit is addressed: _____

Yes ☒ No☐  Does the property appear occupied?: _____

Yes ☐ No☐  If the property appears to be vacant, is there any personal property remaining in/on the property that
           you can see? If yes, describe the items.: _____

Yes ☐ No☒  Is there any other relevant information that the owner of this property or their attorney should be
           aware of?: _____

County: _Maricopa_

Registration No.: _8602_

Name & Address:  **Direct Access Legal**
                 165 E Southern, Ste 103
                 Mesa, AZ 85210
                 480-464-8484

_____
Certified Private Process Server Signature

EXHIBIT C



Janet M. Spears (SBN 023833)
jspears@aldridgepite.com
ALDRIDGE PITE, LLP
2 North Central, Suite 1135
Phoenix, Arizona 85004
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for ALDRIDGE PITE, LLP and PHILIP J. GILES

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7,<br><br>Plaintiff,<br><br>v.<br><br>IVAYLO DODEV, et. al.,<br><br>Defendants. | Case No. CV2016-004500<br><br>**ALDRIDGE PITE, LLP AND PHILIP J. GILES' SUPPLEMENTAL OPPOSITION TO IVAYLO DODEV AND NIKOLINA DODEV'S MOTION TO SANCTION COUNSEL** |

## I.     <u>INTRODUCTION</u>

The Court should deny Defendants Ivaylo Dodev and Nikolina Dodev's ("Defendants") Motion to Sanction Counsel, directed to former counsel Aldridge Pite, LLP and its former associate attorney Philip J. Giles ("Former Counsel") because Former Counsel took every step necessary to halt service of the Writ of Restitution. This supplemental opposition is supported by the following Memorandum of Points and Authorities, the Declarations of Philip J. Giles and Bobby Choudhary and the entire record in this matter.

- 1 -

## II.   STATEMENT OF FACTS

This is an unlawful detainer action.  On May 4, 2016, Plaintiff obtained a Judgment for possession of the real property located at 6213 S. 161st Way, Gilbert, AZ  85298-8455 (the "Property").  (Exhibit 1, Declaration of Philip J. Giles ("**Giles Decl.**"), ¶ 2.)  On May 24, 2016, a Writ of Restitution was issued.  **Giles Decl., ¶ 3**.  In the afternoon of May 24, 2016, a hearing on Defendants' Emergency Motion to Set Aside Judgment was held.  At the conclusion of the hearing the court ordered the stay of the execution of the writ of restitution pending the outcome of the Defendants' Emergency Motion to Set Aside Judgment.  *See* Minute Entry dated May 24, 2016; **Giles Decl., ¶ 4**.

Upon returning from court, Attorney Giles entered notes into the firm's internal docketing system regarding the notice of the stay and the results of the May 24, 2016 hearing.  **Giles Decl., ¶ 6**.  After entering the notes, Attorney Giles telephoned Mr. Bobby Choudhury, Former Counsel's west coast eviction supervisor advising him that a stay of the writ of restitution had been issued and that service of the writ be immediately cancelled.  *Id.*

In response to Attorney Giles' instructions Mr. Choudhury contacted ProVest, LLC, the process server charged with delivering the writ of restitution to the Maricopa County Sheriff's Office to advise them to cancel service of the writ.  (Exhibit 2, Supplemental Declaration of Bobby Choudhury, ("**Choudhury Decl.**"), ¶ 6.  According to the process server the documents had already been delivered to the Sheriff's office for service.  *Id.*  After learning the writ had been delivered to the Sheriff's office, Mr. Choudhury immediately contacted the Sheriff's Office to cancel service of the writ.  The Sheriff's clerk stated the writ had been delivered to the deputy but that she would try to get word to him to cancel service.  The clerk told Mr. Choudhury she could not guarantee the cancellation.  **Choudhury Decl., ¶ 7**.

The instruction sheet that Mr. Choudhury sent to the sheriff's office with the writ of

ALDRIDGE PITE, LLP AND PHILIP J. GILES' SUPPLEMENTAL OPPOSITION TO MOTION TO SANCTION COUNSEL

restitution instructed the sheriff to contact Former Counsel to schedule the lockout. **Choudhury Decl., ¶ 8.** On June 2, 2016, Deputy Overton of the Maricopa County Sheriff's Office contacted Mr. Choudhury about scheduling a lockout at the Property. Mr. Choudhury informed Deputy Overton that no lockout would be scheduled because the court issued an order staying the writ of restitution. *Id.* Neither Mr. Giles, nor Mr. Choudhury nor anyone from Former Counsel's office coordinated with Plaintiff's representative or agent concerning a lockout. **Giles Decl., ¶ 8; Choudhury Decl., ¶ 9.**

## III.  ARGUMENT

**1.    Sanctions are not Warranted Because Former Counsel Took Every Possible Step to Comply With the Order Staying Execution Of The Writ Of Restitution.**

Defendants' Motion to Sanction Counsel is based on Defendants' allegation that Former Counsel failed to comply with a court order because Deputy Overton appeared at their Property allegedly with a writ of restitution. None of the conduct alleged in the Motion for Sanctions rises to the level of contempt that would warrant imposition of sanctions.

Disobeyance of a court order that directs an act for the benefit or advantage of the opposing party is considered civil contempt. *Ong Hing v. Thurston,* 101 Ariz. 92, 98, 416 P.2d 416, 422 (1966).    In order to prove contempt of the court's order, Defendants must prove that Former Counsel failed to obey the order. A.R.S. § 12-864; *Holt v. Hotham ex rel. County of Maricopa,* 197 Ariz. 614, 5 P.3d 948 (App. 2000)(civil contempt arises when a party refuses to do an act he or she is lawfully ordered to do so); *Phoenix Newspapers, Inc. v. Superior Court In and For Maricopa County,* 101 Ariz. 257, 258, 418 P.2d 594, 595 (1966)(same).

Here, the record does not support sanctions because there is no evidence that Former Counsel failed to obey the order. Indeed, Former Counsel took every step possible in order to stop service of the writ and ensure compliance with the court's stay orders. As set forth in the Declarations attached hereto, Former Counsel made every attempt to cancel service of the writ.

- 3 -

Former Counsel reasonably believed that the sheriff's office would follow the instructions to contact Former Counsel before serving the writ of restitution in order to schedule a lockout.  No arrangements were made with the sheriff's office for a lockout.  (**Choudhury Decl., ¶ 9**) Neither a person from Former Counsel's office nor a representative of the Plaintiff appeared at Defendants' Property.  Even if Deputy Overton went to Defendants' door, possibly to check the occupancy status, he did not, and could not in the absence of a Plaintiff's representative or agent, attempt to lock out Defendants.  A lockout did not occur, and could not have occurred, on June 2, 2016.  (**Choudhury Decl., ¶ 9**)  In fact, Defendants admit Deputy Overton did not attempt to evict them.  Finally, Defendants have shown no actual loss or damages sustained as a result of Deputy Overton appearing at their Property.  Compensatory sanctions must be based upon evidence of the complainant's actual loss.  *Trombi v. Donahoe,* 223 Ariz. 261, 267, 222 P.3d 284, 291 (App. 2009), *citing, United States v. United Mine Workers of Am.,* 330 U.S. 258, 304, 67 S.Ct. 677, (1947).

An important consideration here is the fact that Former Counsel went out of their way to ensure compliance with the court's order staying the writ.  Former Counsel contacted the process server and the sheriff's office to cancel service of the writ even though Former Counsel reasonably believed the sheriff's office would follow instructions and contact Former Counsel to schedule the lockout.  In fact, that is exactly what Deputy Overton did when he contacted Mr. Choudhury to schedule the lockout.  Mr. Choudhury told Deputy Overton that the Plaintiff would not be scheduling a lockout based on the court's order staying the writ of restitution.  (**Choudhury Decl., ¶ 8**)

Based on the Declarations of Messrs. Giles and Choudhury, there was no disobedience of the court's order staying the writ of restitution by Former Counsel.  Furthermore, there is no evidence of a bad faith attempt to dispossess Defendants from their Property.  Finally,

- 4 -

1 Defendants have no evidence of damages as a result of Deputy Overton appearing at their

2 Property. Therefore, sanctions are not warranted.

### IV.    CONCLUSION

Defendants have failed to establish that Former Counsel refused to comply with the court's order staying the writ of restitution. Therefore, Former Counsel request the court deny Defendants' Motion to Sanction Counsel.

RESPECTFULLY SUBMITTED this 8th day of July, 2016.

**ALDRIDGE PITE, LLP**


*/s/ Janet M. Spears*

Janet M. Spears
Attorneys for ALDRIDGE PITE, LLP and PHILIP J. GILES


FILED with the Court via
AZTURBOCOURT this 8th day
of July, 2016.

and a

COPY mailed this same date to:

Ivaylo Dodev
6312 South 161st Way
Gilbert, AZ  85298
*Pro Se*


/s/ Chelsea Miller
CHELSEA MILLER
An Employee of Aldridge Pite, LLP

ALDRIDGE PITE, LLP AND PHILIP J. GILES' SUPPLEMENTAL OPPOSITION TO MOTION TO SANCTION COUNSEL

# Exhibit 1

1  Janet M. Spears (SBN 023833)
   jspears@aldridgepite.com
2  ALDRIDGE PITE, LLP
   2 North Central, Suite 1135
3  Phoenix, Arizona 85003
   Telephone: (858) 750-7600
4  Facsimile: (619) 590-1385
   Attorneys for ALDRIDGE PITE, LLP
5  and PHILIP J. GILES

6

7

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                **IN AND FOR THE COUNTY OF MARICOPA**

10  BANK OF NEW YORK MELLON, F/K/A          Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE,
11  ON BEHALF OF THE REGISTERED            **DECLARATION OF PHILIP J. GILES**
    HOLDERS OF ALTERNATIVE LOAN           **IN SUPPORT OF SUPPLEMENTAL**
12  TRUST 2007-0A7, MORTGAGE PASS-         **OPPOSITION TO IVAYLO DODEV**
    THROUGH CERTIFICATES, SERIES          **AND NIKOLINA DODEV'S MOTION**
13  2007-OA7,                              **TO SANCTION COUNSEL**

14              Plaintiff,

15        v.

16  IVAYLO DODEV, et. al.,

17              Defendants.

18

19        I, Philip J. Giles, being first duly sworn, declare:

20  1.    I am the former Aldridge Pite LLP attorney for Plaintiff and I make this

21  declaration in support of the Supplemental Opposition to Defendants Ivaylo Dodev and

22  Nikolina Dodev's Motion to Sanction Counsel.

23  2.    On May 4, 2016, I attended the hearing on Plaintiff's forcible entry and detainer

24
    action.    At the conclusion of the hearing the Court awarded Plaintiff judgment for
25
    possession of the real property located at 6213 S. 161st Way, Gilbert, AZ 85298-8455.
26

27  3.    On May 24, 2016, a Writ of Restitution was issued.

28  4.    On the same day, a hearing on the Defendants' Motion to Set Aside Judgment was

                                    - 1 -
         DECLARATION OF PHILIP J. GILES IN SUPPORT OF SUPPLEMENTAL OPPOSITION TO
                            MOTION TO SANCTION COUNSEL

held. At the conclusion of this hearing, the Court ordered the stay of the execution of the Writ of Restitution pending the outcome of the Defendants' Motion to Set Aside Judgment.

5.     When I returned from Court on May 24, 2016, I made an entry on the firm's internal case docket that the Court ordered a stay of the execution of the Writ of Restitution. I also entered the supplemental briefing schedule as ordered by the Court.

6.     After entering notice of the stay and notes as to the results of the May 24th hearing in the firm's internal case docket I telephoned Mr. Bobby Choudhury, Aldridge Pite LLP's west coast eviction supervisor, advising him that a stay had been issued and that service of the Writ of Restitution be immediately cancelled.

7.     Mr. Choudhury told me he would contact the process server and the Maricopa County Sheriff's Office to cancel service of the Writ of Restitution.

8.     After the stay was entered I took no action in furtherance of the service of the writ of restitution and only became aware of the sheriff's attempt to serve the writ after I terminated my employment with Aldridge Pite LLP.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ARIZONA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this 6th day of July, 2016, in Phoenix, Arizona.


*/s/ Philip J. Giles*
Philip J. Giles

DECLARATION OF PHILIP J. GILES IN SUPPORT OF SUPPLEMENTAL OPPOSITION TO
MOTION TO SANCTION COUNSEL

# Exhibit 2

1   Janet M. Spears (SBN 023833)
    jspears@aldridgepite.com
2   ALDRIDGE PITE, LLP
    2 North Centrall Avenue, Suite 1135
3   Phoenix, Arizona  85004
    Telephone: (858) 750-7600
4   Facsimile:  (619) 590-1385
    Attorneys for ALDRIDGE PITE, LLP
5   and PHILIP J. GILES

6

7

8                  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                  **IN AND FOR THE COUNTY OF MARICOPA**

10  BANK OF NEW YORK MELLON, F/K/A        Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE,
11  ON BEHALF OF THE REGISTERED          **SUPPLEMENTAL DECLARATION OF**
    HOLDERS OF ALTERNATIVE LOAN          **BOBBY S. CHOUDHURY IN SUPPORT**
12  TRUST 2007-0A7, MORTGAGE PASS-       **OF ALDRIDGE PITE, LLP AND**
    THROUGH CERTIFICATES, SERIES         **PHILIP J. GILES' OPPOSITION TO**
13  2007-OA7,                            **IVAYLO DODEV AND NIKOLINA**
                                         **DODEV'S MOTION TO SANCTION**
14              Plaintiff,               **COUNSEL**

15       v.

16  IVAYLO DODEV, et. al.,

17              Defendants.

18
         I, Bobby S. Choudhury, being first duly sworn, state:
19
    1.       I am the Eviction Supervisor – West Coast for Aldridge Pite, LLP, former counsel
20
    for Plaintiff Bank of New York Mellon as Trustee ("Plaintiff").   I have personal
21
22  knowledge of the matters set forth in this Declaration and if called upon I will testify as

23  follows:

24
    2.       I make this Declaration in support of Aldridge Pite, LLP and Philip J. Giles'
25
26  Opposition to Defendants Ivaylo Dodev and Nikolina Dodev's Motion to Sanction

27  Counsel.  Aldridge Pite, LLP is counsel for Plaintiff in the instant eviction action.

28  3.       On May 4, 2016, Plaintiff obtained a Judgment for possession of the real property

                                         - 1 -
    SUPPLEMENTAL DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO SANCTION COUNSEL

1  located at 6213 S. 161st Way, Gilbert, AZ 85298-8455.

2  4.      On May 24, 2016, the Court issued a Writ of Restitution. Shortly thereafter on

3  that same day the Court entered an Order Staying Restitution of the Writ of Restitution.

4  

5  5.      Later on May 24, 2016 Attorney Philip J. Giles informed me of the Order Staying

6  Restitution of the Writ of Restitution and instructed me to cancel service of the Writ of

7  Restitution.

8  6.      In response to Mr. Giles' instruction, I contacted our process server, ProVest,

9  

10 LLC, to cancel service of the Writ of Restitution. However, the process server advised

11 me it had already been delivered to the Maricopa County Sheriff's Office for service.

12 7.      On May 25, 2016, after I learned that the Writ of Restitution was delivered to the

13 Sheriff, I personally contacted the Maricopa County Sheriff's office by telephone

14 advising them to cancel service of the Writ of Restitution. Immediately after the

15 telephone call I also made an entry in my firm's internal docketing system notating the

16 phone call to the Sheriff. A true and correct copy of a screenshot of the internal

17 

18 docketing system showing the notation is attached hereto as Exhibit A. The Sheriff's

19 clerk whom I spoke with stated the Writ of Restitution is already with the Deputy and

20 that she is unable to guaranty the cancelation.

21 

22 8.      The sheriff's office was instructed to call me prior to serving the writ of restitution

23 in order to schedule a lockout. A true and correct copy of the instruction sheet that was

24 delivered to the sheriff's office with the writ of restitution is attached hereto as Exhibit B.

25 On June 2, 2016, Deputy Overton of the Sheriff's Office called me to schedule a lockout.

26 

27 I instructed Deputy Overton that we would not be scheduling a lockout based upon the

28

1    Order Staying Restitution of the Writ of Restitution.

2    9.    Neither I nor anyone from Aldridge Pite coordinated a Plaintiff's representative or

3    agent for a lockout.  A lockout did not occur, and could not have occurred, on June 2,

4    2016.

5

6    **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF**

7    **THE STATE OF ARIZONA THAT THE FOREGOING IS TRUE AND**

8    **CORRECT.**

9           Executed this __8__ day of July, 2016.

10

11

12

13                                                    _____
                                                      Bobby S. Choudhury
14

15    ORIGINAL filed with the Clerk of the Court
      Via Arizona Turbo Court on this **8** day of
16    July, 2016.

17    COPY mailed via U.S.P.S.to the following
18    On July **8**, 2016, to

19    Ivaylo Dodev
      Nikolina Dodev
20    6213 S. 161st Way
21    Gilbert, AZ  85298-8455
      *Defendants in Pro Per*
22

23

24    CHELSEA MILLER
25    An Employee of Aldridge Pite, LLC

26

27

28

SUPPLEMENTAL DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO SANCTION COUNSEL

# Exhibit A



7002150

Aldridge Connors, LLP

Billing | Related Contacts | Related Matters | Events | Inquiry | Loan Info | Loan Info | Inquiry | Foreclosure | PR REMEDIATION | Lt Caption | UD | Third Party Export Import | Figures |

Desc:   Bank of New York Mellon vs: Ivoyk, T. Dodev, Nikolina T. Dodev

**Document** | Preview | Tracking | Options | Matters |

Date
5/25/2016 12:01:00 PM

Professional
BC

Type:
Drag and Drop

Notes:
Writ already delivered to sheriff per Provest.  Called sheriff's office informing them to hold writ and not serve.  They said they can't guaranty it.

(602) 876-1840

Recipient ► | Company ► | Class ► | Addressee ► | CC ► | BC ► | Fro ►

<No data to display>

UD - Attorney attended hearing/AZ Maricopa
UD - Hearing Results - judgment entered; writ to issue on/after
UD - WEEKLY CLIENT UPDATE
UD - Hearing Date/AZ
Email to WFZ re FED hearing
Judgment
◌ UD - Default Package/AZ
◌ UD - Attorney analyzed/approved Default Package/AZ
◌ UD - Default Package Sent to Court/AZ
◌ OC request to agent
◌ UD - Billing Authority Received - 15 hours
◌ USPS receipt.pdf
◌ Email to WFZ re Dodev's email
◌ EMAIL from Dodev w/ letter re appeal, motion to vacate, and bond.
◌ Docket.pdf
◌ EM to Provest re Cert mail
◌ Zillow.pdf
◌ Email from court re emergency motion and hearing
◌ UD - Hearing Results
◌ Seaside Default.pdf
◌ Dec of Facts.pdf
◌ Notice of Appeal.pdf
◌ Analyzed demand letter from Defendant and prepared response to the
◌ SCRA/PACER Check
2016: SCRA Search - Additional Check
2016: PACER Search - Additional Check
◌ Hold Request to Provest
◌ Emails w/ WFZ re sub of counsel
◌ Emails w/ WFZ
◌ Writ already delivered to sheriff per Provest.  Called sheriff's
◌ Email to Def re SOC
◌ File transferred to Wright, Finley Zak
UD - Rcvd Close and Bill.  File to Billing Shelf
NOTICE OF APPEAL
BILLING REVIEWED
INVOICE IMPORTED - 795100
CFS - Close and Bill
email from Bobby regarding motion for sanctions
EM to KL re call to sheriff

# Exhibit B

# ALDRIDGE | PITE
### LLP

Alaska Arizona California Florida Georgia Hawaii Idaho Nevada New Mexico Oregon Texas Utah Washington

TO:  Maricopa County Sheriff
CIVIL ACTION NO: CV2016-004500


Bank of New York Mellon vs. Ivaylo T. Dodev, Nikolina T. Dodev

TYPE OF PROCESS: EVICTION

INSTRUCTIONS:  Please evict all persons named in Writ. **Please contact Bobby Choudhury at (702) 991-4638 or Jeff Gregory at (702) 991-4635 or by email at azevictions@aldridgepite.com to schedule the lockout so that we may inform our client, which is out of state..** Attached is a check in the amount of $300.00 for your fees.

| | |
|---|---|
| NAME OF ATTORNEY OF LITIGANT: | PHILIP J. GILES, BAR NO. 030340 |
| ADDRESS: | 2 NORTH CENTRAL AVENUE SUITE 1135 |
| CITY: | PHOENIX, AZ 85004 |

| | |
|---|---|
| DEFENDANT(s) NAME: | IVAYLO DODEV, NIKOLINA T. DODEV, AND ALL OCCUPANTS |
| ADDRESS: | 6312 S. 161ST WAY |
| CITY, STATE, ZIP: | GILBERT, AZ 85298 |

I AUTHORIZE THE SHERIFF TO EXECUTE ON THE WRIT OF POSSESSION IN THE MANNER PRESCRIBED BY LAW.

Dated:

By:_____
PHILIP J. GILES
Attorney for BANK OF NEW YORK
MELLON, F/K/A BANK OF NEW YORK,
AS TRUSTEE, ON BEHALF OF THE
REGISTERED HOLDERS OF
ALTERNATIVE LOAN TRUST 2007-0A7,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OA7 its
successors and/or assigns

MICHAEL A. JEANES CLERK
BY                          DEP.
FILED

16 JUL -8 PM 1: 34

1
2

Ivaylo  Dodev,
Nikolina Dodev

3
4
5
6

c/o  6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

**FILE ON DEMAND**

7

*Pro Se, by Special Appearance*

8
9
10

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

11
12

13

**Bank of New York Mellon,**

14

              **Plaintiff,**

15

**v.**

16

17

**Dodev, et. al.**

18

              **Defendants.**

19
20
21

**Case No.  CV2016-004500**

**SUPPLEMENTAL BRIEF IN
SUPPORT OF MOTION TO
SANCTION COUNSEL**

**BY SPECIAL APPEARANCE**

*(Contemporaneously filed with
Declaration of Facts)*

**(Hon. Michael Barth)**

22
23

    **COME NOW,** Ivaylo  Dodev and Nikolina Dodev, Citizens of Arizona,

24

defendants in *pro se*, ("Defendants"), under the above captioned case, <u>by special</u>

25
26

<u>appearance, not to be construed as a general appearance</u>, with this supplemental

27

brief in support of Motion to Sanction Counsel, as per this Court's request.

28

## I.   An Evidentiary Hearing on This Matter is Warranted

During the court hearing, attorney for Aldridge Pite, LLP and Phillip Giles, Rochelle Stanford, made various claims regarding what transpired between the time that the writ was stayed (May 24th) and later served by Deputy Sherriff Overton (June 2nd). Her claims included that Declarant Bobby Choudhury called the Sherriff's Department, that the Sherriff's Department informed them that nothing could be done once the Writ was received, and that the Sherriff's Department was unable to get in contact with Overton. The Declaration makes no claims that any attempt was made to contact the Sherriff's Department and stay execution of the Writ, only that the process servicer was contacted, and when Defendant noticed this to the Court, while alleging that Stanford was lying under an oath, she withdrew such claims.

The only evidence of any attempt by Counsel to stay execution is the Declaration's claim that a process servicer was contacted to cancel service but Counsel was informed that it had already been sent. In their investigation of Counsel's and the Declarations' claims, Defendants contacted the Sherriff's Department on two occasions and spoke specifically with clerks who handle writs. See Declaration of Fact contemporaneously filed and incorporated herein by this reference. Defendants were told that, as per the notes and records regarding their case: (1) the Writ was received by the Sherriff's Department on

May 24 at 4:46pm; (2) *the notes did not indicate that the Department was* contacted at any time before June 2nd by Counsel, or any representative of Plaintiff, to inform them of the order staying the writ; and (3) the notes only indicated contact with Counsel on June 2nd, upon which the Writ was cancelled. Defendants also called Sherriff Overton and were informed that no one had contacted him regarding the stay before June 2nd and that only <u>he</u> contacted Counsel on June 2nd after attempting to serve Defendants.

Given the above, and the contents of the Declaration, it appears that the only attempt made by Counsel to stay execution of the Writ was on May 24th by calling the process servicer at some time after 4:46pm, seeing as Counsel claims the process servicer informed him it was already received. It also appears, as per the Sheriff Department's records and Declaration's claims, that no action was taken between May 24th and June 2nd to comply with the Court's order. Several questions result, including: (1) When did Giles return to the office and contact Choudhury; (2) What is Choudhury's knowledge in relation to the case, seeing as he is in the Las Vegas office; (3) Did Giles delegate Declarant to stay the Writ of Restitution and under what rule and what authority; (4) Did any member of Counsel contact the Sherriff's Department directly and inform the Writ Department about the stay; (5) Did any member of Counsel take any action

between May 24th and June 2nd to attempt to stay the Writ and comply with Court order?

As such, considering that the parties were unable to come to an agreement, an evidentiary hearing is warranted to ascertain what attempts to comply with the stay order were made and if they were adequate.

## II. Counsel is in Contempt of Court for Violation of the Stay Order

Counsel violated the court order by not exercising their duty to ensure that execution of the Writ was stayed. Defendants contend that this is willful contempt of court, seeing as the evidence shows that only one attempt to stay the Writ was made on May 24th, and that no attempt was made to contact the Sherriff's Department directly between May 24th and June 2nd. Counsel had over a week from the time that the stay was ordered to the time that the Writ was served to stop its execution and it seems highly unlikely that if they had contacted the Sherriff's Department, that within that week the Department could have done nothing to cancel the Writ.

Counsel is liable both for their action and inaction in this matter. Counsel had the knowledge that the Writ was received by the Sherriff's Department and thus their duty to act did not stop with calling the process servicer. As noted before, Defendants called the Sherriff on two occasions, and in five minutes or less they were connected directly to someone who handles Writs of Execution.

Calling the Sherriff's Department, which is evidently not burdensome, was the logical next step for Counsel and an essential step in any good faith effort to comply. Case law shows that inaction, inadequacy of action, and lack of good faith effort make a party liable for contempt of court order.

See Sidney v. MacDonald, 536 F.Supp. 420, 424 (D.Ariz. 1982), holding Navajo Tribe in contempt of court because it had "not taken all reasonable steps within their power to secure the compliance of the Tribe and its membership", failed to demonstrate inability to comply, and whatever efforts were taken were inadequate (using the reasoning from Supreme Court case United States v. United Mine Workers or America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), regarding contempt due to lack of good faith effort); "The Supreme Court held the Union liable in the prior case. But, more important, we repeat that the Union was not convicted for causing the walk-out. It was convicted because it did not exercise, or attempt to exercise, whatever powers it had to cause its members to resume work temporarily pursuant to the court's order. Quite apart from what the miners did, the Union made no attempt to direct, instruct or persuade them to return to work, and thereby it disobeyed the court's order" International Union, Etc. v. United States, 177 F.2d 29, 36 (D.C. Cir. 1949).

## III.    Relief that Should Be Granted

Given the above, Defendants ask that this Court sanction Counsel by:

5|Supplemental Brief in Support of Motion to Sanction Counsel

1. *Awarding Defendants costs associated with Counsel's conduct,*

2. Exacting a fee equal to one percent or higher of Aldridge Pite, LLP's annual income, to be deposited with the clerk of the court,

3. Forwarding the sanction to the State Bar of Arizona for further review and processing.

Respectfully submitted in good faith on this 8th day of July, 2016

**By, Ivaylo Dodev**
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

**By, Nikolina Dodev**

## CERTIFICATE OF SERVICE

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 8th day of July, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 8th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for for Defendants Aldridge Pite L L P  and Philip J. Giles Rochelle Stanford.

**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

MICHAEL K. JEANES, CLERK
BY _____ DEP
FILED

16 JUL -8 PM 1: 34

1  Ivaylo Dodev

2  c/o  6312 South 161ˢᵗ Way

3        Gilbert, Arizona
         (480) 457-8888 Phone

4        (480) 457-8887 Facsimile

5        dodev@hotmail.com                    **FILE ON DEMAND**

6
   *Pro Se, by Special Appearance*
7

8

9         **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10          **IN AND FOR THE COUNTY OF MARICOPA**

11

12  **Bank of New York Mellon,**          | **Case No.  CV2016-004500**

13                      **Plaintiff,**     | **DECLARATION OF FACTS**
                                           | **BY IVAYLO DODEV**
14  **v.**

15  **Dodev, et. al.**                     | **BY SPECIAL APPEARANCE**

16
                                           | *(Contemporaneously filed with*
17                      **Defendants.**     | *Supporting Brief of Motion to*
                                           | *Sanction Counsel)*
18

19                                         | **(Hon. Michael Barth)**

20

21        I, Ivaylo Dodev, ("Declarant") being over 21 years of age and of sound

22  mind, declare and state as follow:

23
   1.     I am an alleged defendant in the above-captioned case.
24

25   2.     In connection with Motion to Sanction Counsel, I personally called

26        Detective Overton on June 21, 2016 and inquired about his contact with

27
        Aldridge Pite, LLP and Phillip Giles.
28

1 | Declaration of Facts in Support of Motion to Sanction Counsel.

3.  Detective Overton informed me that no one called prior to him serving alleged Defendants with the Writ of Restitution on June 2, 2016.

4.  He was the one initiating contact with Counsel after coming to alleged Defendants' house.

5.  He also concurred that if anyone had called him to cancel the execution of the Writ he would not have come to Defendants' house.

6.  On July 7, 2016, Declarant called the Sheriff's Department for a second time and spoke with the Clerk A. Lee.

7.  Declarant ask Ms. Lee to look at the Writ's file for a second time and see if anyone had called to cancel the Writ prior to execution.

8.  Ms. Lee read the notes and there was no annotation that anyone "representing the Bank" every called her department.

9.  Ms. Lee, also concured that if request to cancel the Writ was made by the attorney for Bank of New York Mellon, the Writ was not going to be executed.

   Executed this 8th of July, 2016 at Gilbert, Arizona.

**By, Ivaylo Dodev**
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

2 | Declaration of Facts in Support of Motion to Sanction Counsel.

## <u>CERTIFICATE OF SERVICE</u>

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 8th day of July, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 8th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for for Defendants Aldridge Pite L L P   and Philip J. Giles Rochelle Stanford.

**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

MICHAEL K. JEANES: CLERK
BY ~~illegible~~ DEP
FILED

16 JUL -8  PM 1: 34

Ivaylo Dodev,

c/o  6312 South 161ˢᵗ Way
     Gilbert, Arizona
     (480) 457-8888 Phone
     (480) 457-8887 Facsimile
     dodev@hotmail.com

*Pro Se, by Special Appearance*

**FILE ON DEMAND**

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **Bank of New York Mellon,** | **Case No.  CV2016-004500** |
|        **Plaintiff,** | **MOTION TO DISQUALIFY** |
| **v.** | **PLAINTIFF'S COUNSEL WRIGHT &** |
| | **ZAK, LLP AND KIM LEPORE** |
| **Ivaylo Dodev, et all.,** | **BY SPECIAL APPEARANCE** |
|        **Defendants.** | |
| | **(Hon. Michael Barth)** |

   **COMES NOW**, Ivaylo Dodev ("Defendant"), and moves this Court, by special

appearance, pursuant to its inherent power of supervision[1] to disqualify Wright & Zak,

LLP and Kim Lepore, (No. 019130), ("Counsel"), representing the Bank of New York

Mellon ("Plaintiff") under the above captioned case.

---

   [1] In re Gopman, 531 F.2d 262, 266 (5th Cir. 1976); Estates Theatres, Inc. v.
Columbia Pictures Indus., 345 F. Supp. 93, 95 n.l (S.D.N.Y. 1972).

1 | Motion to Disqualify Counsel

On or about February 13, 2014, Defendant appointed Counsel as his fiduciary by Filing Appointment of Fiduciary in the United States District Court for the District of Arizona, properly putting them on a 3 day notice as to their right to choose to sign the contract or not to sign, in which they had to accept or reject the office of assignee by returning their decision to the assignor. See Exhibit A, attached hereto and incorporated herein.

Counsel neither accepted nor rejected their fiduciary appointment, as mandatory by Public Law, upon enactment by said Defendant, as the case herein. See Exhibit B, attached hereto and incorporated herein. On March 3, 2016 certain assignee moved District Court to Strike the Fiduciary Appointment, Doc. 70, Case No. 2:13-cv-02155-GMS. This District Court did not grant their motion, consequently Defendant stipulated to dismissing certain assignee but not such stipulation has been reached with Counsel.

The first code of ethics regulating the legal profession, adopted by the American Bar Association in 1908, expressly prohibits an attorney from representing conflicting interests unless all concerned consented after a full disclosure of the facts[1]. In the 1970 Code of Professional Responsibility, the American Bar Association promulgated an even stricter, and certainly more extensive, set of rules governing conflicts of interest. Unlike the earlier code, the Code of Professional Responsibility adopted disciplinary rules and ethical considerations which generally prohibit a lawyer from participating in any conflict of interest situation.

_____

[1] ABA Canons Of Professional Ethics No. 6 (1908).

*In a recent phone conversation between Counsel and Defendant*, the fact that she [Ms. Lepore] is Defendant's appointed fiduciary was brought up and Counsel has refused to recuse herself from this matter. Counsel is in breach of fiduciary assignee and in direct conflict of interest under these proceedings. Similar conduct has led to disbarment: "Furthermore, the Ohio Supreme Court has held that a violation of this statute may, along with other violations, be the basis for disbarment."- In Re Estate Of Black, 2005, citing Cowley v. O'Connell, 174 Mass. 253, 54 N.E. 558 (1899) (attorney disbarred for representing both plaintiff and defendants in actions which involved the same issue).

It is inherently obvious that an attorney cannot represent both the plaintiff and the defendant in the same case[1], the lender and the borrower[2], the mortgagor and the mortgagee[3], the vendor and vendee[4], or the insurer and the insured[5]. Another example of a conflict of interest in one suit arising from a relationship in another suit is found in Kansas v. Kopke, 210 Kan. 330, 502 P.2d 813 (1972), in which an attorney represented a client in a personal injury suit. At the same time, he represented the client's employer in an independent workman's compensation claim in which the client proceeded pro se. While the client did not complain about this situation, the court found a conflict of interest.

---

[1] Crowley v. O'Connell, 174 Mass. 253, 54 N.E. 558 (1899).
[2] Matter of Greenberg, 21 N.J. 213, 121 A.2d 520 (1955).
[3] ABA OPINIONS, No. 643 (1963).
[4] Matter of Hall, 73 Wash. 2d 406, 438 P.2d 874 (1968).
[5] Kelly v. Greason, 23 N.Y.2d 638, 244 N.E.2d 456 (1969).

**WHEREFORE**, Defendant respectfully request his motion to be granted as Counsel conduct creates a conflict of interest.

Respectfully submitted in good faith on this 8th day of July, 2016.

By, **Ivaylo Tsvetanov Dodev**, in *Pro Se*
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

## CERTIFICATE OF SERVICE

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 8th day of July, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 8th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Kim Lepore Jamin S. Neil.

**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

# Exhibit A

FILED ____ LODGED
____ RECEIVED ____ COPY

FEB 1 3 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ P DEPUTY

1   Ivaylo Tsvetanov Dodev,                                    **FILE ON DEMAND**
2   c/o 6312 South 161ˢᵗ Way                                   **FOR THE RECORD**
3       Gilbert, Arizona
4       (480) 457-8888 Phone
        (480) 457-8887 Facsimile
5       dodev@hotmail.com
6   Pro Se
7
8
9               **IN THE UNITED STATES DISTRICT COURT**
10                 **FOR THE DISTRICT OF ARIZONA**
11
    Ivaylo Tsvetanov Dodev,            Case No.  CV-13-02155-PHX-GMS
12
               **Plaintiff,**          **PLAINTIFF'S APPOINTMENT OF**
13                                      **FIDUCIARY/TRUSTEE**
                 **vs.**               **AND**
14                                      **NOTICE OF FILING APPOINTMENT**
15  RECONTRUST COMPANY, N.A., ET AL    **OF FIDUCIARY/TRUSTEE**
16             **Defendants.**          **(Body of law supporting Appointment of**
17                                      **Fiduciary/Trustee filed concurrently**
                                        **herewith)**
18
19                                      Time: _11:57_
20
                                        **Hon. G Murray Snow**
21
22          Here comes Plaintiff, Ivaylo Tsvetanov Dodev, *pro se*, ("Plaintiff"), and
23  respectfully **FILES APPOINTMENT OF FIDUCIARY/TRUSTEE** and gives this
24  Court **NOTICE OF FILING APPOINTMENT OF FIDUCIARY/TRUSTEE**, in
25  response to Defendants' ongoing collection efforts to enforce a "loan" that has been
26
27  satisfied in full through legal means alleged in this Verified Action-at-Law, with the
28

                                        1
                **PLAINTIFF'S APPOINTMENT OF FIDUCIARY/TRUSTEE**

use of a Non Judicial Trustee Sale, TS: # 2011-75989, committing sham legal process and GRAND THEFT.

Plaintiff hereby appoints the following attorneys:

A. **BRIAN T. MOYNIHAN, JD;**
B. **SEAN K. MCELENNEY,** Arizona Bar No. 016987;
C. **COREE E. NEUMEYER,** Arizona Bar No. 025787;
D. **ERIC M. MOORES,** Arizona Bar No. 028280;
E. **BRYAN CAVE LLP,** Arizona Bar No. 00145700;
F. **KIM R. LEPORE,** Arizona Bar No. 019130;
G. **BRADFORD E. KLEIN,** Arizona Bar No. 027720;
H. **WRIGHT, FINLAY & ZAK, LLP;**
I. **JASON H. MILLER,** Utah Bar No. 09991;
J. **CANDICE PITCHER,** Utah Bar No. 10183;
K. **KEVIN W. WARREN,** Utah Bar No. 10455;
L. **DAVID A RECKSIEK,** Utah Bar No. 12213;

and: ALL OF THE INDIVIDUAL "BAR CARD HOLDERS" ATTORNEYS OR OFFICERS OF SELECT PORTFOLIO SERVICING INC. AND BANK OF AMERICA, N.A., AND THEIR SUCCESSORS as FIDUCIARY/TRUSTEE for this matter (*see* EXHIBIT "A" attached hereto and made a part hereof).

Respectfully submitted on this 13th day of February, 2014.

*[signature]*

**Ivaylo Tsvetanov Dodev,** ARR, *Pro Se* Plaintiff
*Without recourse/prejudice*
Beneficiary in *sui juris* UCC 1-308
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**

2
**PLAINTIFF'S APPOINTMENT OF FIDUCIARY/TRUSTEE**

1

## CERTIFICATE OF SERVICE

2

3     **ORIGINAL** and **ONE COPY** of the forgoing, along with the Exhibits is
4   hand-delivered to The United States District Court for the District of Arizona this
      13th day of February, 2014. I certify that the following parties or their counsel of
5   record, and pseudo counsel, are registered as ECF Filers and that they will be served
6   by the CM/ECF system: BANK OF AMERICA, NA, RECONTRUST, NA, BRIAN
      MOYNIHAN, SELECT PORTFOLIO SERVING, NA, TIMOTHY O'BRIEN,
7   GERALD HASSELL, BANK OF NEW YORK MELLON, BRYAN CAVE LLP,
      WRIGHT AND FINLAY & ZAK, LLP.
8   JASON H. MILLER, CANDICE PITCHER, KEVIN W. WARREN, DAVID A
9   RECKSIEK, AND BRIAN T. MOYNIHAN, JD are served with the forgoing, along
      with the Exhibits through their elected counsel in this Verified Action-at-Law and
10  through First Class US Mail on the 13th day of February, 2014.

11

12

13
                                          **Ivaylo Tsvetanov Dodev, Plaintiff**
14                                        **6312 South 161st Way, Gilbert, Arizona**
                                          **(480) 457-8888 Phone**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S APPOINTMENT OF FIDUCIARY/TRUSTEE**

# EXHIBIT "A"

Form **56**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

## Notice Concerning Fiduciary Relationship

(Internal Revenue Code sections 6036 and 6903)

OMB No. 1545-0013

**Part I   Identification**

| Name of person for whom you are acting (as shown on the tax return) | Identifying number | Decedent's social security no. |
|---|---|---|
| Ivaylo Tsvetanov Dodev | ~~6096~~ | |

Address of person for whom you are acting (number, street, and room or suite no.)

c/o 6312 South 161st Way

City or town, state, and ZIP code (if a foreign address, see instructions.)

Gilbert, Arizona [85298]

Fiduciary's name

KIM R. LEPORE, Federal "Trustee" and "Public Office"

Address of fiduciary (number, street, and room or suite no.)

18444 North 25th Avenue, Suite 420

| City or town, state, and ZIP code | Telephone number (optional) |
|---|---|
| Phoenix, Arizona 85020 | ( 602 )   945-8996 |

### Section A. Authority

1    Authority for fiduciary relationship. Check applicable box:
a   ☐  Court appointment of testate estate (valid will exists)
b   ☐  Court appointment of intestate estate (no valid will exists)
c   ☐  Court appointment as guardian or conservator
d   ☐  Valid trust instrument and amendments
e   ☐  Bankruptcy or assignment for the benefit of creditors
f   ☑  Other. Describe ▶  Assignment in the US District Court for the District of AZ, CV-13-02155-PHX-GMS, for Settlement per the Law
2a  If box 1a or 1b is checked, enter the date of death ▶ --------------------------------
2b  If box 1c—1f is checked, enter the date of appointment, taking office, or assignment or transfer of assets ▶ --------------------------------

### Section B. Nature of Liability and Tax Notices

3    Type of taxes (check all that apply): ☑ Income   ☐ Gift ☑ Estate   ☐ Generation-skipping transfer   ☐ Employment
     ☐ Excise   ☑ Other (describe) ▶ Settlement of all issued Commercial Securities, Certificates, Licenses for the Rents DUE

4    Federal tax form number (check all that apply): a☐ 706 series   b☐ 709   c☐ 940   d☐ 941, 943, 944
     e☐ 1040, 1040-A, or 1040-EZ   f ☐ 1041   g☐ 1120   h☐ Other (list) ▶ --------------------------------

5    If your authority as a fiduciary does not cover all years or tax periods, check here . . . . . . . . . . . . . ▶ ☐
     and list the specific years or periods ▶ --------------------------------

6    If the fiduciary listed wants a copy of notices or other written communications (see the instructions) check this box . . . . ▶ ☐
     and enter the year(s) or period(s) for the corresponding line 4 item checked. If more than 1 form entered on line 4h, enter the
     form number.

Complete only if the line 6 box is checked.

| If this item is checked: | Enter year(s) or period(s) | If this item is checked: | Enter year(s) or period(s) |
|---|---|---|---|
| 4a | | 4b | |
| 4c | | 4d | |
| 4e | | 4f | |
| 4g | | 4h: | |
| 4h: | | 4h: | |

For Paperwork Reduction Act and Privacy Act Notice, see the separate instructions.          Cat. No. 16375I          Form **56** (Rev. 12-2011)

Form 56 (Rev. 12-2011)                                                                                Page 2

**Part II**    **Court and Administrative Proceedings**

Name of court (if other than a court proceeding, identify the type of proceeding and name of agency)          Date proceeding initiated

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA                                     10/23/2013

Address of court                                                                         Docket number of proceeding

401 West Washington Street, Suite 130, SPC 1                                                  CV-13-02155-PHX-GMS

| City or town, state, and ZIP code | Date | Time | | Place of other proceedings |
|---|---|---|---|---|
| Phoenix, Arizona 85003-2118 | 02/13/2014 | 10:00 | ☑ a.m. ☐ p.m. | |

**Part III**    **Signature**

Please
Sign
Here

I certify that I have the authority to execute this notice concerning fiduciary relationship on behalf of the taxpayer.

▶ _____          _____          _____
   Fiduciary's signature                    Title, if applicable              Date

Form 56 (Rev. 12-2011)

The original Assignor signed Form 56 - Fiduciary contract is to remain with the ASSIGNOR,

therefore with this copy you have 3 day as your Right to choose, to sign the contract or not to sign

but if you chose not to sign you are then required to vacate your present office of American

Maritime Commercial Monetary Fiduciary responsibility because you have dishonored the Office.

Either way after 3 days; a copy of the accepted or rejected decision is require to be returned

to the ASSIGNOR. Upon acceptance it is then under the 3 day Rule of Law to have it resolved or settled;

with all remaining RES-I-DUE returned to the ASSIGNOR.


As the ASSIGNEE / RE-ASSIGNEE of this Fiduciary Action, you are now under a Form of exposure

to the Law that is needed to bring about the Resolve and Settlement of the above identified

Civil "Maritime Commercial" Court Case, for the proper disposition of the Residue.

This action is the original LESSOR's demand for Rent Due from the government LESSEES per the

government Maritime Commercial Monetary Securities addressed in this Admiralty case by this Office

and Flag of Land Admiral, the Maritime EXECUTOR; also known as the original Assignor/Re-

assignor/Assertor.

Assignor/Re-assignor/Assertor: _____

(Under seal and bounded Landmarks-                    Ivaylo T: Dodev
The two index witnesses of the Body/State of Man)         Left        Right


A signed copy by you as the ASSIGNEE of this Fiduciary contract is to be returned to the ASSIGNOR, of living substance.

**Ivaylo T: Dodev**
c/o 6312 South 161st Way
Gilbert, Arizona [85298]

| Form **56** | **Notice Concerning Fiduciary Relationship** | |
|---|---|---|
| (Rev. December 2011)<br>Department of the Treasury<br>Internal Revenue Service | (Internal Revenue Code sections 6036 and 6903) | OMB No. 1545-0013 |

**Part I**  Identification

| Name of person for whom you are acting (as shown on the tax return) | Identifying number | Decedent's social security no. |
|---|---|---|
| **Ivaylo Tsvetanov Dodev** | ~~0000-0005~~ | |

Address of person for whom you are acting (number, street, and room or suite no.)

**c/o 6312 South 161st Way**

City or town, state, and ZIP code (if a foreign address, see instructions.)

**Gilbert, Arizona [85295]**

Fiduciary's name

**WRIGHT, FINLAY & ZAK, LLP, Federal "Trustee" and "Public Office"**

Address of fiduciary (number, street, and room or suite no.)

**18444 North 25th Avenue, Suite 420**

| City or town, state, and ZIP code | Telephone number (optional) |
|---|---|
| **Phoenix, Arizona 85020** | ( **602** )   **845-8998** |

**Section A.  Authority**

**1**  Authority for fiduciary relationship. Check applicable box:
**a**  ☐  Court appointment of testate estate (valid will exists)
**b**  ☐  Court appointment of intestate estate (no valid will exists)
**c**  ☐  Court appointment as guardian or conservator
**d**  ☐  Valid trust instrument and amendments
**e**  ☐  Bankruptcy or assignment for the benefit or creditors
**f**  ☑  Other. Describe ▶ Assignment in the US District Court for the District of AZ, CV-13-02155-PHX-GMS, for Settlement per the Law
**2a**  If box 1a or 1b is checked, enter the date of death ▶ _____
**2b**  If box 1c—1f is checked, enter the date of appointment, taking office, or assignment or transfer of assets ▶ _____

**Section B.  Nature of Liability and Tax Notices**

**3**  Type of taxes (check all that apply):  ☑ Income   ☐ Gift   ☑ Estate   ☐ Generation-skipping transfer   ☐ Employment
☐ Excise   ☑ Other (describe) ▶ Settlement of all issued Commercial Securities, Certificates, Licenses for the Rents DUE

**4**  Federal tax form number (check all that apply):  **a**☐ 706 series   **b**☐ 709   **c**☐ 940   **d**☐ 941, 943, 944
**e**☐ 1040, 1040-A, or 1040-EZ   **f**☐ 1041   **g**☐ 1120   **h**☐ Other (list) ▶ _____

**5**  If your authority as a fiduciary does not cover all years or tax periods, check here  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐
and list the specific years or periods ▶ _____

**6**  If the fiduciary listed wants a copy of notices or other written communications (see the instructions) check this box  .  .  .  .  ▶ ☐
and enter the year(s) or period(s) for the corresponding line 4 item checked. If more than 1 form entered on line 4h, enter the form number.

Complete only if the line 6 box is checked.

| If this item<br>is checked: | Enter year(s) or period(s) | If this item<br>is checked: | Enter year(s) or period(s) |
|---|---|---|---|
| 4a | | 4b | |
| 4c | | 4d | |
| 4e | | 4f | |
| 4g | | 4h: | |
| 4h: | | 4h: | |

For Paperwork Reduction Act and Privacy Act Notice, see the separate Instructions.    Cat. No. 16375I    Form **56** (Rev. 12-2011)

Form 56 (Rev. 12-2011)                                                                                                    Page 2

| Part II | Court and Administrative Proceedings | |
|---|---|---|
| Name of court (if other than a court proceeding, identify the type of proceeding and name of agency) | Date proceeding initiated | |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA | 10/23/2013 | |
| Address of court | Docket number of proceeding | |
| 401 West Washington Street, Suite 130, SPC 1 | CV-13-02155-PHX-GMS | |

| City or town, state, and ZIP code | Date | Time | | Place of other proceedings |
|---|---|---|---|---|
| Phoenix, Arizona 85003-2118 | 02/13/2014 | 10:00 | ☑ a.m. ☐ p.m. | |

| Part III | Signature | |
|---|---|---|
| Please Sign Here | I certify that I have the authority to execute this notice concerning fiduciary relationship on behalf of the taxpayer. | |
| | ▶ Fiduciary's signature | Title, if applicable | Date |

Form 56 (Rev. 12-2011)

The original Assignor signed Form 56 - Fiduciary contract is to remain with the ASSIGNOR, therefore with this copy you have 3 day as your Right to choose, to sign the contract or not to sign but if you chose not to sign you are then required to vacate your present office of American Maritime Commercial Monetary Fiduciary responsibility because you have dishonored the Office. Either way after 3 days; a copy of the accepted or rejected decision is require to be returned to the ASSIGNOR. Upon acceptance it is then under the 3 day Rule of Law to have it resolved or settled; with all remaining RES-I-DUE returned to the ASSIGNOR.

As the ASSIGNEE / RE-ASSIGNEE of this Fiduciary Action, you are now under a Form of exposure to the Law that is needed to bring about the Resolve and Settlement of the above identified Civil "Maritime Commercial" Court Case, for the proper disposition of the Residue.
This action is the original LESSOR's demand for Rent Due from the government LESSEES per the government Maritime Commercial Monetary Securities addressed in this Admiralty case by this Office and Flag of Land Admiral, the Maritime EXECUTOR; also known as the original Assignor/Re-assignor/Assertor.

Assignor/Re-assignor/Assertor: _____

*(Under seal and bounded Landmarks-*
*The two index witnesses of the Body/State of Man)*

Ivaylo T: Dodev
Left      Right

A signed copy by you as the ASSIGNEE of this Fiduciary contract is to be returned to the ASSIGNOR, of living substance.

Ivaylo T: Dodev
c/o 6312 South 161st Way
Gilbert, Arizona [85298]