# Exhibit B

1  Ivaylo Tsvetanov Dodev,

2  c/o 6312 South 161ˢᵗ Way

3  Gilbert, Arizona
   (480) 457-8888 Phone
4  (480) 457-8887 Facsimile

5  dodev@hotmail.com

6  Pro Se

7

8

9             IN THE UNITED STATES DISTRICT COURT
10               FOR THE DISTRICT OF ARIZONA

11  Ivaylo Tsvetanov Dodev,              Case No.  CV-13-02155-PHX-GMS

12            Plaintiff,                 BODY OF LAW SUPPORTING
13                                       APPOINTMENT OF
      vs.                                FIDUCIARY/TRUSTEE
14
15  RECONTRUST COMPANY, N.A., ET AL      Time: _11:57_
16            Defendants.
                                         Hon. G Murray Snow
17

18      Here comes Plaintiff, Ivaylo Tsvetanov Dodev, *pro se*, ("Plaintiff"), a living,

19  breathing, natural born, free man on the soil, *sui juris*, claiming all of his unlimited,

20  inherent, unalienable, Constitutionally secured Rights, a non-corporate entity, without

21  waiving any rights, remedies or defenses asserted in this Verified Action-at-Law and

22  without prejudice, and respectfully, files **BODY OF LAW SUPPORTING**

23  **APPOINTMENT OF FIDUCIARY/TRUSTEE**, filed for: **BRIAN T.**

24  **MOYNIHAN, JD**, ("Moynihan"), **SEAN K. MCELENNEY**, Arizona Bar No.

25  016987, ("McElenney"), **COREE E. NEUMEYER**, Arizona Bar No. 025787,

26  ("Neumeyer"), **ERIC M. MOORES**, Arizona Bar No. 028280, ("Moores"), **BRYAN**

**FILE ON DEMAND**
**FOR THE RECORD**

FILED ____ LODGED
RECEIVED ____ COPY

FEB 1 3 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ P DEPUTY

1
**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

1    **CAVE LLP**, Arizona Bar No. 00145700, **KIM R. LEPORE**, Arizona Bar No.

2    019130, ("Lepore"), **BRADFORD E. KLEIN**, Arizona Bar No. 027720, ("Kleini"),

3
     and **WRIGHT, FINLAY & ZAK, LLP**, along with **JASON H. MILLER**, Utah Bar
4
     No. 09991, ("Miller"), **CANDICE PITCHER**, Utah Bar No. 10183, ("Pitcher"),
5

6    **KEVIN W. WARREN**, Utah Bar No. 10455, ("Warren"), **DAVID A RECKSIEK**,

7
     Utah Bar No. 12213, ("Recksiek"), to stay their collection efforts to enforce an account
8
9    "loan" that has been satisfied in full through legal/lawful methods, as alleged in this

10   Verified Action-at-Law, with the use of a Non Judicial Trustee Sale, TS: # 2011-

11
     75989, jointly and individually as Bar Card Holders [Attorneys], officers of the court
12
13   [public servants], employees of Select Portfolio Servicing, Inc. and Bank of American,

14   N.A., and their Successors, for the following valid reasons, based in truth, fact, and

15   law.
16

17        This Memorandum of Law, styled **BODY OF LAW SUPPORTING**

18   **APPOINTMENT OF FIDUCIARY/TRUSTEE**, is submitted to this Court of

19   Record, and for the record, in support of the Appointment of Fiduciary/Trustee. The

20
     IRS Form 56 does not establish the relationship of Fiduciary/Trustee between Plaintiff
21
22   and those appointed. **That relationship had already been created by Public Law**

23   **and is now instituted by Plaintiff,** in which Acceptance is Mandatory unless those

24   appointed plan to vacate their office. The IRS Form 56 are the **instructions** from
25
     Plaintiff to be followed by the Fiduciary/Trustees' who are *individually and jointly*
26
27   *now made liable* to  Account Number:  0014052088 for Settlement per the law, [**File**

28   **DEED OF RELEASE AND FULL RECONVEYANCE with Maricopa County**

1   **Recorder's Office by March 3, 2014**] and Settlement of all Issued Commercial

2   Securities, Certificates, and Licenses for the Rents DUE (RES-I-DUE).  As "Officers

3
    of the Court," Fiduciaries/Trustees **are hereby instructed to pay off [settle] the**
4
5   **[alleged] Debt, File DEED OF RELEASE AND FULL RECONVEYANCE with**

6   **Maricopa County Recorder's Office by March 3, 2014**, and return the residue to

7
    Plaintiff.
8

9                                **MEMORANDUM**

10          A "Public Officer" is a fiduciary or trustee position within the United States

11
    Government which makes a person into the equivalent of an uncompensated federal
12
13  "employee" or "contractor".  All public servants are fiduciaries and trustees by virtue

14  of their binding oaths of office (oath of admissions/bar attorneys as officers of the

15  court).

16
            *"As expressed otherwise, the powers delegated to a public officer are held*
17          *in trust for the people and are to be exercised in behalf of the government*
18          *or of all citizens who may need the intervention of the officer.[1]*
            *Furthermore, the view has been expressed that all public officers, within*
19          *whatever branch and whatever level of government, and whatever be*
            *their private vocations, are trustees of the people, and accordingly labor*
20          *under every disability and prohibition imposed by law upon trustees*
21          *relative to the making of personal financial gain from a discharge of their*
            *trusts.[2] That is, a public officer occupies a fiduciary relationship to the*
22          *political entity on whose behalf he or she serves,[3] and owes a fiduciary*
23

24  [1] State ex rel. Nagle v Sullivan, 98 Mont 425, 40 P2d 995, 99 ALR 321; Jersey City v
25  Hague, 18 NJ 584, 115 A2d 8.
    [2] Georgia Dep't of Human Resources v Sistrunk, 249 Ga 543, 291 SE2d 524. A public
26  official is held in public trust. Madlener v Finley (1st Dist) 161 Ill App 3d 796, 113 Ill
    Dec 712, 515 NE2d 697, app gr 117 Ill Dec 226, 520 NE2d 387 and revd on other
27  grounds 128 Ill 2d 147, 131 Ill Dec 145, 538 NE2d 520.
28  [3] Chicago Park Dist. v Kenroy, Inc., 78 Ill 2d 555, 37 Ill Dec 291, 402 NE2d 181,
    appeal after remand (1st Dist) 107 Ill App 3d 222, 63 Ill Dec 134, 437 NE2d 783.

                                    3
    **BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

*duty to the public.[1] It has been said that the fiduciary responsibilities of a public officer cannot be less than those of a private individual.[2] Furthermore, it has been stated that any enterprise undertaken by the public official which tends to weaken public confidence and undermine the sense of security for individual rights is against public policy.[3]" Fraud in its elementary common law sense of deceit—and this is one of the meanings that fraud bears [483 U.S. 372] in the statute. See United States v. Dial, 757 F.2d 163, 168 (7th Cir1985) includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,...and if he deliberately conceals material information from them, he is guilty of fraud. McNally v United States 483 U.S. 350 (1987) [Emphasis added]*

*63C Am.Jur.2d, Public Officers and Employees, §247*

See also: 5 CFR § 2635.101 BASIC OBLIGATION OF PUBLIC SERVICE, incorporated by reference herein.

Public Law 1, 48 stat. 1, refers to H.R 1491 to which the U.S. GOVT. and the State are the Trustees of the Trust created under this Public Law 1 which placed all property of the People into the U.S. GOVT. and State, and that these possessions are a "trust" to be used as a credit line.

Public Law 10, Chapter 48, 48 stat 112. Refers to H.J.R.192 which removed all the lawful gold and silver from the State to pay its employees, and for the People the means to receive pay for sweat equity and pay debt. In 1933 – President Roosevelt

---

[1] United States v Holzer (CA7 Ill) 816 F2d 304 and vacated, remanded on other grounds 484 US 807, 98 L Ed 2d 18, 108 S Ct 53, on remand (CA7 Ill) 840 F2d 1343, cert den 486 US 1035, 100 L Ed 2d 608, 108 S Ct 2022 and (criticized on other grounds by United States v Osser (CA3 Pa) 864 F2d 1056) and (superseded by statute on other grounds as stated in United States v Little (CA5 Miss) 889 F2d 1367) and (among conflicting authorities on other grounds noted in United States v Boylan (CA1 Mass) 898 F2d 230, 29 Fed Rules Evid Serv 1223).

[2] Chicago ex rel. Cohen v Keane, 64 Ill 2d 559, 2 Ill Dec 285, 357 NE2d 452, later proceeding (1st Dist) 105 Ill App 3d 298, 61 Ill Dec 172, 434 NE2d 325.

[3] Indiana State Ethics Comm'n v Nelson (Ind App) 656 NE2d 1172, reh gr (Ind App) 659 NE2d 260, reh den (Jan 24, 1996) and transfer den (May 28, 1996).

4

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

passed HJR 192, June 5, 1933 – and since the government had taken the gold, and the

People had no money, the government would pay the 'debts' for the People, thereby

giving them unlimited credit. Whoever has the gold [lawful constitutional money of

account] pays the bills. This legislation states that one cannot demand from you a

certain form of currency, as the Defendants have, since any form, and all forms of

currency are your credit. If they do, they are in breach of Public Policy, PL 73-10. Not

only does this insurance policy (law) protect the legislators from conviction for fraud

and treason, but also it protects the People from damages caused by the Federal &

State governments.

Under the law of the Cestui Que Vie Act of 1666, Plaintiff declares that he is a **living flesh and blood being**, and is NOT dead, and holds the position of **Beneficiary** on any document filed into the Department of Commerce in Washington D.C. on his live birth for the use of this credit under Public Law 1, 48 stat 1 in reference to H.R 1491.

Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, all of the individual, Bar Card Holders [Attorneys], officers of Select Portfolio Servicing, Inc. and Bank of America, N.A., being educated in the Law of Commerce, Statute Merchant, have or ***should*** have knowledge of the Statute at Large Vol 48 of 1933-1934, pages 1-112, and Title 12 U.S.C., Sec. 95b and its reference to Public Law 91, 40 stat 411 of Oct 6 1917, referring to H.R 4960, Trading With The Enemy Act. They also understand, or ***should*** understand that they are under the title of Foreign Agent as

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

listed in Title 22, Chapter 11, Sections 611 and 612, and are unregistered and unlicensed, and are required to be registered as debt collectors to sell or transfer any unregistered securities.

US Code - Section 1956: Laundering of monetary instruments states - incorporated by reference herein.

(a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity -
(A)(i) with the intent to promote the carrying on of specified unlawful activity; or
(ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or
(B) knowing that the transaction is designed in whole or in part -
(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
(ii) to avoid a transaction reporting requirement under State or Federal law,
shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, are Public Trustees and "Debtors in possession" by Oaths of Office/"THE LAWYER'S OATH" under Chapter 11 Reorganization, and are acting as Trustees to the Bankrupt Estate(s) under P.L. 73-10, 48 stat 31 of the Agricultural Adjustment Act of 1938. The Bankruptcy Act of 1826 placed the U.S. Secretary of the Treasury, Comptroller of Currency & the Department of Agricultural in charge of the 1933 Public Law 10, Chapter 48, 48 stat 112 and Public Law 1, 48 stat 1, and all property here is registered and Titled to the STATE OF ARIZONA/COUNTY OF MARICOPA, and the

6
**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

1    State/County is required to pay all taxes and all upkeep, and discharge this debt for the

2    People.

3

4         Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore,

5    Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, are

6    using unlawful Tax Warrants of Attorney as puts and calls to purchase Equity

7
     Securities and to steal this Beneficiary Money using GSA FORMS SF 24 BID BOND,
8
     SF 25 PERFORMANCE BOND, and SF 25A PAYMENT BOND and MILLER
9
10   REINSURANCE AGREEMENTS 273, 274 and 275.

11        If (because of non-compliance of Fiduciary/Trustees) Plaintiff is deprived of his
12
13   freedom or any of his assets or property, he will be forced to file an action under USC

14   **Title 42 §1983**, and he will require:

15        Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore,
16
17   Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will

18   be required by the U.S. PATRIOT ACT to reveal the source of their funds by filing

19   Currency Transaction Reports, Currency and Monetary Instrument Transportation

20
     Forms (CMIR's) under §§ 5311 et seq. of 31 U.S.C. of THE BANK SECRECY ACT,
21
22   and 31 CFR § 103.11 regulations et seq., under the U.S. PATRIOT ACT and SEC

23   Rule 17a-8, which applies to all broker-dealers, and incorporates the requirements of

24   the Bank Secrecy Act to file reports and maintain records showing the source of the
25
26   funds.

27        Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore,

28   Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

be required to provide evidence of Internal Revenue forms W-2, 1099 or the 1040 form, as they are claiming to be private contractors or private entities, and their use of any of the forms will show what their status actually is.

Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will be required to provide evidence of an Internal Revenue form of 1099C, Change of Corporate Status from the standing of a public office to such as that of private contractors.

Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will be required to provide the EIN number or TIN number for the change in status of a public office to that of a Private Corporation for tax purposes.

Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will be required to provide copies of all GSA FORMS SF 24 BID BOND, SF 25 PERFORMANCE BOND, and SF 25A PAYMENT BOND and MILLER REINSURANCE AGREEMENTS 273, 274 and 275 used in any Trustee Sale or court case associated with their office.

Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will be required to show their licensing as "foreign agents" who are able to buy, sell and transfer unregistered securities.

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

1    Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore,
2
3    Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will
4    be required to provide evidence and proof of a performance in paying the bond under
5    the Miller Act, as found in Title 40 USC, Section 270 a - 270 D.-1 if they claim to be a
6    private entity and private contractors, and NOT Constitutional public officers.
7
8    Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore,
9    Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will
10   be required to provide evidence and proof of who pays the private entities and private
11
12   contractors; is it the state of Arizona, or a private Corporation?
13   Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore,
14   Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will
15   be required to provide evidence of the method of payment being in gold and silver in
16
17   violation of Public Law 10, Chapter 48, 48 stat. 112, or in private currency known as
18   Federal Reserve Notes.
19   Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore,
20   Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will
21
22   be required to provide documentation and licensing, and lawful authority in order to
23   function as a debt collector under the Bankruptcy of 1933, and the State of Emergency
24   under Title 12, Section 95b.
25
26   Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore,
27   Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, will
28   be required to provide evidence and documentation to explain why Moynihan,

9

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, and WRIGHT,

FINLAY & ZAK, LLP, **have failed** to comply with Public Law 10, Chapter 48, 48

Stat 112 and Public Law 1, 48 Stat 1, and Public Law 91, 40 stat 411 of Oct 6, 1917,

and Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini,

WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek failed to

discharge the Public Debt.

Plaintiff will provide Administrative Law that allows for freedom of

information to be given to Plaintiff as well as discovery as to whether Moynihan,

McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT,

FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek have failed to comply

with the code, rules, regulations, public law, and policies. Such violations come under

Title 31 Money and Finances under section 3729; False Claims, 18 U.S.C. § 1956; and

this failure has a remedy under U.S. Constitution 14th Amendment, Section 4, bounty

against public debt.

Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401 (1958), *"No state legislator or*

*executive or judicial officer can war against the Constitution without violating his*

*undertaking to support it"*. See also In Re Sawyer, 124 U.S.  200 (188); U.S. v. Will,

449 U.S. 200, 216,101 S. Ct. 471, 66 L. Ed. 2nd 392, 406 (1980); Cohens v. Virginia,

19 U.S. (Wheat) 264, 404, 5 L. Ed 257 (1821).  *"The government of the state its*

*officers are Constitutionally required, affirmed by oaths taken, to uphold the*

*Constitution and to serve the Citizens, who are the Sovereign, and **not to defraud** those*

*Citizens."*

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

1    Plaintiff believes Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE

2   LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and

3
    Recksiek, trespassed on Plaintiff's rights by violating their respective contracts to
4
    public office, which are reproduced below:
5

6   ARIZONA OATH OF ADMISSION, incorporated by reference herein.

7

8       "I, (McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, and
9       WRIGHT, FINLAY & ZAK, LLP), do solemnly swear that I will support the
        Constitution of the United States and the Constitution of the State of Arizona;
10

11      I will maintain the respect due to courts of justice and judicial officers;

12      I will not counsel or maintain any suit or proceeding that shall appear to me to be
        without merit or to be unjust; I will not assert any defense except such as I honestly
13      believe to be debatable under the law of the land;

14
        I will employ for the purpose of maintaining the causes confided to me such means
15      only as are consistent with truth and honor; I will never seek to mislead the judge or
        jury by any misstatement or false statement of fact or law;
16

17      I will maintain the confidence and preserve inviolate the secrets of my client; I will
18      accept no compensation in connection with my client's business except from my
        client or with my client's knowledge and approval;
19

20      I will abstain from all offensive conduct; I will not advance any fact prejudicial to
        the honor or reputation of a party or witness, unless required by the justice of the
21      cause with which I am charged;

22      I will never reject, from any consideration personal to myself, the cause of the
23      defenseless or oppressed, nor will I delay any person's cause for greed or malice;

24      I will at all times faithfully and diligently adhere to the rules of professional
25      responsibility and a lawyer's creed of professionalism of the State Bar of Arizona."

26   UTAH ATTORNEY'S OATH, incorporated by reference herein.

27      "I (Miller, Pitcher, Warren and Recksiek) do solemnly swear that I will support,
28      obey and defend the Constitution of the United States and the Constitution of Utah;
        that I will discharge the duties of attorney and counselor at law as an officer of the

11

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

courts of this State with honesty, fidelity, professionalism, and civility; and that I will faithfully observe the Rules of Professional Conduct and the Standards of Professionalism and Civility promulgated by the Supreme Court of the State of Utah."

Plaintiff accepts the Oath of Office/Oath of Admissions of the above named PUBLIC SERVANTS, and **all of the individual (Bar Card Holders) Attorneys, Federal Judges and their Successors.** (See NOTICE OF ACCEPTANCE OF CONSTITUTIONS AND OATH OF OFFICE, filed concurrently under Exhibit "A" hereto and incorporated herein.)

Plaintiff requests that Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek all individuals [persons], attorneys or officers of Select Portfolio Servicing, Inc. and Bank of America, N.A., and their Successors, lawfully prove, via copies of their timely filed Oaths, good faith/surety bonds, and valid malpractice insurance, that they were statutorily compliant and able to function as officers of the court and able to practice law. **NOTE: The above bonds will be arrested and you will be stepping down from your office if you violate your APPOINTMENT AS FIDUCIARY IN THIS MATTER.**

Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek **cannot** be Plaintiff's Fiduciary/Trustee, and Attorneys in this Verified Action-at-Law, and since Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek will

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

leave the bar by dishonoring their Oath of Office, they cannot even appear in **any** other legal action.  If the Defendant in this Verified Action-at-Law, and/or any of the listed public servants continues this sham collection effort on Account Number: 0014052088 and do not settle per the law, they are simply **trespassing** on this matter; not only will their bonds be arrested but they will be liable under USC **Title 42 §1983**.

Nevertheless, Plaintiff would be glad to accept from Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek, notices of resignation because if the Defendants in this Verified Action-at-Law and/or any of the listed public servants continues this sham collection effort on Account Number:  0014052088 and do not settle per the law, they will have dishonored their office.  Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek will have refused to do their job as "transferring agent" against Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek's bar certificate.  In that instance, Moynihan, McElenney, Neumeyer, Moores, BRYAN CAVE LLP, Lepore, Kleini, WRIGHT, FINLAY & ZAK, LLP, Miller, Pitcher, Warren and Recksiek will receive a 1099, and Plaintiff will be filing a Form 25 SEC.

In closing, should Settlement (**File: DEED OF RELEASE AND FULL RECONVEYANCE with Maricopa County Recorder's Office by March 3, 2014**) by named Fiduciary/Trustees, per the Law for **Account Number:  0014052088**, and

13

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

Settlement of all Issued Commercial Securities, Certificates, and Licenses for the Rents DUE not happen, a Notice of Fiduciary/Trustee Refusal shall be sent to: Arizona and Utah Secretary of State, Bar, IRS, SEC, Supreme Court, U.S. Secretary of the Treasury, Comptroller of Currency, Department of Agricultural, and Arizona and Utah Attorney General.

Therefore, in keeping with lawful precedent and to ensure that all of the civil rights of Plaintiff are not further violated, which would require examination pursuant to **USC Title 42 §1983**, Plaintiff respectfully moves these Fiduciary/Trustees, pursuant to the above.

If [because of non-compliance of Fiduciary/Trustees] Plaintiff is deprived of **any of his freedoms, assets or property, he will be forced to file an action under USC Title 42 §1983.**

Respectfully submitted on this 13th day of February, 2014.

*[signature]*

**Ivaylo Tsvetanov Dodev, ARR,** *Pro Se* Plaintiff
*Without recourse/prejudice*
Beneficiary in *sui juris* UCC 1-308
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**

14
**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY** of the forgoing, along with the Exhibits is hand-delivered to The United States District Court for the District of Arizona this 13th day of February, 2014. I certify that the following parties or their counsel of record, and pseudo counsel, are registered as ECF Filers and that they will be served by the CM/ECF system: BANK OF AMERICA, NA, RECONTRUST, NA, BRIAN MOYNIHAN, SELECT PORTFOLIO SERVING, NA, TIMOTHY O'BRIEN, GERALD HASSELL, BANK OF NEW YORK MELLON, BRYAN CAVE LLP, WRIGHT AND FINLAY & ZAK, LLP.

JASON H. MILLER, CANDICE PITCHER, KEVIN W. WARREN, DAVID A RECKSIEK, AND BRIAN T. MOYNIHAN, JD are served with the forgoing, along with the Exhibits through their elected counsel in this Verified Action-at-Law and through First Class US Mail on the 13th day of February, 2014.

Ivaylo Tsvetanov Dodev, Plaintiff
6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone

**BODY OF LAW SUPPORTING APPOINTMENT OF FIDUCIARY/TRUSTEE**

# EXHIBIT "A"

## NOTICE OF ACCEPTANCE OF CONSTITUTIONS AND "THE LAWYER'S OATH"

NOTICE FOR ARIZONA BAR CARD HOLDERS: SEAN K. MCELENNEY, COREE E. NEUMEYER, ERIC M. MOORES, BRYAN CAVE LLP, KIM R. LEPORE, BRADFORD E. KLEIN, AND UTAH BAR CARD HOLDERS: JASON H. MILLER, CANDICE PITCHER, KEVIN W. WARREN, DAVID A RECKSIEK, AND ALL OF THE INDIVIDUAL BAR CARD HOLDERS ATTORNEYS/JUDGES, BRIAN T. MOYNIHAN, JD, WRIGHT, FINLAY & ZAK, LLP, OWNERS/OFFICERS/EMPLOYEES OF SELECT PORTFOLIO SERVICING, INC. AND BANK OF AMERICA, N.A., AND THEIR SUCCESSORS,

Point of Law: All contracts commence with an offer and only become binding upon acceptance. See: "Contracts" by Farnsworth, third edition, sect. 3.3, pages 112, 113. Infra.[i]

The organic Constitutions and the Bill of Rights of the United States of American, and the State of Arizona and the Oath of Office/Oath of Admissions, of the above named PUBLIC SERVANTS, amounts to nothing more than an offer of an intention to act or refrain from acting in a specified way between the respective governments and the private American people and for other purposes.

Be it known by these presents that Ivaylo Tsvetanov Dodev, does hereby accept the organic Constitutions of the United States of America and of the State of Arizona and accepts "The Lawyer's Oath" of the above named PUBLIC SERVANTS as your open and binding offer of promise to form a firm and binding contract between the respective governments, their political instrumentalities and the above named PUBLIC SERVANTS and Ivaylo Tsvetanov Dodev in his private capacity.

Ivaylo Tsvetanov Dodev expects that, as PUBLIC SERVANTS, you will perform all of your promises and stay within the limitations of your constitutions, create no unfounded presumptions, seek only the true facts for cause of action, tell the truth at all

times, and respect, protect and maintain my right of personal liberty and private property and all rights antecedent thereto.

The foregoing Notice of Acceptance of Constitutions and of "The Lawyer's Oath" is made explicitly without recourse and now constitutes a binding contract, and any deviation therefrom will be treated as a breach of contract and a violation of substantive due process.

Respectfully submitted on this 13th day of February, 2014.

_Ivaylo Dodev_

_____

**Ivaylo Tsvetanov Dodev**, ARR, *Pro Se* Plaintiff
*Without recourse/prejudice*
Beneficiary in *sui juris* UCC 1-308
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**

---

[1] **"Contracts" by Farnsworth, third edition, sect 3.3, pages 112,113**.
Offer and Acceptance. The outward appearance of the agreement process, by which the parties satisfy the requirement of bargain imposed by the doctrine of consideration, varies widely according to the circumstances. It may, for example, involve face-to-face negotiations, an exchange of letters or facsimiles, or merely the perfunctory signing of a printed form supplied by the other party. Whatever the outward appearance, it is common to analyze the process in terms of two distinct steps: First, a manifestation of assent that is called an offer, made by one party (the offeror) to another (the offeree); and second, a manifestation of assent in response that is called an acceptance, made by the offeree to the offeror. Although courts apply this analysis on a case-by-case basis, depending on the circumstances, it gives a reassuring appearance of consistency.
What is an "offer"? It can be defined as a manifestation to another of assent to enter into a contract if the other manifests assent in return by some action, often a promise but sometimes a performance. By making an offer, the offeror thus confers upon the offeree the power to create a contract. An offer is nearly always a promise and in a sense, the action (promise or performance) on which the offeror conditions the promise is the "price" of its becoming enforceable. Offer, then, is the name given to a promise that is conditional on some action by the promisee if the legal effect of the promisee's taking

that action is to make the promise enforceable. Empowerment of the offeree to make the offeror's promise enforceable is thus the essence of an offer. When does a promise empower the promisee to take action that will make the promise enforceable? In other words, when does a manifestation of assent amount to an offer? This is one of the main subjects of this chapter.

What is an "acceptance"? It can be defined as the action {promise or performance} by the offeree that creates a contract (ie, makes the offeror's promise enforceable). Acceptance, then, is the name given to the offeree's action if the legal effect of that action is to make the offeror's promise enforceable. When does action by the promisee make the promise enforceable? In other words, when does the promisee's action amount to an acceptance? This is another of the main subjects of this chapter. Because of the requirement of mutuality of obligation, both parties are free to withdraw from negotiations until the moment when both are bound. This is the moment when the offeree accepts the offer. It therefore follows, as we shall see later in more detail, that the offeror is free to revoke the offer at any time before acceptance.

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
7/12/2016 2:04:00 PM
Filing ID 7562447

1   Kim R. Lepore (SBN 019130)
    klepore@wrightlegal.net
2   Jamin S. Neil (SBN 026655)
    jneil@wrightlegal.net
3   **WRIGHT, FINLAY & ZAK, LLP**
    16427 N. Scottsdale Road, Suite 300
4   Scottsdale, Arizona 85254
    Telephone: (602) 845-8898
5   Facsimile: (949) 608-9142

6   Attorneys for *Plaintiff*
    Bank of New York Mellon f/k/a Bank of New
7   York, As Trustee, on behalf of the Registered
    Holders of Alternative Loan Trust 2007-OA7,
8   Mortgage Pass-Through Certificates, Series
    2007-OA7
9

10              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11                **IN AND FOR THE COUNTY OF MARICOPA**

12  BANK OF NEW YORK MELLON F/K/A          Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE,
13  ON BEHALF OF THE REGISTERED
    HOLDERS OF ALTERNATIVE LOAN           **RESPONSE TO DEFENDANT'S**
14  TRUST 2007-OA7, MORTGAGE PASS-        **MOTION TO DISQUALIFY**
    THROUGH CERTIFICATES, SERIES          **PLAINTIFF'S COUNSEL**
15  2007-OA7, its successors and/or assigns,

16              Plaintiff,

17      vs.

18  IVAYLO DODEV, NIKOLINA T.
    DODEV and DOES I through X, inclusive,
19
                Defendants.
20

21          *Plaintiff* Bank of New York Mellon f/k/a Bank of New York, As Trustee, on behalf of

22  the Registered Holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through

23  Certificates, Series 2007-OA7 ("Plaintiff"), by and through counsel undersigned, respectfully

24  requests that this Court deny *Defendant* Ivaylo Dodev's ("Defendant") Motion to Disqualify

25  Plaintiff's Counsel Wright, Finlay & Zak, LLP and Kim Lepore. The Motion must be denied

26  as it is unsupported by any relevant law and is based solely on Defendant's impermissible

27  attempt to impose an involuntary fiduciary relationship between himself and Wright, Finlay

28  & Zak, LLP and/or Kim Lepore (collectively "Plaintiff's Counsel").

                                    -1-
         **RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

1    In his Motion, Defendant claims that Plaintiff's counsel has a conflict of interest in

2  this action and must be disqualified from representing Plaintiff because on "February 13,

3  2014, Defendant appointed [Plaintiff's] Counsel as his fiduciary…" (Motion, 2:1-2).

4  Defendant bases this summary conclusion solely on **his** execution of an IRS From 56 entitled

5  *Notice Converning Fiduciary Relationship* and a document entitled *Appointment of Fiduciary*

6  (collectively "Notice") which he previously attempted to utilize to disqualify Plaintiff's

7  counsel in an action before the United States District Court, District of Arizona, Case No.

8  2:13-cv-02155-GMS ("District Court Case"). In that case, Defendant attempted to appoint all

9  of the opposing attorneys (including Plaintiff's Counsel) as fidciaries and then argued that

10  because none of the 12 attorneys and law firms rejected the appointment within 3 days, a

11  fiduciary relationship was created. The Notice is nonsensical and inappropriate, and thus, so

12  is Defendant's Motion to Disqualify.

13    There is no relationship between Wright, Finaly & Zak, LLP or Kim Lepore and

14  Defendant, much less a fiduciary relationship. Further, a fiduciary relationship cannot be

15  unilateral, and can only arise if both parties understand that a special trust or confidence has

16  been reposed.

17
> A fiduciary relationship is one in which 'special confidence and trust is
18
> reposed in the integrity and fidelity of another and there is a resulting
> position of superiority or influence, acquired by virtue of this special trust.'
19
> *Stone v. Davis* (1981), 66 Ohio St. 2d 74, 419 N.E.2d 1094. The fiduciary's
> role may be assumed by formal appointment, or it may rise *de facto* from a
20
> more informal confidential relationship. *Id.* at 78. Such a confidential
> relationship, however, cannot be unilateral. A fiduciary duty may arise
21
> from an informal relationship only if both parties understand that a special
> trust or confidence has been reposed. (citations omitted) *Cairns v. Ohio*
22
> *Sav. Bank*, 109 Ohio App. 3d 644, 649, 672 N.E.2d 1058, 1062, 1996 Ohio
> App. LEXIS 637, *10 (Ohio Ct. App., Cuyahoga County 1996).

23    Moreover, a fiduciary relationship is a confidential relationship whose attributes

24  include "great intimacy, disclosure of secrets, [or] intrusting of power." In a fiduciary

25  relationship, the fiduciary holds "superiority of position" over the beneficiary (citations

26  omitted). *Taeger v. Catholic Family & Community Servs.*, 196 Ariz. 285, 291, 995 P.2d 721,

27  727 (App. 1999); see also, *Standard Chtd. PLC v. Price Waterhouse*, 190 Ariz. 6, 24, 945

28  P.2d 317, 335 (App. 1996).

**RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

1    Here, Plaintiff's counsel does not have a confidential relationship with Defendant.

2  Defendant has not disclosed secrets or intrusted power in Plaintiff's counsel. Defendant has

3  not entrusted any property or interest in Plaintiff's counsel. Finally, Defendant cannot

4  reasonably believe that Plaintiff's counsel holds a superior position over him or is acting in a

5  fiduciary capacity.

6    Defendant's Notice was and is insufficient to create a fiduciary relationship. Further,

7  contrary to Defendant's assertion in his Motion, Plaintiff's counsel did reject the Notice in

8  their *Response to Plaintiff's Appointment of Fiduciary/Trust* filed in the District Court Case

9  on March 3, 2014 [Doc. 70]. Even if the Notice was effective, the Notice itself clearly states

10  that the purported appointment is "**for this matter**," meaning the District Court Case.

11  [Emphasis in original]. Thus, the Notice is ineffective and has no bearing on the instant

12  action whatsoever.

13    WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this Court

14  deny Defendant's Motion to Disqualify Plaintiff's Counsel and award Plaintiff its fees and

15  costs incurred in defending Defendant's frivolous Motion pursuant to A.R.S. § 12-349(A).

16    **RESPECTFULLY SUBMITTED** this 12th day of July, 2016.

17    **WRIGHT, FINLAY & ZAK, LLP**

18

19    /s/ *Kim Lepore*

20    KIM R. LEPORE
      Attorneys for *Plaintiff* Bank of New York

21    Mellon f/k/a Bank of New York, As Trustee, on
      behalf of the Registered Holders of Alternative

22    Loan Trust 2007-OA7, Mortgage Pass-Through
      Certificates, Series 2007-OA7

23

24

25

26

27

28

**RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

1   ORIGINAL of the foregoing
    electronically filed via AZ Turbo Court
2   this 12th day of July 2016.

3   COPY of the foregoing hand-delivered
    this 12th day of July 2016 to:
4
5   Hon. Michael Barth
    125 W. Washington
    Courtroom 005
6   Phoenix, Arizona 85003

7   COPY of the foregoing emailed
    this 12th day of July 2016 to:
8
9   Ivaylo Dodev
    Nikolina T. Dodev
    6312 S. 161st Way
10  Gilbert, Arizona 85298-8455
    dodev@hotmail.com
11  Plaintiffs *In Propria Persona*

12
    */s/ Gretchen Grant*
13  GRETCHEN GRANT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
D. Sandoval, Deputy
7/12/2016 2:08:00 PM
Filing ID 7562478

1  Kim R. Lepore (SBN 019130)
   klepore@wrightlegal.net
2  Jamin S. Neil (SBN 026655)
   jneil@wrightlegal.net
3  **WRIGHT, FINLAY & ZAK, LLP**
   16427 N. Scottsdale Road, Suite 300
4  Scottsdale, Arizona 85254
   Telephone: (602) 845-8898
5  Facsimile: (949) 608-9142

6  Attorneys for *Plaintiff*
   Bank of New York Mellon f/k/a Bank of New
7  York, As Trustee, on behalf of the Registered
   Holders of Alternative Loan Trust 2007-OA7,
8  Mortgage Pass-Through Certificates, Series
   2007-OA7
9

10              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11                  **IN AND FOR THE COUNTY OF MARICOPA**

12  BANK OF NEW YORK MELLON F/K/A          Case No. CV2016-004500
    BANK OF NEW YORK, AS TRUSTEE,
13  ON BEHALF OF THE REGISTERED
    HOLDERS OF ALTERNATIVE LOAN           **RESPONSE TO DEFENDANTS'**
14  TRUST 2007-OA7, MORTGAGE PASS-         **MOTION TO DISMISS**
    THROUGH CERTIFICATES, SERIES
15  2007-OA7, its successors and/or assigns,

16              Plaintiff,

17      vs.

18  IVAYLO DODEV, NIKOLINA T.
    DODEV and DOES I through X, inclusive,
19
                Defendants.
20

21        *Plaintiff* Bank of New York Mellon f/k/a Bank of New York, As Trustee, on behalf of

22  the Registered Holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through

23  Certificates, Series 2007-OA7 ("Plaintiff"), by and through counsel undersigned, respectfully

24  submits this Response to *Defendants* Ivaylo Dodev and Nikolina T. Dodev's (collectively

25  "Defendants") *Motion to Dismiss for Lack of Subject Matter Jurisdiction* ("Motion"). As

26  discussed in further detail below, Defendants' Motion has no merit as this Court is

27  empowered by the Arizona Constitution with original jurisdiction to hear forcible entry and

28  detainer actions and has personal jurisdiction over Defendants as they were properly served

                                        -1-
                    **RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

1 || pursuant to Rule 4.1(d) of the Arizona Rules of Civil Procedure ("ARCP").

2 || **A.    Subject Matter Jurisdiction.**

3 ||        "[S]ubject matter jurisdiction refers to a court's statutory or constitutional power to

4 || hear and determine a particular type of case." *State v. Maldonado,* 223 Ariz. 309, ¶ 14, 223

5 || P.3d 653, 655 (2010) [internal quotations omitted]. Article VI, Section 14, Paragraph 5, of

6 || the Arizona Constitution provides that "[t]he superior court shall have original jurisdiction

7 || of: [a]ctions of forcible entry and detainer." Ariz. Const. art. VI, § 14(5). Although forcible

8 || detainer originally applied only to landlord-tenant relationships,   A.R.S. § 12-1173.01

9 || "expanded the scope of the [forcible detainer] remedy to include transactions in which one

10 || holds over in possession after the property has been sold through foreclosure, **trustee's sale**,

11 || forfeiture, execution, or other transactions where the property has been sold by the owner and

12 || the title has been duly transferred." *Curtis v. Morris*, 186 Ariz. 534, 535, 925 P.2d 259, 260

13 || (1996) *quoting*  A.R.S. § 12-1173.01(A)(5) [internal quotations omitted] [emphasis added].

14 ||        Here, Plaintiff commenced this action, in this Court, on March 29, 2016, pursuant to

15 || A.R.S. § 12-1173.01. (*See* Complaint, generally). The Complaint seeks to remove

16 || Defendants from the real property located at 6312 S. 161st Way, Gilbert, Arizona 85298

17 || ("Property") following Plaintiff's purchase of the Property at a Trustee's Sale held on

18 || February 8, 2016. (*See* Complaint, ¶¶ 4 and 12). Accordingly, this Court has subject matter

19 || jurisdiction.

20 || **B.    Personal Jurisdiction.**

21 ||        A trial court's jurisdiction over a person is established by "the fact of service and the

22 || resulting notice." *Hirsch v. Nat'l Van Lines, Inc.,* 136 Ariz. 304, 308, 666 P.2d 49, 53 (1983).

23 || In a forcible entry and detainer action, "[s]ervice of the summons and complaint shall be

24 || accomplished by either personal service or post and mail service . . . as provided by Rule 4.1

25 || or 4.2 of the Arizona Rules of Civil Procedure." Arizona Rules of Procedure for Eviction

26 || Actions ("RPEA") 5(f). ARCP Rule 4.1 authorizes service "by delivering a copy of the

27 || summons and of the pleading to that individual personally **or** by leaving copies thereof at that

28 || individual's dwelling house . . . with some person of suitable age and discretion." Ariz. R.

Civ. P. 4.1(d) [emphasis added].

In this case, *Defendant* Ivaylo Dodev was personally served, at the Property, with the Amended Summons, Summons, Complaint, Certificate of Arbitration, Coversheet and Residential Eviction Information Sheet on June 17, 2016 at 5:09 p.m. (*See* Certificate of Service filed June 22, 2016 and attached hereto as **Exhibit A**). Moreover, by leaving the above-referenced documents with *Defendant* Ivaylo Dodev at the Property, service upon *Defendant* Nikolina T. Dodev was also effectuated pursuant to ARCP Rule 4.1(d) as it is undisputed that she resides at the Property and *Defendant* Ivaylo Dodev is a person of suitable age and discretion.

Accordingly, as service upon all Defendants was proper, this Court has personal jurisdiction.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this Court deny Defendant's *Motion to Dismiss for Lack of Subject Matter Jurisdiction* and award Plaintiff its fees and costs incurred in defending Defendant's meritless Motion pursuant to A.R.S. § 12-349(A).

**RESPECTFULLY SUBMITTED** this 12th day of July 2016.

**WRIGHT, FINLAY & ZAK, LLP**

/s/ *Jamin S. Neil*
JAMIN S. NEIL
Attorneys for *Plaintiff* Bank of New York
Mellon f/k/a Bank of New York, As Trustee, on
behalf of the Registered Holders of Alternative
Loan Trust 2007-OA7, Mortgage Pass-Through
Certificates, Series 2007-OA7

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

1   ORIGINAL of the foregoing
    electronically filed via AZ Turbo Court
2   this 12th day of July 2016.

3   COPY of the foregoing hand-delivered
    this 12th day of July 2016 to:
4

5   Hon. Michael Barth
    125 W. Washington
    Courtroom 005
6   Phoenix, Arizona 85003

7   COPY of the foregoing emailed
    this 12th day of July 2016 to:
8

9   Ivaylo Dodev
    Nikolina T. Dodev
    6312 S. 161st Way
10  Gilbert, Arizona 85298-8455
    dodev@hotmail.com
11  Plaintiffs *In Propria Persona*

12

    /s/ *Gretchen Grant*
13  GRETCHEN GRANT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

EXHIBIT  A

| Attorney or Party without Attorney: | | |
|---|---|---|
| Kim Lepore, Esq.<br>WRIGHT, FINLAY & ZAK, LLP<br>16427 N Scottsdale Road, Suite 300<br>Scottsdale, AZ 85254<br>*TELEPHONE No.:* (602) 845-8898<br><br>*Attorney for:* | | MICHAEL K. JEANES. CLERK<br>RECEIVED CCB<br>DOCUMENT REPOSITORY<br><br>16 JUN 22  PM 4: 20 |
| | *Ref No. or File No.:*<br>209-20161023 | |

*Insert name of Court, and Judicial District and Branch Court:*
In MARICOPA COUNTY SUPERIOR COURT in and for the County of MARICOPA

*Petitioner:* BANK OF NEW YORK MEKKON, et al.

*Respondent:* IVAYLO DODEV, et al.

| CERTIFICATE OF SERVICE | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>CV2016-004500 |
|---|---|---|---|---|

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. At the time of service I was at least 18 years of age and authorized to serve process in this case.

I served copies of the AMENDED SUMMONS; SUMMONS FORCIBLE ENTRY AND DETAINER; COMPLAINT IN FORCIBLE DETAINER AND MONEY DAMAGES; CERTIFICATE OF ARBITRATION; CIVIL COVER SHEET; RESIDENTIAL EVICTION INFORMATION SHEET

a. Party served         IVAYLO DODEV, NILOLINA T. DODEV, and all other occupants

Address where served:  6312 S 161ST WAY
                       GILBERT, AZ 85298

5. I served the party

b. On: 6/17/2016  at: 5:09 PM  I left the documents in the presence of:
     Ivaylo Dodev - Co-Defendant
   Age: 40 yrs. Race: Caucasian  Sex: Male Eyes: Brown Height: 6'0"  Weight: 215 lbs. Hair: Brown

   (2)  (home) a competent member of the household at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

Person who served papers:
NATIONWIDE LEGAL   Name:  Michael Manfredi
                   County of Maricopa,  8645                    The fee for service was: $ 125.00
                   3150 N. 24TH STREET, D-104
                   Phoenix, AZ 85016
                   (602) 256.9700
                   www.nationwideasap.com

Date:  June 20, 2016

_____
(Michael Manfredi)

165334

Michael K. Jeanes, Clerk of Court
*** Filed ***

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-004500                                                      07/13/2016

                                                     CLERK OF THE COURT
COMMISSIONER MICHAEL L. BARTH                              A. Aycock
                                                            Deputy

BANK OF NEW YORK MELLON              PHILIP J GILES

v.

IVAYLO DODEV, et al.                 IVAYLO DODEV
                                     6312 S 161ST WAY
                                     GILBERT AZ  85298-8455


                                     NIKOLINA T DODEV
                                     6312 S 161ST WAY
                                     GILBERT AZ  85298-8455
                                     ROCHELLE STANFORD



                         MINUTE ENTRY


        Having considered Defendants' Motion to Disqualify Counsel Wright & Zak, LLP and
Kim Lepore and Plaintiff's Response thereto,

        IT IS ORDERED denying said Motion for the reason that Defendants have failed to
present sufficient factual and/or legal basis for the relief requested.

        Additionally, having considered Defendants' Motion to Dismiss for Lack of Subject
Matter Jurisdiction and Plaintiff's Response thereto,

        IT IS FURTHER ORDERED denying said Motion for the reason that Defendants failed
to present sufficient factual and/or legal basis for the relief requested.


Docket Code 023                      Form V000A                              Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-004500                                               07/13/2016

Regarding Plaintiff's Motion for Entry of Default Judgment brought on the basis that Defendants failed to file an Answer to the Complaint by the Court ordered deadline of July 6, 2016,

IT IS FURTHER ORDERED extending Defendants' deadline for filing an Answer to the Complaint to **12:00 p.m., July 14, 2016**. In their Motion to Dismiss, Defendants assert that they filed the Motion to Dismiss in lieu of an Answer to the Complaint. It appears, therefore, that Defendants may have misunderstood the Court's Order setting filing deadlines. In view of the foregoing, as well as the Court's denial of the Defendants' Motion to Dismiss on July 13, 2016, the deadline for Defendants filing their Answer to the Complaint is extended to **12:00 p.m., July 14, 2016**. Defendants are hereby warned that failure to comply will result in a default of this matter in favor of Plaintiff.

In view of the foregoing extension of the deadline for Defendants filing their Answer to the Complaint and the trial setting of July 15, 2016 at 11:00 a.m., the deadline for filing any dispositive motions is extended to **12:00 p.m., July 14, 2016**. Any written responses thereto may be filed by **10:00 a.m., July 15, 2016**.

Michael K. Jeanes, Clerk of Court
*** Filed ***

### SUPERIOR COURT OF ARIZONA
### MARICOPA COUNTY

CV 2016-004500                                      07/13/2016


                                          CLERK OF THE COURT
COMMISSIONER MICHAEL L. BARTH                A. Aycock
                                             Deputy


BANK OF NEW YORK MELLON          PHILIP J GILES

v.

IVAYLO DODEV, et al.             IVAYLO DODEV
                                 6312 S 161ST WAY
                                 GILBERT AZ  85298-8455


                                 NIKOLINA T DODEV
                                 6312 S 161ST WAY
                                 GILBERT AZ  85298-8455
                                 ROCHELLE STANFORD


### MINUTE ENTRY

     A typographical error having been made,

     IT IS ORDERED correcting the Court's July 13, 2016 minute entry, Docket Code 023, page 2 to reflect: In view of the foregoing extension of the deadline for Defendants filing their Answer to the Complaint and the trial setting of July 15, 2016 at 11:00 a.m., the deadline for filing any dispositive motions is extended to **close of business, July 14, 2016**.  Any written responses thereto may be filed by **10:00 a.m., July 15, 2016** instead and in place of: In view of the foregoing extension of the deadline for Defendants filing their Answer to the Complaint and the trial setting of July 15, 2016 at 11:00 a.m., the deadline for filing any dispositive motions is extended to **12:00 p.m., July 14, 2016**.  Any written responses thereto may be filed by **10:00 a.m., July 15, 2016**.

     The balance of the aforementioned minute entry remains unchanged.

Docket Code 019                    Form V000A                        Page 1