# EXHIBIT B

Ivaylo Dodev,
Nikolina T. Dodev by Special Appearance

c/o  6312 South 161st Way
      Gilbert, Arizona
      (480) 457-8888 Phone
      (480) 457-8887 Facsimile
      dodev@hotmail.com

**TRIAL BY JURY REQUESTED**

*Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

BANK OF NEW YORK MELLON
F/K/A BANK OF NEW YORK, AS
TRUSTEE, ON BEHALF OF THE
REGISTERED HOLDERS OF
ALTERNATIVE LOAN TRUST 2007-
OA7, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OA7,
its successors and/or assigns.

                              Plaintiff,

v.

Ivaylo Dodev and
Nikolina T. Dodev,

                              Defendants.

Case No. _____

**VERIFICATION OF IVAYLO
DODEV BY DECLARATION
TO THE DEFENDANTS'
NOTICE OF REMOVAL**

**IVAYLO DODEV,** hereby declares as follows:

1.     I, Ivaylo Dodev, am a Defendant in the above-captioned matter. This
Declaration is offered in support of Defendants' Notice of Removal and is based upon
my personal knowledge and investigation.

2.    In accordance with 28 U.S.C. § 1446(a) and L.R. Civ. 3.7(b), Defendants have filed authentic and complete copies of all pleadings and other documents that were previously filed with the Maricopa County Superior Court, contemporaneously with the filing of Defendants' Notice of Removal.

I declare under the penalty of perjury that the foregoing is true and correct.

DATED this 14th day of July, 2016.


By Ivaylo Dodev, Declarant

# EXHIBIT C

Ivaylo Dodev
c/o 6312 South 161st Way
Gilbert near (85298)-9999
Non-domestic state without the USA
Arizona united States of America

# AFFIDAVIT OF STATUS OF IVAYLO DODEV

STATE OF ARIZONA                    )

                                   )  SS

COUNTY OF MARICOPA                  )


Comes now, Ivaylo Dodev, hereinafter known as Affiant; being of sound mind, competent to testify and being over the age of 21 years, after first being duly sworn according to law to tell the truth to the facts related herein, states that he has firsthand knowledge of the facts stated herein. and believes these facts to be true to the best of his knowledge.

1. That your Affiant, a living man made in our Father YHWH Elohim's image and endowed by his Creator with certain unalienable Rights, is one of the People of these united States of America, living on the soil within the borders of The State of Arizona, a member State of the perpetual Union styled "The United States of America."

2. Your Affiant is a living, breathing, sentient being on the land, a Natural Person, and therefore is not and cannot be any ARTIFICIAL PERSON and, therefore, is exempt from any and all identifications, treatments, and requirements as any ARITFICAIL PERSON pursuant to any processes, laws, codes, statutes or ordinances or any color of thereof.

3. Your Affiant notices that, in these united States of America, the authority of any and all governments resides in the People, the Natural Persons of blood and flesh, of the land, for government is a fiction of the mind and can only be created by the People, effected by the People, and overseen by the People for the benefit of only the People.

4. Your Affiant at all times claims all and waves none of his YHWH given, inherent, unlimited, unalienable, secured and guaranteed Rights, pursuant to the Declaration of Independence and the Constitution of the united States of America, as ratified in 1791 with the Articles of the Amendments.

5. Your Affiant notices that pursuant to the Constitution of the united States of America, as ratified in 1791 with the Articles of the Amendments, Article VI paragraph 2, "This Constitution and the Laws of the united States which shall be made in Pursuance thereof: and the Treaties made, under the authority of the United States, shall be the supreme Law of the land; and the Judges in every State shall be bound thereby, any Things in the Constitution or Laws of any State to the Contrary notwithstanding."

6. Your Affiant notices that, as a matter of his lawful compliance to the referenced Constitution, any of the People, while functioning in any Public capacity, in return for the trust of the other People, are granted limited delegated authority of and by the People, with specific duties delineated in accordance thereof, and shall only do so pursuant to a

lawfully designated, sworn and subscribed Oath of Office, and with any and all bonds and other requirements thereof, to ensure their faithful performance to the other People.

7. Your Affiant notices that the only court lawfully authorized by the People, pursuant to the Constitution to hear matters in controversy of the People, civil or criminal, is a court that conforms to and functions in accordance with Article III Section 2 of said Constitution, in which all officers of the court have and abide by their sworn and subscribed oaths of office, supporting and defending the Rights of the People, and in which all matters are heard in accordance with all aspects of due process of law and only Trial by jury and in keeping with the Amendments V,VI and VII.

8. Your Affiant notices that pursuant to this supreme Law of the Land and the YAWH given Rights secured and guaranteed therein, said Constitution is established to ensure that the dominion granted by YAWH to all People on this land, shall endure, and ensure forever that the People on this land be free from any and all slavery, indenturement, tyranny, and oppression under color of any law, statute, code, policy, regulation, procedure, or of any other type of adhesion contract, or label, signed without full disclosure of all consequences and ramifications thereof, with lawful offer, acceptance and consideration, that might entice, separate or violate their Rights, secured by the Bill of Rights under this Constitution.

9. Your Affiant further notices that pursuant to said Constitution, Affiant cannot be compelled, manipulated, extorted, tricked, threatened, placed under duress, coerced, or so effected by any Natural Person, individually, or acting in any capacity as or under any Artificial Person, agency, entity, officer, individual, or party, into the waving of any of Affiant's Rights, or to act in contradiction thereof or to act in opposite of the moral conscience and dominion granted to Affiant by YAWH; nor can Affiant be deprived of any of these Rights and immunities, except by lawful process in accordance with said Constitution, without the Natural and/or Artificial Person in whatever capacity, in so doing, causing injury to your Affiant and thereby committing numerous crimes and irreparable damages, requiring lawful punishment therefrom.

10. Your Affiant has no record or evidence that he is a "Citizen," "Subject," or an "Object" of the District of Columbia in any way, form, or fashion, and therefore, Affiant grants NO LICENSE, or other jurisdiction, to any such foreign entity, government, or corporation, especially the "United States", under any forms of Admiralty or Maritime processes, laws, codes, statures, ordinances or colors of thereof. He has no record or evidence that Affiant has ever voluntarily surrendered any Rights for "Privileges" through citizenship to the agencies of government, foreign and domestic.

11. Your Affiant has no record or evidence that Affiant is not "un-enfranchised", and is not authorized, under; 1) Statutes At Large, First Congress 1789, Session 1 Chapters, page 52, 2) Articles of Confederation, Article 4-3-1-1781; MC 38, 3) Title 18, Section 241, 4) Title 42 Sections 1983, 1985, 1986 the unhampered use of all navigable waters and all common law highways, roadways, and byways, which are used for transport either private, public, or commercial anywhere in these united States of America.

12. Your Affiant, due to fraud, not generally, but specifically, from the inception or inducement of contracts with fictional or legal entities, who cannot, with first-hand knowledge, by act or deed, by way of a flesh and blood, living, breathing man, whether, implied, assented, assumed, presumed, or otherwise, from lack of understanding, or by being purposely misled (whether intentional or by mistake, in order to get another to give

Page 2 of 3

up their Right or Property), convert his Rights given by his Creator into a Privilege to be monitored, controlled, or retracted by fictional entities, legal entities, or by Corporate Structure, and have the binding of the alleged agreement or contract be executed by the giving of his signature or autograph, does, hereby with this Declaration—made a permanent fixture to Affiant's Affidavit of Status—rescind all signatures made in pursuit of any alleged agreement made with non-living, fictional, and corporate entities from the inception of alleged agreements, whereby all the facts of the agreement were not made known to Affiant, making said agreements of a fraudulent nature, being based upon fraud with the solicitation to defraud, and being brought forward on fraud previously formed. All presumptions with fictional, artificial, and legal entities are hereby dispelled, and all fictional, artificial, and legal entities are hereby NOTICED that they are at arm's length, and shall remain at such distance, with all assumptions and presumptions dispelled. Affiant has no record, evidence, or proof that the above statements are not correct.

Further, your Affiant sayeth naught.


Offered at Arm's Length on this 26th day of June, 2013

By: _____
     I, Ivaylo Dodev, ARR, Explicitly Without Prejudice

Subscribed and sworn to (or affirmed) before me on this 26 day of June, 2013 by Ivaylo Dodev, proved to me on the basis of satisfactory evidence to be the man who appeared before me.

Executed by my own free will

_____ (Seal)

Notary Public

Curtis Fetter
NOTARY PUBLIC
MARICOPA COUNTY, ARIZONA
My Commission Expires
04-28-2015

Nikolina Dodev
c/o 6312 South 161ˢᵗ Way
Gilbert near (85298) 9999
Non-domestic state without the USA
Arizona united States of America

# AFFIDAVIT OF STATUS OF NIKOLINA DODEV

STATE OF ARIZONA                    )
                                    )  SS
COUNTY OF MARICOPA                  )

Comes now, Nikolina Dodev, hereinafter known as Affiant; being of sound mind, competent to testify and being over the age of 21 years, after first being duly sworn according to law to tell the truth to the facts related herein, states that she has firsthand knowledge of the facts stated herein, and believes these facts to be true to the best of her knowledge.

1. That your Affiant, a living woman made in our Father YHWH Elohim's image and endowed by his Creator with certain unalienable Rights, is one of the People of these united States of America, living on the soil within the borders of The State of Arizona, a member State of the perpetual Union styled "The United States of America."

2. Your Affiant is a living, breathing, sentient being on the land, a Natural Person, and therefore is not and cannot be any ARTIFICIAL PERSON and, therefore, is exempt from any and all identifications, treatments, and requirements as any ARITFICAIL PERSON pursuant to any processes, laws, codes, statutes or ordinances or any color of thereof.

3. Your Affiant notices that, in these united States of America, the authority of any and all governments resides in the People, the Natural Persons of blood and flesh, of the land, for government is a fiction of the mind and can only be created by the People, effected by the People, and overseen by the People for the benefit of only the People.

4. Your Affiant at all times claims all and waves none of her YHWH given, inherent, unlimited, unalienable, secured and guaranteed Rights, pursuant to the Declaration of Independence and the Constitution of the united States of America, as ratified in 1791 with the Articles of the Amendments.

5. Your Affiant notices that pursuant to the Constitution of the united States of America, as ratified in 1791 with the Articles of the Amendments, Article VI paragraph 2, "This Constitution and the Laws of the united States which shall be made in Pursuance thereof; and the Treaties made, under the authority of the United States, shall be the supreme Law of the land; and the Judges in every State shall be bound thereby, any Things in the Constitution or Laws of any State to the Contrary notwithstanding."

6. Your Affiant notices that, as a matter of his lawful compliance to the referenced Constitution, any of the People, while functioning in any Public capacity, in return for the trust of the other People, are granted limited delegated authority of and by the People, with specific duties delineated in accordance thereof, and shall only do so pursuant to a

lawfully designated, sworn and subscribed Oath of Office, and with any and all bonds and other requirements thereof, to ensure their faithful performance to the other People.

7.  Your Affiant notices that the only court lawfully authorized by the People, pursuant to the Constitution to hear matters in controversy of the People, civil or criminal, is a court that conforms to and functions in accordance with Article III Section 2 of said Constitution, in which all officers of the court have and abide by their sworn and subscribed oaths of office, supporting and defending the Rights of the People, and in which all matters are heard in accordance with all aspects of due process of law and only Trial by jury and in keeping with the Amendments V, VI and VII.

8.  Your Affiant notices that pursuant to this supreme Law of the Land and the YAWH given Rights secured and guaranteed therein, said Constitution is established to ensure that the dominion granted by YAWH to all People on this land, shall endure, and ensure forever that the People on this land be free from any and all slavery, indenturement, tyranny, and oppression under color of any law, statute, code, policy, regulation, procedure, or of any other type of adhesion contract, or label, signed without full disclosure of all consequences and ramifications thereof, with lawful offer, acceptance and consideration, that might entice, separate or violate their Rights, secured by the Bill of Rights under this Constitution.

9.  Your Affiant further notices that pursuant to said Constitution, Affiant cannot be compelled, manipulated, extorted, tricked, threatened, placed under duress, coerced, or so effected by any Natural Person, individually, or acting in any capacity as or under any Artificial Person, agency, entity, officer, individual, or party, into the waving of any of Affiant's Rights, or to act in contradiction thereof, or to act in opposite of the moral conscience and dominion granted to Affiant by YAWH; nor can Affiant be deprived of any of these Rights and immunities, except by lawful process in accordance with said Constitution, without the Natural and/or Artificial Person in whatever capacity, in so doing, causing injury to your Affiant and thereby committing numerous crimes and irreparable damages, requiring lawful punishment therefrom.

10. Your Affiant has no record or evidence that she is a "Citizen," "Subject," or an "Object" of the District of Columbia in any way, form, or fashion, and therefore, Affiant grants NO LICENSE, or other jurisdiction, to any such foreign entity, government, or corporation, especially the "United States", under any forms of Admiralty or Maritime processes, laws, codes, statures, ordinances or colors of thereof. She has no record or evidence that Affiant has ever voluntarily surrendered any Rights for "Privileges" through citizenship to the agencies of government, foreign and domestic.

11. Your Affiant has no record or evidence that Affiant is not "un-enfranchised", and is not authorized, under; 1) Statutes At Large, First Congress 1789, Session 1 Chapters, page 52. 2) Articles of Confederation, Article 4-3-1-1781; MC 38, 3) Title 18, Section 241, 4) Title 42 Sections 1983, 1985, 1986 the unhampered use of all navigable waters and all common law highways, roadways, and byways, which are used for transport either private, public, or commercial anywhere in these united States of America.

12. Your Affiant, due to fraud, not generally, but specifically, from the inception or inducement of contracts with fictional or legal entities, who cannot, with first-hand knowledge, by act or deed, by way of a flesh and blood, living, breathing man, whether, implied, assented, assumed, presumed, or otherwise, from lack of understanding, or by being purposely misled (whether intentional or by mistake, in order to get another to give

up their Right or Property), convert her Rights given by her Creator into a Privilege to be monitored, controlled, or retracted by fictional entities, legal entities, or by Corporate Structure, and have the binding of the alleged agreement or contract be executed by the giving of her signature or autograph, does, hereby with this Declaration—made a permanent fixture to Affiant's Affidavit of Status—rescind all signatures made in pursuit of any alleged agreement made with non-living, fictional, and corporate entities from the inception of alleged agreements, whereby all the facts of the agreement were not made known to Affiant, making said agreements of a fraudulent nature, being based upon fraud with the solicitation to defraud, and being brought forward on fraud previously formed. All presumptions with fictional, artificial, and legal entities are hereby dispelled, and all fictional, artificial, and legal entities are hereby NOTICED that they are at arm's length, and shall remain at such distance, with all assumptions and presumptions dispelled. Affiant has no record, evidence, or proof that the above statements are not correct.

Further, your Affiant sayeth naught.


Offered at Arm's Length on this 26 day of June 2013

By: _N. Dodev (SEAL)_

I, Nikolina Dodev, ARR Explicitly Without Prejudice

Subscribed and sworn to (or affirmed) before me on this _26_ day of June, 2013 by Nikolina Dodev, proved to me on the basis of satisfactory evidence to be the woman who appeared before me.

Executed by my own free will

_Curtis Fetter_                      (Seal)

Notary Public

Curtis Fetter
NOTARY PUBLIC
MARICOPA COUNTY, ARIZONA
My Commission Expires
04-20-2016

# EXHIBIT D

Ivaylo  Dodev,
Nikolina Dodev

c/o  6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

**FILE ON DEMAND**

*Pro Se, by Special Appearance*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **Bank of New York Mellon,** | **Case No.  CV2016-004500** |
|         **Plaintiff,** | **NOTICE OF REMOVAL** |
| **v.** | **(Hon. Michael Barth)** |
| **Dodev, et. al.** | |
|         **Defendants.** | |

**PLEASE  TAKE  NOTICE** that on July 14, 2015, Ivaylo Dodev and

Nikolina Dodev, Citizens of Arizona[1], defendants in *pro se*, ("Defendants"),

---

[1] "There are two classes of citizens, citizens of the United States and of the State. And one may be a citizen of the former without being a citizen of the latter" <u>Gardina v. Board of Registers</u> 48 So. 788, 169 Ala. 155 (1909);"Citizenship of the United States does not entitle citizens to privileges and immunities of Citizens of the State, since privileges of one are not the same as the other" <u>Tashiro v. Jordan</u>, 255 P. 545 California;"The right of trial by jury in civil cases, guaranteed by the 7th Amendment (<u>Walker v. Sauvinet</u>, 92 U. S. 90); "…the privileges and immunities of citizens of the United States do not necessarily include all the rights protected by the

under the above captioned case, filed for removal of the above-captioned action to the United States District Court for the District of Arizona (the "Federal Court"), which will complete the removal of Defendants' action number CV2016-004500, pursuant to 28 U.S.C. §§ 1332, as well as 28 U.S.C. §§ 1441 and 1446. A copy of the Notice of Removal which was filed in the Federal Court (without exhibits) is attached hereto as Exhibit "*A*".

The United States Supreme Court clarified and established, back in 1966: "The petition is now filed in the first instance in the federal court. After notice is given to all adverse parties and a copy of the petition is filed with the state court, removal is effected and state court proceedings cease unless the case is remanded. 28 U. S. C. § 1446 (1964 ed.). See generally, American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Tentative Draft No. 4, p. 153 et seq. (April 25, 1966)."

Therefore, Defendants having taken all steps to effect removal of this case, this Court may proceed no further unless or until the case is remanded by Order of the United States District Court. See 28 U.S.C. § 1446(d), the instant Court is without jurisdiction to effect any judgment in these proceedings (28 U.S.C. § 1446(c)(3)).

first eight amendments to the Federal constitution against the powers of the Federal government." Maxwell v Dow, 20 S.C.R. 448, at pg 455

Respectfully submitted on this 14th day of July, 2016.


By Ivaylo Dodev, Defendant in *Pro Se*


By Nikolina  Dodev, Defendant in *Pro Se*

c/o 6312 S 161st Way
Gilbert, Arizona 85298
(480) 457-8888

## <u>CERTIFICATE OF SERVICE</u>

**ORIGINAL** of the forgoing, are hand-delivered, to the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 201 W. Jefferson St, Phoenix, AZ 85003, and filed on the record this 14th day of July, 2016. Plaintiff and/or his counsel of record are served through the record of the court.

**FURTHER,** a copy of the foregoing is hand-delivered to Hon. Comm. Barth, Michael at the Clerk's Office of the Superior Court of the State of Arizona, County of Maricopa, 125 W. Washington, Phoenix, AZ 85003 this 14th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Kim Lepore Jamin S. Neil.

**Ivaylo Dodev**
**6312 South 161st Way, Gilbert, Arizona**
**(480) 457-8888 Phone**
**(480) 457-8887 Fax**

**EXHIBIT E**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

## No. 15-17040

---

### IVAYLO TSVETANOV DODEV,
*Plaintiff-Appellant*

v.

### RECONTRUST COMPANY NA; SELECT PORTFOLIO SERVICING INC.; BANK OF NEW YORK MELLON, Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-0A7, Mortgage Pass-Through Certificates, Series 2007-0A7, FKA Bank of New York; UNKNOWN PARTIES, Does, 1-100.
*Defendants-Appellees*

---

Appeal from a Judgement of the United States District Court for the
District of Arizona
Honorable Douglas Reyes
No. CV-13-02155-PHX-DLR

## PETITION FOR EN BANC HEARING

---

Ivaylo T. Dodev, *pro se*
6312 S 161st Way
Gilbert, AZ 85298
(480) 457-8888 Phone
(480) 457-8887 Facsimile
Appellant, Plaintiff

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................iii

I. INTRODUCTION AND RULE 35 STATEMENT.....................................1

II. FACTUAL AND PROCEDURAL BACKGROUND................................3

III. BASIS FOR EN BANC HEARING

    1.    This Case Bears Importance for Maintaining Ninth Circuit Uniformity
           Regarding What Constitutes Valid Tender in Cases of
           Refusal........................................................................................5

    2.    This Court and the Lower Court's Order Is Counter to the U.S.
           Supreme Court's Precedent.......................................................11

IV. CONCLUSION.........................................................................................12

# TABLE OF AUTHORITIES

<u>**CASES**</u>                                                                                           **PAGE**

<u>Somerton State Bank v. Maxey</u>, 22 Ariz. 65, 197 P. 892, (1921)………….……..1, 5

<u>Diamond v. Sandpoint Title Ins., Inc.</u>, 968 P.2d 240, 132 Idaho 145 (Idaho 1998)…………………………………………………………………...2, 5, 11

<u>Wallowa Lake Amusement Co. v. Hamilton</u>, 142 P. 321, 70 Or. 433 (Or. 1914)……………………………………………………………….2, 5, 8

<u>Malan v. Tipton</u>, 247 P.3d 1223, 349 Or. 638 (Or. 2011)………………...…..2, 5, 6

<u>Lee v. Nichols</u>, 301 P.2d 1022, 81 Ariz. 106 (Ariz. 1956)……………..……..2, 6

<u>Pollard Oil Co. v. Christensen</u>, 645 P.2d 344, 103 Idaho 110 (Idaho 1982)………....2

<u>In re Worcester</u>, 811 F.2d 1224 (9th Cir. 1987)…………………………..2, 9

<u>Jesinoski v. Countrywide Home Loans, Inc</u> 574 U.S. 729 F. 3d 1092 (2015)....2, 11

<u>Pollard Oil Company v. Christensen</u>, 103 Idaho 110, 645 P.2d 344 (1982)…….5, 11

<u>Equitable Life Assur. Soc. v. Boothe</u>, 160 Or. 679, 683, 86 P.2d 960 (1939)……...5

<u>Weinberg v. Naher</u>, 99 P. 736, 51 Wash. 591 (Wash. 1909)………….………...6

<u>Loughborough v. McNevin</u>, 74 Cal 250 [14 P. 369, 15 P. 773]………………...6

<u>Kelley v. Clark</u>, 129 P. 921, 23 Idaho 1 (Idaho 1912)………………….…...…6

<u>Tiffany v. St. John</u>, 65 N.Y. 318; 22 Am.Rep. 612……………………….....6

<u>Kleckner v. Bank of America</u> (1950) 97 Cal. App.2d 30, 33 [217 P.2d 28]……….7

<u>Lichty v. Whitney</u> (1974) 80 Cal. App.2d 696, 701 [182 P.2d 582]……………...7

<u>Brinton v. Haight</u>, 870 P.2d 677, 125 Idaho 324 (Idaho App. 1994)……………...8

<u>Kammert Brothers Enterprises, Inc. v. Tanque Verde Plaza Company</u>, 4 Ariz. App. 349, 420 P.2d 592 (1966)……………………………………….…...10

**Federal Statutes**

15 USC §1635(a)...................................................................11

**State Statutes**

ARS § 47-3603...................................................................1

**Table of Court Rules**

FRAP 35(a)...................................................................3

## I.    INTRODUCTION AND RULE 35 STATEMENT

This appeal is from a quiet title action based on tender of the full amount due under the mortgage and statute of limitation on foreclosure. This Court has recently summarily affirmed the lower court's judgement, without hearing or memorandum opinion. The appeal is of exceptional importance in relation to what constitutes valid tender, sufficient to extinguish a lien. The issue at hand is whether, in cases where an offer is rejected, the actual production of the thing being tendered is necessary at the time of an offer, or if an offer coupled with the willingness and ability to pay is sufficient. In the present case, Appellant tendered by sending offers to pay the entire amount due to the beneficiary and any party claiming to have an interest or be entitled to payment under the mortgage. The offers were rejected.

Arizona's statutes regarding tender, incorporating the Uniform Commercial Code ("UCC") are ambiguous, and do not define what constitutes a valid tender, stating only that "the effect of tender is governed by principles of law applicable to tender of payment under a simple contract" ARS § 47-3603. The main presiding case law in Arizona, on which the lower court based its rejection of Appellant's tender claims, <u>Somerton State Bank v. Maxey</u>, 22 Ariz. 65, 197 P. 892, (1921), suggests that an offer must be coupled with "the actual production of the thing to

be paid or delivered over". This is generally accepted under common law and in case law throughout this circuit.

Cases throughout this circuit, however, are in conflict with each other when it comes to the necessity of production of the thing being tendered in cases where tender was rejected. Most courts contend that an offer to pay, coupled with a willingness and ability, constitute a valid tender in such circumstances, Diamond v. Sandpoint Title Ins., Inc., 968 P.2d 240, 132 Idaho 145 (Idaho 1998), Wallowa Lake Amusement Co. v. Hamilton, 142 P. 321, 70 Or. 433 (Or. 1914), Malan v. Tipton, 247 P.3d 1223, 349 Or. 638 (Or. 2011), Lee v. Nichols, 301 P.2d 1022, 81 Ariz. 106 (Ariz. 1956), among others. Some other courts, including the lower court in this case and the court in Pollard Oil Co. v. Christensen, 645 P.2d 344, 103 Idaho 110 (Idaho 1982), require a more formal tender with production, despite rejection. The Ninth Circuit Appellate Court has not come to a uniform standard for states that lack statutes that define what constitutes a valid tender in cases of rejection. This Court has even decided in the past that an offer, without production, is sufficient in and of itself, In re Worcester, 811 F.2d 1224 (9th Cir. 1987), further convoluting what constitutes valid tender in general.

The decision of this Court, and of the lower court, are also in direct conflict with a recent Supreme Court decision, Jesinoski v. Countrywide Home Loans, Inc 574 U.S. 729 F. 3d 1092 (2015), in which, like Appellant's case, the Plaintiff

2

exercised his right of rescission through written notice and the lender did not take him to court in dispute thereafter. The Supreme Court decided this was a valid rescission.

Under the Federal Rules of Appellate Procedure, an en banc hearing is appropriate to maintain "uniformity of the court's decisions" and/or resolve "a question of exceptional importance." FRAP 35(a). The matter at bar satisfies both prerequisites given the ambiguity and lack of uniformity in the Ninth Circuit regarding tender, and given the recent Supreme Court decision regarding rescission under TILA.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2006, Appellant received a mortgage from First Magnus Financial Corporation for a home in Gilbert, AZ (Doc. 122 at ¶ 13). Three years later, Appellant rescinded his loan under the Truth in Lending Act ("TILA") through written notice to the lender, which did not take him to court or dispute the rescission (Doc. 152, Ex. C). Appellant was furnished with a Notice of Intent to Accelerate in December, 2008 (Doc 122 at ¶ 49, Ex. A.). On August 24, 2011, the mortgage was assigned to the Bank of New York Mellon (BNY Mellon), the same day that a Notice of Trustee Sale was recorded (Doc. 104, Ex. 2 and 4).

In January, 2013, after firs sending a check for the full payoff amount, which purportedly was lost and never cashed,  Appellant tendered by sending written

3

offers to pay to any party which may have claimed to have an interest in his obligation, including the beneficiary, servicer, and trustee. Appellant's offers were either rejected or received no response (Doc. 122 at ¶¶ 27, 36–39, 42; Doc. 96-4 at 3–29.) Three more offer letters, noticing the parties of their default on the first and reinstating the offer, where sent in January, February, and March 2013. These offers were also rejected. In October, 2013, Appellant filed a Quiet Title action in Arizona District Court. The complaint was amended several times, and the third and final complaint centered on two causes of actions: (1) Defendant's rejection of Appellant's tender offers served to discharge the lien, (2) Defendants were barred from foreclosing because the statute of limitation had run (Doc. 122.)

The complaint was dismissed with prejudice (Doc. 149) and in October, 2015 Appellant filed a Notice of Appeal (Doc. 159.) A trustee sale was conducted in February, 2016, in which Appellant's home was successfully sold to BNY Mellon. On June 9, 2016 this court summarily affirmed the lower court's decision and dismissed this Appeal through a one-page unsigned order in which it gave no discussion on the merits of Appellant's arguments or basis for its decision. The Order was received by Appellant on June 13, 2016. On June 27, 2016 Appellant filed a Motion for Reconsideration with this court, which is currently pending.

4

## III.    BASIS FOR EN BANC HEARING

### 1.    This Case Bears Importance for Maintaining Ninth Circuit Uniformity Regarding What Constitutes Valid Tender in Cases of Refusal

The doctrine of tender is important in this case because it a prerequisite in a quiet title action and the rejection of tender has implications regarding the discharge of a security instrument or collateral, in this case the lien. The lower court in this case found that Appellant's offer to pay, which was refused, did not constitute a valid tender because he did not produce a payment (Doc 149 at 6). Most states within this circuit do not have statutes which clearly define tender and the presiding case law in all jurisdictions within this circuit are based on common law interpretations which hold that a valid tender is not only a mere offer to pay, coupled with a present ability and willingness, but includes the production of the thing being tendered, Pollard Oil Company v. Christensen, 103 Idaho 110, 645 P.2d 344 (1982), Somerton State Bank v. Maxey, 22 Ariz. 365, 197 P. 892, (1921), Equitable Life Assur. Soc. v. Boothe, 160 Or. 679, 683, 86 P.2d 960 (1939).

It is also commonly held across jurisdictions that actual production of the thing being tendered is not necessary in cases where the offer is not accepted or refused[1], Diamond v. Sandpoint Title Ins., Inc., 968 P.2d 240, 132 Idaho 145

---

[1]'Actual production of money or property is not necessary, if the party to whom it is offered refuses to receive it, especially in view of the rule ... that actual tender is

(Idaho 1998), <u>Wallowa Lake Amusement Co. v. Hamilton</u>, 142 P. 321, 70 Or. 433 (Or. 1914), <u>Malan v. Tipton</u>, 247 P.3d 1223, 349 Or. 638 (Or. 2011), <u>Lee v. Nichols</u>, 301 P.2d 1022, 81 Ariz. 106 (Ariz. 1956), <u>Weinberg v. Naher</u>, 99 P. 736, 51 Wash. 591 (Wash. 1909). As such, these cases have decided that a tender offer itself, if refused or not accepted, is a valid tender (Doc. 122, ¶¶43-44; Courts of this circuit have also found before that silence to an offer, as happened in Appellant's case, is to be construed as non-acceptance, equivalent to the rejection of tender, making an offer equivalent to actual payment, <u>Malan v. Tipton</u>, 247 P.3d 1223, 1231, 349 Or. 638 (Or. 2011). (See also Doc. 138 at 8-9).

In regard to liens, courts within this circuit have found that "A tender of the amount of a debt, though refused, extinguishes the lien of a pledgee, and will entitle the pledgor to recover the property pledged." <u>Loughborough v. McNevin</u>, 74 Cal 250 [14 P. 369, 15 P. 773]; 5 Am.St.Rep. 435, <u>Kelley v. Clark</u>, 129 P. 921, 23 Idaho 1 (Idaho 1912); "The principle governing the subject is that tender is equivalent to payment as to all things which are incidental and accessorial to the debt. The creditor, by refusing to accept, does not forfeit his right to the thing tendered, but he does lose all collateral benefits or securities. The instantaneous effect is to discharge any collateral lien, as a pledge of goods or right of distress." <u>Tiffany v. St. John</u>, 65 N.Y. 318; 22 Am.Rep. 612. (Doc. 149 at 6-7)

---

waived by such refusal.' " <u>Taylor</u>, 129 Idaho at 488, 927 P.2d at 878 (quoting 74 AM.JUR.2D Tender § 7 (1974)).

In the Malan case referenced above, the tender offer which was ignored was held to be equal to actual payment and precluded foreclosure, <u>Malan v. Tipton</u>, 247 P.3d 1223, 1231, 349 Or. 638 (Or. 2011). See also, <u>Weinberg v. Naher</u>, 99 P. 736, 739, 51 Wash. 591 (Wash. 1909) in which it was found that the court erred by allowing foreclosure because a formal tender was not necessary, and an offer to pay without production was sufficient when the offer was refused. "A tender of the proper amount due, even if rejected, extinguishes the lien and preclude foreclosure." <u>Kleckner v. Bank of America</u> (1950) 97 Cal. App.2d 30, 33 [217 P.2d 28]; <u>Lichty v. Whitney</u> (1974) 80 Cal. App.2d 696, 701 [182 P.2d 582].

The lower court in this case also brought up concerns about conditionality of Appellant's offer (Doc 149 at 6). Appellant's made several requests, not conditions, including, an itemized payoff statement with anything actually due and payable under his obligation, the street address where he could bring the total amount of cash due or name of escrow company, if that is where the final transaction was to be held (Doc. 96-4, at 13-14). Appellant also stated that he "sincerely believed" that he had the right to see court admissible evidence that would prove the original Trust Deed and Promissory Note were transferred properly to the current party claiming interest (Doc. 96-4 at 22-23). This was not, as the lower court contended, a condition, but a "sincere belief" and Appellant

made no claims that his offer was conditioned on the production of such evidence (Doc. 152 at 11-12).

The only wording in Appellant's offers which may have been construed as a condition was in the line "I also need the actual street address wherein I can bring the total amount of cash due, to exchange for my original Trust Deed or Mortgage and Promissory Note in order to lawfully complete and finalize the transaction." If this is to be construed as a condition, then Appellant contends that it is not a condition which would invalidate the tender because it is a condition which he had a right to insist. Courts in this circuit have found that such conditions do not invalidate a tender. See Wallowa Lake Amusement Co. v. Hamilton, 142 P. 321, 323, 70 Or. 433 (Or. 1914), quoting Halpin v. Phoenix Ins. Co., 118 N.Y. 176, 177, 23 N.E. 485:

> [A] tender may always be restricted by such conditions as by the terms of the contract are conditions precedent or simultaneous to the payment of the debt or proper to be performed by the party to whom the tender is made...In all these cases the party making the tender had a legal right to insist, as a condition of payment, that the party to whom the tender was made do the things demanded, and for that reason coupling such conditions to the acceptance of the tender did not destroy its effect. A debtor who has transferred securities as collateral to the debt has a legal right, upon payment of the debt, to have such collaterals reassigned to him, and a tender of the debt is not destroyed by making it a condition...so a mortgagor who pays a bond and mortgage, has a legal right to have the mortgage satisfied on the record.

See also <u>Brinton v. Haight</u>, 870 P.2d 677, 682, 683, 125 Idaho 324 (Idaho App. 1994) ("a mortgagor could properly condition a tender of the payoff amount upon the simultaneous delivery of a release of the mortgages, and that a tender that was so conditioned was effective to preclude foreclosure"). In any case, whether or not Appellant's offers had conditions and what those conditions were was a finding of fact, not law, which should have been reserved for the jury.

Furthermore, Appellant would like to bring to the attention of this Court its ruling in <u>In re Worcester</u>, 811 F.2d 1224 (9th Cir. 1987), what looks to be one of its only rulings on a case including tender, and which seems to contradict established doctrines and case law in Ninth Circuit jurisdictions. In that case, an issue was whether Worcester made a valid tender, a condition which must be met when seeking to set aside foreclosure sale. This Court found that Worcester made a valid tender by first expressing her "willingness to tender the amount owed…in her Answer and Counterclaim before the bankruptcy court", and second by having the "ability…to perform according to her offer." Worcester, in this case, did not make a formal offer to pay, and furthermore did not have the funds on hand at the time of what this Court construed to be an offer during pleadings in bankruptcy proceedings. Worcester proposed to sell land for the benefit of her creditors, which would have provided sufficient proceeds to pay off the debt, and this Court found

that to be satisfactory in in showing ability to perform, In re Worcester, 811 F.2d 1224, 1230, 1231.

In this case, without even addressing if there was a rejection of tender, and it appears that there was none, this Court concluded that a willingness to tender, despite not having the funds on hand, constituted a valid tender. This runs counter to case law in every jurisdiction which says that a valid tender, if refusal of tender is not an element, must be accompanied by production and convolutes how tender is to be defined in the Ninth Circuit. Using this precedent, Appellant can make the claim that regardless of the rejection to his offers, his mere offers constituted a valid tender which, as for setting aside a foreclosure sale, meets conditions for a quite title claim.

The Worcester case does have a similarity to Appellant's case, however, regarding ability to tender. Appellant made offers to pay after business partners in Europe expressed a willingness to pay off his debt under the obligation so that he may renew business operations with them in Arizona. See Also Kammert Brothers Enterprises, Inc. v. Tanque Verde Plaza Company, 4 Ariz. App. 349, 420 P.2d 592 (1966), in which the court found tender was valid when Kammert [seller under the contract] was informed that the buyer had located parties ready to take over the contract and pay all sums due to date, or pay the entire amount then due on the

contract (also finding that Kammert's refusal of the offer precluded actual tender) (Doc. 122, ¶43.)

The lower court in this case, and this Court by summarily affirming its decision, has gone counter to case law in Arizona and throughout the Ninth Circuit. Given the existence of circuit appellate cases which conflict with each other, and lower court cases which conflict with each other (For example, see <u>Pollard Oil Co. v. Christensen</u>, 645 P.2d 344, 103 Idaho 110 (Idaho 1982), holding that a refused tender offer without production was not a valid tender, versus <u>Diamond v. Sandpoint Title Ins., Inc.</u>, 968 P.2d 240, 132 Idaho 145 (Idaho 1998), holding that refused tender offer without production was a valid tender), this Appeal merits an en banc hearing so that some standard of uniformity can be created regarding what constitutes valid tender, sufficient to extinguish a lien, in cases of rejection.

## 2. This Court and the Lower Court's Order Is Counter to the U.S. Supreme Court's Precedent

During a hearing in lower court, when questioned about an attorney who he hired, Appellant informed the lower Court that being unable to find the right (lawful) party of interest under his loan, <u>his attorney rescinded his loan through a written notice, see</u> Doc. 152 at 16, Exhibit C and Doc. 170 at 17-19. He further noted the lower Court that as of the United States Supreme Court's decision from January 13, 2015, <u>Jesinoski v. Countrywide Home Loans, Inc</u> 574 U.S. 729 F. 3d

1092 (2015), his loan is <u>null and void</u> as the purported lenders did not take him to court in the 20 day window thereafter. The Supreme Court unanimously held that: "A borrower exercising his right to rescind under the Act need only provide written notice to his lender, not file suit within that period. Section 1635(a)'s unequivocal terms—a borrower "shall have the right to rescind . . . by notifying the creditor . . . of his intention to do so" (emphasis added)—leave no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind."

All courts are bound by decisions of the Supreme Court. The lower court did not address Appellant's TILA rescission, and by summarily affirming its decision this Court has committed the same fault. As such, both Courts are in direct conflict with the Supreme Court and this appeal merits en banc hearing.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests this Court order this matter to be heard en banc.

Respectfully Submitted on this 6th day of July, 2016.

By _____
Ivaylo Dodev
Appellant/Plaintiff
6312 South 161st Way,
Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

12