Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (602) 845-8898
Facsimile: (949) 608-9142

Attorneys for *Plaintiff*
Bank of New York Mellon f/k/a Bank of New
York, As Trustee, on behalf of the Registered
Holders of Alternative Loan Trust 2007-OA7,
Mortgage Pass-Through Certificates, Series
2007-OA7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7, its successors and/or assigns,<br><br>Plaintiff,<br><br>vs.<br><br>IVAYLO DODEV, NIKOLINA T. DODEV and DOES I through X, inclusive,<br><br>Defendants. | Case No. 2:16-cv-02336-GMS<br><br>**OBJECTION TO NOTICE OF REMOVAL**<br><br>[Expedited Ruling Requested] |

*Plaintiff* Bank of New York Mellon f/k/a Bank of New York, As Trustee, on behalf of

the Registered Holders of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through

Certificates, Series 2007-OA7 ("Plaintiff"), by and through counsel undersigned, respectfully

submits this Objection to *Defendants* Ivaylo Dodev and Nikolina T. Dodev's (collectively

"Defendants") *Notice of Removal* ("Removal") filed on July 14, 2016 (Doc. 1) as being

untimely, improper and filed in bad faith.

/././

/././

**OBJECTION TO NOTICE OF REMOVAL**

## A.   The Notice of Removal was Untimely.

28 U.S. Code § 1446(b) provides, in part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Defendants allege that Defendant Ivaylo Dodev received a copy of the Summons and Complaint on June 27, 2016. (Removal at ¶1.) Defendants further allege that Defendant Nikolina T. Dodev has never received a copy of the Summons and Complaint. (Removal at ¶2.) However, both Defendants actually received a copy of the Summons and Complaint on May 24, 2016, which is more than 30 days prior to the Removal.

In the underlying eviction action, Commissioner Michael L. Barth set oral argument on Defendants' Declaration of Facts and Emergency Motion to Set Aside Entry of Default and Judgment for May 24, 2016. The Minute Entry dated May 24, 2016 states that both Defendants were present. The Minute Entry further provides as follows: "LET THE RECORD FURTHER REFLECT counsel for Plaintiff provides Defendants with copy of Summons and Complaint in open court." A true and correct copy of the Minute Entry is attached hereto as Exhibit A.[1]

Because Defendants received a copy of the initial pleading more than 30 days before filing the Notice of Removal, removal is untimely.

## B.   This Court Lacks Jurisdiction.

Removal is improper as the United States District Court does not have jurisdiction over this matter. Specifically, diversity jursidcition does not exist because the amount in controversy does not exceed $75,000.00. Defendants allege that the "estate in possession exceeds $75,000.00." (Removal at ¶12.) However, the underlying action is a forcible detainer action. Pursuant to A.R.S. § 12-1177(A), "the only issue shall be the right of actual possession and the merits of title shall not be inquired into." Because title to the subject

---

[1] Plaintiff requests that this Court take judicial notice of the May 24, 2016 Minute Entry filed in the

**OBJECTION TO NOTICE OF REMOVAL**

property is not relevant, the value of the property is also not relevant. What is relevant is the fair rent of the premises, which cannot possibly exceed $75,000.00 in this case.

### C.    Defendants' Notice of Removal was Filed in Bad Faith.

Defendants filed the Notice of Removal on the <u>eve of trial</u> in the underlying forcible detainer action. Commissioner Barth ordered Defendants to file an Answer by noon on today's date, July 14, 2016, or default would be entered against them. Instead, Defendants failed to file an Answer and untimely filed the Notice of Removal. Upon information and belief, Defendants filed the Notice of Removal for the sole purpose of delaying a final judgment in the forcible detainer action.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that this Court summarily reject Defendants' Notice of Removal and remand this case back to the Superior Court of Maricopa County.  Plaintiff further requests an award of attorneys' fees and costs incurred as a result of Defendants' improper removal pursuant to A.R.S. § 12-349(A) and Rule 11 of the Federal Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this 14th day of July 2016.

**WRIGHT, FINLAY & ZAK, LLP**

/s/ *Kim Lepore*
KIM R. LEPORE
Attorneys for *Plaintiff* Bank of New York
Mellon f/k/a Bank of New York, As Trustee, on
behalf of the Registered Holders of Alternative
Loan Trust 2007-OA7, Mortgage Pass-Through
Certificates, Series 2007-OA7

1    ORIGINAL of the foregoing
     e-filed this 14th day of July 2016.
2
     COPY of the foregoing emailed and mailed
3    this 12th day of July 2016 to:

4    Ivaylo Dodev
     Nikolina T. Dodev
5    6312 S. 161st Way
     Gilbert, Arizona 85298-8455
6    dodev@hotmail.com
     Plaintiffs *In Propria Persona*
7

8    /s/ *Gretchen Grant*
     GRETCHEN GRANT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OBJECTION TO NOTICE OF REMOVAL**

EXHIBIT  A

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
05/26/2016 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-004500                                          05/24/2016


                                          CLERK OF THE COURT
COMMISSIONER MICHAEL L. BARTH                    A. Aycock
                                                  Deputy



BANK OF NEW YORK MELLON              PHILIP J GILES

v.

IVAYLO DODEV, et al.                 IVAYLO DODEV
                                     6321 S 161ST WAY
                                     GILBERT AZ  85298-8455



                                     NIKOLINA T DODEV
                                     C/O 6312 SOUTH 161ST WAY
                                     GILBERT AZ  85298



                         MINUTE ENTRY


        Courtroom: OCH 005.

        3:30 p.m.  This is the time set for Oral Argument Re: Defendants' Declaration of Facts
and Emergency Motion to Set Aside Entry of Default and Judgment.  Plaintiff, Bank of New
York Mellon, is represented by counsel, Philip Giles.  Defendants, Ivaylo Dodev and Nikolina
Dodev, are present on their own behalf.

        A record of the proceedings is made digitally in lieu of a court reporter.

        Argument is presented.

        LET THE RECORD REFLECT counsel for Plaintiff provides Defendants with
Certificate of Due Diligence in open court.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2016-004500                                          05/24/2016


3:45 p.m.  The court stands at recess to allow the parties to confer outside the presence of the Court.

3:53 p.m.  Court reconvenes with the parties and respective counsel present.

A record of the proceedings is made digitally in lieu of a court reporter.

Argument ensues.

On the Court's own motion,

IT IS ORDERED continuing today's Oral Argument to allow Defendants to address the issue of service to **June 15, 2016 at 2:30 p.m.** in this Division:

Maricopa County Superior Court
Old Court House
125 W. Washington
Courtroom 005
Phoenix, AZ 85003

IT IS FURTHER ORDERED Defendants shall file their supplemental brief attaching any supporting documents and affidavits by **close of business, June 3, 2016**.  Counsel for Plaintiff shall file any response by **close of business, June 10, 2016**.

IT IS FURTHER ORDERED directing the Clerk to file Certificate of Due Diligence.

LET THE RECORD FURTHER REFLECT counsel for Plaintiff provides Defendants with copy of Summons and Complaint in open court.

IT IS FURTHER ORDERED staying execution of Writ of Restitution.

FILED: Certificate of Due Diligence.

4:27 p.m.  Matter concludes.