Ivaylo Dodev,
Nikolina T. Dodev

c/o 6312 South 161st Way
    Gilbert, Arizona
    (480) 457-8888 Phone
    (480) 457-8887 Facsimile
    dodev@hotmail.com

*Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of New York Mellon, | Case No. CV-16-02336-PNX-GMS |
| Plaintiff, | |
| v. | **MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER FRCP 12(b)(1)** |
| Ivaylo Dodev, et al., | |
| Defendants. | *(Contemporaneously Filed with Motion for Reconsideration)* |
| | Hon. G. Murray Snow |

COMES NOW, Ivaylo Tsvetanov Dodev and Nikolina T. Dodev, Citizens of Arizona[1], defendants in *pro se*, ("Defendants"), under the above captioned case,

---

[1] "There are two classes of citizens, citizens of the United States and of the State. And one may be a citizen of the former without being a citizen of the latter" Gardina v. Board of Registers 48 So. 788, 169 Ala. 155 (1909);"Citizenship of the United States does not entitle citizens to privileges and immunities of Citizens of the State, since privileges of one are not the same as the other" Tashiro v. Jordan, 255 P.

1 | Defendant's Motion to Dismiss

respectfully with their Motion to Dismiss for lack of subject matter jurisdiction, under FRCP 12(b)(1).

## I.   Relevant Factual and Procedural Background

1. On October 19, 2013, Defendant Ivaylo Dodev filed a Quiet Title action against Plaintiff in this court, No. 2:13-cv-02155-DLR, to which Plaintiff filed a Motion to Dismiss in response.

2. On September 25, 2015, the complaint was dismissed with prejudice.

3. On October 7, 2015, Defendant filed an appeal of the dismissal with the Ninth Circuit Appellate Court, which is still pending.

4. On February 8, 2016, a foreclosure was conducted on Defendants' property, in which Plaintiff was the purported buyer.

5. On March 24, 2016, Plaintiff commenced a forcible detainer action against Defendants.

6. Defendants found out about that action on or about May 9, 2016 (See Declarations of Facts filed on May 20, 2015 in State Court.)

7. On or about 8:30AM on May 20, 2016, Defendants filed an Emergency Motion to Set Aside an Entry of Default and Judgment, as they were not served with a copy of the summons and the complaint, or otherwise could not defend

---

545 California;"The right of trial by jury in civil cases, guaranteed by the 7th Amendment (Walker v. Sauvinet, 92 U. S. 90); "…the privileges and immunities of citizens of the United States do not necessarily include all the rights protected by the first eight amendments to the Federal constitution against the powers of the Federal government." Maxwell v Dow, 20 S.C.R. 448, at pg 455

2 | Defendant's Motion to Dismiss

themselves and the State Court scheduled a hearing on the aforementioned motion for May 24, 2016.

8. On the said hearing, the State Court requested a supplemental brief to be filed by Plaintiff and Defendants, prior to the continued hearing on the matter set for June 15, 2016, and entered an order staying the execution of the Writ of Restitution. See Minute Entry ("ME") from May 24, 2016.

9. On the hearing held on June 15, 2016, the State Court granted Defendants' Emergency Motion to Set Aside an Entry of Default and Judgment and set a continued hearing for June 27, 2016. See ME from June 15, 2016.

10. On the hearing held on June 27, 2016, where Defendants appeared by special appearance, the State Court set a Forcible Detainer Trial for July 15, 2016.

11. Prior to Trial, Defendants filed a motion to dismiss for a lack of subject matter jurisdiction, along with other motions, and Plaintiff filed responses in opposition. The State Court granted Plaintiff's responses on July 13, 2015. See ME from July 14, 2016.

12. On July 14, 2015, Defendants timely filed a Notice of Removal to this Court and gave Notice to all parties.

13. On the same day, Plaintiff filed an Objection to the Notice.

14. This Court dismissed the complaint sua sponte on July 18th, 2016 through an Order.

II.   **Legal Argument**

Defendants hereby incorporate the legal arguments of the Motion for Reconsideration (the "Reconsideration") with which this motion is contemporaneously filed, in their entirety, by this reference.

Given the current status of the case, the unresolved title dispute with pendency in appellate court, the implication of the case law incorporated from the Reconsideration and legal arguments it expounds is twofold. Firstly, the analysis in <u>The Bank Of New York Mellon v. Lehnerd</u>, No. 2 CA-CV 2014-0160 (Ariz. Ct. App. Apr. 15, 2016) (this case is used in accordance to Ariz. R. Sup. Ct. 111(c)(1)(b) and (c)) shows that the trial court is deprived of jurisdiction due to the prior exclusive jurisdiction doctrine, <u>Id</u> at ¶20. Secondly, the analysis in <u>Rice v. Pinney</u>, 51 S.W.3d 705 (Tex. App. 2001), along with analysis below in this motion, shows that until the title dispute is resolved through a final, non-appealable order, the trial court is without jurisdiction to hear issues of possession in a forcible detainer, <u>see</u> Reconsideration at 4-6. The logic applied in those cases implies that <u>no court</u> has jurisdiction to hear issues of immediate possession until the issue of title is resolved. As such, neither the Superior Court where the action was originally brought nor this Court currently have subject-matter, and the forcible detainer should be dismissed accordingly.

Allowing the superior court to adjudicate the forcible detainer in the face of a title dispute would be a deprivation of Defendants' due process. The quiet title claim relates directly to the issue of possession; if Defendants were to prevail on that claim, the result would be a judgment entitling them to retain possession of the premises. (See

Deal v. Municipal Court, 157 Cal.App.3d 991, 995 (1984)). The Supreme Court has discussed the constitutionality of summary forcible detainer proceedings before and held that they afford the tenant due process only in the narrow context of a straightforward landlord-tenant relationship. It did not, however, approve the application of these justifications outside of the context of routine cases in which the tenant has failed to pay rent or has held over after the tenancy has expired, "and the issue in the ensuing litigation is simply whether he has paid or held over…The constitutionality of these summary procedures is based on their limitation to the single issue of right to possession and incidental damages" Lindsey v. Normet, 405 U.S. 56, 64-65, 92 S.Ct. 862 (1972).

Defendants have contested the summary nature of the detainer proceedings before, holding that in the presence of the title dispute, they are entitled to due process afforded instead by ordinary civil proceedings, through an Article III court. See Asuncion v. Superior Court, 108 Cal.App.3d 141 (1980) (a lending company filed an unlawful detainer action and property's homeowners filed a superior court action alleging that the lender had obtained the deed through fraud. Appellate court held that the court in which the civil action for title was filed should "retain jurisdiction over the matter so long as substantive issues of ownership remain to be litigated," because due process precluded the homeowners' eviction without having the opportunity to adjudicate the affirmative defenses of fraud, which, if proved, would demonstrate their right to ownership and possession, Id. at p. 147.); Mehr v. Superior Court, 139

Cal.App.3d 1044 (1983) (after being sued for unlawful detainer, defendants filed separate action based on claim that the plaintiff's trustee's deed had been obtained by fraud. The appellate court held that trial court was required to stay execution of its unlawful detainer judgement, pending appeal, because the defendants were entitled to litigate their right to title in the fraud action, Id. at pp. 1047-1050.). Each of these cases reflect the courts' recognition that when complex issues of title are involved, the parties' constitutional rights to due process in the litigation of those issues cannot be subordinated to the summary procedures of unlawful detainer. (Again, <u>Lindsey v. Normet</u>, supra, 405 U.S. at pp. 64-66 [summary unlawful detainer procedures are constitutionally acceptable when they are applied to straightforward issues of possession and incidental damages].)

**WHEREFORE,** Defendants request that this Court summarily dismiss the forcible detainer proceedings commenced in the Superior Court of Arizona.

**RESPECTFULLY SUBMITTED** this 25th day of July, 2016.

_____
**Ivaylo Dodev**, Defendant in *Pro Se*
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

_____
**Nikolina T. Dodev**, Defendant in *Pro Se*
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone ORIOR
(480) 457-8887 Fax

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY,** are hand-delivered to The United States District Court for the District of Arizona this 25th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Kim Lepore Jamin S. Neil, as previously stipulated in the State Court.

_____
**Ivaylo Tsvetanov Dodev, Defendant**
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax