FILED LODGED
RECEIVED COPY
JUL 25 2016
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY MB DEPUTY

Ivaylo Dodev,
Nikolina T. Dodev

c/o 6312 South 161st Way
Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Facsimile
dodev@hotmail.com

*Pro Se*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bank of New York Mellon,<br>Plaintiff,<br><br>v.<br><br>Ivaylo Dodev, et al.,<br>Defendants. | **Case No. CV-16-02336-PNX-GMS**<br><br>**MOTION FOR RECONSIDERATION**<br><br>***(Contemporaneously filed with Motion to Dismiss)***<br><br>**Hon. G. Murray Snow** |

**COMES NOW,** Ivaylo Tsvetanov Dodev and Nikolina T. Dodev, Citizens of Arizona[1], defendants in *pro se*, ("Defendants"), under the above captioned case, with

---

[1] "There are two classes of citizens, citizens of the United States and of the State. And one may be a citizen of the former without being a citizen of the latter" Gardina v. Board of Registers 48 So. 788, 169 Ala. 155 (1909);"Citizenship of the United States does not entitle citizens to privileges and immunities of Citizens of the State, since privileges of one are not the same as the other" Tashiro v. Jordan, 255 P. 545 California;"The right of trial by jury in civil cases, guaranteed by the 7th Amendment (Walker v. Sauvinet, 92 U. S. 90); "...the privileges and immunities of citizens of the United States do not necessarily include all the rights protected by the first eight amendments to the Federal constitution against the powers of the Federal government." Maxwell v Dow, 20 S.C.R. 448, at pg 455

their motion for reconsideration of the Order (The "Order") to remand the case to Superior Court, filed under FRCP 59(e). The Order was filed on July 18, 2016 and therefore this motion is timely filed.

**I. Relevant Factual and Procedural Background**

1. On Thursday July 14th, 2016, Defendants gave Notice of Removal (the "Notice") from the Superior Court to this Court.
2. On the same day, Plaintiff filed an Objection to the Notice (the "Objection").
3. Over that weekend, Defendants were preparing a response to the Objection and a Motion to Dismiss under FRCP 12(b)(2) and (5) for lack of personal jurisdiction and lack of sufficient service of process, as Defendant Nikolina Dodev has not been properly served. The motions were in response to the frivolous and misleading allegations of Plaintiff.
4. Prior to filing their motions on the docket, this Court dismissed their complaint sua sponte on July 18th, 2016 – the Order.

**II. Standard of Review**

The Court has discretion to reconsider and vacate its orders. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). "A Rule 59(e) motion is a proper vehicle for seeking reconsideration of a summary judgment ruling." Tripati v. Henman, 845 F.2d 205, 206 (9th Cir.1988). A court may grant a Rule 59(e) motion to amend judgment on four grounds: (1) to correct "`manifest errors of law or fact upon which the judgment is

based'"; (2) where the movant presents "'newly-discovered or previously unavailable evidence'"; (3) "'to prevent manifest injustice'"; or (4) where there has been an "'intervening change in controlling law.'" Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir.2003).

## III. Legal Argument

Defendants allege that this Court made an error of law when it found that it does not have jurisdiction to hear this matter. The underlying case would be a straightforward forcible detainer only if Defendants had a landlord-tenant relationship with Plaintiff under a lease agreement. In that case, Plaintiff would be the clear titleholder and there would be no dispute. In the present case however, there is no landlord-tenant relationship and Plaintiff is instead moving under color of law, attempting to assert title through a trustee's deed that does not "grant any covenant or warranty", or guarantee any title or ownership; see Trustee's Deed Upon Sale, instrument # 20160104356, Maricopa County Recorder's Office.

As such, the Superior Court lacks subject matter jurisdiction because the genuine issue is the tittle to the property and the issue of ownership must be resolved before the trial court is able to determine the right of possession. Defendants have brought a Quiet Title action into this Court before, alleging a void deed through TILA rescission and discharge of the lien through refusal of proper tender, and the case is now on appeal (see Petition for En Banc Hearing filed with the U.S. Court of Appeals for the Ninth Circuit, Case No. 15-17040). Given the circumstances, the trial court

cannot proceed while the appeal is pending because it lacks subject matter jurisdiction to determine which party has immediate possession.

A review of Arizona and Ninth Circuit case law does not provide precedents which deal with these specific issues regarding forcible detainer (except in California, see Motion to Dismiss, contemporaneously filed, at 5-6) so Defendants would like to turn this Court's attention to cases from neighboring Texas, which has discussed these issues at length, particularly in the presiding case law Rice v. Pinney, 51 S.W.3d 705 (Tex. App. 2001). It is well established in any jurisdiction that in forcible detainer actions, "a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. Goggins, 849 S.W.2d at 377. However, where the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so. Haith v. Drake, 596 S.W.2d 194, 196 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.)" Rice, 51 S.W.3d at 709.

The Rice court makes a reference to Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169 (Tex. App. 1995) in which there was an unresolved title dispute pending in the district court at the same time as the forcible detainer; it was ultimately decided by the appellate court that the state court was thus deprived of jurisdiction over the possession issue while the issue of title was unresolved, Id at 171. The Rice court also made a distinction between the Mitchell case and the case under its immediate review:

> In Mitchell, the lien contract apparently permitted the note holder to sell the property at a foreclosure sale like the deed of trust did in this case.

> However, in this case the Rices agreed that a foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between the Rices and Pinney. This landlord-tenant relationship provided an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property. There is no indication, however, that the lien contract in Mitchell created any type of landlord-tenant relationship or any other independent basis on which the trial court could decide the immediate possession issue. Because the issue of immediate possession in Mitchell depended solely upon title to the house under the terms of the note and lien contract, neither the justice court nor the county court at law on appeal had subject matter jurisdiction to issue the writ of possession. Rice, 51 S.W.3d at 712.

In sum, "a justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute, but is deprived of jurisdiction only if 'the right to immediate possession necessarily requires the resolution of a title dispute,'" Rice, 51 S.W.3d at 713 (citing Haith, 596 S.W.2d at 196). Defendants' case is similar to the Mitchell case in that their Deed of Trust includes no clause or provision which established a landlord-tenant relationship in the event of foreclosure or gives jurisdiction during a forcible detainer while a title dispute is pending.

Further, the Court of Appeals of Arizona, Division Two, has previously adjudicated that when a quite title is pending in district court, a trial court does not have jurisdiction in a forcible detainer due to the prior exclusive jurisdiction doctrine, The Bank Of New York Mellon v. Lehnerd, No. 2 CA-CV 2014-0160 (Ariz. Ct. App. Apr. 15, 2016) (this case is used in accordance to Ariz. R. Sup. Ct. 111(c)(1)(b) and (c)). The Defendant in that case filed a quiet title before the forcible detainer proceedings and contended that because the federal court already had in rem jurisdiction, the state court was prevented from hearing an action regarding the same property, Id at ¶13. The

Court of Appeals found that forcible detainers are characterized as quasi in rem and as such the prior exclusive jurisdiction doctrine and the trial court was without jurisdiction to hear the eviction action, Id at ¶20. See also Shaffer v. Heitner, 433 U.S. 186, 199 n. 17, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) ("A judgment quasi in rem affects the interests of particular persons in designated property." (citations omitted)).

The Ninth Circuit has also held that "[i]n proceedings in rem or quasi in rem, the forum first assuming custody of the property has exclusive jurisdiction to proceed." Washington Street Corp. v. Lusardi, 976 F.2d 587, 589 (9th Cir.1992) (per curium). There, it was held that the district court had been required to stay a quiet title action filed in it when there was a concurrent quiet title action that had been filed first in state court. Id.

## IV. Conclusion

Given that this Court is an Article III court, that possesses power authorized by the Constitution and statute, See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994), Defendants allege that under the Bill of Rights, Amendment VII[1] to the United States Constitution the requirement of 28 U.S.C. § 1331 are met, as the matter in controversy exceeds twenty dollars. In light of the above analysis, upheld by the Court of Appeals of Arizona, Division Two, this district court has superior jurisdiction over the matter and the Superior Court lacks jurisdiction to hear this forcible detainer, until the title challenges are resolved or brought to a final unappealable order.

[1] Please take Judicial Notice to Amendment VII from the Bill of Rights

**WHEREFORE**, Defendants respectfully request that this Court grants this Motion for Reconsideration and reinstate their Application to Proceed in Forma Pauperis (Doc. 2).

**FURTHER**, Defendants respectfully request this Court rules on the contemporaneously filed Motion to Dismiss for Lack of Subject-Matter Jurisdiction

**RESPECTFULLY SUBMITTED** this 25th day of July, 2016.

**Ivaylo Dodev**, Defendant in *Pro Se*
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

**Nikolina T. Dodev**, Defendant in *Pro Se*
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax

## CERTIFICATE OF SERVICE

**ORIGINAL** and **ONE COPY,** are hand-delivered to The United States District Court for the District of Arizona this 25th day of July, 2016.

**FURTHER,** a copy of the foregoing is electronically mailed to counsel for Plaintiff Bank of New York Mellon Kim Lepore Jamin S. Neil, as previously stipulated in the State Court.

**Ivaylo Tsvetanov Dodev, Defendant**
c/o 6312 South 161st Way, Gilbert, Arizona
(480) 457-8888 Phone
(480) 457-8887 Fax